## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: **Leigh Torres** (debtor)
325 Five Springs Rd
Stroudsburg, PA 18360
347-566-4877
LeighNFlanagan@aol.com
**Case No. 5:26-bk-00517**
Chapter 7

FILED
**March 2, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

### EMERGENCY MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k) AND FED. R. BANKR. P. 9011

Debtor, Leigh Torres, pro se, files this Emergency Motion for Sanctions against Freedom Mortgage Corporation and KML Law Group, P.C. (collectively, "Creditors"), for their willful violation of the automatic stay imposed by 11 U.S.C. § 362(a), and states:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).
2. Venue is proper in this District under 28 U.S.C. § 1409.
3. Relief is sought under 11 U.S.C. § 362(k), which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

### II. FACTUAL BACKGROUND

4. On February 26, 2026, at approximately [time], Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court, Case No. 5:26-bk-00517.
5. Upon filing, the automatic stay under 11 U.S.C. § 362(a) immediately took effect, prohibiting "any act to obtain possession of property of the estate or of property from the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(3), (6).
6. At 9:50 AM on February 26, 2026, Debtor served formal notice of the bankruptcy filing upon:

    1) Michael T. McKeever, Esq., KML Law Group, P.C.
    2) Monroe County Sheriff's Office;
    3) Monroe County Prothonotary; and
    4) Bid4Assets (the entity conducting the sheriff's sale).

    A true and correct copy of the service email is attached hereto as **Exhibit A**.
7. Despite actual notice of the bankruptcy filing, at 10:36 AM on February 26, 2026, Attorney Michael T. McKeever responded by email stating: **"Freedom is proceeding to sheriff sale."** A true and correct copy of this email is attached hereto as **Exhibit B**.

8. Later that same day, Creditors caused a sheriff's sale of Debtor's real property located at 325 Five Springs Road, Stroudsburg, PA 18360, to proceed in willful violation of the automatic stay. A copy of the sheriff's sale notice confirming the sale occurred is attached hereto as **Exhibit C**.

9. Creditors also sent a letter to the Monroe County Sheriff on February 26, 2026, arguing incorrectly that no stay applies under 11 U.S.C. § 362(c)(4)(A) based on an erroneous calculation of Debtor's prior filings. A copy of this letter is attached hereto as **Exhibit D**.

## III. THE FILING DATES CONFIRM THE AUTOMATIC STAY IS IN FULL FORCE

10. Creditors' claim that no stay applies is based on a fundamental mathematical error.

11. Section 362(c)(4)(A) provides that if two or more bankruptcy cases were pending against the debtor within the previous year but were dismissed, the stay terminates with respect to the debtor on the 30th day after filing. This requires **two or more cases pending within the previous 365-day period.**

12. Debtor's bankruptcy filing history:

| Filing Date | Days Since Prior Filing | Within 365 Days? |
|---|---|---|
| February 27, 2025 | N/A | N/A |
| June 27, 2025 | 120 days | ✅ |
| **February 26, 2026** | **246 days** | ❌ |

13. The February 26, 2026 filing occurred **246 days** after June 27, 2025 — well outside the 365-day window. Therefore, there have **NOT** been two filings within the previous year. The automatic stay is in full force and effect.

14. Creditors' assertion to the contrary is not merely incorrect—it is a deliberate misrepresentation made to facilitate an unlawful sale.

## IV. LEGAL STANDARD — WILLFUL VIOLATION OF AUTOMATIC STAY

15. Under 11 U.S.C. § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

16. The Third Circuit has held that a violation is "willful" if the creditor "knew of the automatic stay and intended the actions that violated the stay." *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992).

17. Importantly, "willfulness" does **not** require a specific intent to violate the stay. "A `willful' violation is established when the party had knowledge of the stay and its actions were intentional." *In re University Med. Ctr.*, 973 F.2d 1065, 1087-88 (3d Cir. 1992) (knowledge of filing sufficient to establish willfulness; bad faith or specific intent not required).

18. "Actions taken in violation of the automatic stay are void ab initio." *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994); *In re Soares*, 107 F.3d 969, 976 (1st Cir. 1997).

19. The Third Circuit has affirmed that emotional distress damages are available under § 362(k) based on credible testimony of the debtor. *Lansaw v. Zokaites (In re Lansaw)*, 853 F.3d 657,

661-63 (3d Cir. 2017) (affirming $7,500 emotional distress award based on debtor's testimony of nightmares, anxiety, and fear).

## V. CREDITORS' CONDUCT WAS WILLFUL

20. Creditors had **actual knowledge** of the bankruptcy filing no later than 9:50 AM on February 26, 2026. (Exhibit A).
21. Despite this knowledge, Attorney McKeever explicitly stated at 10:36 AM: **"Freedom is proceeding to sheriff sale."** (Exhibit B).
22. This email is a **written admission** of:
    o Actual knowledge of the bankruptcy filing;
    o Intent to proceed with the sale despite the stay;
    o Deliberate choice to violate federal law.
23. The letter to the Sheriff (Exhibit D) further confirms that Creditors consciously considered the stay issue, made a deliberate (and erroneous) legal determination, and chose to proceed anyway.
24. Under *University Med. Ctr.*, 973 F.2d at 1087-88, this knowledge combined with intentional action is sufficient to establish willfulness. No finding of bad faith is required.

## VI. DEBTOR HAS SUFFERED ACTUAL DAMAGES

25. As a direct result of Creditors' willful stay violation, Debtor has suffered significant actual damages, including:

| Damage Type | Description |
| --- | --- |
| **Emotional Distress** | Severe anxiety, sleeplessness, stress, and humiliation caused by the unlawful seizure of Debtor's home. Debtor witnessed the sale proceed despite having filed bankruptcy, causing extreme emotional turmoil. |
| **Legal Costs** | Costs incurred in preparing this motion and responding to the violation. |
| **Loss of Property Value** | Cloud on title resulting from void sale, requiring additional proceedings to clear. |
| **Inconvenience and Harm to Reputation** | Harm to credit standing and personal reputation. |

26. Debtor's emotional distress is evidenced by:
    o The fear and anxiety of watching his home sold unlawfully;
    o The stress of confronting a large corporate creditor's deliberate violation of federal law;
    o The humiliation of having his property seized through unlawful means.
27. Under *Lansaw*, 853 F.3d at 663, the Third Circuit affirmed that a debtor's own testimony is sufficient to support an emotional distress award. Debtor is prepared to testify to these injuries.

## VII. PUNITIVE DAMAGES ARE WARRANTED

28. Punitive damages are appropriate under § 362(k) where a creditor's conduct is "egregious, intentional, or undertaken in bad faith." *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992).

29. Here, Creditors' conduct is egregious:
    o They had actual notice of the bankruptcy;
    o They made a conscious decision to proceed anyway;
    o They misrepresented the law to the Sheriff to facilitate the violation;
    o They proceeded with the sale despite clear statutory protection;
    o Attorney McKeever's email constitutes a written admission of willful misconduct.

30. The purpose of punitive damages under § 362(k) is to deter future violations. A significant punitive award is necessary to deter Creditors and their counsel from similar conduct in the future.

## VIII. SANCTIONS UNDER RULE 9011 ARE ALSO WARRANTED

31. Federal Rule of Bankruptcy Procedure 9011(b) provides that by presenting a paper to the court, an attorney certifies that:
    "(1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
    (3) the allegations and factual contentions have evidentiary support."

32. Creditors' conduct violates Rule 9011(b)(1)-(3) because:
    o Their Section 362(c)(4)(A) argument is frivolous—246 days is plainly outside the 365-day window;
    o Their letter to the Sheriff contained a false legal representation;
    o Their email admission shows the filing was made to harass and cause unnecessary delay.

33. In *In re Hannon*, the Bankruptcy Court for the Middle District of Pennsylvania held that a claimant's failure to correct an inaccurate proof of claim and continued collection efforts could violate the standards underlying Rule 9011. *In re Hannon*, Case No. 1:06-bk-01910 (Bankr. M.D. Pa. 2010). By analogy, Creditors' continued pursuit of a void sale after notice of bankruptcy is sanctionable conduct.

## IX. RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that this Court:

**A. FIND** that Creditors willfully violated the automatic stay imposed by 11 U.S.C. § 362(a).

**B. DECLARE** that the February 26, 2026 sheriff's sale of Debtor's property at 325 Five Springs Road, Stroudsburg, PA 18360, is VOID AB INITIO for violating the automatic stay. *In re Siciliano*, 13 F.3d at 751.

**C. AWARD** Debtor actual damages, including emotional distress damages, in an amount to be determined by the Court, but not less than $15,000. *Lansaw*, 853 F.3d at 663.

**D. AWARD** punitive damages against Creditors in an amount sufficient to deter future violations, but not less than $50,000. *In re Lansdale Family Rests., Inc.*, 977 F.2d at 829.

**E. AWARD** Debtor's costs and expenses incurred in prosecuting this motion.

**F. ORDER** Creditors to take immediate affirmative steps to:
- Withdraw any deed recorded as a result of the void sale;
- Provide notice to the Monroe County Recorder of Deeds that the sale is void;
- Cease all collection activities against Debtor;
- Pay all sanctions imposed within 14 days.

**G. GRANT** such other and further relief as the Court deems just and proper.

## X. CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 9013-3

Pursuant to Local Bankruptcy Rule 9013-3, counsel for the moving party conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion. Debtor attempted to confer with Attorney Michael T. McKeever via email prior to filing, but opposing counsel's email of February 26, 2026 (Exhibit B) made clear that Creditors intended to proceed with the sale regardless of the stay, demonstrating that conferral would be futile.

## XI. VERIFICATION

I, Leigh Torres, verify under penalty of perjury under the laws of the United States that the facts stated in this Motion are true and correct to the best of my knowledge, information, and belief. Executed on: February 27, 2026



Leigh Torres
325 Five Springs Road
Stroudsburg, PA 18360
347-566-4877
LeighNFlanagan@aol.com

## XII. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion for Sanctions and all exhibits attached thereto was served upon the following parties on this date by first-class mail and email:

**Freedom Mortgage Corporation**
951 W Yamato Road, Suite 175
Boca Raton, FL 33431
Email: LossMitigation@FreedomMortgage.com

**KML Law Group, P.C.**
Attn: Michael T. McKeever, Esq.

Sean Duffy, Esq.
Suite 5000 - BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
Email: mmckeever@kmllawgroup.com
Email: sduffy@kmllawgroup.com

**Office of the United States Trustee**
228 Walnut Street, Suite 1190
Harrisburg, PA 17101
Email: ustpregion03.ha.ecf@usdoj.gov
Email: maura.a.farley@usdoj.gov
Email: wendy.s.paul@usdoj.gov

**Trustee, Jill E. Durkin, Esq.**
Durkin Law, LLC
401 Marshbrook Road
Factoryville, PA 18419
Phone: 570-881-4158
Email: jilldurkinesq@gmail.com

Respectfully submitted,



**Leigh Torres**
Date: February 27, 2026

**EXHIBITS**
Exhibit A: February 26, 2026 email serving bankruptcy notice (9:50AM)
Exhibit B: Attorney McKeever's February 26, 2026 email response (10:36AM)
Exhibit C: Bid4Assets Sheriff Sale Notice confirming sale occurred
Exhibit D: KML Law Group letter to Sheriff dated February 26, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re: **Leigh Torres** (debtor)
325 Five Springs Rd
Stroudsburg, PA 18360
347-566-4877
LeighNFlanagan@aol.com
**Case No. 5:26-bk-00517**
Chapter 7

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR SANCTIONS FOR**
**WILLFUL VIOLATION OF AUTOMATIC STAY**

AND NOW, this _____ day of _____, 2026, upon consideration of Debtor's Emergency Motion for Sanctions for Willful Violation of Automatic Stay, and after notice and a hearing, it is hereby **ORDERED** and **DECREED** that:

1. The Motion is **GRANTED**.
2. The Court **FINDS** that Freedom Mortgage Corporation and KML Law Group, P.C., had actual knowledge of Debtor's bankruptcy filing on February 26, 2026, and willfully violated the automatic stay imposed by 11 U.S.C. § 362(a) by proceeding with a sheriff's sale of Debtor's property thereafter.
3. The Court **DECLARES** that the February 26, 2026 sheriff's sale of the property located at 325 Five Springs Road, Stroudsburg, PA 18360, is **VOID AB INITIO** for violating the automatic stay. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).
4. The Court **AWARDS** Debtor actual damages, including emotional distress damages, in the amount of $15,000.00. *Lansaw v. Zokaites (In re Lansaw)*, 853 F.3d 657, 663 (3d Cir. 2017).
5. The Court **AWARDS** punitive damages against Freedom Mortgage Corporation and KML Law Group, P.C., jointly and severally, in the amount of $50,000.00. *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992).
6. The Court **AWARDS** Debtor his costs and expenses incurred in prosecuting this motion.
7. Freedom Mortgage Corporation and KML Law Group, P.C., are hereby **ORDERED** to:
   a. Pay all amounts awarded herein within 14 days of the date of this Order;
   b. Immediately withdraw any deed recorded as a result of the void sale;
   c. Provide written notice to the Monroe County Recorder of Deeds that the February 26, 2026 sheriff's sale is void ab initio;
   d. Cease all collection activities against Debtor.
8. The Court retains jurisdiction to enforce this Order and to award additional sanctions if necessary.

**BY THE COURT:**

_____
United States Bankruptcy Judge

# Exhibit "A"

(EMAIL SERVING NOTICE OF BANKRUPTCY)
(FEBRUARY 26, 2026 AT 9:50AM)

From: HERICSON hericson@me.com

Subject: Fwd: Bankruptcy Filing for Case 002644-CV-2023

Date: February 26, 2026 at 10:02:50 AM

To: customerservice@bid4assets.com, Hericson Torres hericson@me.com

Cc: civil.division@monroecountypa.gov, real.estate.division@monroecountypa.gov

---

See attached and below.

Thank you,

_HERICSON_
_"Rebellion to Tyrants is obedience to GOD." —Benjamin Franklin_

Begin forwarded message:

From: HERICSON <hericson@me.com>

Date: February 26, 2026 at 9:51:03 AM EST

To: Hericson Torres <Hericson@me.com>, Notice <notice@kmllawgroup.com>, real.estate.division@monroecountypa.gov, civil.division@monroecountypa.gov, cirranelloforsheriff@gmail.com

Cc: "Michael T. McKeever" <mmckeever@kmllawgroup.com>, LeighNFlanagan@aol.com

Subject: Bankruptcy Filing for Case 002644-CV-2023

Please see attached Bankruptcy filing. The bankruptcy was filed and freedom mortgage's attorney is cc'd in this email.



pdf
2-26-26, 9-...oft Lens.pdf
732 KB

Thank you,

_HERICSON_
_"Rebellion to Tyrants is obedience to GOD." —Benjamin Franklin_

# Exhibit "B"
(ATTORNEY MCKEEVER'S EMAIL RESPONSE)
(FEBRUARY 26, 2026 AT 10:36AM)

From:   Michael McKeever mmckeever@kmllawgroup.com

Subject:   Re: Notice of Appeal with Exhibits, being filed 2-27-2026

Date:   February 27, 2026 at 3:10:37 PM

To:   Sean Duffy sduffy@kmllawgroup.com,  HERICSON hericson@me.com

Cc:   Notice notice@kmllawgroup.com,
real.estate.division@monroecountypa.gov real.estate.division@monroecountypa.gov,
civil.division@monroecountypa.gov civil.division@monroecountypa.gov,
cirranelloforsheriff@gmail.com cirranelloforsheriff@gmail.com,  Danielle
DiLeva ddileva@kmllawgroup.com,  Geraldine Linn GLinn@kmllawgroup.com,
lossmitigation@freedommortgage.com lossmitigation@freedommortgage.com,
service@bid4assets.com service@bid4assets.com,
customerservice@bid4assets.com customerservice@bid4assets.com

---

Sean, we may want to object to the request to the court to proceed in forma pauperis. It appears that
the defendant may have had equity in their now former  property.


Thank you.

KML Law Group, PC
Michael McKeever, Esq.
Office 215-825-6303
Mobile 610 662-4798
Please visit www.kmllawgroup.com for further information.
Suite 5000
701 Market Street
Philadelphia, PA 19106

---

From: Sean Duffy <sduffy@kmllawgroup.com>
Sent: Friday, February 27, 2026 2:10:37 PM
To: HERICSON <hericson@me.com>; Michael McKeever <mmckeever@kmllawgroup.com>
Cc: Notice <notice@kmllawgroup.com>; real.estate.division@monroecountypa.gov
<real.estate.division@monroecountypa.gov>; civil.division@monroecountypa.gov <civil.division@monroecountypa.gov>;
cirranelloforsheriff@gmail.com <cirranelloforsheriff@gmail.com>; Danielle DiLeva <ddileva@kmllawgroup.com>; Geraldine

Linn <GLinn@kmllawgroup.com>; lossmitigation@freedommortgage.com <lossmitigation@freedommortgage.com>;
service@bid4assets.com <service@bid4assets.com>; customerservice@bid4assets.com
<customerservice@bid4assets.com>

**Subject:** Re: Notice of Appeal with Exhibits, being filed 2-27-2026

We do not concur.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** HERICSON <hericson@me.com>
**Sent:** Friday, February 27, 2026 2:02:54 PM
**To:** Michael McKeever <mmckeever@kmllawgroup.com>; Hericson Torres <hericson@me.com>
**Cc:** Notice <notice@kmllawgroup.com>; real.estate.division@monroecountypa.gov
<real.estate.division@monroecountypa.gov>; civil.division@monroecountypa.gov
<civil.division@monroecountypa.gov>; cirranelloforsheriff@gmail.com <cirranelloforsheriff@gmail.com>; Danielle
DiLeva <ddileva@kmllawgroup.com>; Geraldine Linn <GLinn@kmllawgroup.com>; Sean Duffy
<sduffy@kmllawgroup.com>; lossmitigation@freedommortgage.com <lossmitigation@freedommortgage.com>;
service@bid4assets.com <service@bid4assets.com>; customerservice@bid4assets.com
<customerservice@bid4assets.com>
**Subject:** Notice of Appeal with Exhibits, being filed 2-27-2026

Please accept this email as formal service of the following documents filed today with the Monroe
County Court of Common Pleas, Prothonotary's Office, in the above-captioned matter:

1. **Notice of Appeal** to the Superior Court of Pennsylvania from the February 9, 2026 Order
   denying Defendant's Petition to Strike Default Judgment (attached);
2. **Application to Proceed In Forma Pauperis on Appeal** (attached);
3. **Verified Statement in Support of In Forma Pauperis Application** pursuant to Pa.R.A.P. 561
   (attached);
4. **Emergency Application for Stay Pending Appeal** (filed separately with the Superior Court of
   Pennsylvania; copy attached for notice).

TO THE MONROE COUNTY PROTHONOTARY AND CLERK OF COURTS: The foregoing
documents will be filed electronically through the C-Track E-Filing Portal. Kindly process same for the
record and provide file-stamped copies as available.

TO PLAINTIFF, FREEDOM MORTGAGE CORPORATION, AND ITS COUNSEL, KML LAW GROUP, P.C.: Please take notice that Defendant has appealed the February 9, 2026 Order denying his Petition to Strike Default Judgment. The appeal is based on fundamental jurisdictional defects that render the December 6, 2023 default judgment VOID AB INITIO, including but not limited to:

- Plaintiff's lack of standing (Exhibit C shows note endorsed to PrimeLending only; Freddie Mac purchased the loan on October 3, 2016);
- Failure to comply with mandatory Act 6 and Act 91 notice requirements (jurisdictional defects);
- Violation of the CARES Act (Complaint filed during active forbearance period);
- Fraud upon the court (fraudulent assignments, robo-signing, notary fraud);
- Judicial disqualification (Judge Best's prior role as Sheriff's Solicitor in this case);
- Violation of the automatic bankruptcy stay (sheriff's sale conducted February 26, 2026 in willful violation of 11 U.S.C. § 362).

DEMAND FOR IMMEDIATE CESSATION OF ALL ENFORCEMENT ACTIVITY

You are hereby formally demanded to CEASE AND DESIST all enforcement activity related to the December 6, 2023 default judgment, including but not limited to:

- Any efforts to confirm or perfect the February 26, 2026 sheriff's sale;
- Any eviction proceedings;
- Any deed transfers or recording of same;
- Any collection efforts or demands for payment.

The February 26, 2026 sheriff's sale was conducted in willful violation of the automatic bankruptcy stay. Under 11 U.S.C. § 362, such actions are VOID AB INITIO. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). Willful violations subject the violator to actual and punitive damages under 11 U.S.C. § 362(k). *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992).

Your failure to immediately cease and desist and to take affirmative steps to undo the void sale will result in:

- A motion for sanctions in the bankruptcy court;
- A civil action under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of law;
- Referral to the Pennsylvania Disciplinary Board for ethical violations;
- Referral to the U.S. Attorney for criminal contempt.

TO THE MONROE COUNTY SHERIFF'S OFFICE AND SHERIFF NICHOLAS CIRRANELLO:
Please take notice that the judgment underlying the February 26, 2026 sheriff's sale is void. The sale was

conducted in violation of the automatic bankruptcy stay, rendering the sale void ab initio. *In re Siciliano*, 13 F.3d at 751.

As an independent ministerial officer, you have both the authority and the duty to inquire into the lawfulness of process before executing upon it. *Commonwealth v. McFadden*, 299 A.2d 324 (Pa. 1973). A sheriff who executes a void writ may be held personally liable under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of law. *Pierson v. Ray*, 386 U.S. 547 (1967).

Formal notice of the void judgment was previously served upon your office on January 14, 2026. That notice was ignored, and the sale proceeded in violation of federal law.

You are hereby demanded to:
- Refrain from issuing any deed or taking any further action to perfect the February 26, 2026 sale;
- Notify Bid4Assets immediately that the sale is void and must be rescinded;
- Preserve all records relating to this matter pending further court orders.

TO BID4ASSETS: Please take notice that the February 26, 2026 sheriff's sale of the property located at 325 Five Springs Road, Stroudsburg, PA 18360, was conducted in violation of the automatic bankruptcy stay and is void. Any deed, title, or right purportedly transferred is a legal nullity. You are hereby demanded to cease all processing of this sale and to take no further action to facilitate any transfer of title. Thank you, HERICSON "sky is the limit" PSALMS 19:1 "Condemnation without investigation is the height of ignorance." — Albert Einstein "When injustice becomes law, resistance becomes duty." — Thomas
Jefferson "Rebellion to Tyrants is Obedience to GOD." — Benjamin Franklin

On Feb 26, 2026, at 11:10 AM, HERICSON <hericson@me.com> wrote:

Mr. McKeever and Counsel:

I am in receipt of your email stating that "Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place." This statement contains multiple legal errors that I must bring to your immediate attention.

1. The Automatic Stay is Self-Executing Upon Filing

Case 5:26-bk-00517-MJC    Doc 16    Filed 03/02/26    Entered 03/02/26 08:13:24    Desc
Main Document      Page 14 of 25

The automatic stay under 11 U.S.C. § 362(a) is not optional. It operates immediately and automatically upon the filing of a bankruptcy petition, regardless of any party's opinion about its applicability. In re Smith, 876 F.2d 524, 525 (6th Cir. 1989) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It springs into being without formal court action."). Your client does not have the authority to unilaterally "proceed" based on its own interpretation of § 362(c)(4).

2. Your "3 Filings in 1 Year" Calculation is Mathematically Incorrect

You claim this is the "3rd bankruptcy filing in a year." The dates tell a different story:

Filing Date Days Since Prior Filing
February 25, 2025 —
June 27, 2025 122 days
February 26, 2026 244 days

A "year" under the Bankruptcy Code is measured as 365 days. My prior filing was 244 days ago—well outside any 365-day window. Even under the strictest interpretation of § 362(c)(4), the automatic stay remains in full force and effect.

3. Even if § 362(c)(4) Applied (It Does Not), You Cannot Self-Help

Section 362(c)(4) addresses cases where multiple filings occur within a one-year period. It does not eliminate the automatic stay entirely. It provides that the stay terminates only with respect to the debtor on the 30th day after filing unless the court extends it. In re Paschal, 337 B.R. 274, 278 (Bankr. E.D.N.C. 2006). It does not authorize a creditor to proceed immediately upon filing. Even in multiple-filing scenarios, creditors must seek relief from the stay from the bankruptcy court. 11 U.S.C. § 362(d).

4. Proceeding with the Sale Violates the Automatic Stay

Any action to proceed with a sheriff's sale while a bankruptcy petition is pending violates § 362(a)(1)-(5). Such actions are void, not merely voidable. In re Soares, 107 F.3d 969, 976 (1st Cir. 1997) ("Actions taken in violation of the automatic stay are void ab initio."). The Third Circuit agrees. In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994) (actions in violation of automatic stay are void).

5. Consequences of Willful Violation

If your client proceeds despite actual notice of the bankruptcy filing—which you have now received—you risk:

Consequence Authority
Actual damages 11 U.S.C. § 362(k)(1)
Punitive damages for willful violation In re Lansdale Family Rests., Inc., 977 F.2d 826, 829 (3d Cir. 1992)
Attorneys' fees and costs 11 U.S.C. § 362(k)(1)
Sanctions against counsel Fed. R. Bankr. P. 9011; In re Taylor, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003)

6. Immediate Demand

I demand that you:

a. IMMEDIATELY CEASE all efforts to proceed with the sheriff's sale scheduled for today;

b. IMMEDIATELY NOTIFY the Monroe County Sheriff's Office and Bid4Assets that the sale is stayed by operation of law;

c. CONFIRM IN WRITING within one hour that no sale will proceed.

If your client proceeds with this sale despite actual notice of the bankruptcy filing, I will have no choice but to:

1. File an emergency motion for sanctions in bankruptcy court or elsewhere
2. Seek actual and punitive damages under § 362(k)(1);
3. Report this conduct to the Pennsylvania Attorney General's Office and the U.S. Trustee;
4. Seek sanctions against counsel personally for willful violation of the automatic stay.

The automatic stay is not optional. It is not subject to creditor interpretation. It is the law. Please govern yourselves accordingly.

# Thank you,

_HERICSON_

_"Rebellion to Tyrants is obedience to GOD." —Benjamin Franklin_

*On Feb 26, 2026, at 10:36 AM, Michael McKeever <mmckeever@kmllawgroup.com> wrote:*

Freedom is proceeding to sheriff sale , this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place. A letter is on its way as well.

Thank you.

Michael McKeever, Esq.

KML LAW GROUP, P.C.

New Jersey & Pennsylvania

Suite 5000

701 Market Street

Philadelphia, Pennsylvania 19106

www.kmllawgroup.com

mmckeever@kmllawgroup.com

office: 215-825-6303

fax 215-627-7734

mobile: 610-662-4798

*Please note, if you are not a client of KML Law Group, any information provided is not legal advice, and we are obligated and required to advise unrepresented parties to contact their own attorney for legal advice. If you require reinstatement (bring current) or payoff figures, please email figures@kmllawgroup.com. You can reach our home retention/loss mitigation department via email homeretention@kmllawgroup.com.*

---

**From:** HERICSON <hericson@me.com>

**Sent:** Thursday, February 26, 2026 9:50 AM

**To:** Hericson Torres <hericson@me.com>; Notice <notice@kmllawgroup.com>; real.estate.division@monroecountypa.gov <real.estate.division@monroecountypa.gov>; civil.division@monroecountypa.gov <civil.division@monroecountypa.gov>; cirranelloforsheriff@gmail.com <cirranelloforsheriff@gmail.com>

**Cc:** Michael McKeever <mmckeever@kmllawgroup.com>; leighnflanagan@aol.com <leighnflanagan@aol.com>

**Subject:** Bankruptcy Filing for Case 002644-CV-2023

Please see attached Bankruptcy filing. The bankruptcy was filed and freedom mortgage's attorney is cc'd in this email.


Thank you,

*HERICSON*
*"Rebellion to Tyrants is obedience to GOD." —Benjamin Franklin*
This firm is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you are in bankruptcy or have previously received a discharge in bankruptcy, or if you are a successor in interest to the borrower who has not assumed the debt, this correspondence is not and should not be construed to be an attempt to collect a debt, and is for informational purposes only. This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this email to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this email in error, please immediately notify the sender by reply email, and delete all copies of this communication from your computer and network. Thank you. Please visit our website www.kmllawgroup.com for answers to frequently asked questions. If you are not satisfied with the service and responsiveness from our office, or would like to escalate a matter for further attention, please email us at problems@kmllawgroup.com. NOTICE REGARDING ELECTRONIC COMMUNICATION: If you wish to opt out of electronic communication, please forward this email to Notice@kmllawgroup.com, with the word "STOP" in the subject line of the email. Please be advised that we may still be required to send you statutory and court-mandated notices pursuant to applicable law.


This firm is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you are in bankruptcy or have previously received a discharge in bankruptcy, or if you are a successor in interest to the borrower who has not assumed the debt, this correspondence is not and should not be construed to be an attempt to collect a debt, and is for informational purposes only. This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this email to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have

Case 5:26-bk-00517-MJC    Doc 16    Filed 03/02/26    Entered 03/02/26 08:13:24    Desc
Main Document    Page 18 of 25

received this email in error, please immediately notify the sender by reply email, and delete all copies
of this communication from your computer and network. Thank you. Please visit our website
www.kmllawgroup.com for answers to frequently asked questions. If you are not satisfied with the
service and responsiveness from our office, or would like to escalate a matter for further attention,
please email us at problems@kmllawgroup.com. NOTICE REGARDING ELECTRONIC
COMMUNICATION: If you wish to opt out of electronic communication, please forward this email to
Notice@kmllawgroup.com, with the word "STOP" in the subject line of the email. Please be advised
that we may still be required to send you statutory and court-mandated notices pursuant to
applicable law.

# Exhibit "C"

(BID4ASSETS SHERIFF SALE NOTICE CONFIRMING SALE OCCURRED)
(FEBRUARY 26, 2026)



A GovDeals Marketplace

Follow us: 

| Keyword | Auction ID# | GO |

**ASSET HOUND**
Advanced search
Your online property search starts here!

Sign up for Weekly Email Alerts

Real Estate › Other › All › **# 1258691**

## Monroe County, PA Sheriff Sale: 325 FIVE SPRINGS ROAD




DUE DILIGENCE

### Asset was sold for $475,000

| | |
|---|---|
| Number of Bids: | 42 |
| *Winning Bid:* | $475,000 |
| Winner: | C***p |
| *Minimum Bid:* | $8,730 |
| Your Bid Status: | Log in to view status |
| *Reserve:* | **Met!** |
| Status: | Sold |
| Auction Started: | 02-26-26 10:00 AM ET |
| Auction Closed: | 02-26-26 12:22 PM ET |
| Bid Increment: | $1,000 |
| *Overtime Period:* | 5 minutes |
| Source: | Government |
| Deposit Required: | $2,035 — See Instructions |
| *Buyer's Premium:* | 1.5% |
| Page Views: | 293 |

| | |
|---|---|
| Seller Name: | MonroeCountySheriff |
| Rating: | Not Applicable |
| Location: | 325 FIVE SPRINGS ROAD STROUDSBURG, PA 18360 |

**ASK SELLER A QUESTION**

**VIEW SELLER'S OTHER ITEMS**

## ASSET INFORMATION

Deposit Requirement

- A single $2,035.00 deposit (includes a $35 nonrefundable processing fee) is required to participate in the 02-26-2026 Monroe County Sheriff sale.
- Deposits must be received by Bid4Assets no later than 4:00PM ET (1:00 PT) Thursday, February 19th
- Click here to place your deposit.

Disclaimers

- Monroe County Sheriff's Office retains the right to reject any and all bids for any reason.
- Monroe County Sheriff's Office may withdraw this property from the auction at any time before or during the sale.
- Monroe County Sheriff's Office reserves the right to cancel the sale of a property at any time prior to the issuance of the deed.

ITEM SPECIFICS - PARCEL INFORMATION

## Parcel Information

| | |
|---|---|
| Tax Code | 08.96442 |
| Address | 325 FIVE SPRINGS ROAD STROUDSBURG, PA 18360 |

## Other Properties

| | |
|---|---|
| County | Monroe |
| Sheriff Number | 2644 CV 2023 |
| Attorney | KML LAW GROUP, P.C. |
| Debt Amount | $327,953.44 |
| Defendant | TORRES, HERICSON |
| Plaintiff | FREEDOM MORTGAGE CORPORATION |
| CourtCase | 2644CV2023 |
| Address | 325 FIVE SPRINGS ROAD |

## ALL SELLER-RELATED DUE DILIGENCE — (VIEW RELATED AUCTIONS)

The due diligence items below apply to all related auctions from this seller.

**General Sale Information**

Terms of Sale

Post-Auction Process for Third-Party Buyers

FAQ

## ASSET DESCRIPTION

The Sheriff's Office of Monroe County, PA, is conducting an auction with the following details:

Sheriff #: 2644 CV 2023
Case #: 2644CV2023
Sales Date: 02/26/2026
Plaintiff: FREEDOM MORTGAGE CORPORATION
Defendant: TORRES, HERICSON
Address: 325 FIVE SPRINGS ROAD
Writ Amount: $327,953.44
Attorney: KML LAW GROUP, P.C.
Parcel Num: 08.96442

**End of Auction**

After the close of the final auction of the day for this seller, all winning bidders are sent detailed instructions via e-mail on settlement procedures and how to provide the necessary deed transfer information.

The seller requires that the winning bidder submit the deed transfer information to Bid4Assets within 2 days of the close of auction.

## BIDDING REQUIREMENTS

To bid on this auction, all bidders are required to become qualified by placing a deposit. The deposit of the winning bidder is automatically transferred to the seller at the end of the auction. If the winning bidder fails to perform on any auction, the entire BidDeposit will be forfeited to the seller. Non-winning bidder deposit refunds are mailed within ten (10) business days after the close of the auction. This deposit cannot be applied to other auctions. To find out more about the BidDeposit requirement, click here.

## SETTLEMENT REQUIREMENTS

Purchaser shall pay the balance of 10% of the purchase price or the minimum bid whichever is highest plus a 1.5% buyer's premium (on the total purchase price) by close of business of the Sheriff's Office on the first (1st) business day following the Auction. Purchaser shall have 11 days from the auction date to pay the remaining balance. Payments shall be made to Bid4Assets. — *No exceptions will be made.* If the payment policy is not adhered to the winning bidder will forfeit their deposit to the Monroe County Sheriff's Office and may be banned from future sales.

The exact settlement cutoff date and time will be listed in the Deed Wizard settlement process after the close of auction(s).

A $35 per-parcel-won administrative fee will be added to the final sale price.

## BUYER PREMIUM INFORMATION

This auction requires that the winning bidder pay a Buyer's Premium of 1.50% of the winning bid amount. (The Buyer's Premium covers the costs associated with the auction).

This amount will be added to the winning bid and will be included in the total purchase price paid by the Buyer to the Seller.



A GovDeals Marketplace

ABOUT US

CONTACT US

JOBS

COURTHOUSE STEPS®

### NEED TO KNOW

Privacy Policy

Terms of Service

### FOR SELLERS

Sell an Asset

Sheriff's Sales

County Government Sellers

Seller Help

### FOR BUYERS

Weekly Email Alert

Rate a Seller

Video Tutorials

Buyer Help

### USEFUL LINKS

My Account/Login

Have Property to Sell?

Testimonials

Submit a Testimonial

Give Us Your Feedback

BID4ASSETS.com® is a registered trademark of Bid4Assets, Inc.

Where Great Deals Click™; Bid4Assets™; Copyright © 1999-2026 ALL RIGHTS RESERVED Bid4Assets, Inc.

   Schedule

# Exhibit "D"
(KML LAW GROUP LETTER TO SHERIFF)
(FEBRUARY 26, 2026)

# KML LAW GROUP, P.C.
### ATTORNEYS AT LAW

SUITE 5000
701 MARKET STREET
PHILADELPHIA, PA 19106
WWW.KMLLAWGROUP.COM

(215) 627-1322
FAX (215) 825-6456
PASALES@KMLLAWGROUP.COM

February 26, 2026

SHERIFF OF MONROE COUNTY
FAX: 570-517-3870

RE:     **3rd Bankruptcy Filing in Calendar  Year – No Stay in Place - Proceeding with Sale**
        FREEDOM MORTGAGE CORPORATION
        vs.
        HERICSON TORRES
        No.  2644 CV 2023
        KML File#:  219077FC

        **Property Address**:  **325 Five Springs Road, Stroudsburg, PA 18360**
        **Sheriff's Sale Date:  February 26, 2026**
        **Sale No.**

To the Sheriff:

        The above referenced matter is scheduled for Sheriff's Sale on 02/26/2026.  Recent amendments to the Bankruptcy Code (specifically, Section  11  USC  362(c)(4)(A), provides that if a Debtor had two or more cases pending and dismissed in the calendar year prior to a new bankruptcy filing, there is no automatic stay when the third bankruptcy is filed.

        The defendant in this matter had two previous cases pending and dismissed in the prior year and has now filed a **THIRD** bankruptcy. Under the Bankruptcy amendments, there is **no automatic stay** in place at this time and the Sheriff is permitted, under federal Bankruptcy law, to proceed with the Sheriff's Sale.   The bankruptcy docket numbers and filing dates, showing 3 separate filings within the last calendar year, are as follows:

BK Case No: 5:25-bk-00501
Filing Date: 02/27/2025

BK Case No: 5:25-bk-01761
Filing Date: 06/25/2025

BK Case No: 5:26-bk-00517
Filing Date: 02/26/2025

        Thank you for your anticipated cooperation in this matter.  If you or your solicitor requires copies of the relevant Bankruptcy code section, please contact us directly.  Please see the attached copies of the Bankruptcy Court Dockets for the three bankruptcy filings.

                                        By:     **KML LAW GROUP, P.C.**
                                                Sheriff's Sale Department
                                                Stephanie Creech – Supervisor
                                                (215) 825-6375 Est. 8329
                                                PASALES@KMLLAWGROUP.COM

Attorney Contact:  Jill P. Jenkins, Esquire, (267) 394-0625, jjenkins@kmllawgroup.com

cc:     BK Attorney
        HERICSON TORRES