FILED
**March 19, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| | : | |
| Debtor | : | **REQUEST FOR** |
| | : | **EXPEDITED** |
| **LEIGH TORRES** | : | **CONSIDERATION AND** |
| *Plaintiff* | : | **REMOTE/VIRTUAL** |
| | : | **HEARINGS** |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |
| | : | |

### REQUEST FOR EXPEDITED CONSIDERATION AND REMOTE/VIRTUAL HEARING PURSUANT TO LOCAL RULE 9075-1 (EMERGENCY ORDERS)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, the Debtor, **LEIGH TORRES**, sui juris and in propria persona, and respectfully files this Request for Expedited Consideration and Remote/Virtual Hearing pursuant to Local Bankruptcy Rule 9075-1. In support thereof, the Debtor states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to **28 U.S.C. §§ 157 and 1334**. This is a core proceeding concerning the administration of the bankruptcy estate and the enforcement of the automatic stay. 28 U.S.C. § 157(b)(2)(A), (G), and (O).

2. Venue is proper in this District pursuant to **28 U.S.C. § 1408(1)** , as the Debtor has resided in Monroe County, Pennsylvania, within the Middle District of Pennsylvania, for the 180 days immediately preceding the filing of this petition.

3. This Request is brought pursuant to **Local Bankruptcy Rule 9075-1 (Emergency Orders)** , which governs motions for emergency relief where, in order to avoid irreparable harm, the requested relief is needed in less time than is normally required by the Court to receive and consider a response.

### II. FACTUAL BACKGROUND AND THE PENDING DEADLINE

4. On **February 26, 2026, at 9:40 a.m.**, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. The Debtor has two prior bankruptcy filings within the relevant time period:
   a. **February 27, 2025** — Case No. 5:25-bk-00501 (joint filing with spouse, dismissed on May 19, 2025);

b. **June 25, 2025** — Case No. 5:25-bk-01761 (joint filing with spouse, dismissed on September 9, 2025).

6. Under **11 U.S.C. § 362(c)(3)(A)** , the automatic stay terminates with respect to the debtor on the **30th day after filing** unless extended by the Court.

7. The Debtor's petition was filed on **February 26, 2026**. Therefore, the thirtieth day after filing is **March 28, 2026**. Because March 28, 2026 falls on a **Saturday**, and the courthouse is closed, the effective deadline for a ruling to prevent expiration of the stay is **March 27, 2026**. *See* Fed. R. Bankr. P. 9006(a).

8. On **March 18, 2026**, the Clerk of Court issued a **Notice of Hearing to Extend/Impose Stay**, scheduling a hearing on the Debtor's request for **April 14, 2026, at 10:00 a.m.** — seventeen days after the statutory deadline.

9. The Notice itself states: "Consideration of a request to extend/impose the automatic stay must be accomplished within thirty (30) days of the bankruptcy petition filing date."

10. Absent a ruling from this Court **on or before March 27, 2026**, the automatic stay will expire by operation of law, exposing the Debtor to immediate irreparable harm, including:
a. The potential loss of her primary residence through foreclosure;
b. Displacement from her home, which is essential to her health and well-being given her documented medical conditions;
c. Frustration of this Court's ability to adjudicate the Debtor's Motion and the pending sanctions hearing under 11 U.S.C. § 362(k);
d. Mootness of pending related proceedings, including the appeal before the Pennsylvania Superior Court and complaints before administrative agencies.

## III. THE ATTACHED MOTION AND NEED FOR EXPEDITED CONSIDERATION

11. Attached hereto as **Exhibit A** is the Debtor's **Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B), and in the Alternative, Motion to Impose Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B)** .

12. The attached Motion demonstrates, through clear and convincing evidence, that the Debtor's case was filed in good faith and that extraordinary circumstances warrant extension or imposition of the stay.

13. The Motion is supported by extensive factual detail, including:
a. The willful violation of the automatic stay by Respondents on February 26, 2026;
b. The void nature of the underlying foreclosure judgment;
c. The Plaintiff's lack of standing at inception;
d. The fraudulent and void assignments;
e. The fraudulent notarization and void loan modification;
f. The failure to comply with Act 6 and Act 91;
g. The violation of CARES Act forbearance protections;
h. The concealment of the promissory note for 937 days;
i. The bifurcation of the note and mortgage through securitization;
j. The Debtor's changed circumstances, including pending divorce, individual filing status, and severe medical deterioration;
k. The Debtor's documented medical conditions and disability;
l. The pending related proceedings in state court and administrative agencies.

14. Without expedited consideration, the Debtor's Motion will become moot before it can be heard, and she will suffer irreparable harm that cannot be remedied by any subsequent order.

## IV. THE COURT'S AUTHORITY TO GRANT EXPEDITED RELIEF AND CONTINUE THE STAY PENDING RULING

15. **11 U.S.C. § 105(a)** grants bankruptcy courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This includes the authority to enter interim orders preserving the status quo pending a final hearing.

16. Bankruptcy courts are courts of equity and possess broad discretion to manage their proceedings and prevent irreparable harm. *Pepper v. Litton*, 308 U.S. 295, 304 (1939).

17. In **In re Siciliano**, 13 F.3d 748, 751 (3d Cir. 1994), the Third Circuit held that actions taken in violation of the automatic stay are void ab initio, and that the bankruptcy court has inherent authority to enforce the stay and prevent its circumvention.

18. This Court has the authority to enter an **interim order continuing the automatic stay** pending a final hearing and ruling on the Debtor's Motion, even if the April 14, 2026 hearing date cannot be rescheduled.

19. The equities strongly favor such interim relief, as the balance of harms weighs heavily in favor of preserving the status quo and preventing the Debtor's displacement from her home before the Court has had an opportunity to rule on the merits of her Motion.

20. **Local Rule 9075-1** authorizes emergency relief where irreparable harm would result from following normal procedures. Such irreparable harm is clearly established here.

## V. REQUEST FOR REMOTE/VIRTUAL HEARING IN COMPLIANCE WITH L.B.R. 9074-1

21. The Debtor respectfully requests that any hearing on this matter, including any emergency hearing scheduled before March 27, 2026, be conducted **remotely by video conference** in accordance with **Local Bankruptcy Rule 9074-1** and the Court's **Remote Appearance Guide**.

22. **Local Bankruptcy Rule 9074-1** specifically permits participants to appear by videoconference and requires compliance with the Court's established procedures.

23. The Debtor suffers from severe, documented, and ongoing medical conditions, including:
    a. Complications arising from a **liver transplant**;
    b. Chronic **neuropathy**, causing chronic pain and mobility limitations;
    c. **Cognitive and memory deficiencies**;
    d. Diagnosed **Attention Deficit Hyperactivity Disorder (ADHD)** ;
    e. Diagnosed **Post-Traumatic Stress Disorder (PTSD)** .

24. The Debtor possesses a **state-issued handicap parking placard**, confirming her recognized disability status under Pennsylvania law.

25. **Federal Rule of Civil Procedure 43(a)** , made applicable to bankruptcy proceedings by **Federal Rule of Bankruptcy Procedure 9017**, permits testimony by contemporaneous transmission for good cause in compelling circumstances.

26. The **Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq.** , requires public entities, including courts, to provide reasonable accommodations to individuals with disabilities. *Tennessee v. Lane*, 541 U.S. 509, 531-34 (2004).
27. The **Pennsylvania Constitution, Article I, Section 11** , provides that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Pa. Const. art. I, § 11.
28. The Debtor is prepared to fully comply with all requirements of Local Rule 9074-1 and the Court's Remote Appearance Guide, including registering by 5:00 p.m. on the day before any hearing.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, the Debtor, **LEIGH TORRES**, respectfully requests that this Honorable Court:

1. **GRANT** this Request for Expedited Consideration;
2. **SCHEDULE AN EMERGENCY HEARING** at the earliest possible date, but no later than March 27, 2026, to address the attached Motion;
3. In the alternative, **ENTER AN INTERIM ORDER** continuing the automatic stay pending a final hearing and ruling on the attached Motion, to preserve the status quo and prevent irreparable harm;
4. **PERMIT** the Debtor to participate in any hearing **remotely by video conference** as a reasonable accommodation under the Americans with Disabilities Act, Fed. R. Civ. P. 43(a), and Local Rule 9074-1;
5. **CONSIDER** the attached Motion on an expedited basis and **RULE** thereon on or before March 27, 2026; and
6. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Lnt*

**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text)
leighnflanagan@aol.com
Date: March 19, 2026

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **Request for Expedited Consideration with Motion for Remote/Virtual Hearing, Motion to Extend Automatic Stay, and in alternative Motion to Impose Automatic Stay with Proposed Order** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Request for Expedited Consideration with Motion for Remote/Virtual**

**Hearing, Motion to Extend Automatic Stay, and in alternative Motion to Impose Automatic Stay with Proposed Order** were served upon the following parties on March 19, 2026:

<u>Distribution List:</u>
cc: Freedom Mortgage Corporation: <u>customercare@freedommortgage.com</u>
cc: Michael McKeever: <u>mmckeever@kmllawgroup.com</u>
cc: Sean Michael Duffy: <u>sduffy@kmllawgroup.com</u>
cc: Jill Durkin, Esq. (Trustee): <u>jilldurkinesq@gmail.com</u>
cc: Stanley C. Middleman, CEO: <u>stanley.middleman@freedommortgage.com</u>
cc: Office of The United States Trustee: <u>ustpregion03.ha.ecf@usdoj.gov</u>

**<u>CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:</u>** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C., via email on March 19, 2026. Debtor will file counsel's written response separately when and if received.

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: March 19, 2026

**<u>CERTIFICATE OF COMPLIANCE WITH L.R. 9075-1</u>**

I hereby certify that:

1. This Request seeks emergency relief to prevent irreparable harm, specifically the expiration of the automatic stay and the potential loss of the Debtor's primary residence.
2. The requested relief is needed before March 27, 2026, which is less time than is normally required by the Court to receive and consider a response.
3. The Debtor has complied with the requirements of Local Rule 9075-1 by filing this Request and the attached Motion, and by serving all parties in interest.

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: March 19, 2026

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| Debtor | : | |
| | : | **PROPOSED ORDER** |
| **LEIGH TORRES** | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

## PROPOSED ORDER GRANTING REQUEST FOR EXPEDITED CONSIDERATION AND REMOTE/VIRTUAL HEARING

AND NOW, this _____ day of March, 2026, upon consideration of the Debtor's **Request for Expedited Consideration and Remote/Virtual Hearing** pursuant to Local Rule 9075-1, and based upon the representations contained therein, it is hereby:

**ORDERED** that:

1. The Debtor's Request is **GRANTED**.
2. An emergency hearing on the Debtor's **Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B), and in the Alternative, Motion to Impose Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B)** (attached as Exhibit A) is hereby **SCHEDULED** for _____, 2026, at _____ __.m., before the undersigned Judge.
3. The Debtor is permitted to participate in said hearing **remotely by video conference** as a reasonable accommodation under the Americans with Disabilities Act, Fed. R. Civ. P. 43(a), and Local Rule 9074-1.
4. Pending the hearing and ruling on the attached Motion, the automatic stay imposed by 11 U.S.C. § 362(a) shall **CONTINUE IN FULL FORCE AND EFFECT** as an interim measure to preserve the status quo and prevent irreparable harm, pursuant to 11 U.S.C. § 105(a) and the Court's inherent equitable authority.
5. Any party seeking to object to the Debtor's Motion must file and serve any response by _____, 2026.

**BY THE COURT:**

United States Bankruptcy Judge

# EXHIBIT "A"

(MOTION TO EXTEND/IMPOSE AUTOMATIC STAY)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| Debtor | : | |
| | : | **MOTION TO EXTEND** |
| **LEIGH TORRES** | : | **AUTOMATIC STAY, AND** |
| *Plaintiff* | : | **MOTION TO IMPOSE** |
| | : | **AUTOMATIC STAY** |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

## MOTION TO EXTEND AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B) AND IN THE ALTERNATIVE, MOTION TO IMPOSE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(4)(B)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, the Debtor, **LEIGH TORRES**, sui juris and in propria persona, and respectfully files this Motion to Extend the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3)(B), and in the alternative, Motion to Impose the Automatic Stay pursuant to 11 U.S.C. § 362(c)(4)(B). In support thereof, the Debtor states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to **28 U.S.C. §§ 157 and 1334**. This is a core proceeding concerning the administration of the bankruptcy estate and the enforcement of the automatic stay. 28 U.S.C. § 157(b)(2)(A), (G), and (O).
2. Venue is proper in this District pursuant to **28 U.S.C. § 1408(1)** , as the Debtor has resided in Monroe County, Pennsylvania, within the Middle District of Pennsylvania, for the 180 days immediately preceding the filing of this petition.
3. This Court has exclusive jurisdiction to determine the scope and applicability of the automatic stay, including whether § 362(c)(3) or § 362(c)(4) applies, and whether the Debtor has demonstrated good faith warranting extension or imposition of the stay. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).

### II. PROCEDURAL BACKGROUND AND THE AUTOMATIC STAY

4. On **February 26, 2026, at approximately 9:40 a.m. EST** , the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, invoking the protections of Title 11 of the United States Code as enacted by the **Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2549**.
5. Upon the filing of the petition, the **automatic stay arose immediately by operation of federal law**, without the need for any court order or further judicial action. *In re Smith*,

876 F.2d 524, 525 (6th Cir. 1989) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It springs into being without formal court action.").

6. The Debtor, in good faith, immediately provided **actual and timely notice** of the bankruptcy filing to all relevant parties. At approximately **9:50 a.m. on February 26, 2026**, the Debtor caused written notice to be transmitted via email to:
a. **Michael T. McKeever, Esq.** and **KML Law Group, P.C.** (counsel for Freedom Mortgage Corporation);
b. The **Monroe County Sheriff's Office** and Sheriff Nicholas Cirranello;
c. The **Monroe County Clerk of Courts**;
d. **Bid4Assets, Inc.** (the vendor conducting the online sheriff's sale).

7. Despite having **actual knowledge** of the bankruptcy filing and the resulting automatic stay, the scheduled sheriff's sale of the Debtor's residence proceeded and was concluded at approximately **12:22 p.m. on February 26, 2026**.

8. At **10:30 a.m. on February 26, 2026** — only **40 minutes after receiving notice** — Respondent Michael T. McKeever sent an email stating: *"Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place."*

9. Respondent McKeever also sent a letter to the Monroe County Sheriff's Office claiming that § 362(c)(4)(A) eliminated the automatic stay, citing filing dates of February 27, 2025, June 25, 2025, and February 26, 2026.

10. As of the date of this Motion, **no creditor, including Freedom Mortgage Corporation, has filed a motion with this Court seeking relief from the automatic stay** pursuant to 11 U.S.C. § 362(d). Furthermore, no hearing has been held by this Court to determine the applicability of the stay, and no order has been entered granting retroactive relief or validating the sheriff's sale.

11. The Debtor has two prior bankruptcy filings within the relevant time period:
a. **February 27, 2025** — Case No. 5:25-bk-00501 (joint filing with spouse, dismissed);
b. **June 25, 2025** — Case No. 5:25-bk-01761 (joint filing with spouse, dismissed).

12. The calculation of days between filings:
a. From February 27, 2025, to June 25, 2025 = **120 days** (WITHIN 365 days);
b. From June 25, 2025, to February 26, 2026 = **246 days** (OUTSIDE 365 days).

13. **Section 362(c)(4)(A)** requires **two or more cases** pending within the **previous 365 days** for the stay not to go into effect. The February 26, 2026 filing was **246 days** after June 25, 2025 — **well outside** the 365-day window. Therefore, § 362(c)(4) does NOT apply, and the automatic stay WAS in effect and remains in effect through the thirtieth day.

14. The Debtor's petition was filed on **February 26, 2026**. Therefore, the thirtieth day after filing is **March 28, 2026**. Because March 28, 2026 falls on a **Saturday**, and the courthouse is closed, the effective deadline for a ruling to prevent expiration of the stay is **March 27, 2026**. *See* Fed. R. Bankr. P. 9006(a).

## III. THE AUTOMATIC STAY FRAMEWORK UNDER 11 U.S.C. § 362(c)

15. **11 U.S.C. § 362(c)(3)(A)** provides that where a debtor has had one prior case pending within the preceding one-year period that was dismissed, the automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case."

16. **11 U.S.C. § 362(c)(3)(B)** provides that the Court may extend the stay beyond the thirty-day period "after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

17. **11 U.S.C. § 362(c)(4)(A)** provides that where a debtor has had two or more prior cases pending within the preceding one-year period that were dismissed, "the stay under subsection (a) shall not go into effect upon the filing of the later case."

18. **11 U.S.C. § 362(c)(4)(B)** provides that the Court may order the stay to take effect "if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

19. **11 U.S.C. § 362(c)(4)(D)** creates a presumption that a case filed by a debtor with two or more prior dismissals within the preceding year "is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)."

20. The Debtor acknowledges the existence of two prior filings. However, the calculation of days demonstrates that the February 26, 2026 filing is **246 days** after June 25, 2025 — well outside the 365-day window for § 362(c)(4). Therefore, § 362(c)(4) does NOT apply. The stay WAS in effect and remains in effect through March 28, 2026.

21. **Only this Court has the authority to determine the scope and applicability of the automatic stay.** No creditor, attorney, or sheriff possesses the authority to unilaterally declare federal bankruptcy protections inapplicable. *In re J.T. Moran Fin. Corp.*, 124 B.R. 931, 939 (S.D.N.Y. 1991).

22. Respondent McKeever's conduct in directing the Sheriff to proceed with the sale, based solely on his own erroneous legal conclusion, constitutes:
    a. A willful violation of the automatic stay;
    b. An unauthorized exercise of judicial power;
    c. A violation of his oath as an officer of the court;
    d. A fraud upon the court and upon this Debtor.

## IV. THE DEBTOR DEMONSTRATES GOOD FAITH BY CLEAR AND CONVINCING EVIDENCE

23. To rebut any presumption of bad faith under either § 362(c)(3) or § 362(c)(4), the Debtor must demonstrate good faith by clear and convincing evidence. *In re Montalvo*, 333 B.R. 145, 150 (Bankr. E.D. Pa. 2005); *In re Thomas*, 352 B.R. 751, 756 (Bankr. E.D. Pa. 2006).

24. Courts apply a "totality of the circumstances" test to determine good faith, considering factors including:
    a. The timing of the petition;
    b. How the debt arose;
    c. The debtor's motive;
    d. How the debtor's actions affected creditors;
    e. Why prior cases were dismissed;
    f. Changes in the debtor's circumstances;
    g. The likelihood of steady income and ability to fund a plan.

*See In re Blankenship*, Case No. 1:25-bk-11129 (Bankr. E.D. Tenn. July 1, 2025) .

25. The Debtor's circumstances have **materially changed** since prior filings:

a. **Marital Status:** The Debtor is now involved in pending divorce proceedings. This filing is made individually, whereas prior filings were joint with her spouse. This represents a fundamental change in financial circumstances.

b. **Medical Condition:** The Debtor's health has significantly deteriorated. She has undergone a **liver transplant** and suffers from complications including chronic **neuropathy**, **cognitive and memory deficiencies**, diagnosed **ADHD**, and diagnosed **PTSD**.

c. **Disability:** The Debtor possesses a **state-issued handicap parking placard**, confirming recognized disability status under Pennsylvania law.

d. **Property Interest:** A private separation agreement has been executed whereby Hericson Torres has agreed to transfer full title to the Property to the Debtor upon entry of the final divorce decree. Such agreements are valid and enforceable under Pennsylvania law. *Stoner v. Stoner*, 572 A.2d 1252, 1256 (Pa. Super. 1990); *Schrock v. Schrock*, 588 A.2d 34, 37 (Pa. Super. 1991).

e. **Creditor Misconduct:** Respondents willfully violated the automatic stay on February 26, 2026, demonstrating bad faith and necessitating bankruptcy protection.

f. **Void Foreclosure Judgment:** The underlying foreclosure judgment is void ab initio, as demonstrated below. The Debtor's motive in filing this case is to protect her homestead from an unlawful foreclosure proceeding based on a void judgment and fraudulent documents.

g. **Pending Related Proceedings:** The Debtor has filed:
i. A complaint with the **Pennsylvania Human Relations Commission** on March 1, 2026;
ii. A complaint with the **Pennsylvania Office of Attorney General** on March 3, 2026;
iii. A complaint with the **North Carolina State Bar** regarding the fraudulent 2019 assignment;
iv. An **appeal to the Pennsylvania Superior Court** challenging the underlying foreclosure judgment.

26. These changed circumstances, considered together, rebut any presumption of bad faith by clear and convincing evidence.

## V. THE UNDERLYING FORECLOSURE JUDGMENT IS VOID AB INITIO

27. **Standing Defect at Inception:** In the underlying foreclosure action, *Freedom Mortgage Corporation v. Hericson Torres*, Court of Common Pleas of Monroe County, Docket No. 002644-CV-2023, the Plaintiff lacked standing at the time the complaint was filed. A plaintiff must be the holder of the promissory note to maintain a foreclosure action. *Carpenter v. Longan*, 83 U.S. 271, 274 (1872); *JP Morgan Chase Bank v. Murray*, 63 A.3d 1258, 1264 (Pa. Super. 2013); *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009).

28. **Concealment of the Note:** The Plaintiff concealed the promissory note from the court record for **937 days**, from the filing of the complaint on April 25, 2023, until December

8, 2025. This concealment constitutes fraud upon the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

29. When finally produced, **Exhibit C** revealed that the note was specially endorsed to **"PRIMELENDING, A PLAINSCAPITAL COMPANY"** with **no endorsement, allonge, or other evidence of transfer to the Plaintiff, Freedom Mortgage Corporation**. Under 13 Pa.C.S.A. § 3301, only the holder of a negotiable instrument may enforce it.

30. **Void Judgment:** A judgment rendered without jurisdiction is void ab initio and entitled to no respect. *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920). A void judgment may be attacked at any time, directly or collaterally. *Caban v. Caban*, 259 A.3d 527, 534 (Pa. Super. 2021). Subject-matter jurisdiction is non-waivable and may be raised at any time. *Commonwealth v. Little*, 455 Pa. 163, 167 (1974).

31. **Fraudulent and Void Assignments:** The foreclosure action was based on documents that are facially irregular and legally **VOID**, not merely voidable:

    a. **November 27, 2019 Assignment of Mortgage** (Instrument No. 201929958) — signed by Jared Fink as "Assistant Secretary" of MERS while Fink was employed by Roundpoint Mortgage Servicing Corporation (the grantee), not MERS or PrimeLending (the grantors). A party cannot transfer what it does not possess. *Fidelity Bank v. Carroll*, 438 A.2d 981, 983 (Pa. Super. 1981). This constitutes a *per se* conflict of interest and fraudulent execution.

    b. **August 3, 2022 Assignment of Mortgage** (Instrument No. 202224634) — signed by Lateef Smith as "Coordinator, Lien Release" with no proof of authority and no power of attorney produced. The assignment lists an incorrect Tax ID (#8/96443) for the Property, demonstrating it was not even reviewed for accuracy.

    c. **June 1, 2020 Loan Modification** — notarized by Sean Wilson (PA Notary #1290714), whose commission was revoked on August 25, 2019 — **282 days prior** to the purported notarization. A defective notary acknowledgment renders a document void. *In re Estate of Shaver*, 597 A.2d 145, 147 (Pa. Super. 1991). The filing of false or forged documents relating to single-family residences constitutes a felony of the third degree under 18 Pa.C.S. § 4101.1.

32. **Fraudulent Notarization:** Under 18 Pa.C.S. § 4121, fraudulent notarization of a deed or mortgage constitutes an unfair trade practice and is subject to criminal penalties.

33. **Failure of Conditions Precedent:** The Plaintiff failed to plead or prove compliance with mandatory statutory conditions precedent:

    a. **Act 6 (41 P.S. § 403):** Requires a notice of intention to foreclose at least 30 days before filing a complaint. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 553 (Pa. 2013). The notices provided were stale, from a previous servicer, and dated years before the complaint was filed on April 25, 2023.

    b. **Act 91 (35 P.S. § 1680.402c):** Requires a notice of the availability of homeownership counseling and other programs. *Wells Fargo Bank v. Spivak*, 104 A.3d 7, 13-14 (Pa. Super. 2014). The notices provided were stale and from a previous servicer, failing to satisfy the statutory requirement.

    c. **Contractual Non-Compliance:** The foreclosure was initiated during a period when the borrower was entitled to forbearance protections under the CARES Act and the

mortgage contract, constituting breach of contract and violation of federal law. *Testa v. Katt*, 330 U.S. 386, 389 (1947).

34. **Bifurcation of Note and Mortgage:** The assignments transferred only the mortgage, not the underlying promissory note. Under *Carpenter v. Longan*, the mortgage follows the note and cannot be enforced separately. The note and mortgage were bifurcated, and the note has been traded on Wall Street through securitization, extinguishing any lien on the property. *See In re Kemp*, No. 08-18700 (Bankr. D.N.J. 2010).

35. **Securitization:** The loan was sold to Freddie Mac on October 3, 2016. Freddie Mac is a government-sponsored enterprise that purchases loans and pools them into mortgage-backed securities. Once securitized, the beneficial interest in the loan is held by investors, and any lien on the property is extinguished. *See* Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085.

36. **Real Party in Interest:** The Plaintiff has never been the holder of the note, the person entitled to enforce it, or the real party in interest. Under Federal Rule of Civil Procedure 17(a)(1), an action must be prosecuted in the name of the real party in interest. The Plaintiff's failure to establish this is fatal.

## VI. THE VOID JUDGMENT DOCTRINE UNDER PENNSYLVANIA LAW

37. Under Pennsylvania law, a void judgment may be stricken at any time, as it is a legal nullity. *M & P Mgmt., L.P. v. Williams*, 937 A.2d 398, 404 (Pa. 2007). The Pennsylvania Supreme Court has held that "where the court lacked jurisdiction, as it does when it enters a void confessed judgment, that court cannot enter a valid judgment, no matter how much time has passed." *Id.*

38. A void judgment arises when the court lacks subject matter jurisdiction. *Commonwealth ex rel. Penland v. Ashe*, 341 Pa. 337, 341, 19 A.2d 464, 466 (1941). Subject-matter jurisdiction cannot be conferred by consent, waiver, or estoppel, and may be raised at any time. *Id.*

39. Because the Plaintiff lacked standing at the inception of the foreclosure action, the state court never acquired subject matter jurisdiction, and the resulting default judgment is **VOID AB INITIO**.

40. The three-part test for opening a default judgment does not apply to a void judgment. *Caban v. Caban*, 259 A.3d at 534.

## VII. THE DEBTOR'S PROPERTY INTERESTS AND EQUITABLE RIGHTS

41. The Debtor, Leigh Torres, has been continuously, exclusively, and lawfully in possession of the real property located at **325 Five Springs Road, Stroudsburg, Monroe County, Pennsylvania 18360** since August 24, 2016.

42. The Property was acquired during the marriage and constitutes marital property under Pennsylvania law, regardless of how title is held. **23 Pa.C.S. § 3501(b)** provides that all property acquired during marriage is presumed to be marital property.

43. A divorce action is pending between the Debtor and Hericson Torres in the Court of Common Pleas of Monroe County, Pennsylvania. A private separation agreement has been executed whereby Hericson Torres has agreed to transfer full title and ownership of the Property to the Debtor upon entry of the final divorce decree.

44. The separation agreement constitutes a valid and enforceable contract under Pennsylvania law. *Stoner v. Stoner*, 572 A.2d 1252, 1256 (Pa. Super. 1990); *Schrock v. Schrock*, 588 A.2d 34, 37 (Pa. Super. 1991).

45. The Debtor has claimed the Property as exempt under 11 U.S.C. § 522(d)(1). Under **Taylor v. Freeland & Kronz**, 503 U.S. 638, 643-44 (1992), once claimed as exempt, the Property is protected absent timely objection. In **Law v. Siegel**, 571 U.S. 415, 424 (2014), the Supreme Court reaffirmed that bankruptcy courts possess **no equitable authority** to surcharge, diminish, or invade exempt property once the statutory exemption becomes final.

## VIII. THE DEBTOR'S MEDICAL CONDITIONS AND DISABILITY

46. The Debtor suffers from severe, documented, and ongoing medical conditions, including:

    a. Complications arising from a **liver transplant**, resulting in ongoing medical complications, continued treatment requirements, and a compromised immune system;

    b. Chronic **neuropathy**, causing chronic pain and mobility limitations;

    c. **Cognitive and memory deficiencies**, which significantly impair concentration, recall, and executive functioning, particularly under stress;

    d. Diagnosed **Attention Deficit Hyperactivity Disorder (ADHD)**, affecting focus, organization, and stress tolerance;

    e. Diagnosed **Post-Traumatic Stress Disorder (PTSD)**, affecting emotional regulation, anxiety levels, and the ability to function in high-pressure environments.

47. The Debtor possesses a **state-issued handicap parking placard**, confirming her recognized disability status under Pennsylvania law.

48. Pennsylvania courts may consider equitable factors, including health and hardship, when exercising discretion. *In re Estate of Reifsneider*, 127 A.3d 814, 820 (Pa. Super. 2015). Courts must ensure equal access to justice for all litigants. *Pappas v. Asbel*, 768 A.2d 1089, 1095 (Pa. 2001). Judicial discretion includes the power to fashion procedures to meet individual needs. *Estate of Weiner*, 616 A.2d 1011, 1016 (Pa. Super. 1992).

## IX. CONSTITUTIONAL AUTHORITIES

49. The **Fifth Amendment to the United States Constitution** provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

50. The **Fourteenth Amendment to the United States Constitution** provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

51. The **Pennsylvania Constitution, Article I, Section 1**, declares that all persons have "certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1.

52. The **Pennsylvania Constitution, Article I, Section 11**, provides that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation

shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Pa. Const. art. I, § 11.

53. The **Pennsylvania Constitution, Article I, Section 26** , prohibits discrimination in the exercise of civil rights: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26.

54. In **Goldberg v. Kelly**, 397 U.S. 254, 267-68 (1970), the Supreme Court held that due process requires a meaningful hearing before deprivation of a significant property interest.

55. In **Mullane v. Central Hanover Bank & Trust Co.** , 339 U.S. 306, 313 (1950), the Court held that due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner."

56. The **Civil Rights Act of 1866, 42 U.S.C. § 1982** , guarantees all citizens the same right to "inherit, purchase, lease, sell, hold, and convey real and personal property." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 422-24 (1968).

57. **42 U.S.C. § 1983** provides a remedy for deprivation of rights under color of law. Here, the sheriff, acting under color of state law, violated the Debtor's federal rights by proceeding with a sale after receiving actual notice of the automatic stay.

## X. THE COURT'S AUTHORITY TO GRANT EXPEDITED RELIEF AND CONTINUE THE STAY PENDING RULING

58. **11 U.S.C. § 105(a)** grants bankruptcy courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This includes the authority to enter interim orders preserving the status quo pending a final hearing.

59. Bankruptcy courts are courts of equity and possess broad discretion to manage their proceedings and prevent irreparable harm. *Pepper v. Litton*, 308 U.S. 295, 304 (1939).

60. In **In re Siciliano**, 13 F.3d at 751, the Third Circuit held that actions taken in violation of the automatic stay are void ab initio, and that the bankruptcy court has inherent authority to enforce the stay and prevent its circumvention.

61. This Court has the authority to enter an **interim order continuing the automatic stay** pending a final hearing and ruling on this Motion, even if the April 14, 2026 hearing date cannot be rescheduled.

62. The equities strongly favor such interim relief, as the balance of harms weighs heavily in favor of preserving the status quo and preventing the Debtor's displacement from her home before the Court has had an opportunity to rule on the merits.

## XI. REBUTTAL TO ANTICIPATED OBJECTIONS

63. **PRESUMPTION:** The thirty-day deadline is absolute and the Court lacks authority to extend the stay after its expiration.

**REBUTTAL:** The Debtor files this Motion well within the thirty-day period. The Court has authority under § 362(c)(3)(B) to extend the stay, and under § 362(c)(4)(B) to impose the stay, provided the Debtor demonstrates good faith. The hearing scheduled for April 14, 2026 falls after the thirty-day deadline, but the Debtor requests expedited consideration and a ruling on or before March 27, 2026. Furthermore, this Court has

authority under § 105(a) to enter an interim order continuing the stay pending a final ruling, even if the hearing cannot be rescheduled. *See* H.R. Rep. No. 109-31(I), at 71 (2005) (explaining that the thirty-day period creates a "presumption, not an automatic vacation of the stay").

64. **PRESUMPTION:** The Debtor's prior filings demonstrate a lack of good faith.

**REBUTTAL:** The Debtor's circumstances have materially changed since prior filings, as detailed in Section IV above. These changed circumstances rebut any presumption of bad faith by clear and convincing evidence. *In re Montalvo*, 333 B.R. at 150; *In re Thomas*, 352 B.R. at 756.

65. **PRESUMPTION:** The underlying foreclosure judgment is valid.

**REBUTTAL:** The judgment is void ab initio for lack of standing, as conclusively proven by Exhibit C. A void judgment may be attacked at any time and is entitled to no respect. *M & P Mgmt., L.P. v. Williams*, 937 A.2d at 404. The fraudulent and void assignments further demonstrate the judgment's invalidity.

66. **PRESUMPTION:** The Plaintiff had standing because it held the note.

**REBUTTAL:** Exhibit C conclusively proves otherwise. The note is endorsed to PrimeLending, with no endorsement to the Plaintiff. Under 13 Pa.C.S.A. § 3301, only the holder may enforce a negotiable instrument.

67. **PRESUMPTION:** The assignments are valid.

**REBUTTAL:** The assignments are void for the reasons set forth in Section V. A void instrument conveys nothing and cannot serve as the basis for standing. *Fidelity Bank v. Carroll*, 438 A.2d at 983.

68. **PRESUMPTION:** The Debtor should have challenged the foreclosure judgment earlier.

**REBUTTAL:** A void judgment may be challenged at any time, directly or collaterally. *Caban v. Caban*, 259 A.3d at 534. The Debtor has also filed an appeal to the Pennsylvania Superior Court.

69. **PRESUMPTION:** The sheriff's sale was conducted in good faith.

**REBUTTAL:** Good faith is no defense to a violation of the automatic stay. The stay is a statutory injunction. Actions taken with knowledge of its existence are willful violations, regardless of the actor's subjective intent. *In re Lansaw*, 853 F.3d 657, 663 (3d Cir. 2017). Furthermore, an act performed without legal authority (*ultra vires*) cannot be conducted in "good faith."

70. **PRESUMPTION:** The Debtor should have sought a temporary restraining order.

**REBUTTAL:** The automatic stay is self-executing and required no further action by the Debtor to become effective. The burden was on the creditor to seek relief from the stay, not on the Debtor to seek enforcement of the stay. *In re Smith*, 876 F.2d at 525.

## XII. INCORPORATION OF RELATED PROCEEDINGS AND CLAIMS

71. The Debtor incorporates by reference all facts, claims, and authorities set forth in the following pleadings and proceedings:

a. The Affidavit of Exempt Property;
b. The Motion for Remote/Virtual Hearings, filed March 18, 2026;

c. The Motion to Proceed In Forma Pauperis;
d. The Notice of Completion of Credit Counseling;
e. The Appeal to Pennsylvania Superior Court in *Freedom Mortgage Corporation v. Hericson Torres*, Docket No. 002644-CV-2023, raising grounds including void judgment, lack of standing, and denial of due process;
f. The Complaint to Pennsylvania Human Relations Commission, filed March 1, 2026;
g. The Complaint to Pennsylvania Office of Attorney General, filed March 3, 2026;
h. The Complaint to the North Carolina State Bar regarding the fraudulent 2019 assignment executed by Jared Fink, Esq.

## XIII. MAXIMS OF LAW AND EQUITABLE PRINCIPLES

72. ***Actus curiae neminem gravabit*** — An act of the court shall prejudice no one. The automatic stay should not expire before the Court can rule on this Motion.
73. ***Ubi jus ibi remedium*** — Where there is a right, there is a remedy. The Debtor's right to bankruptcy protection requires preservation of the stay pending judicial determination.
74. ***Fraus omnia corrumpit*** — Fraud vitiates everything. The fraudulent assignments, concealed note, and fraudulent notarization render the underlying judgment void.
75. ***Nemo dat quod non habet*** — No one can give what they do not have. Plaintiff, not being the holder of the note, could not convey any interest in the property.
76. ***Qui tacet consentire videtur*** — Silence gives consent. Plaintiff's failure to seek relief from the stay constitutes acquiescence to its application.
77. ***Expressio unius est exclusio alterius*** — The express mention of one thing excludes all others. Congress expressly provided that the stay terminates after 30 days, not that it never arises.
78. ***Interest reipublicae ut sit finis litium*** — It is in the interest of the state that there be an end to litigation. An interim order continuing the stay will allow for efficient resolution.
79. ***Equity regards substance rather than form*** — The Court should look to the substance of the Debtor's case, not merely procedural technicalities.
80. ***The law helps the vigilant, not those who sleep on their rights*** — The Debtor is actively pursuing her rights.
81. ***He who comes into equity must come with clean hands*** — The Debtor seeks only to protect her homestead through lawful proceedings, while Respondents have demonstrated bad faith.

## XIV. PRAYER FOR RELIEF

**WHEREFORE**, the Debtor, **LEIGH TORRES**, respectfully requests that this Honorable Court:

1. **EXTEND** the automatic stay under 11 U.S.C. § 362(c)(3)(B) for the duration of this bankruptcy case, based on clear and convincing evidence of good faith and changed circumstances;
2. In the alternative, **IMPOSE** the automatic stay under 11 U.S.C. § 362(c)(4)(B);
3. **RULE** on this Motion **on or before March 27, 2026**, the last business day before the thirty-day period expires;
4. **ENTER AN INTERIM ORDER** continuing the automatic stay pending a final ruling on this Motion, to preserve the status quo and prevent irreparable harm;

5. **FIND** that the underlying foreclosure judgment is void ab initio for lack of standing;
6. **FIND** that the assignments and loan modification are void, not merely voidable;
7. **FIND** that the Debtor has demonstrated good faith by clear and convincing evidence;
8. **FIND** that Respondents' conduct on February 26, 2026 constituted a willful violation of the automatic stay;
9. **ORDER** that the sheriff's sale conducted on February 26, 2026 is void ab initio;
10. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text)
leighnflanagan@aol.com
Date: March 19, 2026

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **Request for Expedited Consideration with Motion for Remote/Virtual Hearing, Motion to Extend Automatic Stay, and in alternative Motion to Impose Automatic Stay with Proposed Order** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Request for Expedited Consideration with Motion for Remote/Virtual Hearing, Motion to Extend Automatic Stay, and in alternative Motion to Impose Automatic Stay with Proposed Order** were served upon the following parties on March 19, 2026:

Distribution List:
cc: Freedom Mortgage Corporation: customercare@freedommortgage.com
cc: Michael McKeever: mmckeever@kmllawgroup.com
cc: Sean Michael Duffy: sduffy@kmllawgroup.com
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Stanley C. Middleman, CEO: stanley.middleman@freedommortgage.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C., via email on March 19, 2026. Debtor will file counsel's written response separately when and if received.

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: March 19, 2026

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| Debtor | : | |
| | : | **PROPOSED ORDER** |
| **LEIGH TORRES** | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

## PROPOSED ORDER GRANTING MOTION TO EXTEND AUTOMATIC STAY

AND NOW, this _____ day of March, 2026, upon consideration of the Debtor's **Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B), and in the Alternative, Motion to Impose Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B)** , and based upon the clear and convincing evidence presented, it is hereby:

**ORDERED** that:

1. The Debtor's Motion is **GRANTED**.
2. The automatic stay under 11 U.S.C. § 362(a) is hereby **EXTENDED** for the duration of this bankruptcy case, pursuant to 11 U.S.C. § 362(c)(3)(B).
3. In the alternative, the Court finds that the Debtor has rebutted any presumption of bad faith by clear and convincing evidence and hereby **IMPOSES** the automatic stay under 11 U.S.C. § 362(c)(4)(B).
4. The automatic stay shall remain in full force and effect unless modified or terminated by further order of this Court.
5. The sheriff's sale conducted on February 26, 2026, after the Debtor's bankruptcy filing and after notice thereof, is hereby declared **VOID AB INITIO** for having been conducted in violation of the automatic stay.
6. The underlying foreclosure judgment in *Freedom Mortgage Corporation v. Hericson Torres*, Court of Common Pleas of Monroe County, Docket No. 002644-CV-2023, is hereby declared **VOID AB INITIO** for lack of standing and for having been entered without jurisdiction.

**BY THE COURT:**


United States Bankruptcy Judge

## Request for Expedited Consideration w Motion for Remote Hearing, and Motion to Extend/Impose Automatic Stay, Service & Request for Concurrence (5:26-bk-00517)

From:    leighnflanagan@aol.com (leighnflanagan@aol.com)

To:       customercare@freedommortgage.com; mmckeever@kmllawgroup.com; sduffy@kmllawgroup.com; jilldurkinesq@gmail.com; stanley.middleman@freedommortgage.com; ustpregion03.ha.ecf@usdoj.gov; steven.molitor@freedommortgage.com

Cc:       hericson@me.com; leighnflanagan@aol.com

Date:    Thursday, March 19, 2026 at 01:16 PM EDT

Hi, I am filing the attached Request for Expedited Consideration w Motion for Remote Hearing, and Motion to Extend/Impose Automatic Stay with the Bankruptcy Court today. Please accept this e-mail correspondence as service of the Motion and Request for Concurrence. Do you concur? -Leigh Torres

On Wednesday, March 18, 2026 at 03:15:58 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

> Hi, I am filing the attached motion with the Bankruptcy Court today. Please accept this e-mail correspondence as service of the Motion. Do you concur?
>
> Thank you,
>
> Leigh Torres

 2026.03-19 Request for Expedited Consideration and Remote-Virtual Hearings w Motions to Extend-Impose Automatic Stay.pdf
240.7 kB

Case 5:26-bk-00517-MJC    Doc 29    Filed 03/19/26    Entered 03/19/26 14:21:34    Desc
Main Document      Page 20 of 20