| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | No. 5:26-bk-00517 |
| Debtor | : | |
| | : | **MOTION FOR** |
| **LEIGH TORRES** | : | **RECONSIDERATION** |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

> FILED
> **March 25, 2026**
> Clerk, U.S. Bankruptcy Court
> Middle District of Pennsylvania
> Wilkes-Barre

## MOTION FOR RECONSIDERATION OF ORDER DENYING WAIVER OF CHAPTER 7 FILING FEE

COMES NOW the Debtor, **LEIGH TORRES**, appearing pro se, and respectfully moves this Court for reconsideration of its Order entered February 27, 2026, denying her Application to Waive the Chapter 7 Filing Fee. In support thereof, the Debtor states:

### I. Jurisdiction and Timeliness

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This Motion is filed within a reasonable time after the Debtor received actual notice of the denial on March 21, 2026. The denial was entered on February 27, 2026, but was not mailed to the Debtor until March 18, 2026, and was received on March 21, 2026. The Debtor files this Motion promptly upon learning of the denial.

### II. Factual Background

2. The Debtor filed a voluntary petition for relief under Chapter 7 on February 26, 2026. Contemporaneously, she filed an **Application to Waive the Chapter 7 Filing Fee** under 28 U.S.C. § 1930(f) and Fed. R. Bankr. P. 1006.
3. On February 27, 2026, the Court entered an Order denying the fee waiver application. The Debtor did not receive actual notice of this denial until March 21, 2026, when she received a copy of the Order by mail.
4. The Debtor resides in Monroe County, Pennsylvania. Her household consists of two persons (herself and her spouse, from whom she is separated and in pending divorce proceedings).
5. The Debtor's total gross income for calendar year 2024 was less than **$18,000**. The 2024 Federal Poverty Guideline for a two-person household is **$20,440**. Thus, the Debtor's income is approximately **88% of the poverty level**.
6. The Debtor has no other assets or income. She is unemployed and unable to work due to severe medical conditions, including complications from a liver transplant, neuropathy, cognitive impairments, ADHD, and PTSD.
7. The Debtor possesses a state-issued handicap placard, confirming her disability status.
8. The Chapter 7 filing fee is currently **$338**. This amount exceeds any income the Debtor has received in the past six to twelve months. Paying this fee would deprive her of the necessities of life, including food, housing, and medical care.

### III. The Court Overlooked Controlling Law and Facts

9. The Court's denial Order provided no explanation or findings. The Debtor respectfully submits that the Court overlooked critical facts and controlling legal principles that compel a fee waiver.

### A. Statutory Standard for Fee Waiver in Bankruptcy

10. **28 U.S.C. § 1930(f)** provides that the bankruptcy court may waive the filing fee for a Chapter 7 case if the debtor's income is less than **150 percent of the poverty guidelines** applicable to the debtor's family size and the debtor is **unable to pay the fee in installments**.

11. **Federal Rule of Bankruptcy Procedure 1006(b)(3)** similarly permits the court to waive the fee upon the debtor's application.

12. The Debtor's income is **88% of the poverty level**—well below the 150% threshold. She has no income and no ability to pay the fee in installments. Thus, she satisfies the statutory requirements for a mandatory waiver.

### B. Constitutional Right of Access to the Courts

13. The Due Process Clause of the Fifth and Fourteenth Amendments guarantees meaningful access to the courts. **Boddie v. Connecticut**, 401 U.S. 371, 374 (1971) ("The Due Process Clause of the Fourteenth Amendment… requires that a state afford a person a reasonable opportunity to be heard before depriving him of property.").

14. In **Boddie**, the Supreme Court held that a state cannot deny access to its courts solely because of an individual's inability to pay filing fees when fundamental interests—such as the preservation of the family unit—are at stake. *Id.* at 382–83.

15. Here, the Debtor seeks to protect her homestead—her most fundamental property interest—through bankruptcy. Imposing a filing fee that she cannot pay would effectively deny her access to the only forum that can halt foreclosure and preserve her home.

16. In **M.L.B. v. S.L.J.** , 519 U.S. 102, 120 (1996), the Court reaffirmed that "a State may not bolt the door to equal justice" by conditioning access to judicial review on the ability to pay. The Court held that when a fundamental interest is at stake, "the State's interest in collecting fees from an indigent is insufficient to override the right of access to the courts." *Id.* at 124.

17. Bankruptcy is a federally created right, and access to bankruptcy relief is essential to protect debtors from creditor overreach and to obtain a fresh start. **United States v. Whiting Pools, Inc.** , 462 U.S. 198, 203 (1983) ("The right to file for bankruptcy relief is a federally created right.").

18. The Supreme Court has long recognized that the ability to pay a filing fee should not be an absolute barrier to judicial relief. **Adkins v. E.I. DuPont de Nemours & Co.** , 335 U.S. 331, 339–40 (1948) (holding that a litigant need not be "absolutely destitute" to qualify for in forma pauperis status; it is sufficient that payment of the fee would deprive the litigant of the necessities of life).

### C. The Debtor's Hardship Is Undisputed

19. The Debtor's income is less than $18,000 per year—well below the federal poverty level. She has no savings, no assets, and no ability to pay a $338 fee without sacrificing food, medication, or shelter.

20. The Debtor's medical conditions (liver transplant, neuropathy, cognitive impairment) make it impossible for her to work. Her disability is documented and uncontroverted.

21. The denial of the fee waiver forces the Debtor to choose between paying a fee she cannot afford and losing the protections of the Bankruptcy Code—including the automatic stay, which is her only hope of preserving her home.

## IV. The Debtor Respectfully Requests Reconsideration

22. The Debtor's original application was supported by a sworn affidavit detailing her income, household size, and inability to pay. That affidavit remains true and correct.
23. The Debtor respectfully submits that the Court's denial was based on a misapprehension of the facts or an oversight of the governing legal standards. The Debtor meets the statutory criteria for a fee waiver, and constitutional principles require that she not be denied access to the courts due to her poverty.
24. The Debtor has demonstrated that she is **unable to pay the fee in full or in installments** and that her income is **less than 150% of the poverty guidelines**. No further showing is required. 28 U.S.C. § 1930(f); Fed. R. Bankr. P. 1006(b)(3).

## V. Request for Relief

**WHEREFORE**, the Debtor respectfully requests that this Court:
1. **GRANT** this Motion for Reconsideration;
2. **VACATE** the Order of February 27, 2026, denying the Debtor's Application to Waive the Chapter 7 Filing Fee;
3. **GRANT** the Application to Waive the Chapter 7 Filing Fee, effective nunc pro tunc to the petition date;
4. **DECLARE** that the Debtor's bankruptcy case may proceed without prepayment of the filing fee; and
5. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text)
leighnflanagan@aol.com
Date: March 25, 2026

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, Brock & Scott PLLC and Dinsmore & Shohl LLP via email on March 25, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Motion for Reconsideration** were served upon the following parties on March 25, 2026:

Parties:
cc: Freedom Mortgage Corporation: customercare@freedommortgage.com
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Stanley C. Middleman, CEO of "Freedom": stanley.c.middleman@freedommortgage.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: mfissel@kmllawgroup.com and bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,

**/s/ Leigh Torres** ("Debtor")
Date: March 25, 2026

# Motion for Reconsideration (See Doc 4, 10)(5:26-bk-00517)

From: leighnflanagan@aol.com (leighnflanagan@aol.com)

To: sarah.mattingly@dinsmore.com; mfissel@kmllawgroup.com; jilldurkinesq@gmail.com; stanley.middleman@freedommortgage.com; ustpregion03.ha.ecf@usdoj.gov; hericson@me.com; bkgroup@kmllawgroup.com; mfissel@brockandscott.com; leighnflanagan@aol.com

Date: Wednesday, March 25, 2026 at 10:55 AM EDT

see attached Motion for Reconsideration of Debtors Application to Waive Filing Fee. Do you concur?

On Wednesday, March 25, 2026 at 10:26:43 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

> see attached Motion for Reconsideration that will be filed today.

 Motion for Reconsideration of Order Denying Fee Waiver 3-25-2026.pdf
108.6 kB