| | | |
|---|---|---|
| In the Matter of Leigh Torres | : | No. 5:26-bk-00517 |
| Debtor | : | |
| | : | **MOTION FOR** |
| **LEIGH TORRES** | : | **RECONSIDERATION** |
| *Plaintiff* | : | |

<table>
<tr><td></td><td>:</td><td>FILED<br><strong>March 25, 2026</strong><br>Clerk, U.S. Bankruptcy Court<br>Middle District of Pennsylvania<br>Wilkes-Barre</td></tr>
</table>

vs. :

**FREEDOM MORTGAGE CORPORATION** :
*Defendant* :

### MOTION FOR RECONSIDERATION OF ORDER DENYING EXPEDITED CONSIDERATION AND REMOTE/VIRTUAL HEARING

COMES NOW the Debtor, **LEIGH TORRES**, sui juris and in propria persona, and respectfully moves this Court for reconsideration of its Order denying her Request for Expedited Consideration and Remote/Virtual Hearing. In support thereof, the Debtor states:

### I. Jurisdiction and Timeliness

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This Motion is timely filed within **14 days** of the Order denying the Request, as permitted by Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)).

### II. The Court Overlooked Controlling Facts and Law

2. The Debtor filed her Chapter 7 petition on **February 26, 2026**. The automatic stay arises immediately upon filing. *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1939); 11 U.S.C. § 362(a).

3. Under **11 U.S.C. § 362(c)(3)(A)** , the stay terminates with respect to the debtor on the **30th day after filing**—here, **March 28, 2026**.

4. Because **March 28, 2026 is a Saturday**, the effective last day for a ruling to prevent expiration is **Friday, March 27, 2026**. *See* Fed. R. Bankr. P. 9006(a) (computing time periods; when last day falls on Saturday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday).

5. The Court scheduled the hearing on the stay extension for **April 14, 2026**—seventeen days after the statutory deadline. Without expedited consideration, the stay will expire before the Court can rule, causing irreparable harm.

6. The Debtor demonstrated **good cause** for expedited consideration: the imminent loss of her home, the pending sanctions hearing for willful stay violation, and the underlying foreclosure judgment that is **void ab initio**.

7. The Debtor also demonstrated **good cause** for a remote hearing: documented medical conditions (liver transplant, neuropathy, cognitive impairment, ADHD, PTSD) and a state-issued handicap placard, entitling her to a reasonable accommodation under the Americans with Disabilities Act. *Tennessee v. Lane*, 541 U.S. 509, 531–34 (2004); Local Rule 9074-1.

8. The Court's denial Order provided **no reasoning or analysis**. The absence of any explanation prevents meaningful appellate review and suggests the Court may have overlooked these critical facts and controlling law.

## III. Manifest Injustice Will Result

9. If the Court does not rule on the stay extension **on or before March 27, 2026**, the automatic stay will expire. The Debtor will lose her home—the very harm the bankruptcy filing was intended to prevent.
10. The underlying foreclosure judgment is **void** for multiple independent reasons, including Plaintiff's lack of standing (the note is endorsed to PrimeLending, not Plaintiff; *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009)), fraudulent and void assignments (*In re Estate of Shaver*, 591 A.2d 754, 757 (Pa. Super. 1991)), failure to comply with Act 6 and Act 91 (*Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 552 (Pa. 2013)), and violation of the CARES Act forbearance. A void judgment may be attacked at any time. *M & P Mgmt., L.P. v. Williams*, 937 A.2d 398, 403 (Pa. 2007).
11. The February 26, 2026 sheriff's sale was conducted **after** the Debtor filed bankruptcy and **after** actual notice to Plaintiff's counsel and the Sheriff. Actions in violation of the automatic stay are **void ab initio**. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).
12. The 30-day deadline under § 362(c)(3) is not automatic elimination of the stay; it is a statutory period during which the Court must act. The Court's scheduling of a hearing after the deadline, without expedited relief, effectively denies the Debtor the protection Congress intended.

## IV. The Denial of a Remote Hearing Was Also Error

13. The Debtor submitted a sworn declaration detailing her severe medical conditions and disability. Local Rule 9074-1 permits remote appearances. The ADA requires reasonable accommodations. *Tennessee v. Lane*, 541 U.S. at 531–34.
14. No party would be prejudiced by a remote hearing; the Debtor has access to necessary technology and can fully participate. Denying this accommodation without analysis is contrary to law.

## V. Request for Relief

**WHEREFORE**, the Debtor respectfully requests that this Court:
1. **GRANT** this Motion for Reconsideration;
2. **VACATE** the Order denying expedited consideration and remote hearing;
3. **GRANT** the Request for Expedited Consideration and rule on the **Motion to Extend Automatic Stay on or before March 27, 2026**;
4. In the alternative, **ENTER AN INTERIM ORDER** continuing the automatic stay pending final ruling, under 11 U.S.C. § 105(a);
5. **GRANT** the Request for Remote/Virtual Hearing as a reasonable accommodation; and
6. **GRANT** such other and further relief as the Court deems just.

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360

347-566-5877 (cell/text)
leighnflanagan@aol.com
Date: March 25, 2026


**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, Brock & Scott PLLC and Dinsmore & Shohl LLP via email on March 25, 2026. Debtor will file counsel's written response separately when and if received.


**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **Motion for Reconsideration** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Motion for Reconsideration** were served upon the following parties on March 25, 2026:

Parties:
cc: Freedom Mortgage Corporation: customercare@freedommortgage.com
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Stanley C. Middleman, CEO of "Freedom": stanley.c.middleman@freedommortgage.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: mfissel@kmllawgroup.com and bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,

**/s/ Leigh Torres** ("Debtor")
Date: March 25, 2026

# Motion for Reconsideration (5:26-bk-00517)

From: leighnflanagan@aol.com (leighnflanagan@aol.com)

To: sarah.mattingly@dinsmore.com; mfissel@kmllawgroup.com; jilldurkinesq@gmail.com; stanley.middleman@freedommortgage.com; ustpregion03.ha.ecf@usdoj.gov; hericson@me.com; leighnflanagan@aol.com; bkgroup@kmllawgroup.com; mfissel@brockandscott.com

Date: Wednesday, March 25, 2026 at 10:26 AM EDT

see attached Motion for Reconsideration that will be filed today.

 Motion for Reconsideration 3-25-2026.pdf
112.5 kB