## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| Debtor | : | |
| | : | **REPLY** |
| **LEIGH TORRES** | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

FILED
**March 25, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

## DEBTOR'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

## AND OBJECTION TO THE OBJECTIONS OF FREEDOM MORTAGE CORPORATION AND KML LAW GROUP, P.C.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Debtor **LEIGH TORRES**, sui juris and in propria persona, files this Reply in support of her Emergency Motion for Sanctions (Doc. 16) and in response to the Objections filed by Freedom Mortgage Corporation ("Freedom") (Doc. 38) and KML Law Group, P.C. ("KML") (the separate Fissel Objection). For the reasons set forth below, the Objections are procedurally defective and substantively meritless. Debtor's Motion should be granted, the February 26, 2026 sheriff's sale declared void, and sanctions awarded.

## I. PROCEDURAL DEFECTS IN THE OBJECTIONS

**A. Matthew Fissel's Objection Was Never Served on Debtor**

1. The Objection filed by Matthew Fissel (the "Fissel Objection") purports to be filed on behalf of KML Law Group. The certificate of service attached to that Objection claims service by first-class mail on March 23, 2026. Debtor never received it. Debtor first discovered the filing upon reviewing the docket.

2. Failure to serve violates Fed. R. Bankr. P. 9014(b) and L.B.R. 9013-1(a), depriving Debtor of due process. The Fissel Objection should be stricken for lack of service.

**B. Sarah S. Mattingly's Objection Was Filed After Pro Hac Vice Admission, But Her Participation Is Nonetheless Prejudicial**

3. Sarah S. Mattingly, who signed the Objection at Docket No. 38, is a member of the Kentucky bar. A motion for her pro hac vice admission was filed by Matthew Fissel on March 19, 2026 (Doc. 37), and an order granting admission was entered the same day. Ms. Mattingly's Objection was filed on March 23, 2026, after she had been admitted.

4. However, the timing of her admission does **not** cure the substantive defects in the Objection. Moreover, Ms. Mattingly has not demonstrated that she is familiar with Pennsylvania law or the Local Rules of this Court. Her continued participation is prejudicial to Debtor, who is

appearing pro se and must respond to filings from out-of-state counsel. Debtor reserves the right to object to any further filings by Ms. Mattingly that are not in full compliance with the Local Rules.

## II. INCORPORATION OF THE STATE COURT RECORD

5. To provide this Court with a complete understanding of the fraudulent and unlawful conduct that led to the willful violation of the automatic stay, Debtor incorporates by reference the entire record of the state court foreclosure proceeding, *Freedom Mortgage Corp. v. Torres*, Monroe County Court of Common Pleas No. 002644-CV-2023, including the following pleadings, motions, exhibits, and orders:
    o Plaintiffs' Verified Answer with Affirmative Defenses, New Matter and Counterclaims (filed Dec. 15, 2023);
    o Plaintiffs' Emergency Petition to Open Default Judgment (filed Apr. 23, 2024);
    o Plaintiffs' Motion for Judicial Notice (filed Feb. 21, 2026) identifying Judge Best's disqualifying conflict;
    o Plaintiffs' Motion for Recusal of Judge Patrick Best (filed Feb. 24, 2026);
    o Plaintiff Freedom Mortgage Corporation's Exhibit C (filed Dec. 8, 2025) – the promissory note endorsed solely to PrimeLending;
    o Freddie Mac Borrower Notification dated Oct. 26, 2016 (confirming transfer of the note to Freddie Mac);
    o The November 27, 2019 and August 3, 2022 assignments of mortgage (Instrument Nos. 201929958 and 202224634);
    o The forged June 1, 2020 loan modification notarized by Sean Wilson after his commission was revoked;
    o USPS tracking records showing the Act 6 and Act 91 notices were never delivered;
    o The forbearance agreements dated August 8, 2022 and August 7, 2023.
6. Debtor further incorporates the Notice of Appeal filed in the Superior Court of Pennsylvania on February 27, 2026 (Superior Court Docket No. 1234 MDA 2026), which divested the state trial court of jurisdiction and underscores that the underlying default judgment is void *ab initio*.

## III. THE AUTOMATIC STAY – THE REQUIREMENT OF A COURT ORDER

7. Debtor filed her Chapter 7 petition on **February 26, 2026, at 9:40 a.m.** Under 11 U.S.C. § 362(a), the automatic stay arises immediately upon filing, without need for a court order. *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1939); *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). Congress intended the stay to be "self-executing and effective upon the filing of the petition." H.R. Rep. No. 95-595, at 340 (1977).
8. Freedom and KML argue that § 362(c)(4)(A) eliminated the stay because Debtor had two prior cases within the previous year. **Even assuming that provision applies, it does not allow a creditor to proceed without a court order.**
9. Section 362(c)(4)(A)(ii) expressly provides: "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." This provision makes clear that **only the bankruptcy court** can confirm the absence of a stay. KML obtained **no such order**.
10. The Third Circuit has held unequivocally: "**Only a bankruptcy court may determine the scope of the automatic stay.** " *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194,

Page 2 of 10

1206 (3d Cir. 1991). This is because the stay arises from federal statute and is an integral part of the bankruptcy court's *in rem* jurisdiction over the debtor's estate.

11. KML's unilateral declaration that "no stay applies" was **ultra vires**—an act beyond the scope of its authority. *Id.* Their decision to proceed with the sheriff's sale without first obtaining a court order was a willful violation of the stay. *In re Wilson*, 19 B.R. 45, 48 (Bankr. E.D. Pa. 1982) (sheriff who proceeded with deed after notice of bankruptcy held in contempt for willful stay violation).

12. The purpose of § 362(c)(4) is to prevent abusive serial filings, but it does **not** give creditors a license to self-adjudicate the applicability of the stay. Even where the stay does not go into effect, the creditor must still **seek a court order confirming that fact**. KML failed to do so.

## IV. CONGRESSIONAL INTENT – THE AUTOMATIC STAY IS SELF-EXECUTING AND MAY NOT BE DISREGARDED

13. Congress enacted the automatic stay to give debtors a "breathing spell" from creditors and to "stop all collection efforts, all harassment, and all foreclosure actions." H.R. Rep. No. 95-595, at 340 (1977). The stay is "self-executing and effective upon the filing of the petition." *Id.* The legislative history makes clear that the stay is not subject to unilateral interpretation by creditors. 124 Cong. Rec. 32,392 (1978) (statement of Rep. Edwards) ("The stay is automatic. It does not require a court order."). The House Report further emphasized that "the stay is effective immediately upon the filing of the petition, and any act in violation of the stay is void." H.R. Rep. No. 95-595, at 342.

14. Freedom Mortgage and KML disregarded this clear congressional intent. Their unilateral declaration that "no stay applies" was not only factually wrong but legally impermissible. Only this Court has the power to determine the scope of the stay. *Maritime Elec. Co.*, 959 F.2d at 1206.

## V. KML'S CONDUCT WAS ULTRA VIRES AND UNDER COLOR OF LAW

15. KML acted **ultra vires**—beyond its lawful authority—when it unilaterally declared the stay inapplicable and directed the Sheriff to proceed with the sale. *Maritime Elec. Co.*, 959 F.2d at 1206. The term "ultra vires" describes an act performed without legal authority. Black's Law Dictionary (11th ed. 2019). Here, KML had no authority to decide the applicability of the stay; that power rests exclusively with this Court. By arrogating that power to itself, KML acted ultra vires.

16. KML also acted **under color of law** by invoking the state judicial process and obtaining the assistance of the Monroe County Sheriff to carry out the sale. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (private parties who invoke state judicial process act under color of law). When private parties misuse state authority to deprive a person of federal rights, they are liable under 42 U.S.C. § 1983.

17. The **Civil Rights Act of 1866**, 42 U.S.C. § 1982, guarantees all citizens the same right to hold and convey property as is enjoyed by white citizens. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 422-24 (1968). The unlawful sheriff's sale, conducted in defiance of federal bankruptcy protections, directly infringes Debtor's rights under § 1982.

18. The **Judiciary Act of 1789**, 1 Stat. 73, established the framework for federal courts to hear cases arising under the Constitution and laws of the United States. This Court's jurisdiction to enforce the automatic stay is rooted in that historic grant of authority, now codified at 28 U.S.C. §§ 1334, 157.

Page 3 of 10

## VI. THE UNDERLYING JUDGMENT IS VOID; THE SHERIFF'S SALE IS VOID REGARDLESS OF THE STAY

19. The December 6, 2023 default judgment is **void *ab initio*** for multiple independent reasons. A void judgment cannot support a sheriff's sale. *Harris v. Harris*, 428 Pa. 473, 476, 239 A.2d 783, 785 (1968); *Kauffeld v. Tinstman*, 54 Pa. Super. 158, 161 (1913).

| Defect | Authority |
|---|---|
| Plaintiff lacked standing as holder of the note | 13 Pa.C.S. § 3301; *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009) |
| Act 6 and Act 91 notices were stale, from a prior servicer, and never delivered | *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 552 (Pa. 2013) |
| The CARES Act forbade foreclosure during the forbearance period (Feb. 1 – July 31, 2023) | 15 U.S.C. § 9056; *Testa v. Katt*, 330 U.S. 386, 391 (1947) |
| The 2019 and 2022 assignments are fraudulent and void | *Carpenter v. Longan*, 83 U.S. 271, 274 (1872); *In re Walker*, 466 B.R. 271, 281 (Bankr. E.D. Pa. 2012) |
| The June 1, 2020 loan modification is forged; notary commission revoked | 57 Pa.C.S. § 305; 18 Pa.C.S. § 4101 |
| The note was sold to Freddie Mac on Oct. 3, 2016; later assignments of the mortgage alone are nullities | *Carpenter*, 83 U.S. at 274; *Eaton v. Fed. Nat'l Mortg. Ass'n*, 969 N.E.2d 1118 (Mass. 2012) |
| Service was defective; the 10-day notice was received after judgment was entered | *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) |

20. A void judgment cannot support a writ of execution or a sheriff's sale. *Kauffeld*, 54 Pa. Super. at 161. Because the judgment is void, the February 26, 2026 sheriff's sale is void irrespective of the automatic stay violation.

21. Res judicata and collateral estoppel do **not** apply because the judgment is void. *Caban v. Caban*, 259 A.3d 527, 534 (Pa. Super. 2021) ("A void judgment is a mere nullity; it may be impeached at any time, in any court, direct or collateral proceedings."); *In re J.M.*, 891 A.2d 757, 761 (Pa. Super. 2006) ("Res judicata and collateral estoppel do not apply where the prior judgment was rendered without jurisdiction."). Moreover, the case was never actually litigated; the default judgment was entered without any evidentiary hearing. Restatement (Second) of Judgments § 27, comment e (default judgments do not result in actual litigation).

## VII. JUDICIAL CONDUCT – DISQUALIFYING CONFLICT OF JUDGE BEST AND STRUCTURAL ERROR

22. Judge Patrick Best served as Sheriff's Solicitor in this exact foreclosure action, personally approving the Writ of Execution (Sept. 17, 2024) and the December 31, 2025 Sheriff's

Page 4 of 10

Affidavit of Service for the February 26, 2026 sheriff's sale. He took the bench only days later. A motion for recusal of Judge Best was filed and is currently pending appellate review. A judge "cannot sit in judgment of work he performed as a lawyer." *Commonwealth v. Barto*, 709 A.2d 776, 779 (Pa. Super. 1998). Rule 2.11(A)(6) of the Pennsylvania Code of Judicial Conduct mandates disqualification when the judge "served as a lawyer in the matter in controversy."

23. The United States Supreme Court has held that failure to recuse under such circumstances constitutes structural error requiring automatic reversal. *Williams v. Pennsylvania*, 579 U.S. 1, 14-15 (2016) (judge's prior involvement as prosecutor in a critical decision required recusal; failure to recuse is structural error). All orders entered by Judge Best after he assumed the bench are void.

24. Structural error "affects the framework within which the trial proceeds." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). When a judge is disqualified, the tribunal is no longer a "lawful court" for purposes of due process. *Tumey v. Ohio*, 273 U.S. 510, 535 (1927). Consequently, the state court lacked jurisdiction to proceed after Judge Best's disqualification became apparent, and any orders entered thereafter, including the February 9, 2026 order denying the motion to strike, are void.

## VIII. FRAUD ON THE COURT – CONCEALMENT OF EXHIBIT C AND FRAUDULENT ASSIGNMENTS

25. **Concealment of exculpatory evidence.** Plaintiff Freedom Mortgage Corporation concealed Exhibit C – the promissory note – for 937 days, from April 25, 2023 until December 8, 2025. The note, when finally produced, shows a special endorsement solely to PrimeLending, with no endorsement to Freedom. This concealment prevented Debtor from challenging standing at the outset and allowed Plaintiff to obtain a default judgment without ever proving it was the holder of the note. Such conduct constitutes fraud on the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944) ("Fraud upon the court warrants vacatur of the judgment.").

26. **Submission of fraudulent assignments.** The November 27, 2019 and August 3, 2022 assignments are fraudulent. They were executed by persons without authority (Jared Fink, Lateef Smith), notarized by notaries employed by the grantee (Destiny Adams) or with materially inconsistent signatures (Carla Johnson), and recorded after Freddie Mac already owned the note. The submission of these instruments to the state court and their use to obtain the default judgment and sheriff's sale constitute fraud on the court. *In re Walker*, 466 B.R. at 281.

27. **The forged loan modification.** The June 1, 2020 loan modification is a forgery. It was notarized by Sean Wilson after his notary commission had been revoked (Aug. 25, 2019). Debtor never signed the document. The use of a forged instrument in judicial proceedings is a classic example of fraud on the court. *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946) (courts have inherent power to vacate judgments obtained by fraud).

28. **Estoppel by silence.** Plaintiff failed to respond to multiple lawful discovery requests, including a RESPA Qualified Written Request served Jan. 31, 2026. "Silence can be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading." *U.S. v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977). This silence estops Plaintiff from asserting any claim that it had standing or that the foreclosure was valid.

## IX. MAIL FRAUD, WIRE FRAUD, AND RICO PREDICATE ACTS – FURTHER SUPPORT FOR PUNITIVE DAMAGES

29. The conduct of Freedom Mortgage and KML constitutes **mail fraud** (18 U.S.C. § 1341) and **wire fraud** (18 U.S.C. § 1343) – both predicate acts under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). The fraudulent assignments, forged loan modification, and the February 26, 2026 email to the Sheriff were transmitted through the mails and wires in furtherance of a scheme to defraud Debtor of her property. *Schmuck v. United States*, 489 U.S. 705, 715 (1989) (mail fraud requires a scheme to defraud and a mailing for the purpose of executing the scheme).

30. This pattern of racketeering activity – spanning from the 2019 assignment through the 2026 stay violation – amply justifies an award of punitive damages under 11 U.S.C. § 362(k)(1). *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992) (punitive damages appropriate where conduct is egregious and intentional).

## X. CONSTITUTIONAL AND FEDERAL RIGHTS VIOLATIONS

### A. Fifth Amendment Due Process

31. The Due Process Clause of the Fifth Amendment guarantees that no person shall be deprived of property without due process of law. U.S. Const. amend. V; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). A sheriff's sale conducted in knowing violation of the automatic stay, without any judicial determination that the stay was inapplicable, constitutes a fundamental deprivation of property without any pre-deprivation hearing. *Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972). Debtor was denied any opportunity to be heard before her home was sold, and the state court has repeatedly refused to litigate the jurisdictional defects in the underlying judgment. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).

### B. Fourteenth Amendment Equal Protection

32. The Equal Protection Clause prohibits a state from administering its laws in a discriminatory manner. *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886). Here, the state court allowed Freedom Mortgage to prosecute a foreclosure action without standing, conceal exculpatory evidence for 937 days, submit fraudulent assignments, and obtain a default judgment based on forged documents, while simultaneously striking Debtor's timely-filed answer for "want of form" in violation of Judiciary Act § 32. *Judiciary Act of 1789*, § 32, 1 Stat. 73, 91. This asymmetric treatment of Debtor (a pro se litigant) and the institutional lender constitutes a violation of equal protection.

### C. Takings Clause – Fifth Amendment

33. The Takings Clause provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. A sheriff's sale of property based on a void judgment and in willful violation of the automatic stay is an unlawful taking under color of law. *Knick v. Township of Scott*, 588 U.S. 180, 185 (2019). The sale price of $475,000 for property worth more than $800,000 (59% of fair market value) further demonstrates the absence of just compensation.

### D. Supremacy Clause – U.S. Const., Art. VI, cl. 2

34. The Supremacy Clause mandates that federal law preempts contrary state action. *Testa v. Katt*, 330 U.S. 386, 389 (1947). By unilaterally declaring that the automatic stay did not

apply and directing the Sheriff to proceed, Freedom Mortgage and its counsel usurped the exclusive authority of this Court. Their conduct effectively nullified a federal statute (11 U.S.C. § 362) and deprived Debtor of her rights under the Bankruptcy Code.

**E. Civil Rights Act of 1866 – 42 U.S.C. § 1982**

35. Section 1982 guarantees to all citizens "the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." *Jones*, 392 U.S. at 422-24. The unlawful sheriff's sale, conducted in defiance of federal bankruptcy protections, deprived Debtor of her right to "hold" property. The deprivation was under color of state law, as the Sheriff acted in concert with private parties. *Lugar*, 457 U.S. at 941. Section 1982 provides an independent basis for damages and equitable relief.

**F. Civil Rights Act of 1871 – 42 U.S.C. § 1983**

36. Section 1983 provides a cause of action against any person who, under color of state law, subjects a citizen to the deprivation of any rights secured by the Constitution or laws of the United States. *42 U.S.C. § 1983*. Freedom Mortgage, KML, and the Sheriff acted under color of law when they executed the sheriff's sale in willful violation of the automatic stay. *Lugar*, 457 U.S. at 941. Debtor's rights under 11 U.S.C. § 362(a) and the Due Process Clause were thus violated, giving rise to liability under § 1983.

## XI. THE PENDING APPEAL DIVESTED THE STATE COURT OF JURISDICTION

37. On February 27, 2026, Debtor filed a timely Notice of Appeal to the Pennsylvania Superior Court from the orders denying her motion to strike the void judgment. (Doc. 30). The appeal divests the trial court of jurisdiction to proceed further on matters related to the judgment. Pa.R.A.P. 1701(a). The Sheriff's sale, occurring after the appeal was filed, was also void for lack of jurisdiction.

38. The pendency of the appeal underscores that the underlying judgment is not final or valid, and that this Court must protect the status quo pending appellate review.

## XII. SANCTIONS ARE WARRANTED FOR WILLFUL VIOLATION OF THE STAY

39. Under 11 U.S.C. § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

40. A violation is "willful" if the violator knew of the stay and intentionally performed the prohibited act. *In re Lansaw*, 853 F.3d 657, 663 (3d Cir. 2017); *In re University Med. Ctr.*, 973 F.2d 1065, 1087-88 (3d Cir. 1992). Knowledge alone is sufficient; bad faith is not required. *Id.*

41. Freedom and KML had actual knowledge of the stay by 9:50 a.m. and intentionally proceeded with the sale. The 10:36 a.m. email is a written admission of willfulness.

42. Debtor has suffered actual damages, including emotional distress. *In re Lansaw*, 853 F.3d at 663 (emotional distress damages recoverable based on debtor's testimony alone). Debtor will testify to the severe anxiety, fear, and humiliation caused by watching her home sold unlawfully, especially while she is recovering from a liver transplant (surgery July 26, 2024, with a 24-month recovery period). The threat of imminent eviction has disrupted her medical care and caused her ongoing physical and emotional harm.

43. Punitive damages are warranted because Freedom's conduct was "egregious, intentional, and undertaken in bad faith." *In re Lansdale Family Rests., Inc.*, 977 F.2d at 829. The written email, the letter to the Sheriff, and the subsequent Objections all demonstrate a deliberate disregard for federal law.

44. **Crucially, KML did not obtain a court order before proceeding with the sale.** Whether the stay arose or not, KML was required to seek judicial confirmation. *Maritime Elec. Co.*, 959 F.2d at 1206. Their failure to do so is, standing alone, a willful violation. *In re Wilson*, 19 B.R. at 48.

## XIII. RESPONSE TO OBJECTIONS – SPECIFIC REFUTATION

### A. The Fissel Objection Was Not Served – Due Process Violation

45. The Fissel Objection purports to have been served by first-class mail on March 23, 2026. Debtor never received it. The certificate of service is therefore false or the mail was not properly addressed. Failure to serve violates Fed. R. Bankr. P. 9014(b) and L.B.R. 9013-1(a). This Court should strike the Fissel Objection and disregard it.

### B. Sarah Mattingly's Objection – Substantive Meritless

46. Ms. Mattingly's Objection (Doc. 38) does not dispute that Debtor filed bankruptcy on February 26, 2026, at 9:40 a.m. It does not dispute that KML and Freedom had actual notice of the stay before 10:00 a.m. It does not dispute that KML sent an email at 10:36 a.m. stating "no bankruptcy stay is in place." It does not dispute that KML obtained no court order confirming the absence of a stay.

47. Instead, the Objection relies on a misreading of § 362(c)(4) and attempts to bootstrap the state court's void judgment into a determination of the stay's applicability. Even if § 362(c)(4) applied, the stay did not vanish automatically; a party must request an order confirming that no stay is in effect. 11 U.S.C. § 362(c)(4)(A)(ii). KML failed to do so. The Objection also ignores that Debtor's prior filings were **joint** with her then-spouse, whereas this case is an **individual** filing following divorce proceedings – a material change that rebuts any inference of bad faith. *In re Montalvo*, 333 B.R. 145, 150 (Bankr. E.D. Pa. 2005).

### C. The State Court Judgment Is Void – No Preclusive Effect

48. Both Objections argue that the state court judgment is final and that the foreclosure was valid. As set forth above, the judgment is void *ab initio*. A void judgment has no preclusive effect. *Caban*, 259 A.3d at 534. This Court is not bound by the state court's erroneous application of preclusion doctrines.

### D. The Pending Appeal Divested State Court Jurisdiction – Further Evidence of Voidness

49. The Notice of Appeal filed February 27, 2026, divested the state trial court of jurisdiction to proceed further. Pa.R.A.P. 1701(a). The sheriff's sale, which occurred the day before the appeal was filed, was already void due to the stay violation. The appeal simply underscores that the underlying judgment is not final and that this Court must exercise its jurisdiction to protect the status quo.

## XIV. MAXIMS OF LAW AND JUDICIAL CANONS

50. **Maxims**

Page 8 of 10

- *Actus curiae neminem gravabit* – An act of the court shall prejudice no one. The Sheriff, acting as an officer of the state court, cannot prejudice Debtor by proceeding with a sale in violation of federal law.
- *Ubi jus ibi remedium* – Where there is a right, there is a remedy. Debtor's right to the protections of the automatic stay demands a remedy, including damages and a declaration that the sale is void.
- *Fraus omnia corrumpit* – Fraud vitiates everything. The concealment of the note, the fraudulent assignments, and the false assertion that "no stay is in place" are fraud on the court and on this Debtor.
- *Nemo dat quod non habet* – No one can give what they do not have. The plaintiff in the foreclosure action, not being the holder of the note, could not convey any interest in the property through a sheriff's sale.

51. **Judicial Canons**
   - **Canon 1:** A judge should uphold the integrity and independence of the judiciary. Permitting parties to circumvent the automatic stay without court approval would undermine the judicial process.
   - **Canon 2:** A judge should avoid impropriety and the appearance of impropriety. Allowing the unilateral nullification of federal law by private parties would create an appearance of judicial deference to improper conduct.
   - **Canon 3:** A judge should perform the duties of the office fairly, impartially, and diligently. This includes enforcing the automatic stay and ensuring that parties comply with federal law.

## XV. PRAYER FOR RELIEF

**WHEREFORE**, Debtor respectfully requests that this Court:

1. **STRIKE** the Objection filed by Matthew Fissel for lack of service;
2. **DECLARE** that the February 26, 2026 sheriff's sale of Debtor's property is **VOID AB INITIO**;
3. **DECLARE** that the December 6, 2023 default judgment entered in *Freedom Mortgage Corp. v. Torres*, Monroe County No. 002644-CV-2023, is **VOID AB INITIO** for lack of subject-matter jurisdiction;
4. **GRANT** Debtor's Emergency Motion for Sanctions;
5. **AWARD** actual damages under 11 U.S.C. § 362(k)(1), including but not limited to emotional distress damages;
6. **AWARD** punitive damages under 11 U.S.C. § 362(k)(1) based on the willful, egregious, and fraudulent conduct of Respondents;
7. **AWARD** costs and expenses incurred in defending against the foreclosure action and in prosecuting this motion;
8. **ORDER** Freedom Mortgage Corporation and its agents to cease all collection activities with respect to Debtor's property;
9. **ORDER** the Monroe County Sheriff's Office to cancel any deed, certificate of sale, or other record of the February 26, 2026 sheriff's sale;
10. **ORDER** that any purported deed or certificate of sale arising from the void sale be expunged from the public records;
11. **REFER** evidence of fraud, forgery, mail fraud, wire fraud, and racketeering to the United States Attorney for the Middle District of Pennsylvania for criminal investigation; and
12. **GRANT** such other and further relief as this Court deems just and proper.

Page 9 of 10

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text)
leighnflanagan@aol.com
Date: March 25, 2026

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, Brock & Scott PLLC and Dinsmore & Shohl LLP via email on March 25, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Reply** was served upon the following parties on March 25, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: pabrk@brockandscott.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,

**/s/ Leigh Torres** ("Debtor")
Date: March 25, 2026

Page 10 of 10

# Re: Motion for Reconsideration (See Doc 4, 10)(5:26-bk-00517)

From: leighnflanagan@aol.com (leighnflanagan@aol.com)

To: sarah.mattingly@dinsmore.com; mfissel@kmllawgroup.com; jilldurkinesq@gmail.com; stanley.middleman@freedommortgage.com; ustpregion03.ha.ecf@usdoj.gov; hericson@me.com; bkgroup@kmllawgroup.com; mfissel@brockandscott.com; leighnflanagan@aol.com; pabrk@brockandscott.com

Date: Wednesday, March 25, 2026 at 03:18 PM EDT

---

please see attached Reply to Freedom Mortgage Corporation and KML Law Group Objections. please accept this email as service. do you concur?

On Wednesday, March 25, 2026 at 10:55:27 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration of Debtors Application to Waive Filing Fee. Do you concur?

On Wednesday, March 25, 2026 at 10:26:43 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration that will be filed today.

 2026.03-25 Reply to FMC-KMLLG Objections (for filing).pdf
192.2 kB