| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| Debtor | : | |
| | : | **REPLY** |
| **LEIGH TORRES** | : | |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

> FILED
> **March 26, 2026**
> Clerk, U.S. Bankruptcy Court
> Middle District of Pennsylvania
> Wilkes-Barre

**DEBTOR'S MOTION FOR JUDICIAL NOTICE OF PENDING APPEAL
TO THE PENNSYLVANIA SUPERIOR COURT
PURSUANT TO FED. R. EVID. 201 AND FED. R. BANKR. P. 9017**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Debtor **LEIGH TORRES**, appearing *pro se*, respectfully moves this Court to take judicial notice of the pending appeal before the Superior Court of Pennsylvania in the underlying foreclosure action, *Freedom Mortgage Corporation v. Hericson Torres*, Monroe County Court of Common Pleas Docket No. 002644-CV-2023. In support thereof, the Debtor states:

## I. LEGAL BASIS FOR JUDICIAL NOTICE

1. **Federal Rule of Evidence 201(b)** permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

2. **Federal Rule of Evidence 201(c)** provides that the court *must* take judicial notice if a party requests it and supplies the court with the necessary information.

3. **Federal Rule of Evidence 201(d)** allows judicial notice to be taken at any stage of the proceeding.

4. **Federal Rule of Bankruptcy Procedure 9017** makes the Federal Rules of Evidence applicable to bankruptcy proceedings.

5. The **Third Circuit** has held that courts may take judicial notice of "adjudicative facts . . . not subject to reasonable dispute" and that such notice may be taken "at any stage of the proceeding." *Nantucket Investors II v. California Federal Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 205 (3d Cir. 1995).

6. Bankruptcy courts routinely take judicial notice of state court proceedings, including appeals, when they are relevant to issues before the bankruptcy court. *See, e.g., In re Taylor*, 248 B.R. 37, 42 (Bankr. D.N.J. 2000) (taking judicial notice of state court docket); *In re G-I Holdings, Inc.*, 308 B.R. 196, 200 n.4 (Bankr. D.N.J. 2004) (taking judicial notice of state court proceedings).

## II. FACTS OF WHICH JUDICIAL NOTICE IS REQUESTED

Page 1 of 7

7. On **February 27, 2026**, Debtor filed a **Notice of Appeal** with the Superior Court of Pennsylvania from the orders of the Court of Common Pleas of Monroe County in *Freedom Mortgage Corp. v. Hericson Torres*, Docket No. 002644-CV-2023, including the orders denying Debtor's motion to strike the default judgment and denying her petition to strike or open the judgment.

8. The appeal is currently pending before the Superior Court of Pennsylvania and has been assigned **Docket No. 634 EDA 2026**.

9. True and correct copies of the **Notice of Appeal** and the **Superior Court Docket Sheet** (Pennsylvania Judiciary Web Portal) reflecting the pendency of the appeal are attached as **Exhibit A** and **Exhibit B**.

10. True and correct copies of the **Relevant Orders** of the Court of Common Pleas that are the subject of the appeal, including the order denying the motion to strike the default judgment, are attached to **Exhibit A**.

11. The Superior Court has not yet issued a ruling. The appeal remains pending and fully active.

## III. THE PENDING APPEAL IS A MATTER OF PUBLIC RECORD AND PROPER FOR JUDICIAL NOTICE

12. The filing of a Notice of Appeal, the Superior Court docket number, and the pendency of the appeal are all **facts that can be accurately and readily determined from official court sources** whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

13. The Debtor has provided the Court with certified or verifiable copies of the relevant documents. The Court may take judicial notice of these documents without converting this motion into a motion for summary judgment or requiring formal proof.

14. Judicial notice of the appeal does **not** require the Court to rule on the merits of the appeal; it merely establishes the existence and status of the appeal as a matter of record.

## IV. THE GROUNDS OF THE PENDING APPEAL

15. The appeal challenges the trial court's rulings in the foreclosure action on multiple independent grounds that directly affect the validity of the underlying judgment. The principal grounds include:

**a. Lack of Standing / Void Judgment.** Plaintiff failed to demonstrate that it was the holder of the promissory note at the inception of the case. The note was finally produced on December 8, 2025, and was endorsed to "PRIMELENDING, A PLAINSCAPITAL COMPANY," with no endorsement to Freedom Mortgage. Under Pennsylvania law, only the holder of a negotiable instrument may enforce it. *JP Morgan Chase Bank v. Murray*, 63 A.3d 1258, 1264 (Pa. Super. 2013); *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009). A judgment entered without standing is void. *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920).

**b. Failure of Conditions Precedent – Act 6 & Act 91.** The plaintiff failed to provide proper notice under Act 6 (41 P.S. § 403) and Act 91 (35 P.S. § 1680.402c). Compliance with these statutory conditions precedent is mandatory. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 552 (Pa. 2013); *Wells Fargo Bank v. Spivak*, 104 A.3d 7, 13-14 (Pa. Super. 2014).

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document    Page 2 of 54

**c. Violation of CARES Act Forbearance.** The foreclosure complaint was filed while the loan was in an active forbearance period under the CARES Act (15 U.S.C. § 9056). A judgment obtained in violation of a federal statute is void. *Testa v. Katt*, 330 U.S. 386, 391 (1947); *In re Bynum*, No. 20-10417, 2020 WL 3605251 (Bankr. E.D. Pa. July 2, 2020).

**d. Fraudulent and Void Assignments.** The 2019 and 2022 assignments of mortgage were executed by employees of the grantee without authority, with defective notarizations, and in the case of the 2019 assignment, by a person who worked for the receiving party. A void assignment cannot convey rights. *In re Estate of Shaver*, 597 A.2d 145, 147 (Pa. Super. 1991); *Fidelity Bank v. Carroll*, 438 A.2d 981, 983 (Pa. Super. 1981).

**e. Bifurcation of Note and Mortgage.** The note was sold to Freddie Mac in 2016. Subsequent assignments of the mortgage alone, without transfer of the note, are nullities. *Carpenter v. Longan*, 83 U.S. 271, 274 (1872).

**f. Misapplication of Collateral Estoppel and Law of the Case.** The trial court applied collateral estoppel and law-of-the-case doctrines to bar challenges to the foreclosure judgment even though the judgment is void. Collateral estoppel cannot attach to a void judgment. *Caban v. Caban*, 259 A.3d 527, 534 (Pa. Super. 2021); *In re J.M.*, 891 A.2d 757, 761 (Pa. Super. 2006).

16. The appeal directly challenges these errors and asks the Superior Court to vacate the void judgment. The appeal is therefore central to the validity of the foreclosure judgment that the creditor seeks to enforce.

## V. THE PENDING APPEAL IS DIRECTLY RELEVANT TO THE ISSUES BEFORE THIS COURT

17. The automatic stay, the validity of the sheriff's sale, the Debtor's claim of exempt property, and the request for sanctions are all pending before this Court. Each of these issues depends in part on the validity of the underlying foreclosure judgment.
18. Because the underlying foreclosure judgment is being challenged on appeal and is void for the reasons set forth above, this Court should consider the pendency of the appeal in evaluating:
    o **Extension of the automatic stay** under 11 U.S.C. § 362(c)(3)(B). The Debtor's good faith is demonstrated by the active pursuit of appellate relief challenging a void judgment. *In re Ferguson*, 376 B.R. 109, 119-20 (Bankr. E.D. Pa. 2007).
    o **Declaring the sheriff's sale void.** A sheriff's sale based on a void judgment is itself void. *Harris v. Harris*, 428 Pa. 473, 476, 239 A.2d 783 (1968); *Kauffeld v. Tinstman*, 54 Pa. Super. 158, 161 (1913).
19. The pendency of the appeal also rebuts any presumption of bad faith under § 362(c)(4)(D). Changed circumstances—including the filing of the appeal—demonstrate that the Debtor is not abusing the bankruptcy system but is instead diligently challenging a void judgment.
20. The Superior Court's own Operating Procedure 65.26 requires a party that has filed bankruptcy to give notice to the appellate court, confirming that the appellate court recognizes the bankruptcy court's jurisdiction. Pa. Super. Ct. I.O.P. 65.26(A). The Debtor has complied with that procedure, further demonstrating that the appeal is part of a good-faith effort to resolve the dispute.

## VI. REQUEST FOR RELIEF

WHEREFORE, Debtor **LEIGH TORRES** respectfully requests that this Court:

1. **Take judicial notice** under Fed. R. Evid. 201 and Fed. R. Bankr. P. 9017 of the pendency of the appeal before the Superior Court of Pennsylvania, Docket No. _____, in *Freedom Mortgage Corp. v. Hericson Torres*, Monroe County Docket No. 002644-CV-2023;
2. **Consider** the judicially noticed facts in ruling on:
   o Debtor's **Motion to Invoke, Extend and Continue Automatic Stay** (filed March 16, 2026);
   o Debtor's **Emergency Motion for Sanctions** (Doc. 16);
   o Debtor's **Affidavit of Exempt Property** (filed concurrently with schedules); and
   o All related matters pending before the Court;
3. **Order** that the pendency of the appeal be deemed a matter of record in this bankruptcy case; and
4. **Grant** such other and further relief as the Court deems just and proper.

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text)
LeighNFlanagan@aol.com
Date: March 25, 2026

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, Brock & Scott PLLC and Dinsmore & Shohl LLP via email on March 26, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Motion for Judicial Notice of Pending Appeal in Superior Court** was served upon the following parties on March 26, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: pabrk@brockandscott.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,

**/s/ Leigh Torres** ("Debtor")
Date: March 26, 2026

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document        Page 4 of 54

**EXHIBITS ATTACHED:**

**Exhibit A**: Notice of Appeal to Superior Court of Pennsylvania (filed February 27, 2026) with true and correct copies of the **Relevant Orders** of the Court of Common Pleas that are the subject of the appeal, including the order denying the motion to strike the default judgment.

**Exhibit B:** Superior Court Docket Sheet (Pennsylvania Judiciary Web Portal)

# EXHIBIT A

(NOTICE OF APPEAL TO SUPERIOR COURT FILED FEBRUARY 27, 2026)
(RELEVANT ORDERS ATTACHED AS EXHIBITS A, B, & C – PAGES 24-37)

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document       Page 6 of 54

**Hericson Torres** ("Defendant")
*sui juris* and *in propria persona*

---

**Today's Date:** Friday, February 27, 2026 A.D.

Office of the Prothonotary and Clerk of Courts
George J. Warden, Prothonotary of Monroe County
610 Monroe Street, Stroudsburg, PA 18360
Office Phone: 570-517-3370

RE:　　FREEDOM MORTGAGE CORPORATION vs. HERICSON TORRES
　　　　Court of Common Pleas Monroe County – 43rd Judicial District
　　　　Case Number: **002644-CV-2023**

Dear Officer of the Prothonotary and Clerk of Courts:

Enclosed herewith please find for filing Defendant's **Notice of Appeal to Superior Court of Pennsylvania, Application to Proceed In Forma Pauperis, Verified Statement in Support of In Forma Pauperis Application and Emergency Application to Stay Pending Appeal**.

**Note Regarding Emergency Stay Application:** The Emergency Application for Stay Pending Appeal is being filed directly with the Superior Court of Pennsylvania. A copy is enclosed for the Prothonotary's records and for inclusion in the lower court docket as required by Pa.R.A.P. 905(b).

The appeal is taken from the **February 9, 2026 Order** denying Defendant's Petition to Strike Default Judgment. The underlying default judgment entered December 6, 2023 is void ab initio for lack of subject-matter jurisdiction. A petition to strike a void judgment may be brought at any time. *Helms v. Boyle*, 637 A.2d 630, 631 n.2 (Pa. Super. 1994).

**Payment of Fees:** An Application to Proceed In Forma Pauperis is filed herewith. If the Application is granted, Defendant requests waiver of all filing fees. If the Application is denied, Defendant requests that the Prothonotary provide notice of the amount due.

Kindly file the enclosed documents for the record and return file-stamped copies to me at the address above. A self-addressed, stamped envelope is enclosed for your convenience.

Thank you for your assistance in this matter.


Kindly file same for the record.

**/s/ Hericson Torres** ("Defendant")
*sui juris* and *in propria persona*
325 Five Springs Road, Stroudsburg, PA 18360
347-921-0430 (call/text)
HERICSON@ME.COM

Page 1 of 23

**IN THE COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Plaintiff* | : | **No. 002644-CV-2023** |
| | : | |
| vs. | : | |
| | : | **NOTICE OF APPEAL** |
| | : | |
| **HERICSON TORRES** | : | |
| *Defendant* | : | |

<u>NOTICE OF APPEAL TO THE SUPERIOR COURT OF PENNSYLVANIA</u>

**NOTICE IS HEREBY GIVEN** that Defendant, Hericson Torres, sui juris and in propria persona, appeals to the Superior Court of Pennsylvania from the **February 9, 2026 Order** of the Court of Common Pleas of Monroe County, 43rd Judicial District, **denying Defendant's Petition to Strike Default Judgment**, a copy of which is attached hereto as Exhibit "A." The February 17, 2026 Order denying reconsideration and the February 19, 2026 Order denying reconsideration and stay are merged into this appeal and preserve all issues raised herein.

**JURISDICTIONAL STATEMENT**

This appeal is taken as of right under 42 Pa.C.S. § 5105(a) and Pa.R.A.P. 341(a) and (b). The February 9, 2026 Order is a final order disposing of all claims and parties. Alternatively, this appeal is taken under Pa.R.A.P. 311(a)(1) as an interlocutory appeal as of right from an order refusing to strike off a judgment. A petition to strike a judgment as void may be brought at any time, and the denial of such a petition is immediately appealable. *Helms v. Boyle*, 637 A.2d 630, 631 n.2 (Pa. Super. 1994); *Caban v. Caban*, 259 A.3d 527, 534 (Pa. Super. 2021).

The underlying default judgment entered December 6, 2023 is **VOID AB INITIO** for lack of subject-matter jurisdiction. A void judgment may be attacked at any time, in any court, directly or collaterally. *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920); *Ex parte Rowland*, 104 U.S. 604, 617 (1882); *M & P Management v. Williams*, 937 A.2d 398, 402 (Pa. 2007). The trial court's refusal to strike a void judgment is reversible error as a matter of law. *Caban*, 259 A.3d at 534.

**STATEMENT OF JURISDICTIONAL DEFECTS RENDERING JUDGMENT VOID**

The December 6, 2023 default judgment is void for the following independent and dispositive reasons, each of which deprived the Court of Common Pleas of subject-matter jurisdiction:

<u>**I. PLAINTIFF LACKED STANDING AT INCEPTION — NEVER HOLDER OF NOTE**</u>

**Fact:** Exhibit C, filed by Plaintiff on December 8, 2025 (937 days after filing the Complaint), contains the promissory note specially endorsed to **"PRIMELENDING, A PLAINSCAPITAL COMPANY."** There is no endorsement, allonge, or stamp to Plaintiff Freedom Mortgage Corporation.

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document      Page 8 of 54

**Fact:** Freddie Mac purchased the loan on October 3, 2016, as confirmed by Freddie Mac's October 26, 2016 Borrower Notification letter, which states: "Freddie Mac has purchased your mortgage loan on October 3, 2016."

**Fact:** Plaintiff admitted in writing: "We service your mortgage for the government-sponsored enterprise or housing agency that owns your loan" (5/10/2024 letter). Plaintiff admitted: "Freedom Mortgage Corporation is a debt collector. We are trying to collect a debt that you owe to Freddie Mac" (5/11/2022 letter). RoundPoint confirmed: "The current investor/owner of the loan is Freddie Mac" (5/31/2024 letter).

**Fact:** The original wet-ink promissory note has never been produced, violating the Best Evidence Rule. Pa.R.E. 1002.

**Conclusion of Law:** Under 13 Pa.C.S.A. § 3301, only the "holder" of the instrument — one in possession of an instrument endorsed to them or payable to bearer — may enforce it. Plaintiff is not, and has never been, the holder. Standing is a constitutional prerequisite to subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). Standing must exist at inception and cannot be retroactively created. *Hollingsworth v. Perry*, 570 U.S. 693, 707-08 (2013). A judgment entered without standing is void. *M & P Management*, 937 A.2d at 402; *JP Morgan Chase Bank v. Murray*, 63 A.3d 1258, 1264 (Pa. Super. 2013); *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009).

## II. PLAINTIFF FAILED MANDATORY CONDITIONS PRECEDENT (ACT 6 AND ACT 91)

**Fact:** The "notices" attached to the Complaint as Exhibit B are dated October 28, 2020 — over 900 days before the April 25, 2023 Complaint filing.

**Fact:** The notices were generated by RoundPoint Mortgage Servicing Corporation, not Plaintiff. Plaintiff acquired the loan on August 4, 2022, and never issued fresh notices.

**Fact:** USPS tracking for Certified Mail #9314710011701049191038 shows "Label Created, not yet in system" — no proof of actual mailing or delivery. A second certified mail number, #9314710011701049180285, likewise shows no proof of mailing.

**Fact:** No HEMAP counseling notice was provided. No agency copy of the notice was provided. No 30-day face-to-face meeting opportunity was offered.

**Conclusion of Law:** Act 6 of 1974 (41 P.S. § 403) and Act 91 of 1983 (35 P.S. § 1680.403c) require strict compliance as a condition precedent to foreclosure. Compliance is mandatory and jurisdictional. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 551 (Pa. 2013). Failure to comply renders the foreclosure action void. *Philadelphia Housing Authority v. Barbour*, 592 A.2d 47, 48 (Pa. Super. 1991); *Bankers Trust Co. v. Foust*, 621 A.2d 1054 (Pa. Super. 1993); *Marra v. Stocker*, 615 A.2d 326, 328 (Pa. 1992) (sheriff's sale void for Act 6 violation). Notices sent by a prior servicer are legally insufficient. *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014).

## III. PLAINTIFF VIOLATED THE CARES ACT — COMPLAINT FILED DURING ACTIVE FORBEARANCE

**Fact:** Plaintiff's own forbearance letters, dated August 7, 2022, and confirmed in Plaintiff's May 10, 2024 letter, establish an active forbearance period from **February 1, 2023 through July 31, 2023.**

**Fact:** The forbearance letter explicitly stated: **"We will not refer your loan to foreclosure during the Forbearance Plan."**

**Fact:** Plaintiff filed the Complaint on April 25, 2023 — during the active forbearance period.

**Conclusion of Law:** The CARES Act, Pub. L. 116-136, § 4022, 15 U.S.C. § 9056, prohibits foreclosure during a forbearance period. A judgment obtained in direct violation of a federal statute is void. *Testa v. Katt*, 330 U.S. 386, 391 (1947); *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940). The Supremacy Clause, U.S. Const. art. VI, cl. 2, requires state courts to enforce federal law. Plaintiff's contractual promise not to foreclose is independently binding.

## IV. THE PRESIDING JUDGE, HON. PATRICK BEST, WAS CONSTITUTIONALLY DISQUALIFIED

**Fact:** Judge Patrick Best previously served as Sheriff's Solicitor in this exact case (Case No. 002644-CV-2023).

**Fact:** As Sheriff's Solicitor, Judge Best:

> Personally approved the Writ of Execution filed September 17, 2024 (Exhibit D to Doc 23)
> Personally approved Sheriff's Notices of Service filed October 1, 2025 and December 31, 2025 (Exhibits A and B to Doc 23)
> The December 31, 2025 affidavit, filed DAYS before he took the bench, certifies advertising for the February 26, 2026 sheriff's sale — the very sale now scheduled

**Fact:** Sheriff Nicholas Cirranello contributed $750 to Judge Best's campaign on December 1, 2024 (Exhibit F to Doc 23).

**Fact:** Sheriff Cirranello was present at the February 5, 2026 hearing and left with Judge Best.

**Fact:** As judge, Judge Best denied a stay of the sale he personally approved, and never disclosed his prior role despite Rule 2.11(A) Comment (5)'s mandatory disclosure duty.

**Conclusion of Law:** A judge must recuse when he had "significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). Due process requires recusal when "the probability of actual bias on the part of the judge is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009). Pennsylvania law mandates disqualification where a judge "served as a lawyer in the matter in controversy." Pa. Code Jud. Conduct Rule 2.11(A)(6). "A judge cannot sit in judgment of work he performed as a lawyer." *Commonwealth v. Barto*, 709 A.2d 776, 779 (Pa. Super. 1998). All orders entered by a disqualified judge are void. *Commonwealth v. Whitmore*, 912 A.2d 827, 833 (Pa. Super. 2006). The objective appearance of bias standard controls. *Commonwealth v. Freeman*, 2026 Pa. Super. LEXIS 9; *Liteky v. United States*, 510 U.S. 540, 548 (1994).

## V. FRAUD ON THE COURT — FRAUDULENT ASSIGNMENTS AND NOTARIZATIONS

**A. The November 27, 2019 Assignment (Jared Fink and Destiny Adams)**

**Fact:** The assignment purports to transfer from "MERS as Mortgagee, as Nominee for PrimeLending" to RoundPoint Mortgage Servicing Corporation.

**Fact:** Jared Fink signed as "Assistant Secretary" of MERS. At the time of execution (11/27/2019), Jared Fink was employed by **RoundPoint Mortgage Servicing Corporation** (the assignee). Employment records confirm Fink worked at RoundPoint from February 2014 through June 2021.

**Fact:** Jared Fink was never employed by MERS. He was never employed by PrimeLending.

**Fact:** Destiny Adams notarized the assignment. At the time of notarization, Destiny Adams was also employed by **RoundPoint Mortgage Servicing Corporation**, stationed at the same Fort Mill, South Carolina location where Fink worked.

**Fact:** Adams has confirmed she notarized hundreds of documents as part of her employment duties, without independent verification of signatories' authority.

**Fact:** No MERS Corporate Resolution appointing Jared Fink as Assistant Secretary has ever been produced, despite formal demand.

**Conclusion of Law:** An assignment executed without authority is void ab initio. *McGuffey v. Smith*, 108 U.S. 187, 194 (1881). An agent cannot serve two principals whose interests conflict. *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). MERS Signing Officers must be appointed by formal Corporate Resolution; no resolution = no authority. A false acknowledgment is void. *Brooks v. Norris*, 52 U.S. 204, 212 (1851). Fraud upon the court vitiates all proceedings. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944).

### B. The August 3, 2022 Assignment (Lateef Smith and Carla Johnson)

**Fact:** The assignment purports to transfer from "Freedom Mortgage Corporation as Attorney In Fact for RoundPoint Mortgage Servicing Corporation" to "Freedom Mortgage Corporation."

**Fact:** Lateef Smith signed as "Coordinator, Lien Release." Smith's signatures on other recorded documents show substantial variations, indicating robo-signing.

**Fact:** No Power of Attorney authorizing Lateef Smith to act for RoundPoint has ever been produced, despite formal demand.

**Fact:** Carla Johnson notarized the assignment. Johnson is a New Jersey notary. Lateef Smith is located in Indiana.

**Fact:** Through OPRA Request 0715-24, Defendant obtained Carla Johnson's on-file signature from Burlington County, New Jersey. The signature on the assignment does not match her on-file signature; the on-file signature includes a middle initial, while the assignment signature does not.

**Fact:** The assignment lists Tax ID #8/96443. The correct Tax ID for the property is #8/96442. The 2019 assignment lists #8/96442.

**Conclusion of Law:** An assignment executed under a claimed, unproven power of attorney is void. Pa.R.C.P. 1019(i) requires attachment of such writing. Robo-signing constitutes fraud on the court. *In re Wilson*, 442 B.R. 10, 15 (Bankr. D. Mass. 2010). A notary's false acknowledgment passes no title. *Brooks*, 52 U.S. at 212. Fraud vitiates everything. *Hazel-Atlas*, 322 U.S. at 245.

### C. The June 1, 2020 Loan Modification (Sean Wilson)

**Fact:** The Loan Modification was notarized by Sean Wilson (PA Notary #1290714) on June 1, 2020.

**Fact:** Pennsylvania Department of State records show Sean Wilson's notary commission was **REVOKED on August 25, 2019** — 282 days prior to the purported notarization.

**Fact:** Defendant did not sign this modification; his signature is forged.

**Conclusion of Law:** A document notarized by a person without authority is void. This constitutes criminal forgery under 18 Pa.C.S. § 4101. Fraud upon the court warrants vacatur. *Hazel-Atlas*, 322 U.S. at 245.

## VI. BIFURCATION OF NOTE AND MORTGAGE — VOID ASSIGNMENTS

**Fact:** Freddie Mac purchased the loan on October 3, 2016, as confirmed by its October 26, 2016 letter.

**Fact:** The 2019 and 2022 assignments purport to assign only the mortgage, without any transfer of the note.

**Conclusion of Law:** "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 83 U.S. (16 Wall.) 271, 274 (1872). A nullity confers no rights. Once the note is paid or sold, the mortgage expires. *Id.* at 275. All subsequent assignments are void.

## VII. AUTOMATIC BANKRUPTCY STAY VIOLATION

**Fact:** On February 26, 2026, Defendant filed Chapter 7 bankruptcy, Case No. 5:26-bk-00517, in the United States Bankruptcy Court for the Middle District of Pennsylvania.

**Fact:** Notice of the bankruptcy filing was served on Plaintiff's counsel, KML Law Group, P.C., by email at 9:50 AM on February 26, 2026.

**Fact:** At 10:36 AM, Plaintiff's counsel, Michael McKeever, Esq., emailed: "Freedom is proceeding to sheriff sale."

**Fact:** Plaintiff's counsel sent a letter to the Monroe County Sheriff on February 26, 2026, arguing that no stay applies under 11 U.S.C. § 362(c)(4)(A) because Defendant had three bankruptcy filings in one year.

**Fact:** The filing dates are:

> February 27, 2025
> June 27, 2025 (120 days later — within the year)
> February 26, 2026 (246 days after June 27, 2025 — **outside** the 365-day window)

**Conclusion of Law:** Section 362(c)(4)(A) requires two or more cases pending within the previous **365-day period**. The February 26, 2026 filing was 246 days after June 27, 2025 — outside the year. The automatic stay is in full force and effect. Actions taken in violation of the automatic stay are void ab initio. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). Willful violations subject the violator to actual and punitive damages under 11 U.S.C. § 362(k). *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992).

## VIII. THE THREE-PRONG TEST DOES NOT APPLY TO A PETITION TO STRIKE A VOID JUDGMENT

**Fact:** The trial court applied the three-prong test for opening a default judgment to Defendant's Petition to Strike.

**Fact:** Defendant's Petition sought to strike a judgment that is void on its face for lack of jurisdiction.

**Conclusion of Law:** "Absent fraud or extraordinary cause, a petition to open, vacate or for reconsideration must be brought within thirty (30) days of the entry of judgment in a contested proceeding, however, a motion to strike a judgment as void, may be brought at any time." *Helms v. Boyle*, 637 A.2d 630, 631 n.2 (Pa. Super. 1994). The three-prong test does not apply to a void judgment. *Caban*, 259 A.3d at 534. A petition to strike is not governed by equitable principles such as laches or delay. *Philadelphia Suburban Development Corp. v. Society Hill Tower Assocs.*, 572 A.2d 1270, 1273 (Pa. Super. 1990).

## IX. DUE PROCESS VIOLATIONS — NOTICE DEFECTS

**Fact:** Defendant resided at 541 Port Richmond Avenue, Staten Island, NY 10302 from June 15, 2023 through March 20, 2024.

**Fact:** Defendant filed a Change of Address with Plaintiff on June 19, 2023.

**Fact:** Defendant's Answer filed December 15, 2023, provided the New York address and stated: "The Defendant does not reside in Monroe County, Pennsylvania."

**Fact:** The January 4, 2024 Order directing Defendant to file a brief within 30 days was mailed to the property address, not to Defendant's New York address.

**Fact:** Defendant never received the January 4, 2024 Order and was unable to file a brief.

**Fact:** The March 18, 2024 Order striking Defendant's Answer was mailed to the property address and never received.

**Conclusion of Law:** Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). A judgment entered without proper notice is void. *Pennoyer v. Neff*, 95 U.S. 714, 733 (1878). "Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits." *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 86-87 (1988).

## X. ASYMMETRIC APPLICATION OF RULES — DENIAL OF EQUAL PROTECTION

**Fact:** Plaintiff's procedural errors were excused:

    No concurrence certification (Local Rule 208.2(d) violation) — ignored
    No verification of Motion to Reassess Damages (Pa.R.C.P. 1024 violation) — ignored
    No witnesses at February 5, 2026 hearing — excused

**Fact:** Defendant's procedural errors were deemed fatal:

Answer filed December 15, 2023 — stricken as "untimely" (on ground not pleaded)
Failure to attach proposed answer to Petition to Open — deemed fatal
86-page Motion for Reconsideration — denied within 4 hours with no analysis

**Conclusion of Law:** "Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution." *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886).

## XI. JUDGE ZULICK STRUCK ANSWER ON GROUND NOT PLEADED

**Fact:** Plaintiff's Preliminary Objections (filed 1/2/2024) never raised "untimeliness" as a ground to strike the Answer. They challenged only form and substance under Pa.R.C.P. 1028(a)(2), 1017(a), 1019(i), 1026, and 1148.

**Fact:** On March 18, 2024, Judge Zulick struck the Answer as "untimely filed," stating: "Defendant's responsive pleading was filed out of rule, because a judgment had already been entered after an answer was not timely filed."

**Conclusion of Law:** A court cannot sua sponte dismiss on a ground not raised by the parties without notice and opportunity to respond. This violates due process. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).

## XII. VOID JUDGMENT DOCTRINE — OVERWHELMING AUTHORITY

**Fact:** Over 50 cases from federal and state courts establish the void judgment doctrine:

| Jurisdiction | Case | Holding |
| --- | --- | --- |
| U.S. Supreme Court | *Valley*, 254 U.S. 348 | Judgment without jurisdiction void |
| U.S. Supreme Court | *Ex parte Rowland*, 104 U.S. 604 | Void judgment may be attacked anytime |
| U.S. Supreme Court | *Pennoyer*, 95 U.S. 714 | Judgment without personal jurisdiction void |
| U.S. Supreme Court | *Kalb*, 308 U.S. 433 | State court judgment void if violates federal law |
| 1st Circuit | *Lubben v. Selective Service*, 453 F.2d 645 | Void judgment complete nullity |

| Jurisdiction | Case | Holding |
|---|---|---|
| 7th Circuit | *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 | Void judgment may be attacked at any time |
| 10th Circuit | *Orner v. Shalala*, 30 F.3d 1307 | Relief from void judgment mandatory |
| S.D.N.Y. | *Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278 | Judgments without jurisdiction must be set aside |
| Illinois | *People v. Wade*, 506 N.W.2d 954 | Void judgment may be attacked at any time |
| Oklahoma | *Graff v. Kelly*, 814 P.2d 489 | Void on face of judgment roll |
| Texas | *City of Lufkin v. McVicker*, 510 S.W.2d 141 | Absolute nullity |

**Conclusion of Law:** A void judgment has no legal force or effect whatever. It grounds no rights. No statute of limitations runs on its holdings. Matters are not res judicata. It may be attacked whenever and wherever it is interposed.

## XIII. RULE 60(b)(4) — VOID JUDGMENT PRINCIPLES APPLY

Federal Rule of Civil Procedure 60(b)(4) provides that relief from a void judgment is mandatory, not discretionary. *Klutts v. Mitchell*, 690 F. App'x 135, 138 (4th Cir. 2017). The same principle applies under Pennsylvania law. *M & P Management*, 937 A.2d at 403. A judgment is void if the court lacked jurisdiction of the subject matter or parties, or acted in a manner inconsistent with due process. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

## CONCLUSION

The February 9, 2026 Order must be reversed. The December 6, 2023 default judgment is void ab initio and must be stricken.

Respectfully submitted,

**Hericson Torres** ("Defendant")
325 Five Springs Road, Stroudsburg, PA 18360
347-921-0430 (cell/text)
HERICSON@ME.COM
Date: February 27, 2026

**VERIFICATION:** I, Hericson Torres, Defendant in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **Notice of Appeal to the Superior Court of Pennsylvania** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, hereby certify that a true and correct copy of the foregoing **Notice of Appeal to the Superior Court of Pennsylvania** were served upon the following parties on February 27, 2026:

Distribution List:
cc: Michael McKeever at mmckeever@kmllawgroup.com
cc: Geraldine M. Linn at glinn@kmllawgroup.com
cc: Danielle M. DiLeva at ddileva@kmllawgroup.com
cc: Sean Michael Duffy at sduffy@kmllawgroup.com
cc: KML Law Group, P.C. at notice@kmllawgroup.com
cc: Sheriff's Office at civil.division@monroecountypa.gov
cc: Sheriff Nicholas Cirranello at cirranelloforsheriff@gmail.com
cc: Clerk of Court at real.estate.division@monroecountypa.gov
cc: Bid4Assets at service@bid4assets.com and customerservice@bid4asssets.com
cc: Freedom Mortgage Corporation at lossmitigation@freedommortgage.com

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

**/s/ Hericson Torres** ("Defendant")
Date: February 27, 2026

**IN THE COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Plaintiff* | : | **No. 002644-CV-2023** |
| | : | |
| vs. | : | |
| | : | **APPLICATION TO PROCEED** |
| | : | **IN FORMA PAUPERIS** |
| **HERICSON TORRES** | : | |
| *Defendant* | : | |

---

### <u>APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>
### <u>PURSUANT TO Pa.R.A.P. 552</u>

Defendant, Hericson Torres, sui juris and in propria persona, applies to this Court for leave to proceed on appeal in forma pauperis and states:

1. Defendant is not eligible to proceed under Pa.R.A.P. 551 because this is an initial application for in forma pauperis status on appeal.
2. Defendant is unable to pay the fees and costs of appellate review, including the $72.00 Superior Court docketing fee, costs of reproducing the record, and costs of reproducing briefs, due to his financial condition as set forth in the attached Verified Statement.
3. The facts regarding Defendant's financial condition are set forth in the attached Verified Statement, which substantially conforms to the requirements of Pa.R.A.P. 561.
4. This appeal is taken in good faith and raises substantial questions regarding the validity of the underlying judgment, which is void ab initio. The appeal presents numerous meritorious grounds, including but not limited to:

   a. Lack of standing (Plaintiff never holder of note; Freddie Mac owns the loan);
   b. Failure of conditions precedent (Act 6 and Act 91 violations);
   c. CARES Act violation (complaint filed during active forbearance);
   d. Judicial disqualification (Judge Best's prior role as Sheriff's Solicitor);
   e. Fraud upon the court (fraudulent assignments, robo-signing, notary fraud);
   f. Violation of automatic bankruptcy stay;
   g. Due process and equal protection violations;
   h. Void judgment doctrine under controlling U.S. Supreme Court and Pennsylvania authority.
5. Defendant has no funds available to pay appellate costs and fees. Proceeding in forma pauperis is necessary to ensure meaningful access to appellate review and to prevent a deprivation of property without due process of law.
6. Defendant's appeal is not frivolous and seeks review of fundamental jurisdictional defects that render the underlying judgment void.

WHEREFORE, Defendant respectfully requests that this Court grant this Application and permit Defendant to proceed on appeal in forma pauperis without prepayment of costs or fees.

Respectfully submitted,

Page 11 of 23

Case 5:26-bk-00517-MJC   Doc 46   Filed 03/26/26   Entered 03/26/26 14:36:45   Desc
Main Document    Page 17 of 54



**Hericson Torres** ("Defendant")
325 Five Springs Road, Stroudsburg, PA 18360
347-921-0430 (cell/text)
HERICSON@ME.COM
Date: February 27, 2026

**VERIFICATION:** I, Hericson Torres, Defendant in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **Application to Proceed In Forma Pauperis** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, hereby certify that a true and correct copy of the foregoing **Application to Proceed In Forma Pauperis** were served upon the following parties on February 27, 2026:

Distribution List:
cc: Michael McKeever at mmckeever@kmllawgroup.com
cc: Geraldine M. Linn at glinn@kmllawgroup.com
cc: Danielle M. DiLeva at ddileva@kmllawgroup.com
cc: Sean Michael Duffy at sduffy@kmllawgroup.com
cc: KML Law Group, P.C. at notice@kmllawgroup.com
cc: Sheriff's Office at civil.division@monroecountypa.gov
cc: Sheriff Nicholas Cirranello at cirranelloforsheriff@gmail.com
cc: Clerk of Court at real.estate.division@monroecountypa.gov
cc: Bid4Assets at service@bid4assets.com and customerservice@bid4asssets.com
cc: Freedom Mortgage Corporation at lossmitigation@freedommortgage.com

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

**/s/ Hericson Torres** ("Defendant")
Date: February 27, 2026

**IN THE COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Plaintiff* | : | No. 002644-CV-2023 |
| | : | |
| vs. | : | |
| | : | **VERIFIED STATEMENT IN** |
| | : | **SUPPORT OF APPLICATION** |
| **HERICSON TORRES** | : | **TO PROCEED IN FORMA** |
| *Defendant* | : | **PAUPERIS** |

_____

**VERIFIED STATEMENT IN SUPPORT OF APPLICATION TO PROCEED**
**IN FORMA PAUPERIS PURSUANT TO Pa.R.A.P. 561**

**PAUPERIS PURSUANT TO Pa.R.A.P. 561**

I, Hericson Torres, state under the penalties provided by 18 Pa.C.S. § 4904 (unsworn falsification to authorities) that:

1.  I am the Defendant in the above action and because of my financial condition am unable to pay the following fees and costs: appellate filing fees ($72.00 Superior Court docketing fee), costs of reproducing records, and costs of reproducing briefs.
2.  As per HHS Poverty Guidelines my household was/is in poverty for 2024, 2025 and 2026. Total household income is/was below $15,960 in 2025.
3.  My responses to the questions below relating to my ability to pay the fees and costs of prosecuting an appeal are true and correct:

**(a) Are you presently employed?**

[ ] Yes — I am employed at _____ and receive wages of
$_____ per month.

[X] No — I am currently unemployed.

If the answer is no, state the date of your last employment and the amount of the salary and wages per month which you received:

My last employment was approximately July 1, 2025**. I received approximately $1,000** per month.

**(b) Have you received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, pensions, annuities, social security benefits, support payments or other source?**

[X] Yes — I have received the following income within the past twelve months:

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document    Page 19 of 54

| Source of Income | Amount Received |
|---|---|
| Inspection Vendor | $1,000 |
| Valuation Vendor | $4,000 |
| Miscellaneous | $1,000 |

[ ] No — I have received no income of any kind during the past twelve months.

**(c) Do you own any cash or checking or savings account?**

[X] Yes — I own the following:

| Type | Amount |
|---|---|
| Cash on hand | $25 |
| Checking account | $125 |
| Savings account | $ N/A |

[ ] No — I have no cash on hand, and no checking or savings accounts.

**(d) Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?**

[ ] Yes — I own the following:

| Property | Approximate Value | Encumbrances |
|---|---|---|
| Real estate at 325 Five Springs Road, Stroudsburg, PA | $800,000 | Subject to foreclosure action |
| 2015 Nissan Pathfinder | $2,500 | $20,000 |

| Property | Approximate Value | Encumbrances |
|---|---|---|
| 2019 Toyota RAV4 | $4,500 | $40,000 |
| Stocks/bonds | $_____ | None |
| Other: _____ | $_____ | None |

[X] No — I own no stocks, bonds, notes, or other valuable property aside from the real property that is the subject of this foreclosure action.

**(e) List the persons, if any, who are dependent upon you for support and state your relationship to those persons.**

| Name | Relationship |
|---|---|
| Leigh Torres | Spouse |

**(f) List all your debts and obligations.**

| Creditor | Nature of Debt | Amount Owed |
|---|---|---|
| Freedom Mortgage Corporation | Disputed mortgage debt (subject of this action) | $328,000 (claimed) |
| VARIOUS COMPANIES | Credit card debt | $30,000 |
| Hospital / Local Providers | Medical bills | $1,000 |
| Pathfinder & RAV4 | Auto loan | $60,000 |

3. I have no assets, income, or financial resources with which to pay the costs and fees associated with prosecuting this appeal. Requiring prepayment of fees would effectively deny me access to appellate review and result in the deprivation of my property without due process of law.

4. I understand that a false statement or answer to any question in this verified statement will subject me to the penalties provided by law (misdemeanor of the second degree) under 18 Pa.C.S. § 4904.

Respectfully submitted,

**Hericson Torres** ("Defendant")
325 Five Springs Road, Stroudsburg, PA 18360
347-921-0430 (cell/text)
HERICSON@ME.COM
Date: February 27, 2026

**VERIFICATION:** I, Hericson Torres, Defendant in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **Verified Statement in Support of Application to Proceed In Forma Pauperis** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, hereby certify that a true and correct copy of the foregoing **Verified Statement in Support of Application to Proceed In Forma Pauperis** were served upon the following parties on February 27, 2026:

Distribution List:
cc: Michael McKeever at mmckeever@kmllawgroup.com
cc: Geraldine M. Linn at glinn@kmllawgroup.com
cc: Danielle M. DiLeva at ddileva@kmllawgroup.com
cc: Sean Michael Duffy at sduffy@kmllawgroup.com
cc: KML Law Group, P.C. at notice@kmllawgroup.com
cc: Sheriff's Office at civil.division@monroecountypa.gov
cc: Sheriff Nicholas Cirranello at cirranelloforsheriff@gmail.com
cc: Clerk of Court at real.estate.division@monroecountypa.gov
cc: Bid4Assets at service@bid4assets.com and customerservice@bid4asssets.com
cc: Freedom Mortgage Corporation at lossmitigation@freedommortgage.com

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

**/s/ Hericson Torres** ("Defendant")
Date: February 27, 2026

**IN THE COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HERICSON TORRES** | : | |
| *Appellant* | : | **No. 002644-CV-2023** |
| | : | |
| vs. | : | |
| | : | **EMERGENCY APPLICATION** |
| | : | **FOR STAY PENDING APPEAL** |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Appellee* | : | |

---

**EMERGENCY APPLICATION FOR STAY PENDING APPEAL**
**PURSUANT TO Pa.R.A.P. 1732 (b)**

Appellant, HERICSON TORRES, sui juris and in propria persona, respectfully files this Emergency Application for Stay Pending Appeal and represents:

**I. PROCEDURAL POSTURE AND BASIS FOR EMERGENCY RELIEF**

1. On December 6, 2023, a default judgment was entered against Appellant in the Court of Common Pleas of Monroe County at No. 002644-CV-2023.
2. On February 9, 2026, the trial court denied Appellant's Petition to Strike Default Judgment. Appellant has appealed that order to this Court.
3. On February 19, 2026, the trial court denied Appellant's request for a stay of the sheriff's sale. (February 19, 2026 Order, attached hereto as Exhibit "B").
4. On February 26, 2026, Appellant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Pennsylvania, Case No. 5:26-bk-00517. The automatic stay under 11 U.S.C. § 362(a) took effect immediately upon filing.
5. Notice of the bankruptcy filing was served on Plaintiff's counsel, KML Law Group, P.C., by email at 9:50 AM on February 26, 2026. Counsel acknowledged receipt.
6. Despite actual notice, Plaintiff's counsel, Michael McKeever, Esq., responded by email at 10:36 AM stating: "Freedom is proceeding to sheriff sale." A letter to the Sheriff similarly claimed, incorrectly, that no stay applied. The sheriff's sale was conducted later that day in willful violation of the automatic stay.
7. Application for a stay was made to the trial court on February 19, 2026, and was denied. This Application is therefore properly made to the Superior Court under Pa.R.A.P. 1732(b).

**II. THE UNDERLYING JUDGMENT IS VOID AB INITIO AND CANNOT BE ENFORCED**

A void judgment is a legal nullity and cannot be enforced. *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920); *Ex parte Rowland*, 104 U.S. 604, 617 (1882). The December 6, 2023 default judgment is void for multiple independent reasons:

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document    Page 23 of 54

| Defect | Authority |
|---|---|
| **Lack of Standing** – Plaintiff never holder of note; Freddie Mac owns loan | 13 Pa.C.S.A. § 3301; *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *M & P Management v. Williams*, 937 A.2d 398 (Pa. 2007) |
| **Act 6/91 Violations** – Stale notices (10/28/20); USPS "Label Created"; no proof of mailing | *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547 (Pa. 2013) |
| **CARES Act Violation** – Complaint filed during active forbearance (2/1/23-7/31/23) | CARES Act § 4022; *Testa v. Katt*, 330 U.S. 386 (1947) |
| **Judicial Disqualification** – Judge Best served as Sheriff's Solicitor in this case | *Williams v. Pennsylvania*, 579 U.S. 1 (2016); Pa. Code Jud. Conduct Rule 2.11 |
| **Fraud on the Court** – Fraudulent assignments; robo-signing; notary fraud | *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) |
| **Bifurcation** – Note sold to Freddie Mac; assignments of mortgage alone are nullities | *Carpenter v. Longan*, 83 U.S. 271 (1872) |
| **Notice Defects** – Orders mailed to wrong address; no opportunity to be heard | *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) |

## III. LIKELIHOOD OF SUCCESS ON APPEAL

Appellant's likelihood of success is extraordinarily high. The judgment is void. A void judgment may be attacked at any time, in any court, directly or collaterally. *Ex parte Rowland*, 104 U.S. 604 (1882). Relief from a void judgment is mandatory, not discretionary. *Orner v. Shalala*, 30 F.3d 1307 (10th Cir. 1994); *M & P Management*, 937 A.2d at 403. Over 50 cases from federal and state courts establish that judgments entered without jurisdiction are void and must be vacated. (See Exhibit "C," attached, compiling authorities.)

## IV. IRREPARABLE HARM ABSENT A STAY

If enforcement proceeds, Appellant will suffer irreparable harm for which there is no adequate remedy at law:

    Loss of his primary residence
    Clouding of title to real property
    Deprivation of constitutional rights (due process, equal protection)

Execution on a judgment that is void ab initio
Transfer of real property under unlawful process
Eviction based on orders entered by a disqualified judge

"The loss of real property through foreclosure constitutes irreparable harm for which there is no adequate remedy at law." *First Union National Bank v. F.A. Realty Investors Corp.*, 812 A.2d 719, 723 (Pa. Super. 2002). "The deprivation of a person's home is a matter of the utmost gravity." *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 553 (Pa. 2013).

## V. HARM TO OTHER PARTIES

Plaintiff will suffer no prejudice from a brief stay. Plaintiff has waited over two years to enforce a void judgment; a short delay to allow appellate review of fundamental jurisdictional defects imposes no cognizable harm. A stay merely preserves the status quo pending determination of substantial legal questions. *Valley Trust v. Lapinsky*, 447 A.2d 630, 633 (Pa. Super. 1982).

Plaintiff has no cognizable interest in enforcing a void judgment. No harm to Plaintiff exists because Plaintiff has no valid claim.

## VI. PUBLIC INTEREST

The public interest strongly favors:

Preserving property rights and the integrity of land records
Upholding constitutional guarantees of due process and equal protection
Preventing unlawful seizures under void judgments
Ensuring that only parties with standing invoke judicial power
Maintaining public confidence in the judiciary by refusing to enforce judgments obtained through fraud or by a disqualified judge
Preventing enforcement of judgments obtained in violation of federal bankruptcy law

## VII. THE SHERIFF'S SALE OF FEBRUARY 26, 2026 WAS CONDUCTED IN WILLFUL VIOLATION OF THE AUTOMATIC BANKRUPTCY STAY AND IS VOID

On February 26, 2026, Appellant filed a Chapter 7 bankruptcy petition. The automatic stay under 11 U.S.C. § 362(a) took effect immediately upon filing. *In re Smith*, 876 F.2d 524, 525 (6th Cir. 1989). Notice was served on Plaintiff's counsel by 9:50 AM. Counsel responded at 10:36 AM: "Freedom is proceeding to sheriff sale." The sheriff's sale proceeded later that day.

Section 362(c)(4)(A) requires **two or more cases pending within the previous 365-day period**. The filing dates are:

February 27, 2025
June 27, 2025 (120 days later — within the year)
February 26, 2026 (246 days after June 27, 2025 — **outside** the 365-day window)

Therefore, the automatic stay is in full force and effect.

Actions taken in violation of the automatic stay are void ab initio, not merely voidable. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994); *In re Soares*, 107 F.3d 969, 976 (1st Cir. 1997). Willful violations subject the violator to actual and punitive damages under 11 U.S.C. § 362(k). *In re Lansdale Family*

*Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992). Knowledge of the filing is sufficient to establish willfulness; bad faith or specific intent is not required. *In re University Med. Ctr.*, 973 F.2d 1065, 1087-88 (3d Cir. 1992).

The sheriff's sale is void. Any title purportedly transferred is a nullity. A stay is necessary to prevent further void acts and to protect the jurisdiction of the bankruptcy court.

## VIII. RELIEF REQUESTED

Appellant requests that this Court:

1. **IMMEDIATELY STAY** all enforcement proceedings, including any sheriff's sale, eviction, writ of possession, or transfer of title to Appellant's property located at 325 Five Springs Road, Stroudsburg, PA 18360, pending resolution of this appeal;
2. **DECLARE** that the February 26, 2026 sheriff's sale is void ab initio for violating the automatic stay;
3. **ENJOIN** Plaintiff, its agents, successors, assigns, and all parties acting in concert with them from taking any action to enforce the December 6, 2023 default judgment;
4. **SET** an expedited briefing schedule; and
5. **GRANT** such other and further relief as justice requires.

Respectfully submitted,

**Hericson Torres** ("Defendant")
325 Five Springs Road, Stroudsburg, PA 18360
347-921-0430 (cell/text)
HERICSON@ME.COM
Date: February 27, 2026

**VERIFICATION:** I, Hericson Torres, Defendant in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **Emergency Application for Stay Pending Appeal** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, hereby certify that a true and correct copy of the foregoing **Emergency Application for Stay Pending Appeal** were served upon the following parties on February 27, 2026:

Distribution List:
cc: Michael McKeever at mmckeever@kmllawgroup.com
cc: Geraldine M. Linn at glinn@kmllawgroup.com
cc: Danielle M. DiLeva at ddileva@kmllawgroup.com
cc: Sean Michael Duffy at sduffy@kmllawgroup.com
cc: KML Law Group, P.C. at notice@kmllawgroup.com
cc: Sheriff's Office at civil.division@monroecountypa.gov
cc: Sheriff Nicholas Cirranello at cirranelloforsheriff@gmail.com
cc: Clerk of Court at real.estate.division@monroecountypa.gov
cc: Bid4Assets at service@bid4assets.com and customerservice@bid4asssets.com
cc: Freedom Mortgage Corporation at lossmitigation@freedommortgage.com

*I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.*

Respectfully submitted,

**/s/ Hericson Torres** ("Defendant")
Date: February 27, 2026


**<u>EXHIBITS ATTACHED:</u>**

**Exhibit A**: Copy of the February 9, 2026 Order denying Petition to Strike Default Judgment.

**Exhibit B**: Copy of the February 17, 2026 Order denying First Motion for Reconsideration.

**Exhibit C**: Copy of the February 19, 2026 Order denying Secon Motion for Reconsideration.

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document    Page 27 of 54

**IN THE COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Plaintiff* | : | No. 002644-CV-2023 |
| | : | |
| vs. | : | |
| | : | **VERIFICATION** |
| | : | |
| **HERICSON TORRES** | : | |
| *Defendant* | : | |
| | : | |

## VERIFICATION

Hericson Torres, being duly sworn deposes and says; That he has read the foregoing **Notice of Appeal to the Superior Court of Pennsylvania, Application to Proceed In Forma Pauperis, Verified Statement in Support of Application to Proceed In Forma Pauperis and Emergency Application for Stay Pending Appeal** and knows the contents thereof; That the same is true to his **personal** knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he believes them to be true.

I, Hericson Torres, Defendant in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in the documents are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Respectfully submitted,

**Hericson Torres** ("Defendant")
325 Five Springs Road, Stroudsburg, PA 18360
347-921-0430 (cell/text)
HERICSON@ME.COM
Date: February 27, 2026

| | | |
|---|---|---|
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Plaintiff* | : | **No. 002644-CV-2023** |
| | : | |
| vs. | : | |
| | : | **CERTIFICATION OF SERVICE** |
| | : | |
| **HERICSON TORRES** | : | |
| *Defendant* | : | |
| | : | |

---

## CERTIFICATION OF SERVICE

I, Hericson Torres, hereby certify that a true and correct copy of the foregoing **Notice of Appeal to the Superior Court of Pennsylvania, Application to Proceed In Forma Pauperis, Verified Statement in Support of Application to Proceed In Forma Pauperis and Emergency Application for Stay Pending Appeal** were served via email upon the following parties on February 27, 2026:

Distribution List:
cc: Michael McKeever at mmckeever@kmllawgroup.com
cc: Geraldine M. Linn at glinn@kmllawgroup.com
cc: Danielle M. DiLeva at ddileva@kmllawgroup.com
cc: Sean Michael Duffy at sduffy@kmllawgroup.com
cc: KML Law Group, P.C. at notice@kmllawgroup.com
cc: Sheriff's Office at civil.division@monroecountypa.gov
cc: Sheriff Nicholas Cirranello at cirranelloforsheriff@gmail.com
cc: Clerk of Court at real.estate.division@monroecountypa.gov
cc: Bid4Assets at service@bid4assets.com and customerservice@bid4asssets.com
cc: Freedom Mortgage Corporation at lossmitigation@freedommortgage.com

Respectfully submitted,

**Hericson Torres** ("Defendant")
325 Five Springs Road, Stroudsburg, PA 18360
347-921-0430 (cell/text)
HERICSON@ME.COM
Date: February 27, 2026

# Exhibit "A"
(ORDER DENYING PETITION TO STRIKE DEFAULT JUDGMENT)
(FEBRUARY 9, 2026)

NOTICE OF APPEAL TO SUPERIOR COURT FILED 2-27-2026

**IN THE COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEDOM MORTGAGE** | : | |
| **CORPORATION** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **No. 2644-CV-2023** |
| | : | |
| **HERICSON TORRES** | : | **PETITION TO OPEN JUDGMENT** |
| **Defendant** | : | |
| | : | |

**OPINION**

Defendant, Hericson Torres, filed a Petition to Open/Vacate Default Judgment on January 15, 2026 seeking to Open and Vacate the Default Judgment entered on December 6, 2023. Hearing was held on February 5, 2026. The matter is now ripe for disposition.

The Court will not re-summarize the facts or procedural history of this case. Judge Zulick's Opinion dated May 31, 2024 does so succinctly.

**DISCUSSION**

A default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint. McFarland v. Whitham, 518 Pa. 496, 544 A.2d 929 (1988); Seeger v. First Union National Bank, 836 A.2d 163 (Pa. Super. 2003). Moreover, the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. Seeger, supra.

The timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay. Castings Condominium Association v. Klein, 444 Pa. Super. 68, 663 A.2d 220, 223 (1995) (citations omitted).

In this case, there is a separate question of whether the doctrines of collateral estoppel, res judicata, and/or law of the case doctrine apply to Judge Zulick's Order dated May 31, 2024 in which Judge Zulick issued an Opinion and Order addressing an earlier Petition to Open Default Judgment filed by the Mr. Torres.

The Court addresses Judge Zulick's Order first and then addresses the merits of the instant Petition next.

**Judge Zulick's Order and its Preclusive Effect**

The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. Commonwealth v. McCandless, 880 A.2d 1262, 1267 (Pa.Super.2005), appeal dismissed as improvidently granted, 593 Pa. 657, 933 A.2d 650 (2007) (quoting Commonwealth v. Starr, 541 Pa. 564, 664 A.2d 1326, 1331 (1995)).The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy ... but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain

consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end. Id.

Under Pennsylvania law, the doctrine of law of the case does not have an absolute preclusive effect. Benson v. Benson, 425 Pa.Super. 215, 624 A.2d 644, 647 (1993), appeal denied, 536 Pa. 637, 639 A.2d 22 (1994). However, instances which may justify deviation from a prior ruling should be limited to "exceptional circumstances." See McCandless, 880 A.2d at 1268. Examples of such "exceptional circumstances" may include an intervening change in the law, a substantial change in the facts, or if the prior ruling was "clearly erroneous" and "would create a manifest injustice if followed." Id.

The doctrines of res judicata and collateral estoppel are related, but distinct from the law of the case doctrine. These doctrines are also more preclusive than the law of the case doctrine; however, we need not discuss or review the issues of res judicata or collateral estoppel as the law of the case doctrine so neatly applies.

Simply put, there are no exceptional circumstances here which would justify deviation from Judge Zulick's Order. While Mr. Torres alleges new facts that were not present at the time he filed his Petition to Open in 2024, the facts alleged go to the underlying merits of the case – not the timeliness of the Petition or the explanation for the delay. Facts relating to the merits of the underlying case would only serve to bolster Mr. Torres's position regarding the third prong: whether he has a meritorious defense. Since Judge Zulick did not deny the Petition on the third prong, these facts do not change Judge Zulick's analysis. To the contrary, Judge Zulick specifically found that Mr.

Torres "has not met the first two requirements to open the judgment." (May 31, 2024 Opinion, p. 6).

Mr. Torres has provided no new facts regarding the timeliness of his Petition nor his excuse for failing to file a responsive pleading. The explanations provided to the Court were the same as those provided to Judge Zulick in 2024.

For consistency, predictability, and finality, this Court will apply the law of the case doctrine in this case. Judge Zulick's Order shall not be disturbed. That being said, for completeness, thoroughness, and fairness to Mr. Torres, this Court will conduct an independent analysis on the merits of the instant Petition to Open.

The Court also notes that Mr. Torres stated in open Court that Judge Zulick denied the Petition because he did not attach a proposed Answer to his Petition. While Judge Zulick did state that the Answer was not attached, Judge Zulick specifically found that the Petition to Open contained allegations which may present a meritorious defense. As a result, Judge Zulick denied the Petition for failure to meet prongs (1) and (2) of the three-prong test – not for failure to attach an Answer.

### Petition to Open

Mr. Torres fails to establish that the filing of this Petition was prompt and fails to establish a reasonable excuse or explanation for failing to file a responsive pleading. Even if we are to assume that Mr. Torres presents a meritorious defense to the allegations contained in the Complaint, in order for the Court to grant Mr. Torres's Petition, Mr. Torres must meet all three prongs. The failure to meet prongs (1) and (2) is fatal to Mr. Torres's Petition. We will take each prong in turn.

The timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay. <u>Castings Condominium Association v. Klein</u>, 444 Pa. Super. 68, 663 A.2d 220, 223 (1995) (citations omitted).

At the time Judge Zulick issued the Order on May 31, 2024, the Petition to Open was filed 139 days after Plaintiff took the default judgment. As Judge Zulick has noted, the Superior Court has found that a "prompt" and timely filing of a Petition to Open is less than one month. <u>US Bank N.A. v. Mallory</u>, 982 A.2d 986, 995 (Pa. Super. 2009). The instant Petition was filed 772 days after Plaintiff took the default judgment. This is far beyond the one month discussed in <u>Mallory</u>.

Here, Mr. Torres testified that he became aware of the judgment on December 14, 2023. He did not file the first Petition until April 23, 2024 (two days before a sheriff's sale of his property). He did not file the instant Petition until January 16, 2026 (13 days before a sheriff's sale of his property). Even using the date of discovery of the judgment (rather than the date of the judgment), this cannot be considered "prompt" under the <u>Mallory</u> standard.

Nevertheless, the Court turns to prong two: whether there is a reasonable excuse for failing to file a responsive pleading. The Court questioned Mr. Torres as to explanation for the delay. Mr. Torres's response was that he had "new evidence" that was not available at the time of Judge Zulick's Order. The problem for Mr. Torres is that this is not a reasonable excuse for failing to file a responsive pleading. The new

evidence Mr. Torres was referring to was evidence as to the merits of the underlying case. Mr. Torres continued to refer to the issues with the assignment of the note/mortgage and whether Plaintiff had standing to pursue to the action. These are the same issues that Mr. Torres raised in the prior Petition to Open. Even if there was "new evidence" showing the likelihood of success on the merits in the underlying case, it does not establish a reasonable excuse for failing to file a responsive pleading. Mr. Torres could have filed Preliminary Objections or an Answer to the Complaint at any time prior to Plaintiff's entry of Default Judgment. Mr. Torres could have sought discovery regarding the validity of the note and mortgage after filing a responsive pleading. The "new evidence" does not provide any explanation for the failure to file a responsive pleading.

Indeed, when pressed, Mr. Torres's only explanation for why he did not file a responsive pleading is that he did not receive the 10 Day Notice required by Pa.R.C.P. 237.1 until December 14, 2024 – after the entry of the Default Judgment. This was considered by Judge Zulick. As Judge Zulick noted, Mr. Torres still waited from December 14, 2024 until April 23, 2024 to file the Petition to Open. As Judge Zulick noted, this was not promptly filed.

Mr. Torres also stated that he believed the case was stayed since he filed a Certificate of Participation in the foreclosure diversion program on June 1, 2023. However, the Order dated July 18, 2023 lifted the stay. Mr. Torres stated he did not receive a copy of this Order. While this may be true, it does not explain the failure to act from December 14, 2024 until April 23, 2024. Moreover, it does not explain the failure to act from May 31, 2024, when Judge Zulick issued the Order, until January 16, 2026

when he filed the instant Petition. Mr. Torres did not appeal Judge Zulick's Order, did not request reconsideration of the Order, and did not file the instant Petition until approximately 8 months after the Order.

Thus, while the law of the case doctrine dictates that this matter should not be relitigated and Judge Zulick's Order should be adopted, Mr. Torres nevertheless failed to meet prongs (1) and (2) of the three-prong test for opening a default judgment. This conclusion is reached independently of Judge Zulick's Order.

**IN THE COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEDOM MORTGAGE** | : | |
| **CORPORATION** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **No. 2644-CV-2023** |
| | : | |
| **HERICSON TORRES** | : | **PETITION TO OPEN JUDGMENT** |
| **Defendant** | : | |
| | : | |

## <u>ORDER</u>

**AND NOW,** this 9th day February, 2026, upon consideration of Defendant's Petition to Open/Strike Default Judgment, the same is **DENIED** for the reasons contained in the attached opinion.

**BY THE COURT:**

_____

**Patrick J. Best, J.**

cc:    Geraldine M. Linn, Esq.
       Danielle M. Dileva, Esq.
       Hericson Torres, pro se

# Exhibit "B"
(COPY OF ORDER DENYING FIRST MOTION FOR RECONSIDERATION)
(FEBRUARY 17, 2026)

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

FREEDOM MORTGAGE CORPORATION, : No. 002644-CV-2023
:
     Plaintiff : 
:
vs. :
:
HERICSON TORRES, :
:
     Defendant :
:

## O R D E R

**AND NOW,** this 17th day of February, 2026, upon consideration of Defendant's Motion for Reconsideration, said Motion is hereby **DENIED**. The Court sees no basis to reconsider its Order dated February 9, 2026.

**BY THE COURT:**

_____
**Hon. Patrick Best, J.**

cc:    Geraldine M Linn, Esq.
       Danielle M Dileva, Esq.
       Hericson Torres
       Court Administration

1

# Exhibit "C"
(COPY OF ORDER DENYING SECON MOTION FOR RECONSIDERATION)
(FEBRUARY 19, 2026)

NOTICE OF APPEAL TO SUPERIOR COURT FILED 2-27-2026

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEDOM MORTGAGE CORPORATION,** | : | No.   002644-CV-2023 |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **HERICSON TORRES,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## O R D E R

**AND NOW,** this 19th day of February, 2026, upon consideration of Defendant's Second Motion for Reconsideration, the same is **DENIED**. This Court has issued an Opinion on two separate Petitions to Strike Default Judgment and provided reasons for denying both Petitions. The Court sees no basis to reconsider its most recent Order denying Defendant's Petition to Strike Default Judgment.

To the extent that Defendant's Motion requests a stay of the sheriff's sale, the same is **DENIED**. As the Petition to Strike Default Judgment was denied, there is no basis to stay the sale.

To the extent that Defendant requests through his Motion an Appeal to the Superior Court, the Defendant is advised that an appeal must comply with the Pennsylvania Rules of Appellate Procedure including Pa. R.A.P. 902.

1

**BY THE COURT:**

**Hon. Patrick Best, J.**

cc:   Geraldine M Linn, Esq.
      Danielle M Dileva, Esq.
      Hericson Torres
      Court Administration

2

From: HERICSON hericson@me.com

Subject: Notice of Appeal with Exhibits, being filed 2-27-2026

Date: February 27, 2026 at 2:01:05 PM

To: Michael McKeever mmckeever@kmllawgroup.com, Hericson Torres hericson@me.com

Cc: Notice notice@kmllawgroup.com, real.estate.division@monroecountypa.gov, civil.division@monroecountypa.gov, cirranelloforsheriff@gmail.com, Danielle DiLeva ddileva@kmllawgroup.com, glinn@kmllawgroup.com, sduffy@kmllawgroup.com, lossmitigation@freedommortgage.com, service@bid4assets.com, customerservice@bid4assets.com

Please accept this email as formal service of the following documents filed today with the Monroe County Court of Common Pleas, Prothonotary's Office, in the above-captioned matter:

1. **Notice of Appeal** to the Superior Court of Pennsylvania from the February 9, 2026 Order denying Defendant's Petition to Strike Default Judgment (attached);
2. **Application to Proceed In Forma Pauperis on Appeal** (attached);
3. **Verified Statement in Support of In Forma Pauperis Application** pursuant to Pa.R.A.P. 561 (attached);
4. **Emergency Application for Stay Pending Appeal** (filed separately with the Superior Court of Pennsylvania; copy attached for notice).

TO THE MONROE COUNTY PROTHONOTARY AND CLERK OF COURTS: The foregoing documents will be filed electronically through the C-Track E-Filing Portal. Kindly process same for the record and provide file-stamped copies as available.

TO PLAINTIFF, FREEDOM MORTGAGE CORPORATION, AND ITS COUNSEL, KML LAW GROUP, P.C.: Please take notice that Defendant has appealed the February 9, 2026 Order denying his Petition to Strike Default Judgment. The appeal is based on fundamental jurisdictional defects that render the December 6, 2023 default judgment VOID AB INITIO, including but not limited to:

- Plaintiff's lack of standing (Exhibit C shows note endorsed to PrimeLending only; Freddie Mac purchased the loan on October 3, 2016);
- Failure to comply with mandatory Act 6 and Act 91 notice requirements (jurisdictional defects);
- Violation of the CARES Act (Complaint filed during active forbearance period);
- Fraud upon the court (fraudulent assignments, robo-signing, notary fraud);
- Judicial disqualification (Judge Best's prior role as Sheriff's Solicitor in this case);

- Violation of the automatic bankruptcy stay (sheriff's sale conducted February 26, 2026 in willful violation of 11 U.S.C. § 362).

DEMAND FOR IMMEDIATE CESSATION OF ALL ENFORCEMENT ACTIVITY

You are hereby formally demanded to CEASE AND DESIST all enforcement activity related to the December 6, 2023 default judgment, including but not limited to:
- Any efforts to confirm or perfect the February 26, 2026 sheriff's sale;
- Any eviction proceedings;
- Any deed transfers or recording of same;
- Any collection efforts or demands for payment.

The February 26, 2026 sheriff's sale was conducted in willful violation of the automatic bankruptcy stay. Under 11 U.S.C. § 362, such actions are VOID AB INITIO. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). Willful violations subject the violator to actual and punitive damages under 11 U.S.C. § 362(k). *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992).

Your failure to immediately cease and desist and to take affirmative steps to undo the void sale will result in:
- A motion for sanctions in the bankruptcy court;
- A civil action under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of law;
- Referral to the Pennsylvania Disciplinary Board for ethical violations;
- Referral to the U.S. Attorney for criminal contempt.

TO THE MONROE COUNTY SHERIFF'S OFFICE AND SHERIFF NICHOLAS CIRRANELLO:
Please take notice that the judgment underlying the February 26, 2026 sheriff's sale is void. The sale was conducted in violation of the automatic bankruptcy stay, rendering the sale void ab initio. *In re Siciliano*, 13 F.3d at 751.

As an independent ministerial officer, you have both the authority and the duty to inquire into the lawfulness of process before executing upon it. *Commonwealth v. McFadden*, 299 A.2d 324 (Pa. 1973). A sheriff who executes a void writ may be held personally liable under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of law. *Pierson v. Ray*, 386 U.S. 547 (1967).

Formal notice of the void judgment was previously served upon your office on January 14, 2026. That notice was ignored, and the sale proceeded in violation of federal law.

You are hereby demanded to:
- Refrain from issuing any deed or taking any further action to perfect the February 26, 2026 sale;
- Notify Bid4Assets immediately that the sale is void and must be rescinded;
- Preserve all records relating to this matter pending further court orders.

TO BID4ASSETS: Please take notice that the February 26, 2026 sheriff's sale of the property located at 325 Five Springs Road, Stroudsburg, PA 18360, was conducted in violation of the automatic bankruptcy stay and is void. Any deed, title, or right purportedly transferred is a legal nullity. You are hereby demanded to cease all processing of this sale and to take no further action to facilitate any transfer of title. Thank you,

HERICSON
"sky is the limit"
PSALMS 19:1

"Condemnation without investigation is the height of ignorance." — Albert Einstein
"When injustice becomes law, resistance becomes duty." — Thomas Jefferson
"Rebellion to Tyrants is Obedience to GOD." — Benjamin Franklin

On Feb 26, 2026, at 11:10 AM, HERICSON <hericson@me.com> wrote:

Mr. McKeever and Counsel:

I am in receipt of your email stating that "Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place." This statement contains multiple legal errors that I must bring to your immediate attention.

1. The Automatic Stay is Self-Executing Upon Filing

The automatic stay under 11 U.S.C. § 362(a) is not optional. It operates immediately and automatically upon the filing of a bankruptcy petition, regardless of any party's opinion about its applicability. In re Smith, 876 F.2d 524, 525 (6th Cir. 1989) ("The automatic stay is one of the

fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It springs into being without formal court action."). Your client does not have the authority to unilaterally "proceed" based on its own interpretation of § 362(c)(4).

## 2. Your "3 Filings in 1 Year" Calculation is Mathematically Incorrect

You claim this is the "3rd bankruptcy filing in a year." The dates tell a different story:

Filing Date Days Since Prior Filing
February 25, 2025 —
June 27, 2025 122 days
February 26, 2026 244 days

A "year" under the Bankruptcy Code is measured as 365 days. My prior filing was 244 days ago—well outside any 365-day window. Even under the strictest interpretation of § 362(c)(4), the automatic stay remains in full force and effect.

## 3. Even if § 362(c)(4) Applied (It Does Not), You Cannot Self-Help

Section 362(c)(4) addresses cases where multiple filings occur within a one-year period. It does not eliminate the automatic stay entirely. It provides that the stay terminates only with respect to the debtor on the 30th day after filing unless the court extends it. In re Paschal, 337 B.R. 274, 278 (Bankr. E.D.N.C. 2006). It does not authorize a creditor to proceed immediately upon filing. Even in multiple-filing scenarios, creditors must seek relief from the stay from the bankruptcy court. 11 U.S.C. § 362(d).

## 4. Proceeding with the Sale Violates the Automatic Stay

Any action to proceed with a sheriff's sale while a bankruptcy petition is pending violates § 362(a)(1)-(5). Such actions are void, not merely voidable. In re Soares, 107 F.3d 969, 976 (1st Cir. 1997) ("Actions taken in violation of the automatic stay are void ab initio."). The Third Circuit agrees. In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994) (actions in violation of automatic stay are void).

## 5. Consequences of Willful Violation

If your client proceeds despite actual notice of the bankruptcy filing—which you have now received—you risk:

Consequence Authority

Actual damages 11 U.S.C. § 362(k)(1)

Punitive damages for willful violation In re Lansdale Family Rests., Inc., 977 F.2d 826, 829 (3d Cir. 1992)

Attorneys' fees and costs 11 U.S.C. § 362(k)(1)

Sanctions against counsel Fed. R. Bankr. P. 9011; In re Taylor, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003)

6. Immediate Demand

I demand that you:

a. IMMEDIATELY CEASE all efforts to proceed with the sheriff's sale scheduled for today;

b. IMMEDIATELY NOTIFY the Monroe County Sheriff's Office and Bid4Assets that the sale is stayed by operation of law;

c. CONFIRM IN WRITING within one hour that no sale will proceed.

If your client proceeds with this sale despite actual notice of the bankruptcy filing, I will have no choice but to:

1. File an emergency motion for sanctions in bankruptcy court or elsewhere
2. Seek actual and punitive damages under § 362(k)(1);
3. Report this conduct to the Pennsylvania Attorney General's Office and the U.S. Trustee;
4. Seek sanctions against counsel personally for willful violation of the automatic stay.

The automatic stay is not optional. It is not subject to creditor interpretation. It is the law. Please govern yourselves accordingly.

Thank you,

*HERICSON*
*"Rebellion to Tyrants is obedience to GOD." —Benjamin Franklin*

> On Feb 26, 2026, at 10:36 AM, Michael McKeever <mmckeever@kmllawgroup.com> wrote:

Freedom is proceeding to sheriff sale , this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place. A letter is on its way as well.

Thank you.

Michael McKeever, Esq.

KML LAW GROUP, P.C.

New Jersey & Pennsylvania

Suite 5000

701 Market Street

Philadelphia, Pennsylvania 19106

www.kmllawgroup.com

mmckeever@kmllawgroup.com

office: 215-825-6303

fax 215-627-7734

mobile: 610-662-4798

*Please note, if you are not a client of KML Law Group, any information provided is not legal advice, and we are obligated and required to advise unrepresented parties to contact their own attorney for legal advice. If you require reinstatement (bring current) or payoff figures, please email figures@kmllawgroup.com. You can reach our home retention/loss mitigation department via email homeretention@kmllawgroup.com.*

---

**From:** HERICSON <hericson@me.com>

**Sent:** Thursday, February 26, 2026 9:50 AM

**To:** Hericson Torres <hericson@me.com>; Notice <notice@kmllawgroup.com>; real.estate.division@monroecountypa.gov <real.estate.division@monroecountypa.gov>; civil.division@monroecountypa.gov <civil.division@monroecountypa.gov>; cirranelloforsheriff@gmail.com <cirranelloforsheriff@gmail.com>

**Cc:** Michael McKeever <mmckeever@kmllawgroup.com>; leighnflanagan@aol.com <leighnflanagan@aol.com>

**Subject:** Bankruptcy Filing for Case 002644-CV-2023

Please see attached Bankruptcy filing. The bankruptcy was filed and freedom mortgage's attorney is cc'd in this email.

Thank you,

*HERICSON*

*"Rebellion to Tyrants is obedience to GOD." —Benjamin Franklin*

This firm is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you are in bankruptcy or have previously received a discharge in bankruptcy, or if you are a successor in interest to the borrower who has not assumed the debt, this correspondence is not and should not be construed to be an attempt to collect a debt, and is for informational purposes only. This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this email to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this email in error, please immediately notify the sender by reply email, and delete all copies of this communication from your computer and network. Thank you. Please visit our website www.kmllawgroup.com for answers to frequently asked questions. If you are not satisfied with the service and responsiveness from our office, or would like to escalate a matter for further attention, please email us at problems@kmllawgroup.com. NOTICE REGARDING ELECTRONIC COMMUNICATION: If you wish to opt out of electronic communication, please forward this email to Notice@kmllawgroup.com, with the word "STOP" in the subject line of the email. Please be advised that we may still be required to send you statutory and court-mandated notices pursuant to applicable law.



Notice of Ap...27-2026.pdf
647 KB

# EXHIBIT B
(SUPERIOR COURT DOCKET SHEET AS OF MARCH 26, 2026)

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document        Page 51 of 54

1:02 P.M.

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:  634 EDA 2026**

**Page 1 of 2**

**March 26, 2026**

| CAPTION |
|---|

Freedom Mortgage Corporation

v.

Hericson Torres
   Appellant

| CASE INFORMATION |
|---|

Initiating Document:      Notice of Appeal - IFP Pending

Case Status:      Active

Case Processing Status:      March 11, 2026      Awaiting Original Record

Journal Number:

Case Category:      Civil      Case Type(s):      Mortgage Foreclosure

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| SCHEDULED EVENT |
|---|

Next Event Type: Original Record Received      Next Event Due Date: April 28, 2026

| COUNSEL INFORMATION |
|---|

**Appellant**      **Torres, Hericson**

Pro Se:      Yes

IFP Status:      Pending

     Pro Se:      Hericson Torres

     Address:      325 Five Springs Road
               Stroudsburg, PA 18360

     Phone No:      (347) 921-0430      Fax No:

**Appellee**      **Freedom Mortgage Corporation**

Pro Se:      No

IFP Status:

     Attorney:      Linn, Geraldine M.

     Law Firm:      KML Law Group, PC

     Address:      Kml Law Group Pc
               701 Market St Ste 5000
               Philadelphia, PA 19106

     Phone No:      (215) 627-1322      Fax No:

     Attorney:      Duffy, Sean Michael

     Law Firm:      KML Law Group, PC

     Address:      Kml Law Group
               701 Market St Ste 5000
               Philadelphia, PA 19106

     Phone No:      (215) 627-1322      Fax No:

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

Case 5:26-bk-00517-MJC    Doc 46    Filed 03/26/26    Entered 03/26/26 14:36:45    Desc
Main Document     Page 52 of 54



| COUNSEL INFORMATION |
|---|

**Appellee**      **Freedom Mortgage Corporation**

Pro Se:              No
IFP Status:
    Attorney:          DiLeva, Danielle Marie
    Law Firm:          KML Law Group, PC
    Address:           Kml Law Group P.c.
               701 Market St # 5000
               Philadelphia, PA 19106
    Phone No:          (724) 779-3885                    Fax No:

| AGENCY/TRIAL COURT INFORMATION |
|---|

| | | | |
|---|---|---|---|
| Order Appealed From: | February 9, 2026 | Notice of Appeal Filed: | February 27, 2026 |
| Order Type: | Order Entered | | |
| Documents Received: | March 11, 2026 | | |

| | | | |
|---|---|---|---|
| Court Below: | Monroe County Court of Common Pleas | | |
| County: | Monroe | Division: | Monroe County Civil Division |
| Judge: | Best, Patrick J. | OTN: | |
| Docket Number: | 002644-CV-2023 | Judicial District: | 43 |

| ORIGINAL RECORD CONTENT |
|---|

| Original Record Item | | Filed Date | Content Description |
|---|---|---|---|

Date of Remand of Record:

| BRIEFING SCHEDULE |
|---|

| | |
|---|---|
| None | None |

| DOCKET ENTRY |
|---|

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| **March 11, 2026** | Notice of Appeal - IFP Pending | | |
| | | Appellant | Torres, Hericson |
| **March 11, 2026** | Docketing Statement Exited (Civil) | | |
| | | | Superior Court of Pennsylvania |
| **March 13, 2026** | Entry of Appearance - Private | | |
| | Freedom Mortgage Corporation | Appellee | Duffy, Sean Michael |
| **March 18, 2026** | No Transcripts of Testimony to be Filed | | |
| | | | Monroe County Court Reporters/Recorders |
| **March 20, 2026** | Application to Stay | | |
| | | Appellant | Torres, Hericson |
| Document Name: | Emergency | | |
| **March 20, 2026** | Docketing Statement Received (Civil) | | |
| | | Appellant | Torres, Hericson |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

# Re: Motion for Judicial Notice (5:26-bk-00517)

From: leighnflanagan@aol.com (leighnflanagan@aol.com)

To: sarah.mattingly@dinsmore.com; mfissel@kmllawgroup.com; jilldurkinesq@gmail.com; ustpregion03.ha.ecf@usdoj.gov; hericson@me.com; bkgroup@kmllawgroup.com; leighnflanagan@aol.com

Date: Thursday, March 26, 2026 at 01:25 PM EDT

please see attached Motion for Judicial Notice of Appeal to Superior Court. please accept this email as service. Do you concur?

On Wednesday, March 25, 2026 at 03:18:12 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

please see attached Reply to Freedom Mortgage Corporation and KML Law Group Objections. please accept this email as service. do you concur?

On Wednesday, March 25, 2026 at 10:55:27 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration of Debtors Application to Waive Filing Fee. Do you concur?

On Wednesday, March 25, 2026 at 10:26:43 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration that will be filed today.

 2026.03-26 Motion for Judicial Notice of Appeal to Superior Court.pdf
957.1 kB