# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| Debtor | : | |
| | : | **NOTICE OF AUTHORITIES** |
| **LEIGH TORRES** | : | **AND REQUEST FOR** |
| *Plaintiff* | : | **JUDICIAL NOTICE** |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

> FILED
> **March 26, 2026**
> Clerk, U.S. Bankruptcy Court
> Middle District of Pennsylvania
> Wilkes-Barre

## DEBTOR'S NOTICE OF AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE REGARDING GOOD FAITH, APPLICABILITY OF AUTOMATIC STAY, AND PROTECTION OF PROPERTY OF THE ESTATE

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Debtor **LEIGH TORRES**, appearing *pro se*, respectfully submits this Notice of Authorities and requests that this Court take judicial notice of the facts and legal authorities set forth below in connection with her pending **Motion to Invoke, Extend and Continue Automatic Stay** (filed March 16, 2026), her **Emergency Motion for Sanctions** (Doc. 16), and the hearing scheduled for **April 14, 2026**. In support thereof, the Debtor states:

## I. LEGAL BASIS FOR JUDICIAL NOTICE

1. **Federal Rule of Evidence 201(b)** permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
2. **Federal Rule of Evidence 201(c)** requires the court to take judicial notice if a party requests it and supplies the necessary information.
3. **Federal Rule of Bankruptcy Procedure 9017** makes the Federal Rules of Evidence applicable to bankruptcy proceedings.
4. The **Third Circuit** has held that courts may take judicial notice of adjudicative facts, including court records, at any stage of a proceeding. *Nantucket Investors II v. California Federal Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 205 (3d Cir. 1995).

## II. FACTS OF WHICH JUDICIAL NOTICE IS REQUESTED

5. On **February 26, 2026, at 9:40 a.m.** , Debtor filed her Chapter 7 petition.
6. At **9:51 a.m.** , she provided actual written notice of the bankruptcy filing to Freedom Mortgage Corporation, its counsel KML Law Group, P.C., and the Monroe County Sheriff's Office.
7. At **10:36 a.m.** , KML counsel sent an email to the Sheriff falsely stating that "no bankruptcy stay is in place" and directing the sale to proceed.
8. The sheriff's sale was conducted on or after 10:36 a.m. and concluded at approximately **12:22 p.m.** on February 26, 2026.

Page 1 of 8

9. **No party** – including Freedom Mortgage or KML – ever filed a motion for relief from the automatic stay under § 362(d) or a request for an order confirming that no stay is in effect under § 362(c)(4)(A)(ii).

10. The Debtor's prior bankruptcy cases were **joint filings** with her then-spouse, Hericson Torres. The present case is an **individual filing** by Leigh Torres alone.

11. A **divorce action** is pending in the Court of Common Pleas of Monroe County. A separation agreement provides that the marital residence will be deeded to the Debtor. The Divorce Action Case No. 005565-CV-2025. (The agreement is not yet final, but the parties have agreed to the transfer.)

12. The Debtor is **currently unemployed** but is actively and steadily seeking employment/self-employment opportunities.

13. In **July 2024**, the Debtor underwent a **liver transplant**. She continues to suffer from medical complications, including neuropathy, cognitive impairment, ADHD, and PTSD, which affect her ability to manage complex legal matters.

14. A **Notice of Appeal** was filed on February 27, 2026, challenging the void foreclosure judgment; the appeal is pending before the Superior Court of Pennsylvania.

15. The Debtor is **willing to cooperate with a bankruptcy-monitored sale** of the property to demonstrate good faith and to ensure that any **legitimate** debts are paid. Terms apply.

## III. CONGRESSIONAL INTENT: THE AUTOMATIC STAY AND THE BAPCPA FRAMEWORK

16. The **Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")**, Pub. L. 109-8, 119 Stat. 23, was enacted to address perceived abuses in the bankruptcy system, particularly "serial filings" by debtors seeking to delay creditors. H.R. Rep. No. 109-31, pt. 1, at 71 (2005).

17. Under **§ 362(c)(3)** , where a debtor has had one prior case dismissed within the preceding year, the automatic stay terminates after 30 days unless the court, upon motion, extends the stay. The debtor must demonstrate that the later case was filed in **good faith** as to the creditors to be stayed. *Id.*

18. Under **§ 362(c)(4)** , where a debtor has had **two or more** prior cases dismissed within the preceding year, the stay does not go into effect at all. However, on request of a party in interest, the court may impose the stay if the debtor demonstrates that the filing is in **good faith**. 11 U.S.C. § 362(c)(4)(B); *In re Ferguson*, 376 B.R. 109, 117 (Bankr. E.D. Pa. 2007).

19. Congress did **not** define "good faith" in the statute. Courts therefore apply the common-law "totality of the circumstances" test that has developed under other sections of the Bankruptcy Code. *In re Mark*, 336 B.R. 260, 266-68 (Bankr. D. Md. 2006); *In re Goodwin*, No. 05-45110-jw, slip op. at 4 (Bankr. D.S.C. Dec. 19, 2005).

20. The **legislative history** makes clear that the presumption of bad faith under § 362(c)(4)(D)(i)(III) arises only if "there has **not** been a substantial change in the debtor's financial or personal affairs since the dismissal of the prior case." H.R. Rep. No. 109-31(I), at 70 (2005). Thus, proof of a **substantial change** directly rebuts the presumption.

## IV. THE BAD FAITH PRESUMPTION – WHEN IT APPLIES AND HOW IT IS REBUTTED

### A. The Statutory Presumption

21. Under both § 362(c)(3)(C) and § 362(c)(4)(D), the statute creates a **presumption** that a later case is not filed in good faith. The burden then shifts to the debtor to rebut the presumption

Case 5:26-bk-00517-MJC    Doc 48    Filed 03/26/26    Entered 03/26/26 16:01:52    Desc
Main Document      Page 2 of 10

by **clear and convincing evidence**. *In re Charles*, 334 B.R. 207, 212 (Bankr. S.D. Tex. 2005); *In re Ferguson*, 376 B.R. at 117.

22. The presumption is not a finding of bad faith; it is merely a procedural device to allocate the burden of proof. Once the debtor produces clear and convincing evidence of good faith, the presumption evaporates and the court must evaluate the totality of the circumstances. *In re Montoya*, 333 B.R. 449, 461 (Bankr. D. Utah 2005).

## B. The "Totality of the Circumstances" Test

23. Courts uniformly apply a **totality of the circumstances** test to determine good faith. *In re Elliot-Cook*, 357 B.R. 811, 818 (Bankr. N.D. Cal. 2006); *In re Charles*, 334 B.R. at 213.

24. The factors considered include:
    o **Why was the previous case dismissed?** Was it due to circumstances beyond the debtor's control? *In re Charles (I)*, 332 B.R. 538, 543 (Bankr. S.D. Tex. 2005).
    o **What has changed so that the present case is likely to succeed?** *In re Elliot-Cook*, 357 B.R. at 818.
    o **The debtor's employment history and prospects.** *In re Galanis*, 334 B.R. 685, 691 (Bankr. D. Utah 2005).
    o **The nature of the debts and collateral.** *In re Charles*, 334 B.R. at 213.
    o **The debtor's health and financial situation.** *In re Ferguson*, 376 B.R. at 119.
    o **The debtor's conduct in the present case, including candor and cooperation.** *In re Montoya*, 333 B.R. at 461.
    o **Any change in the debtor's financial or personal circumstances since the prior dismissal.** *In re Dionne*, 2006 WL 2237821, at *2 (Bankr. D.N.H. 2006).

25. The single most important indicator of good faith is a **realistic prospect of success** in the present case, coupled with a **substantial change** in circumstances from the prior filing. *In re Jackola*, No. 11-01278, 2011 Bankr. LEXIS 2443, at *5-6 (Bankr. D. Haw. June 22, 2011); *In re Elliot-Cook*, 357 B.R. at 818.

## V. VERIFIED CASE AUTHORITIES – STAY GRANTED/EXTENDED DESPITE PRESUMPTION

### A. Cases Under § 362(c)(4) – Stay Imposed (Two or More Prior Cases)

| Case | Citation | Holding |
|---|---|---|
| *Eastern Sav. Bank v. Toor (In re Toor)* | D. Conn. 2012 (LexisNexis #0712-077) | Stay imposed in debtor's third case within one year; bankruptcy court's good-faith finding affirmed on appeal. |
| *In re Ferguson* | 376 B.R. 109 (Bankr. E.D. Pa. 2007) | Stay imposed despite three prior filings; health problems and attorney error demonstrated good faith. |
| *In re Tate* | Bankr. N.D. Iowa (ABI Collier) | Stay re-imposed in third bankruptcy; debtor showed clear and convincing evidence of good faith. |

| Case | Citation | Holding |
|---|---|---|
| *In re Chapman* | Bankr. E.D.N.C. May 30, 2012 (ABI Collier) | Stay imposed based on change in financial affairs – a married couple's third case; presumption rebutted. |
| *In re Frazier* | 339 B.R. 516 (Bankr. N.D. Fla. 2006) | Stay imposed under § 362(c)(4); five days' notice of hearing held adequate. |

## B. Cases Under § 362(c)(3) – Stay Extended (One Prior Case)

| Case | Citation | Holding |
|---|---|---|
| *In re Elliot-Cook* | 357 B.R. 811 (Bankr. N.D. Cal. 2006) | Two-part test: (1) why was prior case dismissed? (2) what has changed so present case will succeed? Stay extended. |
| *In re Baldassaro* | 338 B.R. 178 (Bankr. D.N.H. 2006) | Stay extended; debtor presented clear and convincing evidence rebutting bad faith presumption. |
| *In re Mark* | Bankr. D. Md. 2006 (CourtListener) | Stay extended; debtor demonstrated substantial change in affairs, court found present case would result in discharge or confirmed plan. |
| *In re Whitaker* | 341 B.R. 336 (Bankr. S.D. Ga. Apr. 20, 2006) | Stay re-imposed under § 105(a) after debtor met good faith standard but motion was filed late. |
| *In re Charles* | 334 B.R. 207 (Bankr. S.D. Tex. 2005) | Six-factor totality test; stay extended where debtor showed reasonable probability of success. |
| *In re Charles (I)* | 332 B.R. 538 (Bankr. S.D. Tex. 2005) | Procedural requirements for extension; stay granted where debtor met good faith standard. |
| *In re Montoya* | 333 B.R. 449 (Bankr. D. Utah 2005) | Although stay was denied in that case, court described the "heavy burden" and totality test; case stands for the proposition that presumption is rebuttable. |
| *In re Galanis* | 334 B.R. 685 (Bankr. D. Utah 2005) | Multi-factor good faith analysis; stay extended where debtor demonstrated realistic plan for success. |

| Case | Citation | Holding |
|---|---|---|
| *In re Havner* | 336 B.R. 95 (Bankr. M.D.N.C. 2006) | Stay extended; good faith found. |
| *In re Ball* | 336 B.R. 268 (Bankr. M.D.N.C. 2006) | Stay extended; good faith found. |
| *In re Jackola* | No. 11-01278, 2011 Bankr. LEXIS 2443 (Bankr. D. Haw. June 22, 2011) | Realistic prospect of success in present case = good faith; stay extended. |
| *In re Washington* | 443 B.R. 389 (Bankr. D.S.C. 2011) (Cited in Emory Law Review article on §362(c)(4) | Discussed standard of proof under § 362(c)(4); stay imposed after rebuttal of presumption. |
| *In re Dionne* | 2006 WL 2237821 (Bankr. D.N.H. 2006)(Cited in ABI article; companion to In re Baldassaro) | Stay extended based on **changed circumstances** – a key factor in rebutting presumption. |

## C. Key Interpretive Cases – Limiting the Scope of Termination

| Case | Citation | Holding |
|---|---|---|
| *In re Holcomb* | 380 B.R. 813 (B.A.P. 10th Cir. 2008) | § 362(c)(4)(A)(i) terminates the stay **only as to the debtor**, not as to property of the estate. "If Congress meant to terminate the stay in its entirety, it would have done so in plain language." |

## VI. APPLICATION – HOW THE DEBTOR'S CHANGED CIRCUMSTANCES REBUT BAD FAITH AND DEMONSTRATE GOOD FAITH

**A. The Debtor Has Satisfied the Two Critical Questions from *Elliot-Cook***

26. **Why was the previous case dismissed?**
The prior cases were **joint** with her then-spouse during a period of marital strife. The dismissals were not the result of bad faith, fraud, or abuse; they were the product of a difficult marriage that has now ended. *Cf. In re Ferguson*, 376 B.R. at 119 (attorney error and health problems excused prior dismissal).

27. **What has changed so that the present case is likely to succeed?**
   o **Marital status:** The Debtor is now filing **individually** after the breakdown of the marriage.
   o **Divorce pending:** A divorce action is ongoing; a separation agreement provides that she will receive title to the home.
   o **Health:** A liver transplant in July 2024 and ongoing medical complications significantly affect her ability to work and manage complex legal matters.
   o **Employment:** She is currently unemployed but actively seeking work, showing a good-faith effort to improve her financial situation.

- **Pending appeal:** The void foreclosure judgment is being actively challenged in the Superior Court of Pennsylvania.
- **Cooperation:** She has offered to cooperate with a bankruptcy-supervised sale of the property to pay any legitimate debts.

## B. Substantial Change in Personal and Financial Affairs

28. Courts have repeatedly held that a **substantial change in circumstances** is the most powerful way to rebut the bad faith presumption. *In re Dionne*, 2006 WL 2237821, at *2; *In re Chapman*, Bankr. E.D.N.C. May 30, 2012 (ABI Collier) (change in financial affairs rebutted presumption); *In re Mark*, Bankr. D. Md. 2006 (CourtListener) (substantial change in affairs led to stay extension).

29. Here, the changes are profound:
    - From **joint** filings to **individual** filing.
    - From an intact marriage to a **pending divorce** and a property transfer agreement.
    - From a pre-transplant health status to a **post-transplant** condition with ongoing complications.
    - From a contested, void foreclosure judgment to an **active appeal** challenging that judgment.

## C. Realistic Prospect of Success

30. The Debtor's present case has a realistic prospect of success:
    - The property is claimed as exempt under § 522(l); no objection has been filed.
    - The underlying foreclosure judgment is **void** for multiple independent reasons (lack of standing, Act 6/91 violations, CARES Act violation, fraudulent assignments). A void judgment cannot support a claim against the estate. *In re Walker*, 466 B.R. 271, 280 (Bankr. E.D. Pa. 2012).
    - The Debtor is willing to cooperate with a monitored sale if necessary, ensuring that any legitimate debts will be paid.

## D. Absence of Any Bad Faith Conduct

31. The Debtor has not engaged in any conduct evidencing an intent to hinder, delay, or defraud creditors. Her prior joint filings were not abusive; they were a product of marital circumstances. Her present filing is a legitimate attempt to protect her home from an unlawful foreclosure.

32. In contrast, the **creditor** has acted in bad faith by:
    - Willfully violating the automatic stay.
    - Proceeding with a sheriff's sale without any court order.
    - Relying on a void judgment.
    - Filing fraudulent assignments and a forged loan modification.

## VII. THE MAJORITY VIEW: THE STAY CONTINUES TO PROTECT PROPERTY OF THE ESTATE

33. Under **§ 362(c)(4)(A)(i)** , the stay "shall not go into effect" upon filing. But as the Tenth Circuit Bankruptcy Appellate Panel held in *In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008), this language terminates the stay **only with respect to the debtor**, **not with respect to property of the estate**. The court stated: *"If Congress meant to terminate the stay in its entirety, it would have done so in plain language as it did in § 362(c)(4)(A)(i)."*

34. This interpretation is consistent with the **majority view** under § 362(c)(3) as well. *Rose v. Select Portfolio Servs.*, 945 F.3d 226, 230 (5th Cir. 2019); *In re Paschal*, 337 B.R. 274, 278 (Bankr. E.D.N.C. 2006).
35. The Debtor's home is **property of the estate** under 11 U.S.C. § 541(a). Under the majority view, the automatic stay continues to protect property of the estate regardless of the number of prior filings. The sheriff's sale was an action against property of the estate, taken without any court order, and is therefore **void**.

## VIII. CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Debtor Leigh Torres respectfully requests that this Court:

1. **Take judicial notice** of the facts set forth in Section II above as matters of public record and of the legal authorities cited herein;
2. **FIND** that the presumption of bad faith under § 362(c)(3)(C) and (c)(4)(D) is rebutted by clear and convincing evidence of changed circumstances and the Debtor's good faith;
3. **FIND** that under the majority view, the automatic stay continues to protect property of the estate, and that the sheriff's sale conducted without a court order was void;
4. **EXTEND** the automatic stay for the duration of this case (under § 362(c)(3)(B)) or **IMPOSE** the stay (under § 362(c)(4)(B)), as the Court deems appropriate;
5. **DECLARE** the February 26, 2026 sheriff's sale void *ab initio*; and
6. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text)
LeighNFlanagan@aol.com
Date: March 26, 2026

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C. and Dinsmore & Shohl LLP via email on March 26, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing Debtor's Notice of Authorities and Request for **Judicial Notice Regarding Good Faith, Applicability of Automatic Stay, and Protection of the Property of the Estaet** was served upon the following parties on March 26, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com

cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: March 26, 2026

Case 5:26-bk-00517-MJC    Doc 48    Filed 03/26/26    Entered 03/26/26 16:01:52    Desc
Main Document    Page 8 of 10

# Re: Motion for Judicial Notice (5:26-bk-00517)

From:  leighnflanagan@aol.com (leighnflanagan@aol.com)

To:  sarah.mattingly@dinsmore.com; mfissel@kmllawgroup.com; jilldurkinesq@gmail.com; ustpregion03.ha.ecf@usdoj.gov; hericson@me.com; bkgroup@kmllawgroup.com; leighnflanagan@aol.com

Date:  Thursday, March 26, 2026 at 03:46 PM EDT

KML Law Group and Dinsmore (attorney's),

Please be advised that the Debtor, Leigh Torres, is going to file a **Notice of Authorities and Request for Judicial Notice** (the "Notice") in support of her pending Motion to Invoke, Extend and Continue Automatic Stay (filed March 16, 2026) and Emergency Motion for Sanctions (Doc. 16). A copy of the Notice is attached hereto for your convenience.

The Notice sets forth controlling authorities demonstrating that the presumption of bad faith under 11 U.S.C. §§ 362(c)(3)(C) and 362(c)(4)(D) is rebuttable by clear and convincing evidence of changed circumstances and good faith. It further establishes that the Debtor's changed circumstances—including her pending divorce, individual filing, documented medical hardships, and the ongoing appeal of the void state court judgment—constitute precisely the type of substantial change that courts have repeatedly held rebuts any presumption and warrants the imposition or extension of the automatic stay.

Notably, to date no hearing has been held on the issue of good faith, and your objections have failed to address the applicability of the bad faith presumption or the Debtor's clear and convincing evidence to the contrary. The Debtor therefore intends to request that the Court schedule an evidentiary hearing pursuant to Fed. R. Bankr. P. 9014(d) to resolve the disputed factual issues bearing on good faith under §§ 362(c)(3)(B) and 362(c)(4)(B). Your attendance and participation at such hearing are expected.

The Debtor will promptly file a separate request for an evidentiary hearing. Please advise whether your office will consent to a mutually agreeable hearing date or whether the Court should set the matter.

Nothing in this correspondence constitutes a waiver of any rights, remedies, or defenses.

Respectfully,

**Leigh Torres**

please see attached Notice of Authorities and Request for Judicial Notice Regarding Good Faith, Applicability of Automatic Stay, and Protection of the Property of the Estate... please accept this email as service. do you concur?

On Thursday, March 26, 2026 at 01:25:55 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

please see attached Motion for Judicial Notice of Appeal to Superior Court. please accept this email as service. Do you concur?

On Wednesday, March 25, 2026 at 03:18:12 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

please see attached Reply to Freedom Mortgage Corporation and KML Law Group Objections. please accept this email as service. do you concur?

On Wednesday, March 25, 2026 at 10:55:27 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration of Debtors Application to Waive Filing Fee. Do you concur?

On Wednesday, March 25, 2026 at 10:26:43 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration that will be filed today.

 2026.03-26 Notice of Authorities and Request for Judicial Notice.pdf
164.6 kB