# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | **No. 5:26-bk-00517** |
| Debtor | : | |
| | : | **REQUEST FOR** |
| **LEIGH TORRES** | : | **EVIDENTIARY HEARING** |
| *Plaintiff* | : | **ON GOOD FAITH** |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

FILED
**March 27, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

### DEBTOR'S REQUEST FOR EVIDENTIARY HEARING ON GOOD FAITH
### UNDER 11 U.S.C. §§ 362(c)(3)(B) AND 362(c)(4)(B)
### AND FOR RELATED RELIEF

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Debtor **LEIGH TORRES**, appearing *pro se*, respectfully requests that this Court schedule an evidentiary hearing to determine whether her Chapter 7 bankruptcy case was filed in good faith as to the creditors to be stayed under 11 U.S.C. §§ 362(c)(3)(B) and 362(c)(4)(B). In support thereof, the Debtor states:

### I. JURISDICTION AND PROCEDURAL POSTURE

1. This Court has jurisdiction over this matter pursuant to **28 U.S.C. §§ 1334 and 157**. This is a core proceeding concerning the administration of the estate and the enforcement of the automatic stay. 28 U.S.C. § 157(b)(2)(A), (G).
2. The Debtor filed her voluntary Chapter 7 petition on **February 26, 2026**. Thereafter, she filed her **Motion to Invoke, Extend and Continue Automatic Stay** (the "Stay Motion") on March 16, 2026. Freedom Mortgage Corporation and KML Law Group, P.C. filed objections to the Debtor's Emergency Motion for Sanctions, which are pending before the Court.
3. The Stay Motion and the objections thereto have made the applicability of the automatic stay and the issue of good faith a **contested matter** under **Fed. R. Bankr. P. 9014**.

### II. DISPUTED MATERIAL FACTUAL ISSUES EXIST

4. Disputed material factual issues exist that must be resolved before the Court can determine whether the Debtor's case was filed in good faith. These include:

   a. **Whether the Debtor's circumstances have substantially changed since her prior joint filings.** The Debtor contends that she is now filing individually, a divorce action is pending, a separation agreement provides that she will receive title to the marital residence, and she has undergone a liver transplant (July 2024) with ongoing medical complications. The creditors dispute the materiality or existence of these changes.

Page 1 of 4

b. **Whether the prior cases were dismissed due to circumstances beyond the Debtor's control.** The Debtor asserts that the prior joint cases were filed during a period of marital strife and were not the result of bad faith or an intent to abuse the bankruptcy system. The creditors assert otherwise.

c. **Whether the present case has a realistic prospect of success.** The Debtor has claimed the property as exempt under 11 U.S.C. § 522(l), no objection has been filed, and the underlying foreclosure judgment is void for lack of standing, failure to comply with Act 6 and Act 91, violation of the CARES Act, and fraudulent assignments. A Notice of Appeal is pending before the Superior Court of Pennsylvania challenging that void judgment. The Debtor is also willing to cooperate with a bankruptcy-monitored sale of the property to satisfy legitimate debts. The creditors dispute that the case will conclude with a discharge or a confirmed plan.

5. Because these factual issues are material to the determination of good faith under §§ 362(c)(3)(B) and 362(c)(4)(B), an evidentiary hearing is required.

## III. LEGAL AUTHORITY FOR AN EVIDENTIARY HEARING

6. **Fed. R. Bankr. P. 9014** governs contested matters. Rule 9014(d) provides:
*"Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding."*
The Advisory Committee Notes to Rule 9014 further explain:
*"If the motion cannot be decided without resolving a disputed material issue of fact, an evidentiary hearing must be held at which testimony of witnesses is taken in the same manner as testimony is taken in an adversary proceeding."*

7. **11 U.S.C. § 362(c)(3)(B)** requires that the court extend the stay *"after notice and a hearing completed before the expiration of the 30-day period."* The phrase "after notice and a hearing" is defined in § 102(1) to mean *"after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."* When disputed facts exist, the opportunity for a hearing is mandatory.

8. Similarly, **11 U.S.C. § 362(c)(4)(B)** requires the court to act *"after notice and a hearing"* when considering whether to impose the stay. The same principles apply.

9. The **Local Rules of the Middle District of Pennsylvania** also provide for hearings on stay-related motions when good cause is shown. M.D. Pa. L.B.R. 4001-1(e).

## IV. THE DEBTOR SEEKS TO REBUT THE PRESUMPTION OF BAD FAITH

10. Under § 362(c)(4)(D), a presumption of bad faith may arise where a debtor has had two or more prior cases dismissed within the preceding year. The Debtor acknowledges that her prior cases were dismissed, but she asserts that the presumption is **rebutted** by **clear and convincing evidence** of changed circumstances and good faith.

11. The Debtor has filed a **Notice of Authorities and Request for Judicial Notice** contemporaneously with this Request, setting forth verified case law demonstrating that courts have extended or imposed the stay under similar circumstances, including *In re Ferguson*, 376 B.R. 109 (Bankr. E.D. Pa. 2007); *In re Chapman*, Bankr. E.D.N.C. Mar. 27, 2008; *In re Dionne*, 2006 WL 2237821 (Bankr. D.N.H. 2006); *In re Elliott-Cook*, 357 B.R. 811 (Bankr. N.D. Cal. 2006); and *Eastern Sav. Bank v. Toor (In re Toor)*, D. Conn. 2012 (LexisNexis #0712-077).

12. The Debtor intends to present evidence at an evidentiary hearing, including:

- o Her testimony regarding the pending divorce, the separation agreement, and her individual filing;
- o Medical records documenting her liver transplant and ongoing health conditions;
- o The pending appeal in the Superior Court of Pennsylvania challenging the void foreclosure judgment;
- o Documentary evidence of the fraudulent assignments and the willful stay violation by the creditor; and
- o Her willingness to cooperate with a bankruptcy-monitored sale of the property.

## V. REQUEST FOR RELIEF

WHEREFORE, Debtor Leigh Torres respectfully requests that this Court:

1. **Schedule an evidentiary hearing** to determine whether her Chapter 7 bankruptcy case was filed in good faith as to the creditors to be stayed under 11 U.S.C. §§ 362(c)(3)(B) and 362(c)(4)(B);
2. **Take testimony and receive evidence** on all disputed material factual issues bearing on good faith, including the Debtor's changed circumstances, the reasons for prior dismissals, and the realistic prospect of success in the present case;
3. **Set a briefing schedule** if necessary for the submission of pre-hearing memoranda;
4. **Grant such other and further relief** as the Court deems just and proper.

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text)
LeighNFlanagan@aol.com
Date: March 26, 2026

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C. and Dinsmore & Shohl LLP via email on March 26, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing Debtor's Notice of Authorities and Request for **Judicial Notice Regarding Good Faith, Applicability of Automatic Stay, and Protection of the Property of the Estaet** was served upon the following parties on March 26, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov

Page 3 of 4

cc: Matthew Fissel, Esq: bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: March 26, 2026

# Re: Motion for Judicial Notice (5:26-bk-00517)

From:   leighnflanagan@aol.com (leighnflanagan@aol.com)

To:     sarah.mattingly@dinsmore.com; mfissel@kmllawgroup.com; jilldurkinesq@gmail.com;
        ustpregion03.ha.ecf@usdoj.gov; hericson@me.com; bkgroup@kmllawgroup.com; leighnflanagan@aol.com

Date:   Thursday, March 26, 2026 at 03:59 PM EDT

please see attached Request for an Evidentiary Hearing. please accept this email as service. Do you concur?

On Thursday, March 26, 2026 at 03:46:12 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

KML Law Group and Dinsmore (attorney's),

Please be advised that the Debtor, Leigh Torres, is going to file  a **Notice of Authorities and Request for Judicial Notice** (the "Notice") in support of her pending Motion to Invoke, Extend and Continue Automatic Stay (filed March 16, 2026) and Emergency Motion for Sanctions (Doc. 16). A copy of the Notice is attached hereto for your convenience.

The Notice sets forth controlling authorities demonstrating that the presumption of bad faith under 11 U.S.C. §§ 362(c)(3)(C) and 362(c)(4)(D) is rebuttable by clear and convincing evidence of changed circumstances and good faith. It further establishes that the Debtor's changed circumstances—including her pending divorce, individual filing, documented medical hardships, and the ongoing appeal of the void state court judgment—constitute precisely the type of substantial change that courts have repeatedly held rebuts any presumption and warrants the imposition or extension of the automatic stay.

Notably, to date no hearing has been held on the issue of good faith, and your objections have failed to address the applicability of the bad faith presumption or the Debtor's clear and convincing evidence to the contrary. The Debtor therefore intends to request that the Court schedule an evidentiary hearing pursuant to Fed. R. Bankr. P. 9014(d) to resolve the disputed factual issues bearing on good faith under §§ 362(c)(3)(B) and 362(c)(4)(B). Your attendance and participation at such hearing are expected.

The Debtor will promptly file a separate request for an evidentiary hearing. Please advise whether your office will consent to a mutually agreeable hearing date or whether the Court should set the matter.

Nothing in this correspondence constitutes a waiver of any rights, remedies, or defenses.

Respectfully,

**Leigh Torres**

please see attached Notice of Authorities and Request for Judicial Notice Regarding Good Faith, Applicability of Automatic Stay, and Protection of the Property of the Estate... please accept this email as service. do you concur?

On Thursday, March 26, 2026 at 01:25:55 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

please see attached Motion for Judicial Notice of Appeal to Superior Court. please accept this email as service. Do you concur?

On Wednesday, March 25, 2026 at 03:18:12 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

please see attached Reply to Freedom Mortgage Corporation and KML Law Group Objections. please accept this email as service. do you concur?

On Wednesday, March 25, 2026 at 10:55:27 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration of Debtors Application to Waive Filing Fee. Do you concur?

On Wednesday, March 25, 2026 at 10:26:43 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

see attached Motion for Reconsideration that will be filed today.

 2026.03-26 Debtors Request for an Evidentiary Hearing.pdf
127.4 kB