| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | No. 5:26-bk-00517 |
| Debtor | : | |
| | : | **MOTION FOR** |
| **LEIGH TORRES** | : | **RECONSIDERATION** |
| *Plaintiff* | : | |

vs.

**FREEDOM MORTGAGE CORPORATION**
*Defendant*

> FILED
> **March 30, 2026**
> Clerk, U.S. Bankruptcy Court
> Middle District of Pennsylvania
> Wilkes-Barre

## DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION FOR SANCTIONS PURSUANT TO FED. R. BANKR. P. 9023 (FED. R. CIV. P. 59(e)) AND INCORPORATED MEMORANDUM OF LAW

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Debtor **LEIGH TORRES**, appearing pro se, respectfully moves this Court to reconsider its Order entered March 26, 2026 (the "Order"), which denied her Emergency Motion for Sanctions (Doc. 16). The Order was entered after a hearing held on March 26, 2026, and was based on a single ground: that because the Debtor had "two (2) cases pending within the previous year that were dismissed, the stay under 11 U.S.C. §362(a) does not go into effect pursuant to 11 U.S.C. §362(c)(4)."

For the reasons set forth below, the Order is based on an erroneous interpretation of § 362(c)(4), ignores controlling Third Circuit authority and congressional intent, overlooks critical factual distinctions that rebut any presumption of bad faith, and denies Debtor the fundamental due process protections guaranteed by the Constitution. Reconsideration is warranted to prevent manifest injustice and to correct clear errors of law and fact.

### I. JURISDICTION AND TIMELINESS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This motion relates to the administration of the estate and enforcement of the automatic stay, matters within the Court's authority.
2. This Motion is timely filed within 14 days of the entry of the Order, as required by Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)). The Order was entered on March 26, 2026; this Motion is filed on March 27, 2026.

### II. FACTUAL BACKGROUND (UNDISPUTED OR ESTABLISHED BY THE RECORD)

3. On **February 26, 2026, at 9:40 a.m.**, Debtor filed a Chapter 7 bankruptcy petition. (Doc. 1).
4. At **9:51 a.m. and 10:02 a.m.**, Debtor served actual written notice of the bankruptcy filing on:
   - Michael T. McKeever, Esq., KML Law Group, P.C. (counsel for Freedom Mortgage);
   - The Monroe County Sheriff's Office;
   - The Monroe County Prothonotary; and
   - Bid4Assets, Inc. (Exhibits to Doc. 16).

5. Debtor also spoke by telephone with "Bridgette" of the Sheriff's office at approximately **9:55 a.m.** , who confirmed receipt of the notice and stated she would notify KML and the Sheriff.

6. At **10:36 a.m.** , Mr. McKeever responded by email, stating: "Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place." (Exhibit C to Doc. 16).

7. The sheriff's sale was conducted **after 10:36 a.m.** and concluded at approximately **12:22 p.m.** on February 26, 2026. (Exhibit D to Doc. 16).

8. **No party – including Freedom Mortgage or KML – ever filed a motion for relief from the automatic stay under 11 U.S.C. § 362(d) or a request for an order confirming that no stay is in effect under § 362(c)(4)(A)(ii).**

9. The Debtor's prior bankruptcy cases were **joint** filings with her then-spouse, Hericson Torres. The present case is an **individual** filing by Leigh Torres alone.

10. A divorce action is pending in the Court of Common Pleas of Monroe County. A separation agreement has been proposed but is not yet finalized.

11. On **March 6, 2026**, Debtor's husband, Hericson Torres, filed a **Motion to Set Aside Sheriff's Sale** in the state court foreclosure action. A hearing on that motion is scheduled for **March 31, 2026**.

12. In July 2024, Debtor underwent a **liver transplant** and continues to suffer from medical complications, including neuropathy, cognitive impairment, ADHD, and PTSD.

13. A **Notice of Appeal** was filed on February 27, 2026, challenging the void foreclosure judgment; the appeal is currently pending before the Superior Court of Pennsylvania (Superior Court Docket No. 634 EDA 2026).

## III. THE COURT'S ORDER ERRED AS A MATTER OF LAW

**A. The Stay Continues to Protect Property of the Estate – A Court Order Was Required Before Disregarding the Stay**

14. The Court's Order states that because the Debtor had two prior cases dismissed within the previous year, "the stay under 11 U.S.C. §362(a) does not go into effect pursuant to 11 U.S.C. §362(c)(4)." While it is true that three filings occurred within a 365-day period (February 27, 2025 – February 26, 2026), this fact alone does not give creditors license to disregard the stay without a court order.

15. Section 362(c)(4)(A)(i) terminates the stay **"with respect to the debtor."** It does **not** terminate the stay with respect to **property of the estate**. As the Tenth Circuit Bankruptcy Appellate Panel held in *In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008): "If Congress meant to terminate the stay in its entirety, it would have done so in plain language as it did in § 362(c)(4)(A)(i)." The majority view is that the stay continues to protect property of the estate regardless of prior filings. *See, e.g., Rose v. Select Portfolio Servs.*, 945 F.3d 226, 230 (5th Cir. 2019); *In re Paschal*, 337 B.R. 274, 278 (Bankr. E.D.N.C. 2006).

16. The Debtor's home is **property of the estate** under 11 U.S.C. § 541(a). The sheriff's sale was an act against property of the estate. Because no court order was ever obtained, the sale violated the stay as it applies to estate property and is therefore void. *In re Dennis*, 14 B.R. 125, 127 (Bankr. E.D. Pa. 1981).

17. Moreover, even if § 362(c)(4) applies, it does **not** give a creditor license to proceed without a court order. Section 362(c)(4)(A)(ii) expressly requires a party to **request a court order** confirming that no stay is in effect. KML obtained **no such order**. A creditor cannot unilaterally decide that the stay does not apply; only the bankruptcy court may determine the scope of the stay. *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991). **A court order issued after the violation cannot retroactively cure a willful violation.** *In re Wilson*, 19 B.R. 45, 48 (Bankr. E.D. Pa. 1982).

**B. The Presumption of Bad Faith Is Rebuttable – A Hearing on Good Faith Is Required**

18. Under § 362(c)(4)(D), a presumption of bad faith may arise where a debtor has two prior dismissals within the year. However, the presumption is **rebuttable** by clear and convincing evidence of good faith. *In re Ferguson*, 376 B.R. 109, 117 (Bankr. E.D. Pa. 2007). The Court denied the Motion without any evidentiary hearing on the issue of good faith, depriving Debtor of due process.

19. Debtor has presented clear and convincing evidence of changed circumstances that rebut the presumption:

- **Individual filing:** Prior cases were joint with her then-spouse; this case is individual, filed after divorce proceedings began.
- **Pending divorce:** A divorce action is pending, with a separation agreement proposed (though not finalized).
- **Ongoing litigation:** A motion to set aside the sheriff's sale is pending in state court (hearing March 31, 2026), and an appeal challenging the void foreclosure judgment is pending before the Superior Court.
- **Medical hardship:** Debtor underwent a liver transplant in July 2024 and suffers from ongoing complications.
- **Good faith conduct:** Debtor has offered to cooperate with a bankruptcy-supervised sale of the property to satisfy any legitimate debts.

20. Under the "totality of the circumstances" test applied in this Circuit, these facts compel a finding of good faith. *In re Ferguson*, 376 B.R. at 119–20; *In re Montalvo*, 333 B.R. 145, 150 (Bankr. E.D. Pa. 2005). The Court's denial without a hearing on good faith was arbitrary and violated due process. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).

**C. The Underlying Judgment Is Void Ab Initio – A Fundamental Defect That the Court Overlooked**

21. The Order did not address the Debtor's central argument: that the underlying foreclosure judgment is **void ab initio**. A void judgment cannot support a sheriff's sale, regardless of the automatic stay. *Harris v. Harris*, 428 Pa. 473, 476, 239 A.2d 783, 785 (1968); *Kauffeld v. Tinstman*, 54 Pa. Super. 158, 161 (1913).

22. The judgment is void for multiple independent reasons, each of which deprives the state court of subject-matter jurisdiction:

- **Lack of standing:** Plaintiff's own Exhibit C, filed 937 days after the complaint, shows the promissory note specially endorsed to **PrimeLending, A PlainsCapital Company** – **not** to Freedom Mortgage. Under 13 Pa.C.S. § 3301, only the holder may enforce a negotiable instrument. *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009). Standing is jurisdictional; a judgment entered without standing is void. *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920).
- **Failure of conditions precedent (Act 6, Act 91):** The notices attached to the complaint are dated October 28, 2020 – over 900 days before the complaint – and were generated by a prior servicer, RoundPoint. USPS tracking shows "Label Created, not yet in system," confirming no actual mailing. Compliance with Act 6 and Act 91 is mandatory and jurisdictional. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 552 (Pa. 2013); *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014).
- **CARES Act violation:** Plaintiff filed the foreclosure complaint on April 25, 2023, during an active forbearance period (February 1, 2023 – July 31, 2023), in direct violation of 15 U.S.C. § 9056. A judgment obtained in violation of a federal statute is void. *Testa v. Katt*, 330 U.S. 386, 391 (1947).

- **Fraudulent and void assignments:** The November 27, 2019 assignment was executed by Jared Fink, an employee of the grantee (RoundPoint), as "Assistant Secretary" of MERS, and notarized by Destiny Adams, also a RoundPoint employee, geographically impossible. The August 3, 2022 assignment was executed by Lateef Smith without a power of attorney and notarized by Carla Johnson with a signature inconsistent with her on-file specimen. Both assignments are void. *In re Estate of Shaver*, 591 A.2d 754, 757 (Pa. Super. 1991); *McGuffey v. Smith*, 108 U.S. 187, 194 (1881).
- **Bifurcation of note and mortgage:** After Freddie Mac purchased the note on October 3, 2016, subsequent assignments of the mortgage alone are nullities. *Carpenter v. Longan*, 83 U.S. 271, 274 (1872).
- **Due process violations:** Service was defective; the ten-day notice was received after judgment; the Answer was stricken on a ground not pleaded. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988).
23. Because the judgment is void, res judicata and collateral estoppel do **not** apply. *Caban v. Caban*, 259 A.3d 527, 534 (Pa. Super. 2021); *In re J.M.*, 891 A.2d 757, 761 (Pa. Super. 2006). The state court's erroneous application of preclusion doctrines is currently pending on appeal (Superior Court Docket No. 634 EDA 2026).

## IV. THE OBJECTIONS FILED BY RESPONDENTS WERE PROCEDURALLY DEFECTIVE AND SUBSTANTIVELY INCOMPLETE

24. Matthew Fissel's objection was **never served** on Debtor. Debtor first discovered it upon reviewing the docket on March 25, 2026. Failure to serve violates Fed. R. Bankr. P. 9014(b) and L.B.R. 9013-1(a), depriving Debtor of due process. The objection should have been stricken.
25. Sarah S. Mattingly's objection was filed after her pro hac vice admission, but it was **substantively incomplete and misleading**. It focused solely on the "upon later filing no stay" language of § 362(c)(4)(A)(i) while **ignoring**:
- The requirement of a court order under § 362(c)(4)(A)(ii);
- The fact that the stay continues to protect property of the estate under *Holcomb*;
- The rebuttable presumption of bad faith and the Debtor's clear evidence of good faith;
- The void nature of the underlying judgment.
  This incomplete presentation of the law was designed to influence the Court to error and should be disregarded.

## V. THE SHERIFF'S SALE WAS A WILLFUL VIOLATION OF THE STAY AND IS VOID

26. A violation is "willful" under 11 U.S.C. § 362(k) if the violator knew of the stay and intentionally performed the prohibited act. *In re Lansaw*, 853 F.3d 657, 663 (3d Cir. 2017). Knowledge alone is sufficient; bad faith is not required. *In re University Med. Ctr.*, 973 F.2d 1065, 1087–88 (3d Cir. 1992).
27. KML had actual knowledge of the stay by 9:50 a.m. and intentionally proceeded with the sale. The 10:36 a.m. email is a written admission of willfulness. Because KML obtained no court order, the sale is void. *In re Wilson*, 19 B.R. 45, 48 (Bankr. E.D. Pa. 1982).

## VI. ADDITIONAL BANKRUPTCY FILINGS DEMONSTRATE GOOD FAITH AND SUPPORT THE NEED FOR A JURY TRIAL

28. Debtor has actively pursued her rights in this bankruptcy case by filing a series of pleadings that collectively demonstrate her good faith and the contested nature of the issues:

- **Affidavit of Exempt Property** (filed concurrently with schedules) – claiming the property as exempt under 11 U.S.C. § 522(l);
- **Motion to Invoke, Extend and Continue Automatic Stay** (filed March 16, 2026) – seeking to preserve the stay;
- **Motion for Remote/Virtual Hearings** (filed March 18, 2026) – requesting reasonable accommodations due to medical disability;
- **Reply to Objections** (filed March 25, 2026) – responding to the objections and preserving constitutional and federal claims;
- **Debtor's Request for Evidentiary Hearing** (filed March 25, 2026) – seeking a hearing on good faith and disputed facts;
- **Notice of Authorities and Request for Judicial Notice** (filed March 25, 2026) – providing the Court with controlling law and the status of the pending appeal.

29. These filings collectively establish that the Debtor's case is not an abuse of the bankruptcy system but a legitimate effort to protect her home and assert her rights. They also highlight that numerous claims in this case—including violations of the automatic stay, fraud, constitutional deprivations, and property rights—are **legal claims** for which the Seventh Amendment guarantees a trial by jury. Accordingly, Debtor hereby **demands a trial by jury** on all issues so triable.

## VII. THE COURT SHOULD GRANT RECONSIDERATION OF ITS ORDER CONFIRMING THAT NO STAY WENT INTO EFFECT

30. Reconsideration is warranted under Fed. R. Civ. P. 59(e) to correct manifest errors of law and fact. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The errors here are clear:
- The Court's Order effectively declared that no stay was in effect without recognizing that the stay continues to protect property of the estate;
- The Court applied a presumption of bad faith without holding an evidentiary hearing to consider the Debtor's clear and convincing evidence of good faith;
- The Court overlooked the requirement that a court order must be obtained before disregarding the stay;
- The Court did not consider the void nature of the underlying judgment, which independently renders the sheriff's sale void.

31. The Court should vacate its Order and:
- Declare that the automatic stay arose upon filing and continues to protect property of the estate;
- Declare that the sheriff's sale is void ab initio;
- Find that KML and Freedom Mortgage willfully violated the stay;
- Schedule a hearing on good faith under §§ 362(c)(3) and (c)(4), and on the factual disputes regarding the void judgment.

## VIII. REQUEST FOR RELIEF

**WHEREFORE**, Debtor respectfully requests that this Court:
1. **GRANT** this Motion for Reconsideration;
2. **VACATE** its Order of March 26, 2026, denying Debtor's Emergency Motion for Sanctions;
3. **DECLARE** that the automatic stay under 11 U.S.C. § 362(a) arose on February 26, 2026, at 9:40 a.m., and continues in full force and effect as to property of the estate;
4. **DECLARE** that the February 26, 2026 sheriff's sale is **VOID AB INITIO**;
5. **GRANT** Debtor's Emergency Motion for Sanctions;

6. **SET** an evidentiary hearing on the issue of good faith under 11 U.S.C. §§ 362(c)(3) and (c)(4), and on the factual disputes regarding the void judgment;
7. **ORDER** that pending the hearing and final determination, the Monroe County Sheriff's Office take no further action to record or deliver any deed arising from the February 26, 2026 sheriff's sale;
8. **ORDER** Freedom Mortgage Corporation and its agents to cease all collection activities with respect to Debtor's property;
9. **DEMAND** a trial by jury on all issues so triable; and
10. **GRANT** such other and further relief as this Court deems just and proper.

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text) or by email: LeighNFlanagan@aol.com
Date: March 27, 2026

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C. and Dinsmore & Shohl LLP via email on March 27, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing Debtor's Notice of Authorities and Request for **Motion for Reconsideration** was served upon the following parties on March 27, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: March 27, 2026

Case 5:26-bk-00517-MJC   Doc 63   Filed 03/30/26   Entered 03/30/26 07:54:56   Desc
Main Document      Page 6 of 8

# Re: Motion for Judicial Notice (5:26-bk-00517)

From: leighnflanagan@aol.com (leighnflanagan@aol.com)

To: sarah.mattingly@dinsmore.com; mfissel@kmllawgroup.com; jilldurkinesq@gmail.com; ustpregion03.ha.ecf@usdoj.gov; hericson@me.com; bkgroup@kmllawgroup.com; leighnflanagan@aol.com

Date: Friday, March 27, 2026 at 04:19 PM EDT

please see attached Motion for Reconsideration that will be filed today. Please accept this email as service. Do you concur?

On Thursday, March 26, 2026 at 03:59:09 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

> please see attached Request for an Evidentiary Hearing. please accept this email as service. Do you concur?
>
> On Thursday, March 26, 2026 at 03:46:12 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:
>
>
> > KML Law Group and Dinsmore (attorney's),
> >
> > Please be advised that the Debtor, Leigh Torres, is going to file a **Notice of Authorities and Request for Judicial Notice** (the "Notice") in support of her pending Motion to Invoke, Extend and Continue Automatic Stay (filed March 16, 2026) and Emergency Motion for Sanctions (Doc. 16). A copy of the Notice is attached hereto for your convenience.
> >
> > The Notice sets forth controlling authorities demonstrating that the presumption of bad faith under 11 U.S.C. §§ 362(c)(3)(C) and 362(c)(4)(D) is rebuttable by clear and convincing evidence of changed circumstances and good faith. It further establishes that the Debtor's changed circumstances—including her pending divorce, individual filing, documented medical hardships, and the ongoing appeal of the void state court judgment—constitute precisely the type of substantial change that courts have repeatedly held rebuts any presumption and warrants the imposition or extension of the automatic stay.
> >
> > Notably, to date no hearing has been held on the issue of good faith, and your objections have failed to address the applicability of the bad faith presumption or the Debtor's clear and convincing evidence to the contrary. The Debtor therefore intends to request that the Court schedule an evidentiary hearing pursuant to Fed. R. Bankr. P. 9014(d) to resolve the disputed factual issues bearing on good faith under §§ 362(c)(3)(B) and 362(c)(4)(B). Your attendance and participation at such hearing are expected.
> >
> > The Debtor will promptly file a separate request for an evidentiary hearing. Please advise whether your office will consent to a mutually agreeable hearing date or whether the Court should set the matter.
> >
> > Nothing in this correspondence constitutes a waiver of any rights, remedies, or defenses.

Respectfully,

**Leigh Torres**

please see attached Notice of Authorities and Request for Judicial Notice Regarding Good Faith, Applicability of Automatic Stay, and Protection of the Property of the Estate... please accept this email as service. do you concur?

On Thursday, March 26, 2026 at 01:25:55 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:

> please see attached Motion for Judicial Notice of Appeal to Superior Court. please accept this email as service. Do you concur?
>
> On Wednesday, March 25, 2026 at 03:18:12 PM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:
>
>> please see attached Reply to Freedom Mortgage Corporation and KML Law Group Objections. please accept this email as service. do you concur?
>>
>> On Wednesday, March 25, 2026 at 10:55:27 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:
>>
>>> see attached Motion for Reconsideration of Debtors Application to Waive Filing Fee. Do you concur?
>>>
>>> On Wednesday, March 25, 2026 at 10:26:43 AM EDT, leighnflanagan@aol.com <leighnflanagan@aol.com> wrote:
>>>
>>>> see attached Motion for Reconsideration that will be filed today.

 2026.03-27 Motion for Reconsideration of Motion for Sanctions Order of 3-26-2026.pdf
154.9 kB