## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | : | **Case No. 5:26-bk-00517-MJC** |
| | : | |
| **Leigh Torres,** | : | **Chapter 7** |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF
ORDER DENYING EMERGENCY MOTION FOR SANCTIONS**

Upon consideration of the Debtor's Motion for Reconsideration of Order Denying Emergency Motion for Sanctions filed March 30, 2026, Doc. 63 ("Motion"),

**AND**, as the Debtor had two (2) cases pending within the previous year that were dismissed, the stay under 11 U.S.C. §362(a) does not go into effect pursuant to 11 U.S.C. §362(c)(4);

**AND**, after a hearing held on March 26, 2026 at which the Court explained to the Debtor that the stay did not go into effect, the Court entered an Order, Doc. 47, denying Debtor's Motion to Impose Sanctions as there is no stay in this case under §362(c)(4);

**AND**, at said hearing, the Court found that Debtor's papers were drafted with the assistance of Generative Artificial Intelligence ("AI") and contained misrepresentations of law and case law quotes that were either non-existent or inaccurate and the Court warned Debtor that she would be subject to sanctions if such improper legal citation continued;

**AND,** the Court is obligated to screen pro se claims and dismiss claims that are frivolous, malicious or fail to state a claim upon which relief may be granted. *McZeal v. City of Tustin*, 2024 WL 1704974, at *1 (C.D. Cal. April 19, 2024);

**AND,** upon review of the current Motion, it also appears to have been prepared using AI and contains improper citations, including a material misrepresentation that states "Section 362(c)(4)(A)(i) terminates the stay **with respect to the debtor**." Significantly, "with respect to the debtor" does not appear in §362(c)(4)(A)(i). In fact, Debtor's next sentence accurately states "If Congress meant to terminate the stay in its entirety, it would have done so in plain language as it did in §362(c)(4)(A) i."

**AND,** as the Debtor herself has stated, since she had two (2) prior cases pending in the preceding year when she filed her above-captioned third case, under §362(c)(4)(A), "Congress meant to terminate the stay in its entirety"; it is hereby

**ORDERED THAT t**he Motion is **DENIED.**[1]

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: March 31, 2026

---

[1] A separate Order shall be entered again advising Debtor that any further use of AI shall be subject to sanctions.