# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*Wilkes-Barre Division*

| | |
|---|---|
| IN RE:<br>Leigh Torres | Case No. 5:26-bk-00517-MJC<br>Chapter 7 |
| LEIGH TORRES,<br>　　　Movant | |
| vs. | |
| Freedom Mortgage Corporation,<br>　　　Respondent | |

## RESPONSE TO MOTION TO INVOKE, EXTEND AND CONTINUE AUTOMATIC STAY

Freedom Mortgage Corporation, (herein, "Respondent") by and through undersigned counsel, hereby responds to the Motion to Invoke, Extend and Continue Automatic Stay [Doc. 24] filed on March 16, 2026 and in support thereof, shows unto the Court as follows:

1-4. Admitted.

5-8. Denied.  Respondent does not have information necessary to admit or deny the averments in paragraphs five (5) through eight (8). Strict proof is demanded at trial.

9. Admitted. By way of further response, the Property was sold at Sheriff Sale on February 26, 2026.  Accordingly, Debtor has no basis to cure any arears owed to Movant in a bankruptcy with regard to this Property.  Furthermore, under Pennsylvania Law, Respondent is now the equitable owner of the Property.

10-17. Denied. Respondent does not have information necessary to admit or deny the averments in paragraphs ten (10) through seventeen (17). Strict proof is demanded at trial.

18. Admitted

19. Denied. Movant had two (2) cases pending within the previous year that were dismissed accordingly the stay under 11 U.S.C. §362(a) did not go into effect pursuant to 11 U.S.C. §362(c)(4).

20. Denied. The averment of paragraph twenty (20) is denied as a conclusion of law.

21. Denied. Respondent does not have information necessary to admit or deny the averments in paragraphs twenty-one (21) and twenty-two (22). Strict proof is demanded at trial.

23-25. Denied. The averments of paragraph twenty-three (23) through twenty-five (25) are denied as conclusions of law. Movant had two (2) cases pending within the previous year that were dismissed accordingly the stay under 11 U.S.C. §362(a) did not go into effect pursuant to 11 U.S.C. §362(c)(4).

26. Admitted. By way of further response, there was no stay pursuant to 11 U.S.C. §362(c)(4) therefore no motion was required under §362(d).

27. Denied. By way of further response:

a. Case No. 5:25-bk-00501 was dismissed on May 19, 2025 for failing to attend the 341 meeting.

b. Case No. 5:25-bk-01761 was dismissed on September 9, 2025 for failing to attend the 341 meeting.

c. Case No. 5:26-bk-00517 was filed on February 26, 2026.

28. Denied. Movant's first case, 5:25-bk-00501, was dismissed on May 19, 2025 therefore any subsequent cases filed on or before May 19, 2026 are subject to the exceptions provided in 11 U.S.C. §362(c)(3) and (c)(4).

29. Admitted.

30. Denied. Movant is mistakenly calculating the time period between previous filings and the current case by relying on the filing dates and not considering when the prior cases were pending as provided by 11 U.S.C. §362(c)(3) and (c)(4).

31-33. Denied. The averments of paragraphs thirty-one (31) through thirty-three (33) are denied as conclusions of law.

34. Admitted. By way of further response, the referenced proceedings are examples of the Movant's history of meritless actions initiated to hinder and delay the foreclosure action. Movant has not been successful in any action or attempt to challenge the foreclosure action despite numerous attempts in this Court, the Court of Common Pleas of Monroe County or any of the other entities referenced.

35. Denied. The Rooker-Feldman Doctrine bars Movant from relitigating the underlying foreclosure judgment in this Court. Furthermore, Movant contested the foreclosure action to no avail, including most recently on March 31, 2026 when the Honorable Judge Patrick Best of the Court Common Pleas of Monroe County denied her request to set aside the sale.

36-129. Denied. The averments of paragraphs thirty-six (36) through one

hundred twenty-nine (129) are denied as conclusions of law. By way of further response, in the Order dated March 31, 2026 this Court recognized that the stay under 11 U.S.C. §362(a) did not go into effect pursuant to 11 U.S.C. §362(c)(4). (Dkt. No. 64).

**WHEREFORE**, Respondent respectfully requests that this Honorable Court deny the Motion to Invoke, Extend and Continue Automatic Stay and for any other relief the Court deems just and proper.

This the 11th day of April, 2026

*/s/Mario Hanyon*
Andrew Spivack, PA Bar No. 84439
Mario Hanyon, PA Bar No. 203993
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
*Wilkes-Barre Division*

| | |
|---|---|
| IN RE:<br>Leigh Torres | Case No. 5:26-bk-00517-MJC<br>Chapter 7 |
| LEIGH TORRES,<br>    Movant | |
| vs. | |
| Freedom Mortgage Corporation,<br>    Respondent | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and exact copy of the foregoing Response to Debtor's Motion to Invoke, Extend and Continue Automatic Stay has been electronically served or mailed, postage prepaid on this day to the following:

Via Electronic Notice:

Jill E. Durkin, Bankruptcy Trustee
401 Marshbrook Road
Factoryville, PA 18419

US Courthouse, US Trustee
1501 N. 6th St
Harrisburg, PA 17102

Via First Class Mail:

Leigh Torres
325 Five Springs Road
Stroudsburg, PA 18360

Date: April 11, 2026

*/s/Mario Hanyon*
Andrew Spivack, PA Bar No. 84439
Mario Hanyon, PA Bar No. 203993
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com