**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | No. 5:26-bk-00517 |
| Debtor | : | |
| | : | **DEBTORS OBJECTION TO** |
| **LEIGH TORRES** | : | **NOTICE OF INTENTION TO** |
| *Plaintiff* | : | **DISMISS BANKRUPTCY** |
| | : | |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

FILED

**May 11, 2026**

Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**DEBTOR'S OBJECTION TO NOTICE OF INTENTION TO DISMISS BANKRUPTCY CASE
AND REQUEST FOR CONTINUANCE OF SECTION 341 MEETING
WITH REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE ADA
AND NOTICE OF CONCURRENTLY FILED MOTIONS**

**TO THE HONORABLE MARK J. CONWAY, UNITED STATES BANKRUPTCY JUDGE:**

Debtor Leigh Torres, appearing *pro se*, hereby objects to the Notice of Intention to Dismiss Bankruptcy Case entered April 20, 2026 (Docket No. 20, the "Notice"), based on her failure to appear at the Section 341 meeting of creditors scheduled for April 20, 2026. In support of this objection, Debtor states as follows:

## I. JURISDICTION AND TIMELINESS

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This objection is filed within the deadline set forth in the Notice (May 11, 2026) and is timely.
2. Debtor requests that the Court sustain this objection, decline to dismiss the case, reschedule the Section 341 meeting, and permit Debtor to appear remotely as a reasonable accommodation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and this Court's Local Rule 9074-1.

## II. FACTUAL BACKGROUND – THE FAILURE TO APPEAR WAS NOT WILLFUL

3. Debtor filed her voluntary Chapter 7 petition on **February 26, 2026, at 9:40 a.m.** The automatic stay attached immediately. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).
4. On **March 18, 2026**, Debtor filed a **Motion for Remote/Virtual Hearings** due to severe medical conditions, including being a liver transplant recipient (surgery July 26, 2024), chronic neuropathy, cognitive deficiencies, ADHD, and PTSD. (Doc. 26). In support, she submitted a sworn declaration and referenced her state-issued handicap parking placard.
5. On **March 19, 2026**, the Court denied Debtor's request for remote hearings **without prejudice**, stating that she had not provided supporting medical documentation. (Doc. 32). The Order invited her to refile with documentation.
6. Debtor thereafter obtained and is now in possession of extensive medical documentation, including:

Page 1 of 5

- o Letter from transplant hepatologist Dr. Benyam Addissie (Oct. 4, 2023) detailing decompensated cirrhosis, hepatic encephalopathy, portal vein thrombosis, and listing for liver transplantation.
- o Progress notes from LVPG Neurology (Oct. 12, 2018) documenting neuropathy, gait disturbance, and decreased sensation in lower extremities.
- o MyChart health records listing PTSD, bipolar disorder, generalized anxiety disorder, neuropathy, hepatopulmonary syndrome, and other conditions.
- o Current medication list including tacrolimus (immunosuppressant), gabapentin, quetiapine, citalopram, lorazepam, and others, with known side effects of cognitive impairment, drowsiness, and mood instability.
- o Pennsylvania disability placard (Placard No. I98604P, exp. 09/2029).

7. On **March 25, 2026**, Debtor filed a **Motion for Reconsideration** of the denial of remote hearings, attaching her declaration and summarizing her medical conditions. (Doc. 41). The Court denied reconsideration on March 26, 2026, stating that the stay did not go into effect under § 362(c)(4) and that Debtor had "not provided any documentation supporting her medical condition." (Doc. 44). That finding is **contradicted by the record** – Debtor had provided a sworn declaration and referenced her disability placard.

8. On **April 14, 2026**, a hearing was held on Debtor's Motion to Invoke, Extend and Continue Automatic Stay. Debtor **did not appear**. Her failure to appear was **not willful** but resulted from:

   - o The Court's denial of her remote accommodation request, which forced her to choose between attending in person (with documented medical risks) or not attending.
   - o Her medical condition: post-transplant immunosuppression, neuropathy-induced mobility limitations, and cognitive deficits that make in-court testimony physically dangerous and mentally disabling.
   - o Lack of reliable transportation (45 miles each way to Wilkes-Barre).
   - o The traumatic experience of the **March 26, 2026 hearing**, where she was forced to stand before the judge, causing her blood pressure to spike and near-syncope (almost blacking out). That episode exacerbated her PTSD and anxiety, making her medically unable to travel to or participate in the April 14 hearing.

9. On **April 20, 2026**, the Section 341 meeting of creditors was held. Debtor did not appear for the same medical and accommodation-denial reasons. The Notice of Intention to Dismiss was issued the same day.

10. **New and critical fact:** Since the Notice was issued, the **United States District Court for the Middle District of Pennsylvania** has granted Debtor **in forma pauperis (IFP) status** in Civil Action No. 3:26-CV-00859. That court found her indigent and unable to pay filing fees. The bankruptcy court's repeated denials of fee waiver are inconsistent with that finding and have further impeded Debtor's access to these proceedings.

## III. NOTICE OF CONCURRENTLY FILED OR TO-BE-FILED MOTIONS

11. **Debtor hereby notifies the Court that she is concurrently filing (or will immediately file) the following motions, which bear directly on her ability to participate in this case and on the Court's jurisdiction:**

    - o **(1) Motion for Reconsideration of Order Denying Waiver of Chapter 7 Filing Fee** – based on new evidence including the District Court's IFP order, Debtor's Schedule C claiming the home as exempt homestead, and her continuing indigency;

Case 5:26-bk-00517-MJC    Doc 95    Filed 05/11/26    Entered 05/11/26 15:44:31    Desc
Main Document    Page 2 of 5

- o **(2) Renewed Motion to Extend, Impose, or Reimpose Automatic Stay** – under 11 U.S.C. § 362(c)(3)(B) and (c)(4)(B), supported by newly presented evidence of changed circumstances (divorce, individual filing, pending state appeal, and creditor fraud);
- o **(3) Renewed Motion for Remote/Virtual Hearings** – attaching all medical documentation previously requested by the Court (Doc. 32) and citing the ADA;
- o **(4) Formal Request for ADA Accommodations** – specifically: remote appearance for all hearings, permission to sit during any in-person hearing, and reasonable continuances for medical reasons; and
- o **(5) Motion for Withdrawal of Reference and Joinder of Hericson Torres** – currently pending in the United States District Court for the Middle District of Pennsylvania, Case No. 3:26-CV-00859, seeking to withdraw the entire bankruptcy proceeding to the District Court for all purposes, including trial, and to join Hericson Torres as a co-plaintiff.

12. These motions are not filed for delay. They are necessary to preserve Debtor's constitutional and statutory rights, including her right to a jury trial under the Seventh Amendment, her right to reasonable accommodations under the ADA, and her right to an impartial Article III tribunal.


## IV. LEGAL ARGUMENT – THE NOTICE OF INTENTION TO DISMISS SHOULD BE WITHDRAWN

### A. Dismissal for Failure to Appear Is Not Automatic; Excusable Neglect Exists

13. Section 343 of the Bankruptcy Code requires a debtor to appear at the Section 341 meeting, but dismissal is not mandatory. The Court has discretion to excuse a failure to appear for **cause**, including medical disability and denial of reasonable accommodations.

14. **Fed. R. Bankr. P. 9006(b)(1)** permits the Court to enlarge time periods on motion for "excusable neglect." The Third Circuit defines excusable neglect as "a flexible equitable concept" taking account of all relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Debtor's failure to appear was caused by the Court's denial of an ADA accommodation and her documented medical disabilities – circumstances that constitute excusable neglect.

### B. The Americans with Disabilities Act Required the Court to Provide Reasonable Accommodations

15. Title II of the ADA, 42 U.S.C. § 12132, provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." The judicial branch is a public entity. *Tennessee v. Lane*, 541 U.S. 509, 531-34 (2004).

16. Debtor is a qualified individual with a disability (liver transplant recipient, neuropathy, PTSD, bipolar disorder, anxiety, cognitive deficits). Her disability substantially limits major life activities.

17. The Court denied Debtor's request for remote hearing on March 19, 2026, without prejudice, inviting medical documentation. Debtor thereafter provided a sworn declaration and offered to produce records. The Court later denied reconsideration, **erroneously stating** that no documentation was provided. (Doc. 44). This error is clear on the record.

18. Because the Court failed to provide a reasonable accommodation – remote appearance – Debtor was effectively excluded from the Section 341 meeting. Dismissal for that failure would constitute discrimination on the basis of disability and violate the ADA. *See, e.g., In re Thomas*, 590 B.R. 382, 390 (Bankr. W.D. Tex. 2018).

## C. The Pending Withdrawal of Reference and District Court Action Strongly Favor Keeping the Case Open

19. On May 11, 2026, Debtor joined in a **Motion for Withdrawal of Reference** filed in the District Court (3:26-CV-00859), seeking to withdraw the entire bankruptcy proceeding to the District Court for all purposes, including trial, and to join Hericson Torres as a co-plaintiff. The Withdrawal Motion argues that this controversy involves non-core private rights claims, a jury trial demand, and constitutional issues that require an Article III court.

20. Dismissal of the bankruptcy case while the Withdrawal Motion is pending would prejudice Debtor's ability to obtain a jury trial on her § 362(k) willful stay violation claim and other federal claims. The District Court, not this Bankruptcy Court, is the proper forum to resolve those issues. Dismissal at this stage would also moot Debtor's pending appeal to the Pennsylvania Superior Court challenging the void foreclosure judgment.

21. At a minimum, the Court should stay any dismissal pending a decision on the Withdrawal Motion by the District Court. *Cf. In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).


## V. REQUEST FOR RELIEF

**WHEREFORE**, Debtor Leigh Torres respectfully requests that this Court:

1. **SUSTAIN** Debtor's objection to the Notice of Intention to Dismiss;
2. **DECLINE** to dismiss the bankruptcy case;
3. **CONTINUE** the Section 341 meeting of creditors to a new date at least 60 days from the date of this Order;
4. **DIRECT** that Debtor be permitted to appear at the continued Section 341 meeting **remotely by telephone or video conference** as a reasonable accommodation under the ADA, pursuant to Local Rule 9074-1;
5. **ORDER** that the Chapter 7 Trustee shall provide Debtor with instructions for remote participation at least seven days before the continued meeting;
6. In the alternative, if the Court denies the request for remote appearance, **STAY** the Section 341 meeting pending the resolution of the Withdrawal of Reference motion in the District Court;
7. **TAKE JUDICIAL NOTICE** of the concurrently filed motions identified in Section III above and consider them in connection with this objection; and
8. **GRANT** such other and further relief as is just and proper.

Respectfully submitted,



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text) or by email: LeighNFlanagan@aol.com
Date: May 11, 2026

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C. and Dinsmore & Shohl LLP via email on May 11, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Objection** was served upon the following parties on May 11, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: May 11, 2026

Case 5:26-bk-00517-MJC   Doc 95   Filed 05/11/26   Entered 05/11/26 15:44:31   Desc
Main Document      Page 5 of 5