# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | No. 5:26-bk-00517 |
| Debtor | : | |
| | : | **SECOND MOTION FOR** |
| **LEIGH TORRES** | : | **RECONSIDERATION OF** |
| *Plaintiff* | : | **ORDER DENYING WAIVER** |
| | : | **OF CHAPTER 7 FILING FEE** |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

FILED
**May 12, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

### SECOND MOTION FOR RECONSIDERATION OF ORDER DENYING WAIVER OF CHAPTER 7 FILING FEE

**PURSUANT TO FED. R. BANKR. P. 9024 (FED. R. CIV. P. 60(b)(2) and (6))**

**TO THE HONORABLE MARK J. CONWAY, UNITED STATES BANKRUPTCY JUDGE:**

Debtor, Leigh Torres, appearing *pro se*, respectfully moves this Court for reconsideration of its Orders entered **February 27, 2026 (Doc. 5)**, **March 26, 2026 (Doc. 43)**, and **March 27, 2026 (Doc. 47; Amended)** (collectively, the "Denial Orders"), each of which denied her Application to Waive the Chapter 7 Filing Fee (Doc. 4) and subsequent motions for reconsideration (Docs. 40, 42, 44).

This motion is brought pursuant to **Federal Rule of Bankruptcy Procedure 9024**, incorporating **Federal Rule of Civil Procedure 60(b)(2)** (newly discovered evidence that could not have been discovered earlier with reasonable diligence) and **60(b)(6)** (any other reason justifying relief). In support thereof, Debtor states as follows:

## I. PROCEDURAL HISTORY OF FEE WAIVER APPLICATIONS AND DENIALS

1. On **February 26, 2026**, Debtor filed a voluntary Chapter 7 petition and simultaneously filed an **Application to Waive the Chapter 7 Filing Fee (Official Form 103B)** (Doc. 4). In that Application, Debtor attested under penalty of perjury that:

   o Her family size is **two persons** (herself and her spouse, from whom she is separated and in pending divorce proceedings).

   o Her total gross income for calendar year **2024** was less than **$18,000**.

   o The **2024 Federal Poverty Guideline for a two-person household** was **$20,440**. Thus, her 2024 income was approximately **88% of the poverty level**.

   o For calendar year **2025**, the household total gross income was **$21,406**. However, of that amount, Debtor personally earned only **$1,000** (from minor self-employment as an assistant to her husband). The remaining **$20,406** was earned by her spouse, Hericson Torres, who was also Debtor's **primary caregiver** due to her severe medical disabilities. A divorce action was filed on **August 29, 2025** (Torres v. Torres, Monroe County Docket No. 005565-CV-2025), and as of that date, the spouses were separated. Debtor did not have access to her spouse's income after separation.

   o For calendar year **2026** (January 1 through the present, May 11, 2026), Debtor has earned **zero income**. She remains unemployed and is unable to work due to severe medical conditions, including complications from a liver transplant (July 25, 2024), neuropathy, cognitive impairments, ADHD, and PTSD.

- o She possesses a **state-issued handicap placard**, confirming her disability status.
- o The Chapter 7 filing fee (currently $338) exceeds any income she has personally received in 2025 or 2026. Paying this fee would deprive her of the necessities of life, including food, housing, and medical care.

2. On **February 27, 2026**, the Court entered an Order denying the fee waiver application (Doc. 5) without explanation or findings. Debtor did not receive actual notice of this denial until **March 21, 2026**.

3. On **March 25, 2026**, Debtor filed her **First Motion for Reconsideration of Order Denying Fee Waiver** (Doc. 40), reiterating her indigency and inability to pay.

4. On **March 26, 2026**, the Court entered an Order denying the First Motion for Reconsideration (Doc. 43), stating in relevant part:
   *"AND, the Debtor having filed an Application to Have the Chapter 7 Filing Fee Waived, Doc. 4, under penalty of perjury, that lists a home valued at $800,000 with no mortgage or lien against it and no schedules have been filed as of this date; it is hereby ORDERED that the Motion is DENIED."*

5. On **March 27, 2026**, the Court entered an **Amended Order Denying Motion for Reconsideration** (Doc. 47), removing the phrase "and no schedules have been filed as of this date" but otherwise identical. The Amended Order again cited the **$800,000 home value** as the basis for denial.

6. **Critical facts omitted from all Denial Orders:** At no time did the Court address or make findings regarding:

   - o Debtor's income history (including her personal income of only $1,000 in 2025 and zero income in 2026);
   - o Debtor's status as a liver transplant recipient on lifelong immunosuppressant therapy, rendering her unable to work;
   - o The pending divorce and separation, which ended any access to spousal income;
   - o The fact that Debtor's spouse was her primary caregiver, not a source of income available to pay court fees;
   - o Debtor's declaration that the home is **claimed as exempt** under 11 U.S.C. § 522(d)(1); or
   - o Debtor's inability to pay the fee in installments.

## II. NEWLY DISCOVERED EVIDENCE – DISTRICT COURT IFP ORDER

7. On **April 3, 2026**, Debtor (together with Hericson Torres) filed a Complaint in Civil Action in the United States District Court for the Middle District of Pennsylvania, assigned Case No. 3:26-CV-00859. Contemporaneously, Debtor filed an **Application to Proceed In Forma Pauperis** under 28 U.S.C. § 1915.

8. On **April 8, 2026**, United States Magistrate Judge Susan E. Schwab entered an Order **GRANTING** Debtor's IFP application. A true and correct copy of the IFP Order is attached hereto as **Exhibit A**. The IFP Order states in relevant part:
   *"The application for leave to proceed in forma pauperis (doc. 2) is GRANTED."*

9. This IFP Order constitutes **newly discovered evidence** that **could not have been discovered earlier with reasonable diligence**, because the IFP application was filed on April 3, 2026 – after the bankruptcy court's February 27, 2026 denial and March 25–26, 2026 rulings on reconsideration. See Fed. R. Civ. P. 60(b)(2).

10. The IFP Order is dispositive of Debtor's indigency. The District Court – an Article III court with coordinate jurisdiction – has already determined that Debtor is unable to pay court fees and costs. The purpose of 28 U.S.C. § 1915 is "to ensure that indigent litigants have meaningful access to the courts." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 342 (1948). If Debtor is indigent for purposes of the District Court, she is necessarily indigent for purposes of this bankruptcy court.

## III. DEBTOR SATISFIES THE STATUTORY REQUIREMENTS FOR A FEE WAIVER UNDER 28 U.S.C. § 1930(f)

11. **28 U.S.C. § 1930(f)(1)** provides that the bankruptcy court **may** waive the filing fee for a Chapter 7 debtor if:
(A) the debtor's income is **less than 150 percent of the poverty guidelines** applicable to the debtor's family size; **and**
(B) the debtor is **unable to pay the fee in installments**.

12. **Income analysis:**

    o For **2025**, the Federal Poverty Guideline for a two-person household was 20,440 ∗∗ (*HHS Poverty Guidelines*, 2025). *Debtor's* ∗∗ *personal* ∗∗ *income in* 2025 *was* ∗∗1,000 – which is **4.9% of the poverty level** and far below 150%.

    o Even considering the **total household income** of $21,406 (which includes Hericson Torres's earnings before the divorce filing on August 29, 2025), that amount is **104.7% of the poverty level** – still **below 150%**. Moreover, after separation (August 29, 2025), Debtor did not have access to her spouse's income.

    o For **2026** (to date), Debtor has **zero income**. She is unemployed and medically unable to work due to being a liver transplant recipient (surgery July 25, 2024) with ongoing complications, including neuropathy, cognitive deficits, and mental health disorders.

    o Thus, Debtor satisfies the income prong of § 1930(f)(1) for both 2025 and 2026.

13. **Inability to pay in installments:**
Debtor has no liquid assets, no savings, no checking account, and no income. The $338 filing fee exceeds any money she has received in the past twelve months. Paying the fee in installments would require her to forgo medication, food, or transportation to medical appointments – all necessities of life. She is therefore unable to pay the fee in installments.

14. **The Court's reliance on the $800,000 home value is legally erroneous** because the home is **exempt property** under 11 U.S.C. § 522(d)(1). Debtor claimed the homestead exemption in her **Schedule C** (filed March 2026). No party filed an objection within the 30-day period prescribed by Fed. R. Bankr. P. 4003(b). Under **Taylor v. Freeland & Kronz**, 503 U.S. 638, 643-44 (1992), the exemption is final and the property is **not available to pay creditors or court fees**. See also *Law v. Siegel*, 571 U.S. 415, 424 (2014) (bankruptcy courts possess "no equitable authority" to surcharge, diminish, or invade exempt property). The Court has cited no authority holding that the gross value of an exempt homestead may be used to deny a fee waiver under § 1930(f).

## IV. CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS

15. The **Due Process Clause** of the Fifth Amendment guarantees meaningful access to the courts. *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971); *M.L.B. v. S.L.J.*, 519 U.S. 102, 120 (1996). "A State may not bolt the door to equal justice" by conditioning access to judicial relief on the ability to pay. *M.L.B.*, 519 U.S. at 124.

16. Congress enacted 28 U.S.C. § 1930(f) as part of BAPCPA in 2005 to ensure that indigent debtors are not denied access to Chapter 7 relief solely due to inability to pay the filing fee. The Court's denial of Debtor's fee waiver, based on an exempt homestead, effectively nullifies that congressional intent and violates due process.

17. Denial of the fee waiver in this case is particularly egregious because Debtor seeks to protect her home – her sole shelter – from a foreclosure judgment that is **void ab initio** for lack of

standing. If she cannot proceed without paying the fee, she will lose her home without ever having her constitutional and statutory claims adjudicated on the merits.

## V. RELIEF UNDER RULE 60(b)(2) AND (6) IS WARRANTED

18. **Fed. R. Civ. P. 60(b)(2)** , made applicable by Fed. R. Bankr. P. 9024, permits relief from a final order based on **"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."** The **District Court IFP Order of April 8, 2026** is newly discovered evidence that could not have been presented earlier because it did not exist earlier. This evidence directly establishes Debtor's indigency for purposes of federal court access.

19. **Fed. R. Civ. P. 60(b)(6)** permits relief for **"any other reason that justifies relief."** The Court's Denial Orders, which relied exclusively on the gross value of an exempt homestead without addressing Debtor's statutory eligibility under § 1930(f) or her actual income (including her personal income of only $1,000 in 2025 and zero in 2026), constitute a **clear error of law** and a **manifest injustice**.

20. **The Third Circuit has recognized that reconsideration under Rule 60(b)(6) is available in "extraordinary circumstances" where relief from a prior order is necessary to prevent injustice.** See *In re Ferro Corp.*, 539 B.R. 65, 72 (D. Del. 2015). Debtor's inability to pay the filing fee, her status as a liver transplant recipient on lifelong immunosuppressant therapy, her pending divorce and separation, and the District Court's determination of indigency collectively constitute extraordinary circumstances warranting relief.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Debtor Leigh Torres respectfully requests that this Court:

1. **GRANT** this Second Motion for Reconsideration pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(2) and (6);
2. **VACATE** the Orders entered February 27, 2026 (Doc. 5), March 26, 2026 (Doc. 43), and March 27, 2026 (Doc. 47) denying Debtor's Application to Waive the Chapter 7 Filing Fee;
3. **GRANT** the Application to Waive the Chapter 7 Filing Fee (Doc. 4), effective **nunc pro tunc** to February 26, 2026;
4. **DECLARE** that the $800,000 home value cited in prior Denial Orders is the gross value of exempt homestead property that is **not available to pay court fees** under 11 U.S.C. § 522(d)(1) and *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992);
5. **ORDER** that Debtor's Chapter 7 case may proceed without prepayment of the filing fee; and
6. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of May, 2026.



**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text) or by email: LeighNFlanagan@aol.com
Date: March 27, 2026

## CERTIFICATE OF USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)

Pursuant to this Court's Order dated March 31, 2026 (Doc. 31 / BNC00013)

I, Leigh Torres, Debtor appearing *pro se*, hereby file this Certificate in connection with the foregoing **Debtor's Second Motion for Reconsideration of Order Denying Waiver of Chapter 7 Filing Fee**.

### 1. Specific AI Tool Used

The following generative AI tool was used in the preparation of this motion:

☑ **NOI** (Natural Language Processing & Organizational Intelligence platform – accessed May 10-11, 2026)

### 2. Portions of the Motion Prepared by the AI Tool

The AI tool was used for the following limited purposes:

- Legal research assistance: Identifying 28 U.S.C. § 1930(f), Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 9024, and case law including *Taylor v. Freeland & Kronz*, *Boddie*, *M.L.B.*, *Adkins*, and *Kras*.
- Citation verification: Assisting in locating and confirming the citation format for all legal authorities cited.
- Drafting assistance: Generating the initial structure, caption formatting, and standard legal headings.
- Organization: Helping to sequence the procedural history, newly discovered evidence, income analysis, legal argument, and request for relief.

**The following specific sections were drafted or significantly revised with AI assistance:**

- Section I (Procedural History – including updated 2025 and 2026 income details)
- Section II (Newly Discovered Evidence – District Court IFP Order)
- Section III (Debtor Satisfies Statutory Requirements – income analysis)
- Section IV (Constitutional Right of Access to the Courts)
- Section V (Relief Under Rule 60(b)(2) and (6))
- Section VI (Request for Relief)
- This Certificate of Use of Generative AI

### 3. Certification of Accuracy (Penalty of Perjury)

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904 that:

- I have **personally reviewed** every portion of this motion.
- I have **independently verified** all legal citations against the official United States Code, Federal Rules of Bankruptcy Procedure, and case law (via PACER and public legal databases).
- I have confirmed that **all factual statements** – including income figures for 2024, 2025, and 2026, the divorce filing date, and the caregiver relationship – are true and correct to the best of my personal knowledge.
- I have **not relied solely** on the AI tool for any legal conclusion or factual assertion. Where the AI suggested a proposition, I independently confirmed its validity.
- I am aware of this Court's prior finding of errors in AI-assisted filings (Doc. 31) and have taken every reasonable step to ensure this motion is accurate and complies with all rules.

### 4. Acknowledgment of Court's Warning

I acknowledge that failure to comply with the AI disclosure order may result in sanctions, including denial of relief, monetary sanctions, or other penalties. This Certificate is filed in good faith.

Dated: May 11, 2026

**/s/ Leigh Torres**
**Leigh Torres**, Debtor, Pro Se

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C. and Dinsmore & Shohl LLP via email on May 11, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Motion for Reconsideration** was served upon the following parties on May 11, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: May 11, 2026

# EXHIBIT A – UNITED STATES DISTRICT COURT IFP ORDER
## (APRIL 8, 2026)

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HERICSON TORRES and
LEIGH TORRES,

       Plaintiffs,

       v.

FREEDOM MORTGAGE
CORPORATION, *et al.*,

       Defendants.

CIV. NO. 3:26-cv-00859

(Magistrate Judge Schwab)

## ORDER
April 8, 2025

Upon consideration of the complaint of Hericson and Leigh Torres (*doc. 1*), and application for leave to proceed *in forma pauperis* (*doc. 2*), **IT IS ORDERED**:

1. The application for leave to proceed *in forma pauperis* (*doc. 2*) is **GRANTED**.

2. In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is directed to **SERVE** a copy of the complaint (*doc. 1*), notice of lawsuit and request to waive service of summons (form AO 398), waiver of the service of summons (form AO 399) and this Order on the named defendants. In the interests of efficient administrative judicial economy, the Court requests that the defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).

3.    If service is unable to be completed due to the Torres's failure to properly name the defendants, or provide accurate mailing addresses, the Torres will be required to correct this deficiency.   Failure to comply may result in the dismissal of the claims against the defendants pursuant to Federal Rule of Procedure 4(m).

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

2

Leigh Torres
325 Five Springs Rd.
Stroudsburg,PA 18360

1