# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of Leigh Torres** | : | No. 5:26-bk-00517 |
| Debtor | : | |
| | : | **SECOND MOTION FOR** |
| **LEIGH TORRES** | : | **RECONSIDERATION OF** |
| *Plaintiff* | : | **ORDER DENYING REMOTE /** |
| | : | **VIRTUAL HEARINGS** |
| vs. | : | |
| | : | |
| **FREEDOM MORTGAGE CORPORATION** | : | |
| *Defendant* | : | |

FILED
**May 12, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

### MOTION FOR REMOTE/VIRTUAL HEARINGS
### PURSUANT TO 11 U.S.C. § 105(a), FED. R. CIV. P. 43(a),
### FED. R. BANKR. P. 9017, LOCAL RULE 9074-1, AND THE AMERICANS WITH
### DISABILITIES ACT (42 U.S.C. § 12132)

**TO THE HONORABLE MARK J. CONWAY, UNITED STATES BANKRUPTCY JUDGE:**

Debtor, Leigh Torres, appearing *pro se*, respectfully renews her motion for permission to appear at all hearings, conferences, and proceedings in this case **remotely by telephone or video conference**, due to documented medical disabilities, lack of reliable transportation, and the denial of reasonable accommodations under the Americans with Disabilities Act (ADA). This motion is renewed pursuant to this Court's March 19, 2026 Order (Doc. 32), which denied Debtor's prior remote hearing request **without prejudice** and invited her to provide supporting medical documentation.

In support thereof, Debtor states as follows:

## I. PROCEDURAL BACKGROUND

1. On **March 18, 2026**, Debtor filed her initial **Motion for Remote/Virtual Hearings** (Doc. 26), citing severe medical conditions, including being a liver transplant recipient (surgery July 25, 2024), chronic neuropathy, cognitive deficiencies, ADHD, PTSD, and possessing a state-issued handicap placard. She submitted a sworn declaration but did not attach detailed medical records.

2. On **March 19, 2026**, the Court entered an Order (Doc. 32) **denying the motion without prejudice**, stating:
   *"Should the Debtor file a new Motion for Remote/Virtual Hearings, any supporting medical documentation may be provided to the Court in camera or under seal in order to address any potential privacy concerns regarding health information."*

3. Debtor has now obtained and filed **comprehensive medical documentation** under seal in support of her **Objection to Notice of Intention to Dismiss Bankruptcy Case** (filed concurrently). Those sealed medical records (the "Medical Records") include:

   o UNOS Liver Transplant Waiting List letter (Sept. 29, 2023) (MELD score 24);
   o Geisinger letter from Dr. Benyam Addissie (Oct. 4, 2023) (decompensated cirrhosis, hepatic encephalopathy, portal vein thrombosis, listing for transplant);
   o LVPG Neurology progress notes (Oct. 12, 2018) (neuropathy, gait disturbance, decreased sensation);

- o MyChart Medical and Family History (alcoholic cirrhosis, PTSD, bipolar disorder, hepatopulmonary syndrome);
- o MyChart Medications list (tacrolimus, mycophenolic acid, gabapentin, quetiapine, citalopram, lorazepam, etc.);
- o Pennsylvania Disability Placard (No. I98604P, exp. 09/2029);
- o Medical Exemption Form (Apr. 29, 2026) (certifying permanent disability).

4. Debtor incorporates by reference the sealed Medical Records as fully set forth herein. **No additional medical documentation is attached to this motion**; the records are already before the Court (via the sealed filing) and are specifically referenced in support of this renewed request.

## II. DEBTOR'S DISABILITIES AND THE NEED FOR REASONABLE ACCOMMODATION

5. Debtor is a **qualified individual with a disability** under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A), because she has a physical and mental impairment that substantially limits one or more major life activities, including:

- o **Walking** (neuropathy, gait disturbance, risk of falls);
- o **Concentrating and thinking** (cognitive deficits, medication side effects, PTSD, bipolar disorder);
- o **Interacting with others** (anxiety, PTSD, stress-induced cognitive shutdown);
- o **Immune function** (post-transplant immunosuppression – increased susceptibility to infection).

6. The specific, documented impairments include:

- o **Liver transplant recipient** (July 25, 2024) – requires lifelong immunosuppressant therapy (tacrolimus, mycophenolic acid) that causes cognitive fog, fatigue, and heightened infection risk.
- o **Chronic neuropathy** – pain, numbness, and mobility limitations; prolonged standing or sitting is medically difficult.
- o **Hepatic encephalopathy** – episodic confusion, memory loss, and altered level of consciousness.
- o **PTSD, bipolar disorder, and generalized anxiety disorder** – stress-induced exacerbations, panic attacks, and emotional dysregulation.
- o **Cognitive deficiencies** – impaired executive function, attention deficits, and difficulty processing complex information under pressure.

7. **These disabilities, in combination, make in-person court attendance medically dangerous and functionally impossible.** The stress of appearing before a judge, standing for extended periods, and being subjected to adversarial examination triggers severe physiological and psychological responses, including:

- o Spikes in blood pressure (documented at the March 26, 2026 hearing, where Debtor nearly blacked out);
- o Cognitive shutdown and inability to recall facts or articulate arguments;
- o Exacerbation of PTSD and anxiety, requiring increased medication;
- o Physical exhaustion and increased risk of post-transplant complications.

8. **Lack of reliable transportation** further precludes in-person attendance. Debtor resides in Stroudsburg, Pennsylvania. The Wilkes-Barre courthouse is approximately **45 miles away** (90 miles round trip). Debtor does not own a reliable vehicle, and public transportation is unavailable. She has no caregiver or family member available to drive her on a consistent basis. The cost of private transportation (e.g., taxi, rideshare) is prohibitive given her indigent status

(IFP granted by the District Court, attached as Exhibit A to Debtor's Second Motion for Reconsideration of Fee Waiver).

## III. LEGAL AUTHORITY FOR REMOTE HEARINGS AS A REASONABLE ACCOMMODATION

### A. The Americans with Disabilities Act (ADA), 42 U.S.C. § 12132

9. **Title II of the ADA** provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The **judicial branch** is a public entity. *Tennessee v. Lane*, 541 U.S. 509, 531-34 (2004).

10. The ADA requires courts to provide **reasonable accommodations** to qualified individuals with disabilities to ensure meaningful access to judicial proceedings. *See, e.g., In re Thomas*, 590 B.R. 382, 390 (Bankr. W.D. Tex. 2018) (remote hearing granted where party demonstrated hardship and ADA obligations).

11. **Permitting Debtor to appear remotely by video or telephone is a reasonable accommodation.** It imposes no undue burden on the Court (the technology exists and is routinely used, including by opposing counsel in this very case). It imposes no prejudice on any party (witnesses can still be examined, documents can be displayed, and the Court can assess demeanor via video).

12. The Court has already recognized that virtual attendance is consistent with its procedures. **Local Rule 9074-1** explicitly permits participants to appear by videoconference, and the Court's **Remote Appearance Guide** provides detailed instructions. The United States Trustee's Office already conducts virtual § 341 meetings in this district.

### B. Federal Rule of Civil Procedure 43(a) (made applicable by Fed. R. Bankr. P. 9017)

13. **Fed. R. Civ. P. 43(a)** provides: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

14. The Advisory Committee Notes to Rule 43(a) state that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend the trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Debtor's post-transplant status and neurological impairments constitute "compelling circumstances" warranting remote testimony.

### C. Due Process and the Right to Participate Meaningfully

15. The **Due Process Clause** of the Fifth Amendment guarantees Debtor a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). Requiring her to appear in person when she is medically unable to do so, and when a reasonable accommodation (remote appearance) is readily available, would effectively deny her due process.

16. The Court's denial of the prior motion was **without prejudice** and explicitly invited renewed filing with medical documentation. Debtor has now provided that documentation (under seal). The renewed motion should be granted.

## IV. THIS COURT'S PRIOR ORDER (DOC. 32) EXPRESSLY PERMITS THIS RENEWED MOTION

17. On March 19, 2026, the Court ordered:

    *"Should the Debtor file a new Motion for Remote/Virtual Hearings, any supporting medical documentation may be provided to the Court in camera or under seal in order to address any potential privacy concerns regarding health information."* (Doc. 32).

18. Debtor has complied by:

- Filing a renewed motion;
- Providing the medical documentation under seal in support of her Objection to Dismissal (incorporated herein by reference);
- Requesting that the sealed records be accessible to the Court and the Chapter 7 Trustee (as set forth in her concurrently filed Motion to Seal).

19. **No further documentation is required.** The Court has all necessary medical information to evaluate this motion.

## V. REQUEST FOR RELIEF

**WHEREFORE**, Debtor Leigh Torres respectfully requests that this Court:

1. **GRANT** this Renewed Motion for Remote/Virtual Hearings;
2. **FIND** that Debtor is a qualified individual with a disability under the ADA and that permitting her to appear remotely is a **reasonable accommodation** required by 42 U.S.C. § 12132;
3. **ORDER** that Debtor may appear at all hearings, conferences, and proceedings in this case, including any continued Section 341 meeting of creditors, **remotely by telephone or video conference** (Zoom or other platform designated by the Court);
4. **ORDER** that the Clerk of Court shall provide Debtor with instructions for remote participation at least 7 days before any scheduled hearing;
5. **ORDER** that, if an in-person hearing is ever required over Debtor's objection, Debtor shall be permitted to **sit** during the proceeding as an additional reasonable accommodation (standing for prolonged periods is contraindicated due to neuropathy and post-transplant frailty);
6. **ORDER** that this Order shall remain in effect for the duration of this bankruptcy case, unless modified by further order of this Court; and
7. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of May, 2026.

*Lnt*

**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text) or by email: LeighNFlanagan@aol.com
Date: March 27, 2026

## CERTIFICATE OF USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)

Pursuant to this Court's Order dated March 31, 2026 (Doc. 31 / BNC00013)

I, Leigh Torres, Debtor appearing *pro se*, hereby file this Certificate in connection with the foregoing **Debtor's Renewed Motion for Remote/Virtual Hearings**.

### 1. Specific AI Tool Used

The following generative AI tool was used in the preparation of this motion:

☑ **NOI** (Natural Language Processing & Organizational Intelligence platform – accessed May 10-11, 2026)

### 2. Portions of the Motion Prepared by the AI Tool

The AI tool was used for the following limited purposes:

- Legal research assistance: Identifying ADA provisions (42 U.S.C. § 12132), *Tennessee v. Lane*, Rule 43(a), Local Rule 9074-1, and due process case law.
- Citation verification: Assisting in locating and confirming citation formats.
- Drafting assistance: Generating initial structure, caption formatting, and standard legal headings.
- Organization: Helping to sequence the procedural background, medical references, legal argument, and prayer for relief.

**The following specific sections were drafted or significantly revised with AI assistance:**

- Section I (Procedural Background)
- Section II (Debtor's Disabilities and Need for Reasonable Accommodation – including transportation)
- Section III (Legal Authority – ADA, Rule 43(a), Due Process)
- Section IV (Compliance with Doc. 32)
- Section V (Request for Relief)
- This Certificate of Use of Generative AI

### 3. Certification of Accuracy (Penalty of Perjury)

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904 that:

- I have **personally reviewed** every portion of this motion.
- I have **independently verified** all legal citations against the official United States Code, Federal Rules of Civil Procedure, Local Rules, and case law.
- I have confirmed that **all factual statements** – including my medical conditions, the March 26, 2026 hearing episode, and lack of reliable transportation – are true and correct to the best of my personal knowledge.
- I have **not relied solely** on the AI tool for any legal conclusion or factual assertion. Where the AI suggested a proposition, I independently confirmed its validity.
- I am aware of this Court's prior finding of errors in AI-assisted filings (Doc. 31) and have taken every reasonable step to ensure this motion is accurate and complies with all rules.

### 4. Acknowledgment of Court's Warning

I acknowledge that failure to comply with the AI disclosure order may result in sanctions, including denial of relief, monetary sanctions, or other penalties. This Certificate is filed in good faith.

Dated: May 11, 2026

**/s/ Leigh Torres**
**Leigh Torres**, Debtor, Pro Se

**CERTIFICATION OF CONCURRENCE OR NON-CONCURRENCE:** Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C. and Dinsmore & Shohl LLP via email on May 11, 2026. Debtor will file counsel's written response separately when and if received.

**VERIFICATION:** I, Leigh Torres, Debtor in the above-captioned matter, hereby verify under penalty of perjury under the laws of the Commonwealth of Pennsylvania that the facts set forth in **the documents** are true and correct to the best of my **personal** knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**CERTIFICATION OF SERVICE:** I, Hericson Torres, and I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Motion for Reconsideration** was served upon the following parties on May 11, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

**NOTICE REGARDING EXHIBITS**

The Medical Records referenced in this motion are **not attached hereto**. Instead, said records have been attached as sealed exhibits to the concurrently filed **Debtor's Motion for Leave to File Medical Documents Under Seal**. On May 11, 2026, the sealed motion and exhibits were transmitted to Deputy Clerk Ryan Eshelman for filing under seal and for instruction regarding restricted public access in accordance with Fed. R. Bankr. P. 9018 and this Court's Order dated March 19, 2026 (Doc. 32). The Chapter 7 Trustee and the Court may access the sealed exhibits via the restricted filing or by contacting the Clerk's office.

**EXHIBITS DELIVERED AND REQUESTED TO BE FILED UNDER SEAL**

1. Exhibit A. Letter – Benyam Addisie on 10-4-2023
2. Exhibit B. Letter – Manet Byfield Office Visit Notes on 10-12-2018
3. Exhibit C. Medical Exemption Form Completed on 4-29-2026
4. Exhibit D. MyChart by PennMedicine – Health Issues
5. Exhibit E. MyChart by PennMedicine – Medical and Family History
6. Exhibit F. MyChart by PennMedicine – Medications
7. Exhibit G. PA Disability ID Card and Placard

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: May 11, 2026

Case 5:26-bk-00517-MJC    Doc 104    Filed 05/12/26    Entered 05/12/26 09:11:28    Desc
Main Document      Page 6 of 6