**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In Re:** | : | **No. 5:26-bk-00517-MJC** |
| | : | |
| **Leigh Torres,** | : | **Chapter 7** |
| | : | |
| Debtor | : | **NOTICE OF FILING** |
| | : | |

**NOTICE OF FILING**

**TO THE HONORABLE MARK J. CONWAY, UNITED STATES BANKRUPTCY JUDGE:**
Please take notice that Debtor, Leigh Torres, appearing *pro se*, hereby files the attached **Proposed Order** in compliance with this Court's Order dated May 12, 2026 (Docket No. 105).

The Court's Order stated:
"The Second Motion to Reconsider Order Denying Expedited Consideration and Remote/Virtual Hearing filed at docket entry #104 did not include a proper proposed order. If a proper proposed order is not filed by May 17, 2026, the Second Motion to Reconsider Order Denying Expedited Consideration and Remote/Virtual Hearing will be denied without further notice."

Debtor now submits the attached **Proposed Order Granting Debtor's Second Motion for Reconsideration of Order Denying Remote/Virtual Hearings (Doc. No. 104)** for the Court's consideration and entry.

Debtor respectfully requests that the Clerk of Court attach this Proposed Order to the pending Motion at Docket No. 104.

Respectfully submitted this 13th day of May, 2026.

![signature: Lnt]

**Leigh Torres**
325 Five Springs Road, Stroudsburg, PA 18360
347-566-5877 (cell/text) or by email: LeighNFlanagan@aol.com

RECEIVED
**May 13, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**Certification of Service:** I, Leigh Torres, hereby certify that a true and correct copy of the foregoing **Notice of Filing & Proposed Order** were served upon the following parties on May 13, 2026:

Parties:
cc: Jill Durkin, Esq. (Trustee): jilldurkinesq@gmail.com
cc: Office of The United States Trustee: ustpregion03.ha.ecf@usdoj.gov
cc: Matthew Fissel, Esq: bkgroup@kmllawgroup.com
cc: Sarah Mattingly, Esq: sarah.mattingly@dinsmore.com

Respectfully submitted,
**/s/ Leigh Torres** ("Debtor")
Date: May 13, 2026

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | : | **No. 5:26-bk-00517-MJC** |
| | : | |
| **Leigh Torres,** | : | **Chapter 7** |
| | : | |
| Debtor | : | **PROPOSED ORDER** |
| | : | |

### PROPOSED ORDER GRANTING DEBTOR'S SECOND MOTION FOR RECONSIDERATION OF ORDER DENYING REMOTE/VIRTUAL HEARINGS (DOC. NO. 104)

**AND NOW, this ____ day of _____, 2026,** upon consideration of the **Debtor's Second Motion for Reconsideration of Order Denying Remote/Virtual Hearings** (Docket No. 104), the sealed Medical Records filed in support thereof (Docket No. 101), the record in this case, and for good cause shown, it is hereby **ORDERED** that:

1. The Debtor's Second Motion for Reconsideration (Doc. 104) is **GRANTED**.

2. The Court's prior Order denying the Debtor's Motion for Remote/Virtual Hearings (Docket No. 32) is hereby **VACATED** to the extent it denied such relief.

3. The Debtor, Leigh Torres, is a **qualified individual with a disability** under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A), based on her documented medical conditions, including:

   o Status as a liver transplant recipient (July 25, 2024) on lifelong immunosuppressant therapy;

   o Chronic neuropathy with gait disturbance and ambulatory dysfunction;

   o Hepatic encephalopathy;

   o PTSD, bipolar disorder, generalized anxiety disorder, and ADHD;

   o Cognitive deficits and medication-induced impairments.

4. Permitting the Debtor to appear remotely is a **reasonable accommodation** required by Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and does not impose an undue burden on the Court or prejudice any party.

5. The Debtor is hereby **PERMITTED** to appear at **all hearings, conferences, and proceedings** in this case, including any continued Section 341 meeting of creditors, **remotely by videoconference** (Zoom) or, if videoconference is not technologically feasible for a particular proceeding, by telephone.

6. The Clerk of Court shall provide the Debtor with instructions for remote participation in accordance with Local Rule 9074-1 and the Court's Remote Appearance Guide at least **seven (7) days** before any scheduled hearing.

7. In the event an in-person hearing is required over the Debtor's objection, the Debtor shall be permitted to **sit** during the proceeding as an additional reasonable accommodation (standing for prolonged periods being contraindicated due to neuropathy and post-transplant frailty).

8. This Order shall remain in effect for the duration of this bankruptcy case, unless modified by further order of this Court.

9. Any party seeking to require the Debtor's in-person attendance must first file a motion demonstrating good cause and the unavailability of reasonable accommodations.

**By the Court,**

_____
**Mark J. Conway, Bankruptcy Judge**
**Dated:** _____