IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
**May 18, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7

**NOTICE OF FILING**

**TO THE HONORABLE MARK J. CONWAY, UNITED STATES BANKRUPTCY JUDGE:**

Please take notice that Debtor, Leigh Torres, appearing pro se, hereby files the following documents in support of her **Renewed Motion to Impose Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B) and Request for Relief Under Fed. R. Bankr. P. 9024 (Fed. R. Civ. P. 60(b)(2) and (6)):**

1. Declaration in Support of Motion to Impose Automatic Stay
2. Certificate of Use of Generative A.I.
3. Verification
4. Certification of Service
5. Request for Concurrence

Respectfully submitted this 18th day of May, 2026.

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
leighnflanagan@aol.com

**CERTIFICATION OF SERVICE (Notice of Filing):** I certify that a true and correct copy of the foregoing Notice of Filing, Declaration in Support of Motion to Impose Automatic Stay and Certificate of Use of Generative A.I. was served on May 18, 2026, by email, on the parties listed in the Certificate of Service incorporated into the Motion. **/s/ Leigh Torres**

**DECLARATION IN SUPPORT OF MOTION TO IMPOSE AUTOMATIC STAY**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7

**DECLARATION OF LEIGH TORRES IN SUPPORT OF**
**RENEWED MOTION TO IMPOSE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(c)(4)(B) AND**
**REQUEST FOR RELIEF UNDER FED. R. BANKR. P. 9024**
**(FED. R. CIV. P. 60(b)(2) AND (6))**

I, Leigh Torres, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904 that the following statements are true and correct to the best of my personal knowledge, information, and belief.

## I. IDENTITY AND BACKGROUND

1. I am the Debtor in the above-captioned Chapter 7 bankruptcy case. I filed my voluntary petition on **February 26, 2026, at 9:40 a.m. Eastern Time.**
2. I reside at 325 Five Springs Road, Stroudsburg, Monroe County, Pennsylvania 18360. That property is my primary residence and sole homestead. I have lived there continuously since August 24, 2016.
3. I am appearing pro se in this case. I have no legal training, but I have diligently researched the applicable laws and court rules to protect my home and my family.

## II. PRIOR BANKRUPTCY FILINGS – JOINT, NOT INDIVIDUAL

4. I have two prior bankruptcy cases:

   o **February 27, 2025** – Case No. 5:25-bk-00501-MJC (joint filing with my then-spouse, Hericson Torres). Dismissed on May 19, 2025.
   o **June 25, 2025** – Case No. 5:25-bk-01761-MJC (joint filing with my then-spouse). Dismissed on September 9, 2025.
5. Both prior cases were **joint** filings. My spouse handled most of the filing and proceedings. I was a co-debtor, not the primary filer.
6. On **August 29, 2025**, I filed for divorce from Hericson Torres in the Monroe County Court of Common Pleas, Docket No. 005565-CV-2025 (Exhibit A to the Motion). The divorce was filed before the dismissal of the second joint bankruptcy case.
7. After the divorce filing, my spouse and I were separated. I no longer had access to his income or financial resources.
8. **This bankruptcy case (filed February 26, 2026) is an individual filing – by me alone.** This is a fundamental change from my prior joint filings.

## III. LOSS OF HOUSEHOLD INCOME

9. During the pendency of the June 25, 2025 joint bankruptcy, Hericson Torres was still employed. However, in mid-to-late July 2025, he lost his employment and ceased earning any income.

10. Since approximately July 2025, there has been **no household income from any source**. I have zero income in 2026. My personal income in 2025 was $1,000 (less than 5% of the federal poverty level).

11. The United States District Court for the Middle District of Pennsylvania granted me in forma pauperis status on April 8, 2026 (Exhibit B to the Motion), confirming my indigency.

## IV. MY MEDICAL DISABILITY AND NEED FOR ADA ACCOMMODATIONS

12. I underwent a **life-saving liver transplant on July 25, 2024**. I am required to take lifelong immunosuppressant medications, including tacrolimus and mycophenolic acid. These medications cause severe fatigue, cognitive fog, memory loss, and increased susceptibility to infection.

13. I also suffer from chronic neuropathy, which causes pain, numbness, and difficulty walking or standing for prolonged periods. I have been diagnosed with PTSD, bipolar disorder, generalized anxiety disorder, and ADHD. I have documented cognitive deficits.

14. I possess a **state-issued handicap parking placard** (Placard No. I98604P, exp. 09/2029), confirming my recognized disability status under Pennsylvania law.

15. Because of these conditions, I requested to appear remotely at hearings in this case. On March 18, 2026, I filed a Motion for Remote/Virtual Hearings (Doc. 26). The Court denied it on March 19, 2026 (Doc. 32), without prejudice, inviting me to provide medical documentation.

16. On March 25, 2026, I filed a Motion for Reconsideration (Doc. 41) with a sworn declaration and reference to my medical records. The Court denied reconsideration on March 26, 2026 (Doc. 44), stating that I had "not provided any documentation" – a finding that contradicts the record, as I had provided a sworn declaration and referenced my disability placard.

17. Because the Court denied my request for a remote hearing, I was forced to choose between attending hearings in person (with documented medical risks) or not attending. In-person attendance requires me to travel 45 miles each way to Wilkes-Barre, stand before the judge, and expose myself to stress that exacerbates my PTSD and causes near-syncope episodes.

18. At the **March 26, 2026 hearing**, which I attended in person, I was required to stand. My blood pressure spiked, and I nearly blacked out. That traumatic experience made me medically unable to travel to or participate in the April 14, 2026 hearing.

19. Additionally, on **April 14, 2026**, I had a scheduled medical appointment – a follow-up mammogram screening at LVHN Health Center – which I could not miss. I could not physically attend both the hearing and the medical appointment.

20. My failure to appear at the April 14, 2026 hearing was **not willful**. It was caused by: (a) the Court's denial of a reasonable ADA accommodation; (b) my severe medical disability; (c) lack of reliable transportation; (d) the traumatic episode at the March 26 hearing; and (e) a conflicting medical appointment.

## V. NOTICE OF THE BANKRUPTCY FILING AND THE WILLFUL STAY VIOLATION

21. On February 26, 2026, immediately after filing my petition at 9:40 AM, I caused written notice of the bankruptcy filing to be transmitted via email at approximately 9:51 AM and 10:02 AM to:

   o Michael T. McKeever, Esq., and KML Law Group, P.C. (counsel for Freedom Mortgage);
   o The Monroe County Sheriff's Office;

Page 3 of 10

- o The Monroe County Clerk of Courts; and
- o Bid4Assets, Inc. (the vendor conducting the online sheriff's sale).

22. True and correct copies of those email notices are attached as **Exhibit F** to the Motion.
23. At 10:36 AM on February 26, 2026 – only 40 minutes after receiving notice – Mr. McKeever sent an email stating: **"Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place."** A true and correct copy of that email is attached as **Exhibit G** to the Motion.
24. **No court order was ever obtained.** Neither Freedom Mortgage nor any other party filed a motion for relief from the automatic stay under 11 U.S.C. § 362(d) or a request for an order confirming that no stay is in effect under § 362(c)(4)(A)(ii).
25. The sheriff's sale of my home proceeded after actual notice and concluded at approximately 12:22 PM on February 26, 2026 – more than two hours after I filed my petition and more than an hour after Mr. McKeever's email.

## VI. THE UNDERLYING STATE COURT JUDGMENT IS VOID

26. The state court foreclosure action, *Freedom Mortgage Corp. v. Hericson Torres*, Monroe County Docket No. 002644-CV-2023, was filed on April 25, 2023. The promissory note was **not attached** to the complaint.
27. On **December 8, 2025** – 937 days after the complaint – the plaintiff filed **Exhibit C**, a copy of the promissory note. (Exhibit C to the Motion).
28. Exhibit C shows the note is **specially endorsed only to "PRIMELENDING, A PLAINSCAPITAL COMPANY"** – **not** to Freedom Mortgage Corporation. There is no endorsement, allonge, or stamp to Freedom.
29. Under **13 Pa.C.S. § 3301**, only the "holder" of the instrument may enforce it. Freedom has never been the holder. Therefore, Freedom lacked standing at the inception of the foreclosure action.
30. A judgment entered without standing is **void ab initio**. *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920); *M & P Mgmt., L.P. v. Williams*, 937 A.2d 398, 403 (Pa. 2007).
31. The void judgment cannot be enforced. My bankruptcy filing is an effort to protect my home from that void judgment – not an abuse of the system.

## VII. BIFURCATION OF NOTE AND MORTGAGE – BREAK IN CHAIN OF TITLE

32. On **October 3, 2016**, Freddie Mac purchased the loan. (Exhibit D to the Motion – Freddie Mac letter). The letter states: "Freddie Mac has purchased your mortgage loan on October 3, 2016."
33. After that sale, PrimeLending and its nominee MERS had no remaining interest to assign.
34. Nevertheless, on November 27, 2019, an assignment was executed from MERS to RoundPoint. On August 4, 2022, another assignment was executed from "Freedom as attorney-in-fact for RoundPoint" to Freedom. Both assignments are void because they purport to transfer rights that no longer existed. *Carpenter v. Longan*, 83 U.S. 271, 274 (1872).

## VIII. THE FRAUDULENT ASSIGNMENT EXECUTED BY JARED FINK

35. The November 27, 2019 Assignment of Mortgage (Instrument No. 201929958) was executed by **Jared Andrew Fink**, who signed as "Assistant Secretary" of MERS, as nominee for PrimeLending. The notarial certificate falsely states that Mr. Fink acted "by virtue of a Resolution of its Board of Directors."
36. **Jared Fink was never employed by MERS or PrimeLending.** My research, including his own LinkedIn profile, shows:

Case 5:26-bk-00517-MJC    Doc 124    Filed 05/18/26    Entered 05/18/26 14:44:01    Desc
Main Document      Page 4 of 10

- o **Brock & Scott PLLC** (November 2012 – April 2013);
- o **RoundPoint Mortgage Servicing Corporation** (February 2014 – June 2021);
- o **Freedom Mortgage Corporation** (July 2021 – September 2022).

On November 27, 2019, Mr. Fink was employed by **RoundPoint Mortgage Servicing Corporation** – the **assignee** – not by MERS or PrimeLending.

37. **Destiny Adams, the notary who notarized the Assignment, has admitted that both she and Jared Fink were employed by RoundPoint at the time of notarization.** I have confirmed this through my investigation and correspondence.

38. **Jared Fink is a licensed North Carolina attorney (Bar No. 46671).** I filed a formal grievance with the North Carolina State Bar on February 21, 2026, based on Mr. Fink's execution of this fraudulent Assignment.

39. **The Assignment was prepared by KML Law Group, P.C.** – the same law firm representing Freedom Mortgage in this bankruptcy case and in the underlying foreclosure action. The Assignment bears the KML Law Group file number (200792FC) and was "prepared by and return to" KML Law Group.

40. Because MERS/PrimeLending had already sold the loan to Freddie Mac on October 3, 2016 – more than three years before the Assignment – MERS had no interest to assign. The Assignment is therefore void ab initio. The execution of a void assignment by an attorney employed by the assignee, falsely claiming authority as an officer of the assignor, constitutes fraud.

## IX. FORGED LOAN MODIFICATION AND NOTARY FRAUD

41. The June 1, 2020 loan modification was notarized by Sean Wilson (PA Notary #1290714). His commission was **revoked on August 25, 2019** – 282 days before the purported notarization. (Exhibit E to the Motion).

42. I **never signed** that modification. The document is a forgery and is unenforceable under Pennsylvania law. 57 Pa.C.S. §§ 304(b), 321, 326(c).

## X. PENDING APPEAL TO THE PENNSYLVANIA SUPERIOR COURT

43. On February 27, 2026, my spouse, Hericson Torres, filed a Notice of Appeal to the Pennsylvania Superior Court from the order denying the motion to strike the void judgment. (Exhibit H to the Motion).

44. The appeal is pending and challenges, among other things, the lack of standing, the void assignments, and the misapplication of res judicata to a void judgment.

45. My bankruptcy filing is part of a good-faith effort to protect my home while these issues are litigated. I am not trying to delay creditors indefinitely; rather, I am seeking a lawful resolution.

## XI. MY GOOD FAITH AND WILLINGNESS TO COOPERATE

46. I have claimed my home as exempt under 11 U.S.C. § 522(d)(1). No party has objected to the claimed exemption within the 30-day period under Fed. R. Bankr. P. 4003(b). Under *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992), the exemption is therefore final.

47. I am **willing to cooperate with a bankruptcy-monitored sale** of the property if the Court determines that such a sale is necessary to pay legitimate debts. I am not trying to avoid legitimate obligations; I am trying to ensure that any sale is conducted lawfully and that all creditors are treated fairly.

48. I have not engaged in any conduct intended to hinder, delay, or defraud any creditor. My prior joint filings were a product of a difficult marriage that has now ended. This individual filing is a legitimate effort to protect my home from a void judgment.

## XII. REQUEST FOR RELIEF

49. I respectfully request that this Court:

- o Vacate its April 15, 2026 Orders (Docs. 82, 83, 84, 85) under Fed. R. Civ. P. 60(b)(2) and (6);
- o Schedule a new hearing on my Motion to Invoke, Extend and Continue Automatic Stay (Doc. 24) and on the Renewed Motion;
- o Permit me to appear at that hearing **remotely by videoconference** as a reasonable accommodation under the ADA;
- o Impose the automatic stay under 11 U.S.C. § 362(c)(4)(B), retroactive to the petition date;
- o Declare the February 26, 2026 sheriff's sale void ab initio.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2026, in Monroe County, Pennsylvania.

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
leighnflanagan@aol.com
(347) 566-5877

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7


## CERTIFICATE OF USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)

**Pursuant to this Court's Order dated March 31, 2026 (Doc. 31 / BNC00013; see also Docket No. 65)**

I, Leigh Torres, Debtor appearing pro se, certify as follows:

- **1. AI Tool Used:** NOI – accessed May 10-18, 2026.
- **2. Purpose:** Legal research assistance, citation verification, drafting structure, and organizing arguments. No AI-generated content was used without independent verification.
- **3. Certification of Accuracy:** I have personally reviewed every portion of this filing. I have independently verified all legal citations against official sources. All factual statements are true and correct to the best of my personal knowledge. I have not relied solely on the AI tool for any legal conclusion or factual assertion.
- **4. Court's Warning Acknowledged:** I acknowledge that failure to comply may result in sanctions. This Certificate is filed in good faith.

**/s/ Leigh Torres** | Dated: May 18, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7

## <u>VERIFICATION</u>

I, Leigh Torres, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904 that the facts set forth in the foregoing Motion are true and correct to the best of my personal knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 U.S.C. § 152 (bankruptcy fraud) and 18 U.S.C. § 1621 (perjury).

**/s/ Leigh Torres**
Dated: May 18, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7


## CERTIFICATION OF SERVICE

I, Leigh Torres, hereby certify that a true and correct copy of the foregoing Notice of Filing, Declaration in Support of Motion to Impose Automatic Stay and Certificate of Use of Generative A.I. were served upon the following parties on May 18, 2026, by email:

- Jill Durkin, Esq. (Chapter 7 Trustee) – jilldurkinesq@gmail.com
- Office of the United States Trustee – ustpregion03.ha.ecf@usdoj.gov
- Matthew Fissel, Esq. (KML Law Group, P.C.) – bkgroup@kmllawgroup.com
- Sarah Mattingly, Esq. (Dinsmore & Shohl LLP) – sarah.mattingly@dinsmore.com

**/s/ Leigh Torres** | Dated: May 18, 2026

Case 5:26-bk-00517-MJC    Doc 124    Filed 05/18/26    Entered 05/18/26 14:44:01    Desc
Main Document    Page 9 of 10

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7

## CERTIFICATION OF REQUEST FOR CONCURRENCE

Debtor hereby certifies that, prior to filing this Declaration, she requested concurrence from Plaintiff's counsel, KML Law Group, P.C., and Dinsmore & Shohl LLP, via email on May 18, 2026. Debtor was unable to obtain concurrence. Counsel's written response will be filed separately if and when received.

**/s/ Leigh Torres** | Dated: May 18, 2026

Case 5:26-bk-00517-MJC   Doc 124   Filed 05/18/26   Entered 05/18/26 14:44:01   Desc
Main Document      Page 10 of 10