**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
**June 15, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7

**NOTICE OF MOTION AND MOTION TO PARTICIPATE IN HEARING REMOTELY**
**TO THE HONORABLE MARK J. CONWAY, UNITED STATES BANKRUPTCY**
**JUDGE:**

PLEASE TAKE NOTICE that Debtor, Leigh Torres, appearing *pro se*, hereby moves this Court for an order permitting her to appear **remotely by videoconference (Zoom)** at the hearing on her **Renewed Motion to Impose Automatic Stay**, currently scheduled for **June 16, 2026, at 10:00 a.m.** in Courtroom 2 of the Max Rosenn U.S. Courthouse, Wilkes-Barre, Pennsylvania.

This Motion is supported by the accompanying Memorandum of Law and Proposed Order, and is based upon the following:

**I. PROCEDURAL BACKGROUND**

1. Debtor filed a **Formal Request for Reasonable Accommodations Under the ADA** on May 11, 2026, seeking permission to appear remotely at all hearings and for reasonable medical continuances.
2. That request was supported by comprehensive medical documentation filed under seal, including records of a July 25, 2024 liver transplant, cognitive deficits, chronic neuropathy, PTSD, and bipolar disorder.
3. On March 19, 2026, this Court denied Debtor's initial request for remote appearance **without prejudice**, instructing her to submit medical documentation in camera or under seal.
4. Debtor has now provided the required sealed medical records, and the Court has previously **ordered** that Debtor may appear remotely as a reasonable accommodation, subject to compliance with L.B.R. 9074-1.
5. Debtor registered at https://www.pamb.uscourts.gov/form/remote-registration-conway to appear by videoconference via Zoom by 4:00 PM on June 14, 2026.

**II. LEGAL STANDARD & COMPLIANCE WITH LOCAL RULES**

**A. L.B.R. 9074-1(b) – Request for Appearance by Video**

Local Bankruptcy Rule 9074-1(b) provides that a request to appear by video must:
- Allege **cause** for the request;
- Be submitted in writing; and
- Include a **Certificate of Concurrence or Non-concurrence** from the other parties.

### B. Remote Appearance Guide

The Middle District's Remote Appearance Guide (effective as of the date of this filing) permits participants to appear by videoconference via Zoom, provided they register by 5:00 p.m. on the day before the hearing.

### III. CAUSE FOR REMOTE APPEARANCE – DEBTOR'S SEVERE DISABILITIES

Debtor has established cause for remote appearance based on her documented disabilities and the Court's prior finding of good cause.

### A. Medical Disabilities

Debtor suffers from:
- A life-saving **liver transplant** (July 25, 2024), requiring lifelong immunosuppressant therapy that causes severe fatigue, cognitive fog, memory loss, and increased infection risk.
- **Chronic neuropathy**, PTSD, bipolar disorder, and documented **cognitive deficits** (including impaired executive function and difficulty processing complex information under pressure).
- A state-issued **handicap placard** and a District Court **in forma pauperis order** (April 8, 2026) that conclusively establishes indigency.

These conditions are fully documented in sealed medical records and were incorporated by reference in Debtor's May 11, 2026 ADA Accommodation Request.

### B. In-Person Attendance Is Medically Dangerous and Functionally Impossible

- The stress of in-person court appearance triggers **near-syncope episodes**, cognitive shutdown, and exacerbation of PTSD and anxiety.
- Debtor has no reliable transportation; the courthouse is 45 miles from her home, and she cannot drive or afford private transportation.
- She has no caregiver available to accompany her.

### C. The Court Has Previously Granted Similar Accommodations

On June 1, 2026, the Court granted Debtor's Formal Request for Reasonable Accommodations, permitting her to appear remotely at hearings after first filing a request seeking remote appearance, and for reasonable medical continuances. That order remains in effect and debtor is requesting that it apply to the June 16, 2026 hearing.

### D. The Hearing Is Non-Evidentiary

The June 16, 2026 hearing is on Debtor's **Renewed Motion to Impose Automatic Stay** – a non-evidentiary, legal argument-based hearing. Under Judge Conway's own policy, remote appearances are **permitted for most non-evidentiary hearings**.

## IV. REQUESTED RELIEF

WHEREFORE, Debtor Leigh Torres respectfully requests that this Court:

1. **GRANT** this Motion to Participate in Hearing Remotely;
2. **ORDER** that Debtor may appear by **videoconference (Zoom)** at the hearing scheduled for **June 16, 2026, at 10:00 a.m.** , and at any continued hearing on the same motion;
3. **ORDER** the Clerk to provide Debtor with Zoom connection instructions before the hearing, consistent with the Court's Remote Appearance Guide; and
4. **GRANT** such other and further relief as is just and proper.

Respectfully submitted this 14th day of June, 2026.

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
(347) 566-5877 (cell/text)
leighnflanagan@aol.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7

**PROPOSED ORDER GRANTING DEBTOR'S MOTION TO PARTICIPATE IN**
**HEARING REMOTELY**

**AND NOW**, this _____ day of _____, 2026, upon consideration of Debtor's Motion
to Participate in Hearing Remotely, and for good cause shown, it is hereby **ORDERED** that:

1. Debtor Leigh Torres is **PERMITTED** to appear by **videoconference (Zoom)** at the
   hearing on her Renewed Motion to Impose Automatic Stay scheduled for **June 16, 2026,
   at 10:00 a.m.**, in Courtroom 2 of the Max Rosenn U.S. Courthouse, Wilkes-Barre,
   Pennsylvania.
2. The Clerk shall provide Debtor with Zoom connection instructions before the hearing.
3. This Order is without prejudice to the Court's authority to require in-person attendance
   for any future evidentiary hearing, upon a showing of good cause.

**By the Court,**

_____

**Mark J. Conway, Bankruptcy Judge**

**Dated:** _____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7


## CERTIFICATION OF REQUEST FOR CONCURRENCE

Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel via email on June 14, 2026. Debtor was unable to obtain concurrence. Counsel's written response will be filed separately if and when received.

**/s/ Leigh Torres** | Dated: June 14, 2026

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7


**CERTIFICATE OF USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)**

Pursuant to this Court's Order dated March 31, 2026 (Doc. 31 / BNC00013), I certify as follows:

- **AI Tool Used:** Claude (Anthropic)
- **Purpose:** Legal research assistance, citation verification, drafting structure, and organizing arguments.
- **Certification of Accuracy:** I have personally reviewed every portion of this filing. I have independently verified all legal citations against official sources. All factual statements are true and correct to the best of my personal knowledge.
- **Court's Warning Acknowledged:** I acknowledge that failure to comply may result in sanctions. This Certificate is filed in good faith.

**/s/ Leigh Torres**
Dated: June 14, 2026

Case 5:26-bk-00517-MJC    Doc 150    Filed 06/15/26    Entered 06/15/26 08:40:31    Desc
Main Document    Page 6 of 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7


## VERIFICATION

I, Leigh Torres, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904 that the facts set forth in the foregoing Motion are true and correct to the best of my personal knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 U.S.C. § 152 (bankruptcy fraud) and 18 U.S.C. § 1621 (perjury).

**/s/ Leigh Torres**
Dated: June 14, 2026

Case 5:26-bk-00517-MJC    Doc 150    Filed 06/15/26    Entered 06/15/26 08:40:31    Desc
Main Document    Page 7 of 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:
LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7


## CERTIFICATION OF SERVICE

I, Leigh Torres, hereby certify that a true and correct copy of the foregoing Motion to Participate in Hearing Remotely, Proposed Order, and all accompanying certifications were served on June 14, 2026, by email, on the following parties:

- Jill Durkin, Esq. (Chapter 7 Trustee) – jilldurkinesq@gmail.com
- Matthew Fissel, Esq. (KML Law Group, P.C.) – bkgroup@kmllawgroup.com
- Sarah Mattingly, Esq. (Dinsmore & Shohl LLP) – sarah.mattingly@dinsmore.com

**/s/ Leigh Torres**
Dated: June 14, 2026