**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:

LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7
**Honorable Mark J. Conway**

FILED
**June 15, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**JUDICIAL NOTICE IN SUPPORT OF DEBTOR'S RENEWED MOTION TO IMPOSE AUTOMATIC STAY**

Pursuant to **Federal Rule of Evidence 201**, made applicable in this proceeding by **Federal Rule of Bankruptcy Procedure 9017**, Debtor Leigh Torres, appearing pro se, respectfully requests that this Court take judicial notice of the following undisputed adjudicative facts and controlling legal authorities in support of her Renewed Motion to Impose Automatic Stay.

**I. JUDICIAL NOTICE OF ADJUDICATIVE FACTS**

Under **Fed. R. Evid. 201(b)** , a court may judicially notice a fact that is "not subject to reasonable dispute" because it is (1) generally known within the trial court's territorial jurisdiction or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under **Fed. R. Evid. 201(c)(2)** , the Court *must* take judicial notice if requested by a party and supplied with the necessary information.

The following facts are indisputably established by the record and public docket of this Court, and the Court may take judicial notice of its own docket and records. *See In re Indian Palms Assoc., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995) (bankruptcy court may take judicial notice of its own docket and records); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1200 n.3 (3d Cir. 1992) (same).

1. **Debtor's petition date and time:** On **February 26, 2026, at 9:40 a.m. Eastern Time**, Debtor filed her voluntary Chapter 7 petition. (Docket No. 1.)
2. **Prior dismissals not for enumerated grounds:** The two prior joint bankruptcy cases (Case No. 5:25-bk-00501-MJC and Case No. 5:25-bk-01761-MJC) were dismissed for **failure to appear at § 341 meetings**—not for failing to file or amend documents, failing to provide adequate protection, or failing to perform a confirmed plan. The dismissal orders are part of the public docket of this Court, and their content is not subject to reasonable dispute.
3. **Actual notice to all parties:** At **9:51 a.m. and 10:02 a.m.** on February 26, 2026, written notice of the bankruptcy filing and the automatic stay was transmitted to: Michael T. McKeever, Esq. and KML Law Group, P.C. (counsel for Freedom Mortgage); the Monroe County Sheriff's Office; the Monroe County Clerk of Courts; and Bid4Assets, Inc. (Exhibit F to the Renewed Motion). Debtor also made a follow-up telephone call at 9:55 a.m.
4. **Creditor's unilateral declaration:** At **10:36 a.m.** on February 26, 2026, Mr. McKeever emailed: "**Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place.** " (Exhibit G.) No party had

Page 1 of 9

requested—and no court had entered—an order under 11 U.S.C. § 362(c)(4)(A)(ii) or § 362(d).

5. **No court order or comfort order was ever obtained:** Neither KML Law Group, the Monroe County Sheriff's Office, nor any other party filed a motion for relief from the stay under **11 U.S.C. § 362(d)** or a request for an order confirming that no stay was in effect under **11 U.S.C. § 362(c)(4)(A)(ii)** . The creditor's counsel did not obtain, and could not obtain, a "comfort order" because it never invoked the Court's jurisdiction. Under **11 U.S.C. § 362(c)(4)(A)(ii)** , upon request of a party in interest, "the court shall promptly enter an order confirming that no stay is in effect." The statute uses the mandatory "**shall**." It does **not** authorize a creditor's attorney to unilaterally declare that no stay applies. Only a bankruptcy court may determine the scope of the automatic stay. *Maritime Elec. Co.*, 959 F.2d at 1206.

6. **The sheriff proceeded with the sale after actual notice:** Sheriff Cirranello conducted the sheriff's sale from **10:36 a.m. to 12:22 p.m.** on February 26, 2026—more than two hours after receiving actual notice of the stay—without any court order.

## II. CONTROLLING LEGAL AUTHORITIES

*[Editor's Note: While courts do not technically "take judicial notice" of legal authorities in the same sense as adjudicative facts—courts are presumed to know the law (*iura novit curia*)— Debtor respectfully submits the following authorities for the Court's consideration and application in ruling on the Renewed Motion.]*

### A. 11 U.S.C. § 362(a) — The Automatic Stay Is Self-Executing

The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." **H.R. Rep. No. 95-595, at 340 (1977).** The stay is self-executing upon the filing of a bankruptcy petition; no court order is required. Upon the filing of a petition, the stay immediately prohibits, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to create, perfect, or enforce any lien against property of the estate." **11 U.S.C. § 362(a)(3), (4).** Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." **11 U.S.C. § 541(a)(1).**

### B. 11 U.S.C. § 362(c)(4)(A)(ii) — Only a Court Order Confirms No Stay

"On request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." **11 U.S.C. § 362(c)(4)(A)(ii).** The statute uses the mandatory "**shall**." No party requested such an order here, and no such order was entered. Only a bankruptcy court, upon motion by a party in interest, can issue an order determining the scope of the stay—creditors and their counsel have no authority to do so unilaterally. *See Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1992) ("The stay is 'automatic' because it is self-executing; its scope is determined by the bankruptcy court, not by the parties.").

### C. 11 U.S.C. § 362(c)(4)(D)(i)(II) — The Exclusive Enumerated Bad-Faith Grounds

Section 362(c)(4)(D)(i)(II) lists the **only** grounds that trigger the presumption of bad faith: (i) failure to file or amend documents without substantial excuse; (ii) failure to provide adequate protection as ordered by the court; or (iii) failure to perform the terms of a confirmed plan. **Failure to appear at a § 341 meeting is not among these enumerated grounds.** The statute is exclusive. *In re Ferguson*, 376 B.R. 109, 117 (Bankr. E.D. Pa. 2007) (persuasive

authority) ("The enumerated grounds in § 362(c)(4)(D)(i)(II) are specific and exclusive. Failure to appear at a § 341 meeting is not among these grounds."); *see also In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) (persuasive authority) (statutory list is exclusive).

The exclusivity of these enumerated grounds is confirmed by the canon of statutory construction *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another. *See United States v. Vonn*, 535 U.S. 55, 65 (2002). Congress deliberately specified these three categories; it did not include failure to appear at a § 341 meeting. The **Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)**, Pub. L. No. 109-8, § 302, 119 Stat. 23, 71 (2005), added § 362(c)(4) to address serial filings, and the legislative history confirms that Congress specifically enumerated the grounds for the bad-faith presumption.

**D. 11 U.S.C. § 362(c)(4)(B) — The Court May Impose the Stay Upon a Showing of Good Faith**

Under **11 U.S.C. § 362(c)(4)(B)**, the Court may impose the stay upon a showing of good faith. The presumption of bad faith under § 362(c)(4)(D) is rebuttable by **clear and convincing evidence**. *In re Ferguson*, 376 B.R. at 117. Clear and convincing evidence produces "an abiding conviction that the truth of the factual contentions is highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). Courts apply a **totality of the circumstances** test, considering both subjective and objective components. *In re Washington*, 508 B.R. 322, 329 (Bankr. M.D. Pa. 2014) (applying totality of circumstances to good-faith determination under § 362(c)(4)(B) in this district); *In re Ferguson*, 376 B.R. at 118-20.

**E. Third Circuit Precedent — The Stay Is Void *Ab Initio* and Violations Are Willful**

"Actions taken in violation of the automatic stay are **void ab initio**, not merely voidable." *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994); *accord In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007). *See also Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940) (state court action taken after bankruptcy filing is "in excess of its authority, void, and subject to collateral attack").

A violation of the automatic stay is **willful** if the party had actual knowledge of the stay and intentionally committed the violative act. *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992). No specific intent to violate a court order is required, and bad faith is not an element.

**F. 11 U.S.C. § 362(k) — Damages for Willful Violation of the Stay**

Section 362(k) provides:

"an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." **11 U.S.C. § 362(k)(1).**

**G. Third Circuit Precedent — Sheriff Is Liable for Proceeding After Actual Notice**

A sheriff who proceeds with a sale after actual notice of a bankruptcy filing is liable under § 362(k). *In re Atlantic Bus. & Cmty. Dev. Corp.*, 901 F.2d 325, 329 (3d Cir. 1990) (sheriff who proceeded with foreclosure after actual notice of bankruptcy filing liable for damages under § 362(k) because he acted with knowledge of the stay). *See also In re Lansdale*, 977 F.2d at 829 (willful violation occurs when party has knowledge of stay and intentionally acts).

### III. APPLICATION TO DEBTOR'S RENEWED MOTION

Based on the undisputed facts and controlling legal authorities set forth above, the following conclusions are compelled:

1. **The bad-faith presumption never attached.** Because the prior joint dismissals were for failure to appear at § 341 meetings—**not** for any of the three enumerated grounds in § 362(c)(4)(D)(i)(II)—the presumption of bad faith never arose.
2. **The automatic stay went into effect at 9:40 a.m. on February 26, 2026.** The stay is self-executing; no court order is required.
3. **Debtor filed the case in good faith.** Debtor's individual filing followed a divorce, a life-saving liver transplant, total loss of household income, and discovery of a fraudulent assignment chain. Under the totality of the circumstances, the case was filed to obtain legitimate bankruptcy protection—not to abuse the system.
4. **The creditor's unilateral declaration was *ultra vires*.** Mr. McKeever's email had no legal effect. Only the bankruptcy court may determine the scope of the stay.
5. **No "comfort order" was ever obtained.** Neither KML Law Group nor any other party filed a motion for relief from stay or a request for a § 362(c)(4)(A)(ii) order. The creditor's counsel never invoked the Court's jurisdiction to confirm the absence of a stay.
6. **The sheriff proceeded with the sale after actual notice, without any court order.** Because no court order determined that the stay was inapplicable, the sheriff had no legal authority to proceed. His conduct therefore fell within the "**clear absence of all jurisdiction**" exception to quasi-judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).
7. **The sheriff's sale is void *ab initio*,** and the Sheriff's Deed is a nullity.

### IV. CONCLUSION

For the reasons set forth above, Debtor respectfully requests that this Court **take judicial notice** of the undisputed facts and controlling legal authorities recited herein and consider them in support of her Renewed Motion to Impose Automatic Stay.

Respectfully submitted this 14th day of June, 2026.

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
(347) 566-5877
leighnflanagan@aol.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
In re:

LEIGH TORRES,
Debtor.
Case No. 5:26-bk-00517-MJC
Chapter 7
**Honorable Mark J. Conway**

**PROPOSED ORDER REGARDING JUDICIAL NOTICE**

**AND NOW**, this _____ day of _____, 2026, upon consideration of
Debtor's *Judicial Notice in Support of Renewed Motion to Impose Automatic Stay* (the "Judicial
Notice"), and for good cause shown, it is hereby **ORDERED** that:

1. The Court **TAKES JUDICIAL NOTICE** of the facts and legal authorities set forth in
   the Judicial Notice, pursuant to Federal Rule of Evidence 201.
2. The facts and legal authorities noticed shall be considered by the Court in connection
   with Debtor's Renewed Motion to Impose Automatic Stay (the "Renewed Motion") and
   any hearing thereon.
3. This Order is without prejudice to the Court's right to enter a separate order granting or
   denying the Renewed Motion.

                                      **By the Court,**


                                      **Mark J. Conway, Bankruptcy Judge**
                                      Dated:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**In re:**

**LEIGH TORRES,**
**Debtor.**

**Case No. 5:26-bk-00517-MJC**
**Chapter 7**
**Honorable Mark J. Conway**

## CERTIFICATION OF REQUEST FOR CONCURRENCE

Debtor hereby certifies that, prior to filing this Motion, she requested concurrence from Plaintiff's counsel via email on June 14, 2026. Debtor was unable to obtain concurrence. Counsel's written response will be filed separately if and when received.

**/s/ Leigh Torres** | Dated: June 14, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:

LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7
**Honorable Mark J. Conway**

**CERTIFICATE OF USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)**

Pursuant to this Court's Order dated March 31, 2026 (Doc. 31 / BNC00013), I certify as follows:

- **AI Tool Used:** Claude (Anthropic)
- **Purpose:** Legal research assistance, citation verification, drafting structure, and organizing arguments.
- **Certification of Accuracy:** I have personally reviewed every portion of this filing. I have independently verified all legal citations against official sources. All factual statements are true and correct to the best of my personal knowledge.
- **Court's Warning Acknowledged:** I acknowledge that failure to comply may result in sanctions. This Certificate is filed in good faith.

**/s/ Leigh Torres**
Dated: June 14, 2026

Case 5:26-bk-00517-MJC    Doc 151    Filed 06/15/26    Entered 06/15/26 09:00:24    Desc
Main Document    Page 7 of 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:

LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7
**Honorable Mark J. Conway**

## VERIFICATION

I, Leigh Torres, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904 that the facts set forth in the foregoing Motion are true and correct to the best of my personal knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 U.S.C. § 152 (bankruptcy fraud) and 18 U.S.C. § 1621 (perjury).

**/s/ Leigh Torres**
Dated: June 14, 2026

Case 5:26-bk-00517-MJC    Doc 151    Filed 06/15/26    Entered 06/15/26 09:00:24    Desc
Main Document    Page 8 of 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:

LEIGH TORRES,
Debtor.

Case No. 5:26-bk-00517-MJC
Chapter 7
**Honorable Mark J. Conway**

## <u>CERTIFICATION OF SERVICE</u>

I, Leigh Torres, hereby certify that a true and correct copy of the foregoing Motion to Participate in Hearing Remotely, Proposed Order, and all accompanying certifications were served on June 14, 2026, by email, on the following parties:

- Jill Durkin, Esq. (Chapter 7 Trustee) – jilldurkinesq@gmail.com
- Matthew Fissel, Esq. (KML Law Group, P.C.) – bkgroup@kmllawgroup.com
- Sarah Mattingly, Esq. (Dinsmore & Shohl LLP) – sarah.mattingly@dinsmore.com

**<u>/s/ Leigh Torres</u>**
Dated: June 14, 2026