United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 26-00517-MJC |
| Leigh Torres | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0314-5 | User: AutoDocke | Page 1 of 2 |
| Date Rcvd: Jun 18, 2026 | Form ID: pdf010 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^      Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 20, 2026:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: leighnflanagan@aol.com | Jun 18 2026 18:42:00 | Leigh Torres, 325 Five Springs Road, Stroudsburg, PA 18360-8175 |
| aty | ^ MEBN | Jun 18 2026 18:38:32 | KML Law Group, P.C., BNY Independence Center, Suite 5000, 701 Market Street, Philadelphia, PA 19106-1541 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 20, 2026      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 18, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jill E. Durkin | jilldurkinesq@gmail.com  PA92@ecfcbis.com |
| Mario J. Hanyon | on behalf of Creditor FREEDOM MORTGAGE CORPORATION wbecf@brockandscott.com mario.hanyon@brockandscott.com |
| Matthew K. Fissel | on behalf of Attorney KML Law Group  P.C. bkgroup@kmllawgroup.com, wbecf@brockandscott.com |

Sarah S. Mattingly

on behalf of Creditor FREEDOM MORTGAGE CORPORATION sarah.mattingly@dinsmore.com
brooke.hudson@dinsmore.com;jamie.herald@dinsmore.com

Sarah S. Mattingly

on behalf of Attorney KML Law Group  P.C. sarah.mattingly@dinsmore.com,
brooke.hudson@dinsmore.com;jamie.herald@dinsmore.com

Stephen Franks

on behalf of Creditor FREEDOM MORTGAGE CORPORATION stephen.franks@dinsmore.com

United States Trustee

ustpregion03.ha.ecf@usdoj.gov


TOTAL: 7

In Re: : Case No. 5:26-bk-00517-MJC
:
Leigh Torres, : Chapter 7
:
Debtor, :
:
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
:
Leigh Torres, :
:
Plaintiff, :
:
v. :
:
Freedom Mortgage Corporation, :
:
Defendant. :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER DENYING RENEWED MOTION TO IMPOSE AUTOMATIC STAY

Upon consideration of the Debtor's Renewed Motion to Impose the Automatic Stay

Pursuant to 11 U.S.C. § 362(c)(4)(B) and Request for Relief Under Fed. R. Bankr. P. 9024, Fed

R. Civ. P. 60(b)(2), and (6) ("Third Motion"), Doc. 123, and Freedom Mortgage Corporation's

("Freedom") Objection to the Third Motion filed on June 9, 2026 ("Objection"), Doc. 149, and

the Debtor's Judicial Notice in Support of Debtor's Third Motion filed June 15, 2026, Doc. 151,

**AND** the Debtor having previously filed a similar Motion requesting substantially the

same relief ("First Motion"), Doc.16, and the Court having heard arguments by the Debtor and

Freedom's counsel with regard to the applicability of the automatic stay in the instant bankruptcy

case on March 26, 2026;

**AND** the Court, having considered the arguments, entered an Order on March 26, 2026,

Doc. 47, denying the First Motion and found that the Debtor had two cases pending within the

prior year that were dismissed and therefore, pursuant to 11 U.S.C. § 362(c)(4)(A) the stay under 11 U.S.C. §362(a) does not go into effect;[1]

**AND** the Court having considered the Debtor's Motion to Invoke, Extend and Continue the Automatic Stay ("Second Motion"), Doc. 24, seeking substantially similar relief, and a hearing having been held on that Motion on April 14, 2026 at which the Debtor did not appear;

**AND** the Court having entered an Order Denying the Second Motion on April 15, 2026, Doc. 82;

**AND** the Court having, again, provided the Debtor with the opportunity to be heard on June 16, 2026 on this Third Motion;

**AND** the Court having found, again, that because Debtor had two cases pending within the previous year that were dismissed, the stay under 11 U.S.C. § 362(a) does not go into effect pursuant to 11 U.S.C. § 362(c)(4)(A);

**AND** the Court again finding and advising Debtor that any automatic stay requested under 11 U.S.C. § 362(c)(4) is not retroactive to the date of filing as clearly stated in 11 U.S.C. § 362(c)(4)(C) and Debtor's continued citation to 11 U.S.C. § 362(c)(4)(D) is not applicable because the Third Motion was not filed within thirty (30) days of the filing of this case as required by 11 U.S.C. § 362(c)(4)(B);

**AND** for the reasons stated on the record; it is hereby

---

[1] The Court notes that even if the stay had been imposed under 11 U.S.C. § 362(c)(4)(B) as requested by the Debtor, the stay would be imposed as of the date of the Order pursuant to 11 U.S.C. § 362(c)(4)(A) and could not be retroactively applied to the date of filing.

**ORDERED** that the Motion is **DENIED.**[2]

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: June 18, 2026

---

[2] The Debtor is reminded of her obligations under the Order entered on March 31, 2026 ("AI Order"), Doc. 65, Regarding the Use of AI in the preparation of filings with this Court. The Debtor is required to verify the accuracy of all citations and legal authority. The Debtor incorrectly continues to cite to legal authority applicable to the stay being imposed under 11 U.S.C. § 362(c)(3) when in this case, given the prior two cases by the Debtor, 11 U.S.C. § 362(c)(4) is applicable to this third case. Even more troubling, Debtor was unable to respond to specific questions from the Court regarding the facts of cases cited in her Third Motion and their applicability in the instant matter. She instead chose to read into the record a summary of her case rife with assertions unsupported by law or fact. Future violations of the AI Order shall result in an Order to Show Cause being issued by this Court and potential sanctions.