# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED (EDSS)
**July 6, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

| | |
|---|---|
| In re: | Case No. 5:26-bk-00517-MJC |
| LEIGH TORRES, | Chapter 7 |
| Debtor. | Honorable Mark J. Conway |

**JOINT NOTICE OF APPEAL**

**TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT:**

PLEASE TAKE NOTICE that Appellants, **Leigh Torres** and **Hericson Torres**, hereby appeal to the United States District Court for the Middle District of Pennsylvania from the following order of the Bankruptcy Court:

- **Order Denying Renewed Motion to Impose Automatic Stay**, entered on June 18, 2026, and from all orders merged therein.

This appeal is taken pursuant to **28 U.S.C. § 158(a)(1)** and **Federal Rule of Bankruptcy Procedure 8003(a)**.

**APPELLANTS**

1. **Leigh Torres** – Debtor, pro se
   325 Five Springs Road, Stroudsburg, PA 18360
   (347) 566-5877
   leighnflanagan@aol.com
2. **Hericson Torres** – Deed holder, party in interest, and state court litigant
   325 Five Springs Road, Stroudsburg, PA 18360
   (347) 921-0430
   hericson@me.com

**APPELLEE**

**Freedom Mortgage Corporation**, by and through its counsel, KML Law Group, P.C. and or Brock & Scott, PLLC.

**STATEMENT OF ISSUES PRESENTED ON APPEAL**

Pursuant to **Fed. R. Bankr. P. 8003(a)(3)(B)** and **Fed. R. Bankr. P. 8009(a)(1)(B)** , Appellants respectfully present the following issues for review:

## I. WHETHER THE BANKRUPTCY COURT ERRED BY FAILING TO APPLY THE EXCLUSIVITY PROVISION OF 11 U.S.C. § 362(c)(4)(D)(i)(II)

**Issue:** Did the Bankruptcy Court err by holding that the automatic stay did not go into effect under 11 U.S.C. § 362(c)(4)(A) without first determining whether the presumption of bad faith under § 362(c)(4)(D)(i)(II) attached?

**Supporting Facts:** The prior dismissals (February 27, 2025, and June 25, 2025) were for **failure to appear at § 341 meetings**—not for any of the three enumerated grounds in § 362(c)(4)(D)(i)(II): (i) failure to file or amend documents; (ii) failure to provide adequate protection; or (iii) failure to perform a confirmed plan.

**Statutory Basis:** 11 U.S.C. § 362(c)(4)(D)(i)(II) lists the **only** grounds that trigger the presumption of bad faith. Congress deliberately enumerated these three specific grounds and excluded others. Because the prior dismissals were not for any enumerated ground, the presumption of bad faith never attached.

**Argument:** Because the presumption of bad faith never attached, the stay went into effect immediately upon filing at 9:40 a.m. on February 26, 2026. The Bankruptcy Court's failure to address this argument constitutes reversible error.

## II. WHETHER THE BANKRUPTCY COURT ERRED BY HOLDING THAT DEBTOR'S MOTION WAS UNTIMELY

**Issue:** Did the Bankruptcy Court err by holding that Debtor's Renewed Motion to Impose Automatic Stay (filed May 18, 2026) was untimely under 11 U.S.C. § 362(c)(4)(B), when Debtor's original Motion to Invoke, Extend and Continue Automatic Stay (Doc. 24) was filed on **March 16, 2026**—well within the 30-day window following the February 26, 2026 petition date?

**Supporting Facts:** The First Motion was filed on March 16, 2026. The hearing was scheduled for April 14, 2026. Debtor was unable to attend due to: (a) the Court's denial of remote participation; (b) the Court's denial of the fee waiver; (c) lack of reliable transportation; (d) severe medical disability (liver transplant, cognitive deficits); and (e) a conflicting medical appointment. The Court denied the First Motion on April 15, 2026. The Renewed Motion (Doc. 123) was a continuation of the timely-filed First Motion, incorporating the same relief and adding newly discovered evidence.

**Statutory Basis:** 11 U.S.C. § 362(c)(4)(B) requires that the **motion** be filed within 30 days of the petition—**not** that the hearing or ruling occur within that timeframe.

**Argument:** The Bankruptcy Court's holding that the Renewed Motion was untimely ignores the fact that the First Motion was timely filed. The denial of the First Motion for non-attendance at the hearing does not retroactively make the filing untimely. The Renewed Motion was a continuation of the timely-filed First Motion.

## III. WHETHER THE BANKRUPTCY COURT ERRED BY HOLDING THAT RETROACTIVE (NUNC PRO TUNC) RELIEF IS ABSOLUTELY PROHIBITED UNDER § 362(c)(4)(C)

**Issue:** Did the Bankruptcy Court err by holding that retroactive (nunc pro tunc) relief is absolutely prohibited by 11 U.S.C. § 362(c)(4)(C), without considering the Court's equitable powers under 11 U.S.C. § 105(a) or the retroactive annulment authority under 11 U.S.C. § 362(d)?

**Statutory Basis:** Section 362(c)(4)(C) states that a stay imposed under § 362(c)(4)(B) "shall be effective on the date of the entry of the order." However, **11 U.S.C. § 105(a)** grants the Court equitable powers to issue any order "necessary or appropriate to carry out the provisions of this title." Additionally, **11 U.S.C. § 362(d)** provides that the Court may "annul" the stay—which operates retroactively.

**Argument:** The Bankruptcy Court's blanket statement that retroactive relief is absolutely prohibited overlooks the Court's equitable powers under § 105(a) and the retroactive annulment authority under § 362(d). While § 362(c)(4)(C) is the default rule, courts have discretion to grant equitable relief when the circumstances warrant it. This case presents such circumstances.

### IV. WHETHER THE BANKRUPTCY COURT ERRED BY FAILING TO ADDRESS THE TOTALITY OF CIRCUMSTANCES AND REBUTTAL OF THE PRESUMPTION OF BAD FAITH

**Issue:** Did the Bankruptcy Court err by failing to consider the totality of circumstances and Debtor's rebuttal of the presumption of bad faith under 11 U.S.C. § 362(c)(4)(D), including changed circumstances, Debtor's medical disability, and the loss of household income?

**Supporting Facts:** Debtor presented substantial evidence of changed circumstances:

- **Divorce** filed August 29, 2025 (*Torres v. Torres*, Monroe County No. 005565-CV-2025);
- **Life-saving liver transplant** on July 25, 2024, and ongoing cognitive deficits;
- **Total loss of household income** since July 2025;
- **District Court IFP Order** (April 8, 2026, Case No. 3:26-CV-00859) confirming indigency;
- **Plaintiff's Exhibit C** proving the promissory note is endorsed only to PrimeLending—not to Freedom Mortgage;
- **Forged loan modification** notarized by a notary whose commission was revoked;
- **Fraudulent assignment** executed by Jared Fink while employed by the assignee (RoundPoint), not the assignor (MERS/PrimeLending).

**Statutory Basis:** The presumption of bad faith under § 362(c)(4)(D) is **rebuttable by clear and convincing evidence**. Courts apply a **totality of the circumstances** test.

**Argument:** The Bankruptcy Court's Order does not address any of this evidence. The Court failed to conduct the required totality-of-circumstances analysis and failed to consider whether Debtor rebutted the presumption of bad faith by clear and convincing evidence.

### V. WHETHER THE BANKRUPTCY COURT ERRED BY FAILING TO ADDRESS FREEDOM MORTGAGE'S LACK OF STANDING AND UNCLEAN HANDS

**Issue:** Did the Bankruptcy Court err by failing to consider Freedom Mortgage's lack of standing and unclean hands, which are directly relevant to the issue of good faith under § 362(c)(4)(B)?

**Supporting Facts:**

- The promissory note is specially endorsed only to PrimeLending—not to Freedom Mortgage. Under **13 Pa.C.S. § 3301** , only the "holder" of the instrument may enforce it. Freedom lacks standing.
- The mortgage was sold to Freddie Mac on October 3, 2016. After that sale, MERS/PrimeLending had no interest to assign.

- The November 27, 2019 Assignment of Mortgage was executed by **Jared Fink**, who was employed by **RoundPoint** (the assignee)—not by MERS or PrimeLending (the assignor). The notary, **Destiny Adams**, was also employed by RoundPoint.
- Jared Fink later went to work for **Freedom Mortgage**. He previously worked for **Brock & Scott PLLC**—which also represents Freedom Mortgage in this matter.
- The Assignment was **prepared by KML Law Group, P.C.** —the same firm representing Freedom Mortgage in this bankruptcy case.
- The June 1, 2020 loan modification was notarized by Sean Wilson, whose commission was revoked on August 25, 2019—282 days before the purported notarization. 57 Pa.C.S. §§ 304(b), 321, 326(c).

**Argument:** A party with unclean hands cannot invoke equitable defenses. Freedom Mortgage's lack of standing and unclean hands are directly relevant to the good faith determination under § 362(c)(4)(B). The Bankruptcy Court's failure to address these issues constitutes reversible error.

## VI. WHETHER THE BANKRUPTCY COURT ERRED BY FAILING TO ADDRESS THE WILLFUL VIOLATION OF THE AUTOMATIC STAY

**Issue:** Did the Bankruptcy Court err by failing to address the willful violation of the automatic stay by Sheriff Cirranello and Freedom Mortgage's counsel?

**Supporting Facts:**

- Sheriff Cirranello received actual notice of the bankruptcy filing at 9:51 a.m. and 10:02 a.m. on February 26, 2026.
- At 10:36 a.m., Freedom's counsel, Michael T. McKeever, Esq., emailed: "Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place."
- No party had requested—and no court had entered—an order under **11 U.S.C. § 362(c)(4)(A)(ii) or § 362(d)** .
- The sheriff's sale proceeded from 10:36 a.m. to 12:22 p.m.—over two hours after actual notice.

**Statutory Basis:** A violation of the automatic stay is **willful** if the party had actual knowledge of the stay and intentionally committed the violative act. **11 U.S.C. § 362(k)** provides for damages for willful violations. Only a bankruptcy court may determine the scope of the automatic stay. **11 U.S.C. § 362(c)(4)(A)(ii)** requires a court order confirming that no stay is in effect. A creditor's attorney cannot unilaterally declare the stay inapplicable.

**Argument:** The creditor's attorney's unilateral declaration was **ultra vires**. The sheriff's sale conducted without a court order was a willful violation of the stay and is void *ab initio*.

## VII. WHETHER THE BANKRUPTCY COURT ERRED BY FAILING TO ADDRESS THE UNDERLYING STATE COURT JUDGMENT IS VOID

**Issue:** Did the Bankruptcy Court err by failing to consider that the underlying state court judgment is void for lack of standing, which is directly relevant to the good faith determination?

**Supporting Facts:**

- The foreclosure complaint was filed April 25, 2023. The promissory note was not attached.

- On December 8, 2025—937 days after the complaint—Plaintiff filed Exhibit C showing the note specially endorsed only to PrimeLending—not to Freedom Mortgage.
- Under **13 Pa.C.S. § 3301** , only the "holder" of the instrument may enforce it. Freedom was never the holder.
- A judgment entered without standing is **void ab initio**.

**Argument:** The underlying state court judgment is void. Debtor's bankruptcy filing is an effort to protect her home from a void judgment—not an abuse of the system.


## STATEMENT OF JOINT APPEAL

Pursuant to **Fed. R. Bankr. P. 8003(b)(1)** , Appellants' interests make joinder practicable because both parties have a direct interest in the subject property and the underlying litigation, and their claims arise from the same transaction and occurrence.


## RELIEF REQUESTED

Appellants request that the District Court:

1. **REVERSE** the Bankruptcy Court's Order Denying Renewed Motion to Impose Automatic Stay;
2. **DECLARE** that the automatic stay was in full force and effect on February 26, 2026, at 9:40 a.m.;
3. **DECLARE** the February 26, 2026 sheriff's sale void *ab initio*;
4. **REMAND** to the Bankruptcy Court for further proceedings consistent with the District Court's ruling; and
5. **GRANT** such other and further relief as is just and proper.


## DEMAND FOR TRIAL BY JURY

Appellants hereby **demand a trial by jury** on all legal claims in this proceeding, including but not limited to claims for willful violation of the automatic stay under **11 U.S.C. § 362(k)**, fraud, civil conspiracy, and constitutional violations, pursuant to **U.S. Const. amend. VII**, **Fed. R. Civ. P. 38(b)**, and **Fed. R. Bankr. P. 9015**.

Dated: July 2, 2026

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
(347) 566-5877
leighnflanagan@aol.com

**/s/ Hericson Torres**
**Hericson Torres**
325 Five Springs Road, Stroudsburg, PA 18360
(347) 921-0430
hericson@me.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Joint Notice of Appeal was served on July 2, 2026, by email, on the following parties:

- Jill Durkin, Esq. (Chapter 7 Trustee) — jilldurkinesq@gmail.com
- Matthew Fissel, Esq. (KML Law Group, P.C.) — bkgroup@kmllawgroup.com
- Stephen Franks, Esq. (Dinsmore & Shohl LLP) — stephen.franks@dinsmore.com

**/s/ Leigh Torres**

## CERTIFICATE OF USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)

Pursuant to this Court's Order dated March 31, 2026, I, Leigh Torres, certify as follows:

- **1. AI Tool Used:** Claude (Anthropic) — accessed July 2, 2026.
- **2. Purpose:** Legal research assistance, citation verification, drafting structure, and organizing arguments in preparation of the Joint Notice of Appeal. No AI-generated content was used without independent verification.
- **3. Certification of Accuracy:** I have personally reviewed every portion of this filing. I have independently verified all legal citations against official sources. All factual statements are true and correct to the best of my personal knowledge.

**/s/ Leigh Torres**　　　　　　**Dated: July 2, 2026**

**Exhibits:**
**Exhibit A: June 19, 2026 Order Denying Renewed Motion to Impose Automatic Stay**

# Exhibit A

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Case No. 5:26-bk-00517-MJC |
| | : | |
| Leigh Torres, | : | Chapter 7 |
| | : | |
| Debtor, | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| | : | |
| Leigh Torres, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Freedom Mortgage Corporation, | : | |
| | : | |
| Defendant. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER DENYING RENEWED MOTION TO IMPOSE AUTOMATIC STAY

Upon consideration of the Debtor's Renewed Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B) and Request for Relief Under Fed. R. Bankr. P. 9024, Fed R. Civ. P. 60(b)(2), and (6) ("Third Motion"), Doc. 123, and Freedom Mortgage Corporation's ("Freedom") Objection to the Third Motion filed on June 9, 2026 ("Objection"), Doc. 149, and the Debtor's Judicial Notice in Support of Debtor's Third Motion filed June 15, 2026, Doc. 151,

**AND** the Debtor having previously filed a similar Motion requesting substantially the same relief ("First Motion"), Doc.16, and the Court having heard arguments by the Debtor and Freedom's counsel with regard to the applicability of the automatic stay in the instant bankruptcy case on March 26, 2026;

**AND** the Court, having considered the arguments, entered an Order on March 26, 2026, Doc. 47, denying the First Motion and found that the Debtor had two cases pending within the

prior year that were dismissed and therefore, pursuant to 11 U.S.C. § 362(c)(4)(A) the stay under 11 U.S.C. §362(a) does not go into effect;[1]

**AND** the Court having considered the Debtor's Motion to Invoke, Extend and Continue the Automatic Stay ("Second Motion"), Doc. 24, seeking substantially similar relief, and a hearing having been held on that Motion on April 14, 2026 at which the Debtor did not appear;

**AND** the Court having entered an Order Denying the Second Motion on April 15, 2026, Doc. 82;

**AND** the Court having, again, provided the Debtor with the opportunity to be heard on June 16, 2026 on this Third Motion;

**AND** the Court having found, again, that because Debtor had two cases pending within the previous year that were dismissed, the stay under 11 U.S.C. § 362(a) does not go into effect pursuant to 11 U.S.C. § 362(c)(4)(A);

**AND** the Court again finding and advising Debtor that any automatic stay requested under 11 U.S.C. § 362(c)(4) is not retroactive to the date of filing as clearly stated in 11 U.S.C. § 362(c)(4)(C) and Debtor's continued citation to 11 U.S.C. § 362(c)(4)(D) is not applicable because the Third Motion was not filed within thirty (30) days of the filing of this case as required by 11 U.S.C. § 362(c)(4)(B);

**AND** for the reasons stated on the record; it is hereby

---

[1] The Court notes that even if the stay had been imposed under 11 U.S.C. § 362(c)(4)(B) as requested by the Debtor, the stay would be imposed as of the date of the Order pursuant to 11 U.S.C. § 362(c)(4)(A) and could not be retroactively applied to the date of filing.

**ORDERED** that the Motion is **DENIED.**[2]

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: June 18, 2026

---

[2] The Debtor is reminded of her obligations under the Order entered on March 31, 2026 ("AI Order"), Doc. 65, Regarding the Use of AI in the preparation of filings with this Court. The Debtor is required to verify the accuracy of all citations and legal authority. The Debtor incorrectly continues to cite to legal authority applicable to the stay being imposed under 11 U.S.C. § 362(c)(3) when in this case, given the prior two cases by the Debtor, 11 U.S.C. § 362(c)(4) is applicable to this third case. Even more troubling, Debtor was unable to respond to specific questions from the Court regarding the facts of cases cited in her Third Motion and their applicability in the instant matter. She instead chose to read into the record a summary of her case rife with assertions unsupported by law or fact. Future violations of the AI Order shall result in an Order to Show Cause being issued by this Court and potential sanctions.