FILED (EDSS)
**July 17, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Civil Action No. 3:26-cv-01888-JFS |
| LEIGH TORRES, | On Appeal from the United States |
| Debtor. | Bankruptcy Court for the |
| | Middle District of Pennsylvania |
| | Case No. 5:26-bk-00517-MJC |
| | Chapter 7 |
| | Honorable Mark J. Conway |
| LEIGH TORRES and | |
| HERICSON TORRES, | |
| Appellants, | |
| v. | |
| FREEDOM MORTGAGE CORPORATION, | |
| Appellee. | |

**APPELLANT'S STATEMENT OF ISSUES ON APPEAL PURSUANT TO FED. R. BANKR. P. 8009(a)(1)(B)**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(B), Appellant's Leigh Torres and Hericson Torres hereby state the following issues to be presented on appeal from the Bankruptcy Court's Order Denying Renewed Motion to Impose Automatic Stay entered on June 18, 2026 (BNC00040):

**ISSUE 1: Whether the Bankruptcy Court erred by failing to apply the exclusivity provision of 11 U.S.C. § 362(c)(4)(D)(i)(II).**

The Bankruptcy Court held that the automatic stay did not go into effect under 11 U.S.C. § 362(c)(4)(A) based on Debtor's two prior filings within the preceding year. However, the Court failed to determine whether the presumption of bad faith under 11 U.S.C. § 362(c)(4)(D)(i)(II) attached. The prior dismissals were for failure to appear at section 341 meetings — NOT for any of the three enumerated grounds: (i) failure to file or amend documents; (ii) failure to provide adequate protection; or (iii) failure to perform a confirmed plan. The statute lists these three grounds

exclusively. Because the prior dismissals were not for any enumerated ground, the presumption of bad faith never attached.

**ISSUE 2: Whether the Bankruptcy Court erred by holding that the Renewed Motion was untimely under 11 U.S.C. § 362(c)(4)(B).**

The Bankruptcy Court held that Debtor's Renewed Motion to Impose Automatic Stay (filed May 18, 2026) was untimely. However, Debtor's First Motion (Doc. 24) was filed on March 16, 2026 — well within the 30-day window following the February 26, 2026 petition date. The Renewed Motion was a continuation of the timely-filed First Motion, incorporating newly discovered evidence. The denial of the First Motion for non-attendance at the hearing does not retroactively make the filing untimely.

**ISSUE 3: Whether the Bankruptcy Court erred by holding that retroactive (nunc pro tunc) relief is absolutely prohibited under 11 U.S.C. § 362(c)(4)(C).**

The Bankruptcy Court held that retroactive relief is absolutely prohibited by 11 U.S.C. § 362(c)(4)(C). However, 11 U.S.C. § 105(a) grants the Court equitable powers to issue any order necessary or appropriate to carry out the provisions of title 11. Additionally, 11 U.S.C. § 362(d) provides that the Court may annul the stay — which operates retroactively. While section 362(c)(4)(C) is the default rule, courts have discretion to grant equitable relief when circumstances warrant it.

**ISSUE 4: Whether the Bankruptcy Court erred by failing to consider the totality of circumstances and rebuttal of the presumption of bad faith.**

The Bankruptcy Court failed to consider the totality of circumstances and Debtor's rebuttal of any presumption of bad faith, including:

- Changed circumstances (divorce filed August 29, 2025; individual filing rather than joint; loss of household income since July 2025);
- Medical disability (liver transplant on July 25, 2024; lifelong immunosuppressant therapy; neuropathy; cognitive deficits; PTSD; bipolar disorder; state-issued handicap placard);
- The void nature of the underlying foreclosure judgment (detailed in Issue 5);
- Pending appeal before the Pennsylvania Superior Court (Docket No. 634 EDA 2026);
- The Court's denial of ADA accommodations and fee waiver, which prevented Debtor from attending the April 14, 2026 hearing.

The Court also failed to consider that the prior dismissals were not for any of the enumerated grounds in 11 U.S.C. § 362(c)(4)(D)(i)(II).

**ISSUE 5: Whether the Bankruptcy Court erred by failing to address that the underlying state court judgment is void ab initio for multiple independent reasons.**

The December 6, 2023 Default Judgment entered in *Freedom Mortgage Corporation v. Hericson Torres*, Monroe County Court of Common Pleas Docket No. 002644-CV-2023, is void ab initio for the following independent reasons:

**(A) Lack of Standing / Real Party in Interest / Holder in Due Course:** The promissory note is specially endorsed only to "PRIMELENDING, A PLAINSCAPITAL COMPANY" — NOT to Freedom Mortgage Corporation. Under 13 Pa.C.S. § 3301, only the holder of the instrument may

enforce it. Freedom Mortgage was never the holder. Freedom Mortgage cannot satisfy 13 Pa.C.S. § 3301. Pa.R.C.P. 2002(a) requires actions to be prosecuted by the real party in interest. Freedom Mortgage is not the real party in interest. Standing is a constitutional prerequisite to subject-matter jurisdiction and cannot be waived.

**(B) Bifurcation of Note and Mortgage / Broken Chain of Title:** On October 3, 2016, Freddie Mac purchased the loan. After that sale, PrimeLending and its nominee MERS had no remaining interest to assign. The note and mortgage are inseparable; an assignment of the mortgage alone, without transfer of the note, is a nullity.

**(C) Void Assignments:**

- **November 27, 2019 Assignment:** Purports to transfer from MERS to RoundPoint. Executed by Jared Fink, who signed as "Assistant Secretary" of MERS. At the time, Jared Fink was employed by RoundPoint (the assignee) — NOT by MERS or PrimeLending (the assignor). The notary, Destiny Adams, was also employed by RoundPoint. The assignment was prepared by KML Law Group, P.C. — the same firm representing Freedom Mortgage in this bankruptcy case. Jared Fink is a licensed North Carolina attorney (Bar No. 46671), and a formal grievance was filed with the North Carolina State Bar. The assignment is void.
- **August 3, 2022 Assignment:** Purports to transfer from "Freedom Mortgage as Attorney in Fact for RoundPoint" to Freedom Mortgage. No power of attorney has been produced. The assignment depends on the void 2019 assignment. The assignment is void.

**(D) Forged Loan Modification / Notary Fraud:** The June 1, 2020 loan modification was notarized by Sean Wilson (PA Notary #1290714). His commission was revoked on August 25, 2019 — 282 days before the purported notarization. A notarial act performed by a person whose commission has been revoked is void. Debtor never signed the modification. The document constitutes forgery.

**(E) Act 6 and Act 91 Violations:** The notices attached to the Complaint were generated by RoundPoint Mortgage Servicing Corporation, which was not the holder of the promissory note and had no authority to send notices. The notices are dated October 28, 2020 — over 900 days before the April 25, 2023 Complaint — and were generated in connection with a prior foreclosure action that was dismissed. USPS tracking shows "Label Created, not yet in system" — the notices were never delivered. The lender must be the holder at the time the Act 6 notice is sent. A new Act 6 notice is required before a second foreclosure action. Lack of notice is a jurisdictional impediment to filing a foreclosure action or obtaining a judgment under Pennsylvania law.

**(F) CARES Act and Forbearance Violation:** The Complaint was filed on April 25, 2023, during an active forbearance period (February 1, 2023 through July 31, 2023) in violation of the contractual promise "We will not refer your loan to foreclosure during the Forbearance Plan." The CARES Act applies to federally backed mortgages, including loans owned by Freddie Mac. A judgment obtained in violation of federal law is void. State courts are bound by federal law under the Supremacy Clause of the United States Constitution.

**(G) Ten-Day Pre-Judgment Notice Violation:** The Ten-Day Notice required by Pa.R.Civ.P. 237.1(a)(2) was sent to the wrong address, damaged in transit, and not received until December 14, 2023 — eight days AFTER the Default Judgment was entered on December 6, 2023. A judgment entered without proper notice is void for lack of personal jurisdiction.

**(H) Systemic Notice Failures:** Debtor changed her address with the bank on June 19, 2023, and provided her correct address in her December 15, 2023 Answer. Despite this, the bank and the court

continued to send notices and orders to the property address. This systemic failure deprived Debtor of the opportunity to be heard.

**(I) Procedural Denial with No Preclusive Effect:** The May 31, 2024 Order denied the first Petition to Open for "want of form" (failure to attach a proposed answer). The Order did not adjudicate standing, jurisdiction, the validity of assignments, or the voidness of the judgment. A procedural denial has no preclusive effect.

**(J) Concealment of Exculpatory Evidence / Fraud on the Court:** Plaintiff concealed Exhibit C (the promissory note) for 937 days, from April 25, 2023 to December 8, 2025. The note, when finally produced, shows a special endorsement solely to PrimeLending, with no endorsement to Freedom. This concealment prevented Debtor from challenging standing and allowed Plaintiff to obtain a default judgment without proving it was the holder. The concealment of exculpatory evidence constitutes fraud on the court.

**(K) Civil Rights Violations:** The sheriff's sale, based on a void judgment, deprived Debtor of her rights to hold and convey property. The Monroe County Sheriff and private parties acted under color of state law to deprive Debtor of her federal rights.

**Because the underlying judgment is void ab initio for all of these reasons, it cannot support a sheriff's sale and cannot serve as the basis for denying the automatic stay.**

**ISSUE 6: Whether the Bankruptcy Court's application of procedural bars (law of the case, collateral estoppel, res judicata) to a void judgment constitutes a deprivation of due process under color of law.**

A void judgment is "no judgment at all." It cannot serve as the basis for preclusion because no actual litigation occurred. The underlying state court judgment is void for the multiple reasons set forth in Issue 5. The Monroe County Sheriff and Freedom Mortgage's counsel acted under color of state law in enforcing the void judgment. The application of procedural bars to a void judgment constitutes a deprivation of property without due process of law.

**ISSUE 7: Whether the Bankruptcy Court's application of the 11 U.S.C. § 362(c)(4)(D) presumption of bad faith violated Debtor's due process rights under the Fifth and Fourteenth Amendments.**

The Bankruptcy Court applied the presumption of bad faith under 11 U.S.C. § 362(c)(4)(D) without conducting a meaningful hearing or permitting Debtor to present evidence of changed circumstances. Debtor's home — her most fundamental property interest — was at stake. The risk of erroneous deprivation was extreme because the prior dismissals were NOT for any of the enumerated grounds in 11 U.S.C. § 362(c)(4)(D)(i)(II). The Court denied Debtor's request for a remote hearing under the Americans with Disabilities Act, denied her fee waiver, and then penalized her for not appearing in person. This constitutes a deprivation of property without due process of law.

**ISSUE 8: Whether the Bankruptcy Court's denial of reasonable accommodations under the Americans with Disabilities Act violated Debtor's right to meaningful access to the courts.**

Debtor is a liver transplant recipient on lifelong immunosuppressant therapy, with chronic neuropathy, cognitive deficits, PTSD, and bipolar disorder. She possesses a state-issued handicap parking placard. On March 18, 2026, she filed a Motion for Remote/Virtual Hearings (Doc. 26).

The Court denied it on March 19, 2026 (Doc. 32). On March 25, 2026, she filed a Motion for Reconsideration (Doc. 41). The Court denied reconsideration on March 26, 2026 (Doc. 44), stating she had "not provided any documentation" — a finding that contradicts the record, as she had provided a sworn declaration. Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, provides that no qualified individual with a disability shall be excluded from participation in or denied the benefits of services of a public entity. The Court's denial of remote hearings effectively excluded Debtor from participating in proceedings affecting her home.

**ISSUE 9: Whether the Bankruptcy Court erred by denying Debtor's fee waiver for over three months, in violation of Debtor's constitutional right of access to the courts under the Due Process Clause.**

On April 8, 2026, the United States District Court granted Debtor in forma pauperis status (Case No. 3:26-CV-00859). On June 4, 2026, the Bankruptcy Court finally granted the fee waiver (BNC00035). However, from February 26, 2026 to June 4, 2026 — over three months — Debtor was forced to litigate without the ability to pay court fees. The Due Process Clause guarantees meaningful access to the courts. Denying the fee waiver for over three months constituted a deprivation of access to the courts.

**ISSUE 10: Whether the Bankruptcy Court's denial of Debtor's motion for an evidentiary hearing on good faith violated Debtor's right to be heard under the Due Process Clause.**

Debtor filed a Request for Evidentiary Hearing on Good Faith on March 26, 2026 (Doc. 49). The Court denied the request without conducting an evidentiary hearing. The determination of good faith under 11 U.S.C. § 362(c)(4)(B) requires a factual inquiry into changed circumstances, which cannot be resolved without an evidentiary hearing. The Court's denial of an evidentiary hearing deprived Debtor of the opportunity to present evidence of changed circumstances and rebut any presumption of bad faith.

**ISSUE 11: Whether the Bankruptcy Court erred by failing to recognize that the stay continues to protect property of the estate under 11 U.S.C. § 362(c)(1).**

Even if 11 U.S.C. § 362(c)(4)(A)(i) terminates the stay with respect to the debtor, the stay continues to protect property of the estate under 11 U.S.C. § 362(c)(1). Debtor's home became property of the estate under 11 U.S.C. § 541(a) at 9:40 AM on February 26, 2026. The sheriff's sale was an act against property of the estate, taken without any court order, and is therefore void.

**CERTIFICATION**

I certify that the foregoing Statement of Issues includes all issues to be presented on appeal from the Bankruptcy Court's Order Denying Renewed Motion to Impose Automatic Stay entered on June 18, 2026 (BNC00040).

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
(347) 566-5877
leighnflanagan@aol.com

**/s/ Hericson Torres**
Hericson Torres

325 Five Springs Road, Stroudsburg, PA 18360
(347) 921-0430
hericson@me.com

Dated: July 16, 2026

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Statement of Issues on Appeal was served on July 16, 2026, by email, on the following parties:

- Jill Durkin, Esq. (Chapter 7 Trustee) — jilldurkinesq@gmail.com
- Matthew Fissel, Esq. (KML Law Group, P.C.) — bkgroup@kmllawgroup.com
- Stephen Franks, Esq. (Dinsmore & Shohl LLP) — stephen.franks@dinsmore.com
- Mario Hanyon, Esq. (Brock & Scott PLLC) – mario.hanyon@brockandscott.com
- Office of the United States Trustee — ustpregion03.ha.ecf@usdoj.gov

**/s/ Leigh Torres**
Leigh Torres

Case 5:26-bk-00517-MJC    Doc 171    Filed 07/17/26    Entered 07/17/26 11:23:28    Desc
Main Document      Page 6 of 6