**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED (EDSS)
**July 17, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

In re:  Case No. 5:26-bk-00517-MJC

LEIGH TORRES,  Chapter 7

Debtor.  Honorable Mark J. Conway

**MOTION FOR TRANSCRIPTS AND CERTIFIED COURT DOCKETS AT GOVERNMENT EXPENSE PURSUANT TO 28 U.S.C. § 753(f) AND FED. R. BANKR. P. 8009(b)(1)**

Pursuant to 28 U.S.C. § 753(f) and Federal Rule of Bankruptcy Procedure 8009(b)(1), Appellants Leigh Torres and Hericson Torres respectfully move this Court for an order directing that:

1. A transcript of the **June 16, 2026 hearing** be prepared at government expense; and
2. Certified copies of the dockets for the following bankruptcy cases be provided at government expense:

   o **Case No. 5:25-bk-00501-MJC** (filed February 27, 2025; dismissed May 19, 2025)
   o **Case No. 5:25-bk-01761-MJC** (filed June 25, 2025; dismissed September 9, 2025)
   o **Case No. 5:26-bk-00517-MJC** (filed February 26, 2026; active — current case)

In support thereof, Appellants state as follows:

**I. APPELLANTS HAVE FILED A NOTICE OF APPEAL**

On July 2, 2026, Appellants filed a timely Notice of Appeal from the Bankruptcy Court's **Order Denying Renewed Motion to Impose Automatic Stay** entered on June 18, 2026 (BNC00040).

The appeal is currently pending before the United States District Court for the Middle District of Pennsylvania.

**II. THE TRANSCRIPT IS NECESSARY FOR THE APPEAL**

The June 16, 2026 hearing is directly relevant to the appeal because it involves:

- The Court's consideration of the totality of circumstances;
- Debtor's rebuttal of the presumption of bad faith under 11 U.S.C. § 362(c)(4)(D);
- Debtor's presentation of changed circumstances (divorce, individual filing, liver transplant, loss of income);
- The Court's findings regarding the void nature of the underlying state court judgment;
- The Court's findings regarding Freedom Mortgage's lack of standing and unclean hands; and
- The Court's oral findings and reasoning for denying the Renewed Motion to Impose Automatic Stay.

The transcript of this hearing is essential for the District Court to review the Bankruptcy Court's factual findings and legal conclusions.

## III. THE CERTIFIED DOCKETS ARE NECESSARY FOR THE APPEAL

The certified dockets are necessary to establish:

- **Case No. 5:25-bk-00501-MJC:** The filing date (February 27, 2025), the dismissal date (May 19, 2025), and the grounds for dismissal (failure to appear at § 341 meeting);
- **Case No. 5:25-bk-01761-MJC:** The filing date (June 25, 2025), the dismissal date (September 9, 2025), and the grounds for dismissal (failure to appear at § 341 meeting);
- **Case No. 5:26-bk-00517-MJC:** The filing date (February 26, 2026), the procedural history, and the orders entered in the active case.

These certified dockets are necessary to demonstrate that the prior dismissals were **not** for any of the enumerated grounds in 11 U.S.C. § 362(c)(4)(D)(i)(II), and therefore the presumption of bad faith never attached.

## IV. APPELLANTS ARE INDIGENT AND PROCEEDING IN FORMA PAUPERIS

On **April 8, 2026**, the United States District Court for the Middle District of Pennsylvania granted Appellant Leigh Torres **in forma pauperis status** in Civil Action No. 3:26-CV-00859, conclusively establishing her indigency.

On **June 4, 2026**, the Bankruptcy Court entered an Order granting Appellant's Second Motion for Reconsideration of the Chapter 7 Filing Fee and **WAIVED** the filing fee (BNC00035).

Appellant Leigh Torres has **zero income** in 2026. Her 2025 personal income was **$1,000** (4.9% of the federal poverty level).

Appellant Hericson Torres has been unemployed since approximately July 2025 and has no income.

Appellants are unable to pay the cost of transcripts and certified dockets.

## V. THE APPEAL IS NOT FRIVOLOUS

The appeal raises substantial legal questions, including:

- Whether the Bankruptcy Court erred by failing to apply the exclusivity provision of 11 U.S.C. § 362(c)(4)(D)(i)(II);
- Whether the Bankruptcy Court erred by holding that the Renewed Motion was untimely under 11 U.S.C. § 362(c)(4)(B);
- Whether the Bankruptcy Court erred by holding that retroactive relief is absolutely prohibited under 11 U.S.C. § 362(c)(4)(C);
- Whether the Bankruptcy Court erred by failing to consider the totality of circumstances and rebuttal of the presumption of bad faith;
- Whether the Bankruptcy Court erred by failing to address Freedom Mortgage's lack of standing and unclean hands;
- Whether the Bankruptcy Court erred by failing to address that the underlying state court judgment is void for lack of standing;
- Whether the Bankruptcy Court's application of the presumption of bad faith violated Appellants' due process rights;
- Whether the Bankruptcy Court's denial of reasonable accommodations under the Americans with Disabilities Act violated Appellants' right to meaningful access to the courts.

These issues are substantial and not frivolous. The appeal has a reasonable possibility of success.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Appellants Leigh Torres and Hericson Torres respectfully request that this Court:

1. **ORDER** the preparation of a transcript of the **June 16, 2026 hearing** on the Renewed Motion to Impose Automatic Stay at government expense;
2. **ORDER** the Clerk to provide certified copies of the dockets for the following cases at government expense:
   - **Case No. 5:25-bk-00501-MJC**
   - **Case No. 5:25-bk-01761-MJC**
   - **Case No. 5:26-bk-00517-MJC**
3. **CERTIFY** that the appeal is not frivolous and that the transcript and certified dockets are needed to decide the issues presented;
4. **ORDER** that the transcript and certified dockets be included in the record on appeal.

## CERTIFICATION UNDER 28 U.S.C. § 753(f)

I, Leigh Torres, hereby certify that the appeal from the Bankruptcy Court's Order Denying Renewed Motion to Impose Automatic Stay entered on June 18, 2026 (BNC00040) is **not frivolous**, and that the transcript of the June 16, 2026 hearing and the certified dockets of the above-listed cases are needed to decide the issues presented on appeal.

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se / Appellant
325 Five Springs Road, Stroudsburg, PA 18360
(347) 566-5877
leighnflanagan@aol.com

**/s/ Hericson Torres**
Hericson Torres, Appellant / Party in Interest
325 Five Springs Road, Stroudsburg, PA 18360
(347) 921-0430
hericson@me.com

Dated: July 16, 2026

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion for Transcripts and Certified Court Dockets at Government Expense was served on July 16, 2026, by email, on the following parties:

- Jill Durkin, Esq. (Chapter 7 Trustee) — jilldurkinesq@gmail.com
- Matthew Fissel, Esq. (KML Law Group, P.C.) — bkgroup@kmllawgroup.com
- Stephen Franks, Esq. (Dinsmore & Shohl LLP) — stephen.franks@dinsmore.com
- Mario Hanyon, Esq. (Brock & Scott PLLC) – mario.hanyon@brockandscott.com
- Office of the United States Trustee — ustpregion03.ha.ecf@usdoj.gov

**/s/ Leigh Torres**
Leigh Torres

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re:                                                    Case No. 5:26-bk-00517-MJC

LEIGH TORRES,                                    Chapter 7

Debtor.

**ORDER GRANTING MOTION FOR TRANSCRIPTS AND CERTIFIED COURT
DOCKETS AT GOVERNMENT EXPENSE**

**AND NOW**, this _____ day of _____, 2026, upon consideration of Appellants' Motion for Transcripts and Certified Court Dockets at Government Expense, and for good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**;
2. The Court **CERTIFIES** that the appeal from the Bankruptcy Court's Order Denying Renewed Motion to Impose Automatic Stay entered on June 18, 2026 (BNC00040) is **not frivolous** and that the transcript and certified dockets are needed to decide the issues presented;
3. The Clerk shall prepare a transcript of the **June 16, 2026 hearing** on the Renewed Motion to Impose Automatic Stay at **government expense** pursuant to 28 U.S.C. § 753(f);
4. The Clerk shall provide **certified copies of the dockets** for the following cases at **government expense**:

   o **Case No. 5:25-bk-00501-MJC**
   o **Case No. 5:25-bk-01761-MJC**
   o **Case No. 5:26-bk-00517-MJC**
5. The transcript and certified dockets shall be included in the record on appeal.

**BY THE COURT:**

**Mark J. Conway**
United States Bankruptcy Judge

Dated: _____