**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED (EDSS)
**September 1, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

| | |
|---|---|
| In re: | Case No. 5:26-bk-00517-MJC |
| LEIGH TORRES, | Chapter 7 |
| Debtor. | Honorable Mark J. Conway |

**EMERGENCY MOTION FOR LEAVE TO FILE OBJECTION TO NOTICE OF INTENT TO DISMISS; REQUEST FOR REMOTE PARTICIPATION; AND REQUEST FOR RULING ON THE WRITTEN PLEADINGS**

Debtor, Leigh Torres, appearing pro se, and Hericson Torres, as a party in interest, respectfully move this Court for:

1. Leave to file an objection to the Notice of Intent to Dismiss pursuant to Fed. R. Bankr. P. 9006(b)(1);
2. Remote/virtual participation at any hearing scheduled on this motion; and
3. Ruling on the written pleadings without a hearing, or in the alternative, a hearing conducted remotely.

In support thereof, Movants state:

## I. REQUEST FOR REMOTE PARTICIPATION AND RULING ON WRITTEN PLEADINGS

1. Debtor Leigh Torres is a liver transplant recipient (July 25, 2024) on lifelong immunosuppressant therapy, with chronic neuropathy, cognitive deficits, PTSD, and bipolar disorder. She holds a state-issued handicap placard.
2. Travel to Wilkes-Barre (45 miles each way) poses a serious health risk and would exacerbate her medical conditions. The Court has previously granted remote participation on June 4, 2026, and June 16, 2026.
3. Movants request that this Court:
   - Permit remote/virtual appearance at any hearing scheduled on this motion; and
   - Rule on the written pleadings without a hearing, as the facts and law are fully briefed and no disputed factual issues require live testimony.
4. Legal Authority:
   - Fed. R. Civ. P. 43(a) permits the Court, for good cause, to allow testimony by remote means in compelling circumstances.
   - Americans with Disabilities Act, 42 U.S.C. § 12132, requires courts to provide reasonable accommodations to individuals with disabilities. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004).
   - M.D. Pa. Bankr. LBR 9074-1 expressly permits remote participation upon request.
   - Judicial economy favors ruling on written pleadings where, as here, the issues are purely legal and the record is complete.

## II. PROCEDURAL BACKGROUND

5. On or about August 4, 2026, the Chapter 7 Trustee filed a Notice of Intent to Dismiss. The objection deadline was August 25, 2026.

6. Debtor did not receive actual notice of the Notice prior to the deadline. She is appearing pro se and does not have access to PACER. Her medical condition impairs her ability to monitor court dockets. She is now being helped by Mr. Torres.
7. On August 25, 2026, the Court entered Orders denying Debtor's Motion to Proceed In Forma Pauperis on Appeal and Motion for Transcripts. Debtor became aware of these orders shortly thereafter.
8. Upon learning of the Notice and the expired deadline, Debtor promptly filed this motion for leave.

## III. GOOD CAUSE EXISTS FOR THE OBJECTION

9. Under Fed. R. Bankr. P. 9006(b)(1), the Court may, for good cause shown, permit an act to be done after the time limit has expired where the failure to act was the result of excusable neglect.
10. The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), identified four factors to consider in determining excusable neglect:
    (1) the danger of prejudice to the opposing party;
    (2) the length of the delay and its potential impact on judicial proceedings;
    (3) the reason for the delay, including whether it was within the reasonable control of the movant; and
    (4) whether the movant acted in good faith.
    *Pioneer*, 507 U.S. at 395.
11. Factor 1 — No Prejudice to Opposing Parties: The Trustee and creditors suffer no prejudice from permitting the objection. Any delay is minimal and does not harm any party. The Trustee has not identified any creditor who would be prejudiced.
12. Factor 2 — Length of Delay: The delay is minimal. Debtor learned of the Notice and promptly filed this motion for leave upon becoming aware of it. The short delay has no material impact on judicial proceedings.
13. Factor 3 — Reason for Delay: The delay was not within the reasonable control of the Movants. Debtor did not receive actual notice of the Notice. She is appearing pro se, has no access to PACER, and suffers from severe medical disabilities that impair her ability to monitor court dockets.
14. Factor 4 — Good Faith: Movants have acted in good faith throughout this case and have actively pursued their rights, including filing a timely appeal of the Court's Order Denying Renewed Motion to Impose Automatic Stay.

## IV. THE BANKRUPTCY CASE SHOULD NOT BE DISMISSED: THE CREDITOR'S ACTIONS CONSTITUTE A DEPRIVATION OF DUE PROCESS UNDER COLOR OF LAW

15. Dismissal of this case would be premature and unjust for the following reasons:

### A. The Automatic Stay Is Self-Executing and Cannot Be Unilaterally Declared Inapplicable

16. The automatic stay under 11 U.S.C. § 362(a) is self-executing. It takes effect immediately upon the filing of a bankruptcy petition. No court order is required. *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940).
17. Only a bankruptcy court may determine the scope of the automatic stay. *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1992). A creditor's attorney has no authority to unilaterally declare that the stay does not apply.

### B. The Creditor's Attorney Acted Ultra Vires, Depriving Movants of Due Process

18. On February 26, 2026, at 10:36 AM—just 40 minutes after receiving notice of the bankruptcy filing—Freedom's counsel, Michael T. McKeever, Esq., emailed:

    "Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place."

19. No court order under 11 U.S.C. § 362(c)(4)(A)(ii) was ever obtained. The attorney's unilateral declaration was ultra vires—an act beyond the scope of his legal authority. He had no authority to determine the applicability of the stay. Only a bankruptcy court could make that determination. *Maritime Electric*, 959 F.2d at 1206.
20. By acting ultra vires, the creditor's attorney deprived Movants of due process of law—the opportunity to be heard on the applicability of the stay before the sheriff's sale proceeded. The fundamental requirement of due process is "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

**C. The Presumption Was Treated as Conclusive, Not Rebuttable, Violating Due Process**

21. The statute explicitly states that the presumption of bad faith "may be rebutted by clear and convincing evidence to the contrary." 11 U.S.C. § 362(c)(4)(D). 【11 USC 362: Automatic stay†L1-L11】 This makes it rebuttable—not conclusive.
22. The Supreme Court has held that irrebuttable presumptions violate due process. *Vlandis v. Kline*, 412 U.S. 441, 446 (1973) ("Permanent irrebuttable presumptions have long been disfavored under the Due Process Clause.").
23. Here, the presumption was treated as conclusive:
    - The creditor's attorney unilaterally declared "no stay applies" without any court order;
    - The Court denied the motion without addressing Movants' rebuttal evidence;
    - Movants were denied a meaningful opportunity to be heard on the merits of their good faith filing.

**D. The Creditor's Actions Constitute a Deprivation Under Color of Law (42 U.S.C. § 1983)**

24. Private parties who invoke state judicial process act under color of law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982).
25. The creditor's attorney invoked the state judicial process (the sheriff's sale) to deprive Movants of property. The Sheriff, acting under color of state law, proceeded with the sale after actual notice of the stay. This constitutes a deprivation of property without due process of law, in violation of the Fourteenth Amendment.
26. 42 U.S.C. § 1983 provides a remedy for any person who, acting under color of law, deprives another of rights secured by the Constitution. The creditor's actions—acting through its attorney and the Sheriff—fall squarely within this prohibition.

**E. The Creditor Cannot Benefit from Its Own Wrongful Act**

27. The creditor's attorney created the "too late" situation by unilaterally declaring the stay inapplicable and proceeding with the sale. The creditor cannot now benefit from the delay it caused.
28. "No one should be allowed to benefit from his own wrongful act." *Nemo ex suo delicto meliorem suam conditionem facere potest*.
29. The doctrine of unclean hands bars the creditor from invoking equitable defenses. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

**F. The Sheriff's Sale Was Void Ab Initio**

30. The sheriff's sale was void ab initio because it violated the automatic stay. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).
31. *Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940): state court action taken in violation of federal law is "void, and subject to collateral attack." 【Kalb v. Feuerstein, 308 U.S. 433, 438-39 (1940)†L1-L4】
32. A void act cannot transfer title. The recording of the deed does not cure the voidness. The sale is a legal nullity.

**G. The Underlying State Court Judgment Is Void Ab Initio**

33. The underlying judgment (*Freedom Mortgage Corp. v. Hericson Torres*, Monroe County Docket No. 002644-CV-2023) is void ab initio:
    - Lack of standing: The promissory note is endorsed only to PrimeLending, not to Freedom Mortgage. *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920).
    - Bifurcation: Freddie Mac purchased the loan on October 3, 2016. *Carpenter v. Longan*, 83 U.S. 271, 274 (1872).
    - Void assignments: The November 27, 2019 assignment was executed by Jared Fink while employed by the assignee.
    - Forged loan modification: Sean Wilson's notary commission was revoked 282 days prior.
    - Act 6/91 violations: The notices were never delivered.
    - CARES Act violation: The Complaint was filed during an active forbearance period.

**H. Movants Have Acted in Good Faith**

34. Changed circumstances demonstrate good faith:
    - Divorce filed August 29, 2025 (individual filing, not joint);
    - Liver transplant on July 25, 2024;
    - Total loss of household income since July 2025;
    - District Court IFP Order (April 8, 2026) confirming indigency.

**I. Dismissal Would Complete the Deprivation of Due Process**

35. Dismissal while the appeal is pending would:
    - Terminate the stay under § 362(c)(2)(B);
    - Moot the pending appeal;
    - Deprive Movants of any meaningful review of the Court's erroneous Order;
    - Allow the ultra vires act to stand unchallenged;
    - Allow the conclusive presumption to operate as a bar—without any judicial review of the merits.
36. This would constitute a complete deprivation of due process. *Mathews*, 424 U.S. at 333.

**V. HERICSON TORRES IS A PARTY IN INTEREST**

37. Hericson Torres is the record owner of the Property at 325 Five Springs Road, Stroudsburg, PA 18360.
38. The Property is the subject of the underlying state court foreclosure action, the sheriff's sale, and this bankruptcy case.

39. As a party whose property rights are directly affected by the dismissal of this case, Hericson Torres is a "party in interest" under the Bankruptcy Code and has standing to join this objection.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Movants respectfully request that this Court:

1. GRANT Movants leave to file an objection to the Notice of Intent to Dismiss;
2. ACCEPT the attached Proposed Objection (attached hereto as Exhibit A) for filing;
3. DENY the Notice of Intent to Dismiss;
4. ORDER the Trustee to withdraw the Notice of Intent to Dismiss;
5. PERMIT the case to remain open pending the resolution of the appeal before the United States District Court for the Middle District of Pennsylvania (Case No. 3:26-cv-01888-JFS);
6. GRANT Movants permission to appear remotely/virtually at any hearing scheduled on this motion;
7. RULE on the written pleadings without a hearing, or in the alternative, conduct any hearing remotely;
8. GRANT such other and further relief as is just and proper.

Respectfully submitted this 31st day of August, 2026.

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
(347) 566-5877
leighnflanagan@aol.com

**/s/ Hericson Torres**
Hericson Torres, Party in Interest
325 Five Springs Road, Stroudsburg, PA 18360
(347) 921-0430
hericson@me.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Emergency Motion for Leave to File Objection, together with Exhibit A (Proposed Objection), was served on August 31, 2026, by email, on the following parties:

- Jill Durkin, Esq. (Chapter 7 Trustee) — jilldurkinesq@gmail.com
- Matthew Fissel, Esq. (KML Law Group, P.C.) — bkgroup@kmllawgroup.com
- Stephen R. Franks, Esq. (Dinsmore & Shohl LLP) — stephen.franks@dinsmore.com
- Office of the United States Trustee — ustpregion03.ha.ecf@usdoj.gov

**/s/ Leigh Torres**
Leigh Torres

**CERTIFICATION OF REQUEST FOR CONCURRENCE**

Pursuant to M.D. Pa. Bankr. LBR 9013-3, Movants certify that prior to filing this motion, they requested concurrence from opposing counsel via email on August 31, 2026. Concurrence was not obtained.

**/s/ Leigh Torres**
Leigh Torres

**VERIFICATION**

I, Leigh Torres, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts set forth in the foregoing Motion are true and correct to the best of my personal knowledge, information, and belief.

I, Hericson Torres, join in the foregoing verification.

Executed on August 31, 2026.

**/s/ Leigh Torres**
Leigh Torres

**/s/ Hericson Torres**
Hericson Torres

# EXHIBIT A — PROPOSED OBJECTION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re: Case No. 5:26-bk-00517-MJC

LEIGH TORRES, Chapter 7

Debtor. Honorable Mark J. Conway

**PROPOSED OBJECTION TO NOTICE OF INTENT TO DISMISS**

Debtor, Leigh Torres, appearing pro se, and Hericson Torres, as a party in interest, hereby object to the Notice of Intent to Dismiss the above-captioned bankruptcy case.

**In support thereof, Movants state:**

1. The Chapter 7 Trustee has filed a Notice of Intent to Dismiss the above-captioned bankruptcy case.
2. Dismissal of the case would be premature and unjust for the following reasons:

**A. The Creditor's Attorney Acted Ultra Vires, Depriving Movants of Due Process**

3. The automatic stay under 11 U.S.C. § 362(a) is self-executing. It takes effect immediately upon the filing of a bankruptcy petition. No court order is required. *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940).
4. Only a bankruptcy court may determine the scope of the automatic stay. *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1992). A creditor's attorney has no authority to unilaterally declare that the stay does not apply.
5. On February 26, 2026, at 10:36 AM—just 40 minutes after receiving notice of the bankruptcy filing—Freedom's counsel, Michael T. McKeever, Esq., emailed:
"Freedom is proceeding to sheriff sale, this is the 3rd bankruptcy filing in a year and therefore no bankruptcy stay is in place."

6. No court order under 11 U.S.C. § 362(c)(4)(A)(ii) was ever obtained. The attorney's unilateral declaration was ultra vires—an act beyond the scope of his legal authority. He had no authority to determine the applicability of the stay. Only a bankruptcy court could make that determination.
7. By acting ultra vires, the creditor's attorney deprived Movants of due process of law—the opportunity to be heard on the applicability of the stay before the sheriff's sale proceeded. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

**B. The Presumption Was Treated as Conclusive, Not Rebuttable**

8. The statute explicitly states that the presumption of bad faith "may be rebutted by clear and convincing evidence to the contrary." 11 U.S.C. § 362(c)(4)(D). 【11 USC 362: Automatic stay†L1-L11】 This makes it rebuttable—not conclusive.
9. The Supreme Court has held that irrebuttable presumptions violate due process. *Vlandis v. Kline*, 412 U.S. 441, 446 (1973).
10. Here, the presumption was treated as conclusive:
    - The creditor's attorney unilaterally declared "no stay applies" without any court order;

- The Court denied the motion without addressing Movants' rebuttal evidence;
- Movants were denied a meaningful opportunity to be heard on the merits of their good faith filing.

**C. The Creditor's Actions Constitute a Deprivation Under Color of Law**

11. Private parties who invoke state judicial process act under color of law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982).
12. The creditor's attorney invoked the state judicial process (the sheriff's sale) to deprive Movants of property. The Sheriff, acting under color of state law, proceeded with the sale after actual notice of the stay. This constitutes a deprivation of property without due process of law, in violation of the Fourteenth Amendment.
13. 42 U.S.C. § 1983 provides a remedy for any person who, acting under color of law, deprives another of rights secured by the Constitution.

**D. The Creditor Cannot Benefit from Its Own Wrongful Act**

14. The creditor's attorney created the "too late" situation by unilaterally declaring the stay inapplicable and proceeding with the sale. The creditor cannot now benefit from the delay it caused.
15. "No one should be allowed to benefit from his own wrongful act." *Nemo ex suo delicto meliorem suam conditionem facere potest*.
16. The doctrine of unclean hands bars the creditor from invoking equitable defenses. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

**E. The Sheriff's Sale Was Void Ab Initio**

17. The sheriff's sale was void ab initio because it violated the automatic stay. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994).
18. *Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940): state court action taken in violation of federal law is "void, and subject to collateral attack." 【Kalb v. Feuerstein, 308 U.S. 433, 438-39 (1940)†L1-L4】
19. A void act cannot transfer title. The recording of the deed does not cure the voidness.

**F. The Underlying State Court Judgment Is Void Ab Initio**

20. The underlying judgment is void ab initio due to lack of standing, void assignments, forged loan modification, and Act 6/91 violations.

**G. Dismissal Would Complete the Deprivation of Due Process**

21. Dismissal while the appeal is pending would:
    - Terminate the stay under § 362(c)(2)(B);
    - Moot the pending appeal;
    - Deprive Movants of any meaningful review;
    - Allow the ultra vires act to stand unchallenged.
22. This would constitute a complete deprivation of due process. *Mathews*, 424 U.S. at 333.
23. For all the foregoing reasons, the case should not be dismissed. The Trustee should withdraw the Notice of Intent to Dismiss.

**WHEREFORE**, Movants respectfully request that this Court:

1. DENY the Notice of Intent to Dismiss;
2. ORDER the Trustee to withdraw the Notice of Intent to Dismiss;
3. PERMIT the case to remain open pending the resolution of the appeal before the United States District Court for the Middle District of Pennsylvania (Case No. 3:26-cv-01888-JFS); and
4. GRANT such other and further relief as is just and proper.

Respectfully submitted this 31st day of August, 2026.

**/s/ Leigh Torres**
Leigh Torres, Debtor pro se
325 Five Springs Road, Stroudsburg, PA 18360
(347) 566-5877
leighnflanagan@aol.com

**/s/ Hericson Torres**
Hericson Torres, Party in Interest
325 Five Springs Road, Stroudsburg, PA 18360
(347) 921-0430
hericson@me.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Proposed Objection to Notice of Intent to Dismiss was served on August 31, 2026, by email, on the following parties:

- Jill Durkin, Esq. (Chapter 7 Trustee) — jilldurkinesq@gmail.com
- Matthew Fissel, Esq. (KML Law Group, P.C.) — bkgroup@kmllawgroup.com
- Stephen R. Franks, Esq. (Dinsmore & Shohl LLP) — stephen.franks@dinsmore.com
- Office of the United States Trustee — ustpregion03.ha.ecf@usdoj.gov

**/s/ Leigh Torres**
Leigh Torres

**VERIFICATION**

I, Leigh Torres, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts set forth in the foregoing Proposed Objection are true and correct to the best of my personal knowledge, information, and belief.

I, Hericson Torres, join in the foregoing verification.

Executed on August 31, 2026.

**/s/ Leigh Torres**
Leigh Torres

**/s/ Hericson Torres**
Hericson Torres

**CERTIFICATE OF USE OF GENERATIV ARTIFICIAL INTELLIGENCE (AI)**

Pursuant to this Court's Order dated March 31, 2026, I, Leigh Torres, certify as follows:

- 1. AI Tool Used: Claude (Anthropic) and ChatGPT— accessed August 30-31, 2026.
- 2. Purpose: Legal research assistance, drafting structure, and organizing arguments in preparation of the Motion for Leave of Court to File Objection. No AI-generated content was used without independent verification.
- 3. Certification of Accuracy: I have personally reviewed every portion of this filing. I have independently verified all legal citations against official sources. All factual statements are true and correct to the best of my personal knowledge.

**/s/ Leigh Torres**
Leigh Torres

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No. 5:26-bk-00517-MJC |
| LEIGH TORRES, | Chapter 7 |
| Debtor. | Honorable Mark J. Conway |

**PROPOSED ORDER GRANTING EMERGENCY MOTION FOR LEAVE TO FILE OBJECTION**

**AND NOW**, this ____ day of _______________, 2026, upon consideration of the Emergency Motion for Leave to File Objection to Notice of Intent to Dismiss filed by Debtor Leigh Torres and Hericson Torres, and for good cause shown, it is hereby ORDERED that:

1. The Motion is GRANTED;
2. Debtor is granted leave to file an objection to the Notice of Intent to Dismiss;
3. The attached Exhibit A — Proposed Objection to Notice of Intent to Dismiss is hereby ACCEPTED for filing;
4. The Chapter 7 Trustee's Notice of Intent to Dismiss is hereby DENIED;
5. The Chapter 7 Trustee is DIRECTED to withdraw the Notice of Intent to Dismiss;
6. The bankruptcy case shall remain open pending the resolution of the appeal before the United States District Court for the Middle District of Pennsylvania (Case No. 3:26-cv-01888-JFS);
7. Debtor Leigh Torres is GRANTED permission to appear remotely/virtually at any hearing scheduled on this matter;
8. The Court shall rule on the written pleadings without a hearing, or in the alternative, conduct any hearing remotely; and
9. The Court retains jurisdiction to enforce this Order and to award additional relief if necessary.

**BY THE COURT:**

**Mark J. Conway**
United States Bankruptcy Judge