United States Bankruptcy Court
Middle District of Pennsylvania

In re:
Leigh Torres
Debtor

Case No. 26-00517-MJC
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0314-5 | User: AutoDocke | Page 1 of 2
Date Rcvd: Sep 04, 2026 | Form ID: pdf010 | Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 06, 2026:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/PDF: leighnflanagan@aol.com | Sep 04 2026 18:43:00 | Leigh Torres, 325 Five Springs Road, Stroudsburg, PA 18360-8175 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 4, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jill E. Durkin | jilldurkinesq@gmail.com PA92@ecfcbis.com |
| Mario J. Hanyon | on behalf of Creditor FREEDOM MORTGAGE CORPORATION wbecf@brockandscott.com mario.hanyon@brockandscott.com |
| Matthew K. Fissel | on behalf of Attorney KML Law Group P.C. bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| Sarah S. Mattingly | on behalf of Attorney KML Law Group P.C. sarah.mattingly@dinsmore.com, brooke.hudson@dinsmore.com;jamie.herald@dinsmore.com |

| | |
|---|---|
| Sarah S. Mattingly | on behalf of Creditor FREEDOM MORTGAGE CORPORATION sarah.mattingly@dinsmore.com brooke.hudson@dinsmore.com;jamie.herald@dinsmore.com |
| Stephen Franks | on behalf of Creditor FREEDOM MORTGAGE CORPORATION stephen.franks@dinsmore.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 7

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In Re:** | : | **Case No. 5:26-bk-00517-MJC** |
| | : | |
| **Leigh Torres,** | : | **Chapter 7** |
| | : | |
| **Debtor.** | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# ORDER

**AND NOW WHEREAS**, upon consideration of the Debtor's Emergency Motion for Leave to File Objection to Notice of Intent to Dismiss; Request for Remote Participation; and Request for Ruling on Written Pleadings, Doc. 190;

1. The Section 341 Meeting of the Creditors was originally scheduled for April 7, 2026 ('First Meeting"). Doc. 7.

2. The Debtor failed to appear at the First Meeting and Chapter 7 Trustee Jill Durkin ("Trustee") continued the meeting to April 20, 2026 ("Second Meeting"). Doc. 71.

3. On April 20, 2026 the Debtor, again, failed to appear for the Second Meeting and the Trustee filed a Certification that Debtor failed to appear at the 341 Meeting and the notice of intent to dismiss the Chapter 7 Case ("First Motion to Dismiss"). Doc. 90.

4. On May 11, 2026, the Debtor filed an Objection to the Certification that Debtor failed to appear at the 341 hearing ("Objection"). Doc. 95. In the Objection the Debtor asserted that her requests to appear remotely had been denied by the Court and that she was unable to attend the hearing for medical reasons.[1] *Id*. at ¶ 9.

[1] Freedom Mortgage filed an Objection to the First Motion to Dismiss, Doc. 98, on the grounds that they were seeking to preserve rights within this Court but has not objected to the Second Motion to Dismiss presently before the Court.

5. Also, on May 11, 2026, the Debtor filed a Motion for Leave to File Medical Documents Under Seal in Support of Objection to Notice of Intent to Dismiss ("Motion for Leave"). Doc. 99.

6. A hearing was held on the First Motion to Dismiss and Motion for Leave on June 4, 2026. The Debtor was permitted to appear remotely by the Order of this Court entered on June 1, 206. Doc. 132.

7. At the hearing this Court emphasized to the Debtor the importance of attending her 341 Meeting of Creditors and providing the Trustee with the requested documents needed to conduct a meaningful 341 Meeting of Creditors. Thereafter, the Court entered an Order on June 4, 2026 directing the Debtor as follows:

> **ORDERED** that the Debtor is directed to appear at the next regularly scheduled 341 Meeting with proof of social security number and proper form of identification; it is further
>
> **ORDERED** that no later than five (5) days prior to the next scheduled 341 Meeting the Debtor shall turnover the documents requested by the Chapter 7 trustee; and it is further
>
> **ORDERED** that if Debtor fails to appear at the next regularly scheduled 341 Meeting, upon certification of default filed by the Chapter 7 Trustee, the case will be **DISMISSED** without further notice or hearing.

Doc. 141.

8. The Third Meeting of Creditors ("Third Meeting") was scheduled on June 16, 2026. Doc. 144. The Debtor attended but the meeting was continued to July 7, 2026 ("Fourth Meeting") in order for the Debtor to provide documents for review by the Trustee. Doc. 156; Audio of August 25, 2026 hearing at 11:23 A.M.

9. On July 7, 2026 the Debtor appeared but the Fourth Meeting was continued to July 21, 2026 ("Fifth Meeting"). Doc. 166.

10. On July 21, 2026, the Debtor appeared at the hearing but the meeting was adjourned to August 4, 2026 ("Sixth Meeting").[2] Doc. 173.

11. On August 6, 2026, the Trustee filed a Certification that Debtor 1 failed to appear at the Sixth Meeting and the Clerk was to provide a notice of intent to dismiss ("Second Motion to Dismiss"). Doc. 178. The Second Motion to Dismiss was served by US Mail to the Debtor at her home address. Doc. 178-1.

12. The Debtor failed to respond to the Second Motion to Dismiss and an Order Dismissing the Case was entered on August 31, 2026.[3] Doc. 189.

13. The Debtor filed the instant Motion on September 1, 2026. Doc. 190. The Debtor seeks to extend the deadline for responding to the Motion to Dismiss pursuant to Fed. R. Bankr. P. 9006(b)(1)(B) arguing that she was unaware of the deadline and her failure to respond was due to excusable neglect. *Id*.

14. Fed. R. Bankr. P. 9006(b)(1) ("Rule 9006") states specifically:

> (1) *In General*. This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may—at any time and for cause—extend the time to act if:
> …
> (B) on motion made after the specified period expires, the failure to act within that period resulted from **excusable neglect.**

---

[2] During the Order to Show Cause hearing held on August 25, 2026, the Trustee advised the Court that "I can tell you that at the 341 Meeting I asked for a lot of follow up documentation that I haven't received yet and she hasn't appeared at the next two 341 meetings." Audio of August 25, 2026 hearing at 11:23 A.M. While the Trustee does not specifically state on the record that she was continuing the meetings to collect additional documentation, it would appear from the record that the Debtor's delay in turning over documentation was the reason for the multiple continuances.

[3] On July 21, 2026, this Court issued an Order to Show Cause as to why the Debtor's Motion for Transcripts and Certified Court Dockets at Government Expenses Pursuant to 28 U.S.C. § 753(f) and FRBP 8009(b)(1) to Waive Fee, Doc. 172, and the Motion to Proceed In Forma Pauperis on Appeal, Doc. 164, should not be denied. Doc. 174. The Debtor did not respond to the Order to Show Cause nor did the Debtor appear at the hearing held on August 25, 2026.

Fed. R. Bankr. P. 9006(b)(1(B)(emphasis added).

15. Excusable neglect can be established by a showing of the following factors:

> (1) danger of prejudice to the debtor;
> (2) the length of the delay and the resulting potential impact on judicial proceedings;
> (3) the reason for the delay, including whether the delay was within the reasonable control of movant; and
> (4) whether the movant acted in good faith

*Pioneer Investment Services Co v. Brunswick Associates, LTD,* 507 U.S. 380, 395 (1993).

16. In determining whether there was excusable neglect by the Debtor the Court must take "account of all relevant circumstances surrounding the party's omission." *Id*. at 388.; *See In re Spring Ford Indus., Inc.,* 2003 WL 21785960, at *2 (Bankr. E.D. Pa. July 25, 2003).

17. The root cause of the dismissal in this case is that the Debtor failed to attend the Sixth Scheduled Meeting of the Creditors. Doc. 178. Nowhere in the Debtor's Motion does she address any of the *Pioneer* criteria as to the missed Sixth Meeting. The Debtor does not present to the Court a reason why she failed to attend the Sixth Meeting and failed to provide the Trustee with documents or how the ongoing delay in meeting her obligations as a bankruptcy debtor are not prejudicial to creditors.[4] Doc. 190.

18. The Debtor instead simply asserts that:

> Factor 3 – Reason for Delay: The delay was not within reasonable control of the Movants. Debtor did not receive actual notice of the Notice. She is appearing pro se, has no access to PACER, and suffers from severe medical disabilities that impair her ability to monitor court dockets.

[4] The Debtor not only fails to address why she missed the Sixth Meeting, but in her request for relief she fails to request a new 341 meeting date. Instead, she continues to raise arguments regarding the automatic stay and her ongoing litigation with Freedom Mortgage over the sale of her residence. Doc. 190. The circumstances of the sale of her residence are not relevant to the Motion to Dismiss and her fixation on those issues, which this Court has already denied several times, rather than providing the Court with an explanation for her failure to attend the Sixth Meeting and meet her obligations as a bankruptcy debtor are fatal to this Motion.

Doc. 190, ¶ 14.

19. This reason for the delay is belied by the fact that the Debtor is an experienced *pro se* litigant. She has filed numerous state and federal claims relating to her mortgage arrears and at least three (3) bankruptcy cases. This history coupled with Debtor's assertion that "any delay is minimal" does not provide this Court with any facts or reasonable basis for the Debtor's failure to attend her Sixth meeting on the basis of excusable neglect. *Id.* at ¶ 11.

20. The Debtor appeared at the Fifth Meeting and was present when the Fifth Meeting was continued to a new date. Doc. 173. The Debtor was served with the date for the Sixth Meeting on July 21, 2026 by US Mail. Doc. 175.

21. The Debtor was served with the Second Motion to Dismiss on August 7, 2026 by US Mail. Doc. 178-1.

22. As set forth above, the record is clear that the Debtor has failed to meet the basic obligations under the Bankruptcy Code. The Debtor was, at all times, in reasonable control of her ability to attend the Sixth Meeting and to respond to the Second Motion to Dismiss. The Debtor has failed to meet her burden to demonstrate excusable neglect and no extension of time to respond to the Second Motion to Dismiss will be granted under Rule 9006.[5]

---

[5] In order for the Debtor to respond to the Motion to Dismiss, the Order Dismissing the Case would need to be vacated pursuant to Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(b). To succeed on a Motion to Vacate, the Debtor must show:

> (1) mistake, inadvertence, surprise, or **excusable neglect;**
> …

Fed. R. Civ. P. 60(b)(emphasis added). The Debtor does not request that this Court vacate the Order Dismissing the Case on August 31, 2026, Doc. 189, and instead seeks additional time to respond to a motion that has already been decided. Doc. 190. However, this Court feels it bears mentioning that the same excusable neglect standard that the Debtor has failed to meet in this Motion, would not support a Motion to Vacate.

**NOW THEREFORE**, it is hereby

**ORDERED** that that Motion is **DENIED**.

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: September 4, 2026